9 A.3d 882

LULA M. HENRY, PLAINTIFF–APPELLANT, v. NEW JERSEY DE-
PARTMENT OF HUMAN SERVICES; HON. CLARK E. BRUNO,
ACTING COMMISSIONER OF HUMAN SERVICES; TRENTON
STATE PSYCHIATRIC HOSPITAL; GREGORY P. ROBERTS,
CHIEF EXECUTIVE OFFICER FOR TRENTON STATE PSY-
CHIATRIC HOSPITAL, DEFENDANTS–RESPONDENTS.

Argued September 28, 2010—Decided December 10, 2010.

*John A. Klamo* argued the cause for appellant.

*Jacqueline A. Augustine,* Deputy Attorney General, argued the cause for respondents (*Paula T. Dow,* Attorney General of New Jersey, attorney; *Lewis A. Scheindlin,* Assistant Attorney General, of counsel).

Judge STERN (temporarily assigned) delivered the opinion of the Court.

In *Montells v. Haynes,* 133 *N.J.* 282, 627 *A.*2d 654 (1993), the Court held that the two-year statute of limitations applies to all claims filed under the New Jersey Law Against Discrimination, *N.J.S.A.* 10:5–1 to –49(LAD), in Superior Court. The complaint must be filed within two years of the date on which the cause of action "accrued." *N.J.S.A.* 2A:14–2. *Montells, supra,* 133 *N.J.* at 285, 627 *A.*2d 654. In this case we examine the impact of the "discovery rule" on LAD claims, and affirm the dismissal of plaintiff's retaliation claim against her former employer, the New

Jersey Department of Human Services (DHS) and officials there-of,[1] but remand for a hearing with respect to the date of accrual of the claim of racial discrimination.

## I.

On July 24, 2007, plaintiff, Lula Henry, an African American, filed a complaint against defendants alleging racial discrimination in "hiring practice" and retaliation in violation of the LAD, resulting in her resignation from her position at DHS. Defendants moved for summary judgment based on the statute of limitations. The motion judge determined that plaintiff's action accrued in 2004, and was not tolled by the discovery rule. The case was, therefore, barred by the two-year statute of limitations, and the complaint was dismissed. The Appellate Division affirmed the judgment, and we granted certification. *Henry v. Dep't of Human Servs.*, 202 *N.J.* 348, 997 *A.*2d 232 (2010).

## II.

■ Because this case arises on a motion for summary judgment, we consider the facts in the light most favorable to the plaintiff. *See Brill v. Guardian Life Ins. Co. of Am.*, 142 *N.J.* 520, 540, 666 *A.*2d 146 (1995); *R.* 4:46–2.

Plaintiff obtained an Associate in Applied Science Degree in Nursing from Mercer County Community College in 1995 and a Bachelor of Science Degree in Nursing from Delaware State University in 2000. While pursuing a Master of Science Degree in Nursing from Wilmington College, she worked part time at Anne Klein Forensic Hospital in Trenton. When she finished her master's degree in 2004, plaintiff was licensed to practice in New

---

[1] Henry's complaint named the following defendants: the Department of Human Services (DHS); Clark Bruno, Acting Commissioner of Human Services; Trenton State Psychiatric Hospital; Gregory Roberts, Chief Executive Officer of Trenton State Hospital; and unknown managers/representatives for DHS and Trenton State.

Jersey and other states, and resigned from Anne Klein after being advised that she was "too qualified" for a full-time position there.

In April 2004, plaintiff secured a full-time entry-level nursing position at Trenton State. She asserts that the reason she was only given an entry level position and not reclassified thereafter was due to race. According to plaintiff's certification in opposition to the motion for summary judgment:

7. I developed initial concerns, uncorroborated by any firm evidence, in or about late Spring/early Summer 2004 when I was working at Trenton State, that racial discrimination was occurring. All state agencies post job vacancies, and any individual interested in same can make application. During this time period, I began exploring employment opportunities outside Trenton State by submitting various applications for posted vacancies.

. . .

10. During the Summer of 2004, while I was conversing with another individual as to my concerns in advancing within state service, a human resource representative, Marybeth Longo, overheard the conversation. She stormed out of her office yelling that I "could not seem to get it through my head that I have to be in the position for one year" in order to obtain advancement.

11. In late Summer 2004, I wrote a letter to the Director of Nursing at Trenton State, Lenny Seeman, requesting that I be reclassified according to my qualifications. This letter was drafted in response to my conversation with Ms. Seeman's secretary who told me that there were only three nurses in the entire division possessing a Masters Degree in Nursing at the time, none of whom were then assigned entry level positions. When I wrote such letter, I did not then believe that I was the victim of racial discrimination; and instead, I believed the matter was merely an oversight which could be administratively remedied. I copied this letter to both John Lubitsky, Trenton State's Human Resource Manager, and to State Assemblyman Herb Conoway.

12. No response was received by me for over one (1) month. I then had occasion to inadvertently meet Mr. Lubitsky at a water fountain in the hall at Trenton State. I inquired as to whether Mr. Lubitsky received the copy of my letter addressed to Ms. Seeman. Mr. Lubitsky acknowledged, in a very nasty manner, that he had received such copy adding that I had stood a good chance of being reclassified "until he received a letter from some bureaucrat downtown." When I inquired as to when I could expect a formal response, I was told by Mr. Lubitsky to "consider this your reply."

13. Shortly thereafter, circa November 2004, I became discouraged and sought transfer from Trenton State to the New Jersey Juvenile Commission (hereinafter "Juvenile Justice"). In connection therewith, I had understood that it was necessary for me to resign from Trenton State in order to obtain employment position with Juvenile Justice; and I took such action.

Plaintiff accepted a nursing position at the Juvenile Justice Commission ("JJC") but had to "start all over again as a new hire." The plaintiff's certification also stated:

16. In Spring 2006, during a conversation with my union representative, Ray Marks, I learned that a black/Nigerian nurse, Okechi Ikpeama, had commenced (or threatened) litigation contesting the placement of a less qualified Caucasian nurse into a job position. Although Mr. Marks indicated to me that this litigation was, upon information and belief, settled out of court, he opined that racism was very widespread throughout Trenton State with allegations of impropriety only then being presented to him. The bargaining unit represented by Mr. Parks includes Trenton State employees.[2]

17. I also learned in or about Spring 2006 that Ellen Gelker, a Caucasian nurse with the same credentials as I, did not have to start as charge nurse with Trenton State; and instead, she had been immediately hired into a higher job classification. This was directly contrary to the representations made to me concerning my initial placement; and I can only conclude that the discriminating factor involved race. Prior to Spring 2006, I had no[t] known of any individual, possessing qualifications equal to myself, having been hired by Trenton State into a non-entry level position. Consequently, there was no factual basis to substantiate any previous suspicion that I, too, should have been hired by Trenton State into a "non-entry level" position.

. . .

20. I incurred personal injuries while working at Juvenile Justice circa January 27, 2005. Following that date, I required periods of hospitalization and recuperation causing me grave anxiety and clinical depression. Hence, I did not pursue this matter in a more timely manner after Spring 2006.[3]

The Law Division granted defendant's motion for summary judgment. The motion judge determined that plaintiff's complaint

---

[2] The last sentence of this paragraph is taken from a footnote in the certification.

[3] At oral argument on the motion for summary judgment, defense counsel maintained that the JJC was not part of the same department of government as Trenton State Hospital and, therefore, any hiring practices at the JJC were irrelevant to the current action. Indeed, Trenton State is within the Department of Human Service, whereas the JJC is part of the Department of Law and Public Safety. See The State of New Jersey, Department of Human Services, Division of Mental Health Services, http://www.nj.gov/humanservices/dmhs/oshm/tph/; The State of New Jersey, Department of Law & Public Safety, Office of the Attorney General, http://www.state.nj.us/lps/jjc/index.html. Thus, because the JJC is not a party to this action, the claims against the JJC are noted herein only to the extent they are related to plaintiff's claims against Trenton State because the same bargaining unit representative is involved.

was barred by the two-year statute of limitations. In the court's oral decision, the judge determined that plaintiff "developed concerns" of racial discrimination in 2004, but waited until 2007 to file the complaint. The court also found that plaintiff's action was not tolled by the discovery rule, citing *Lopez v. Swyer,* 62 *N.J.* 267, 300 *A.*2d 563 (1973). The court concluded that plaintiff's cause of action accrued in 2004 when she had a "reasonable suspicion" of racial discrimination and should have taken action to investigate and determine whether she had a basis for legal action.

The Appellate Division affirmed the Law Division's grant of summary judgment. Reviewing the trial court's decision *de novo,* because the "determination of the accrual of a cause of action is an issue for the court," *Baird v. Am. Med. Optics,* 155 *N.J.* 54, 65, 713 *A.*2d 1019 (1998), the panel in an unpublished opinion concluded that "there was no genuine issue of material fact and that the trial court properly determined that [plaintiff's] LAD claims were barred by the statute of limitations." The panel found that the cause of action accrued upon the alleged "discrete act" of "disparate treatment" that occurred in April 2004 when plaintiff was hired in an entry-level position, and "[s]ince appellant had suspicions of discrimination while working at the Hospital, she should have investigated further . . . because she was aware of or should have been aware of the possible injury caused to her."

Similarly, the panel concluded that any adverse employment action taken by the hospital in response to plaintiff's requests and complaints concerning her circumstances occurred while she was working at Trenton State, and her retaliation claim accrued, at the latest, "when she resigned her position" from Trenton State in 2004. In affirming the trial court, the Appellate Division also determined that the discovery rule did not apply because plaintiff "knew enough, or should have known through reasonable diligence, back in the spring or summer of 2004, that she had a cause of action for racial discrimination," and "should have investigated further."

## III.

Plaintiff contends that her cause of action against defendants for violations of the LAD did not accrue until 2006, and thus her complaint filed on July 24, 2007 was not timebarred, that the trial court erred in granting summary judgment because there exists a genuine issue of material fact as to when she discovered she had a cause of action, and that had she pursued her claim in 2004 upon a mere "suspicion of racial discrimination," she could not have made out a prima facie case of discrimination because she was not aware of that fact until 2006. Therefore, plaintiff argues that the statute of limitations should not have begun to run until she had some measure of corroboration of her concerns in 2006.

Defendants counter that the trial court and Appellate Division correctly held both plaintiff's discrimination and retaliation claims were time-barred. They further contend that the discovery rule should not apply to LAD cases, but that even if it does, it would not be appropriate to apply it to the facts of this case. Defendants assert that plaintiff's certification in opposition to summary judgment demonstrates that she had sufficient "knowledge" of racial discrimination in 2004 and that any adverse employment action occurred while she was employed at Trenton State Hospital before she resigned in November 2004.

## A.

It is well established that summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." *R.* 4:46–2. The "judge's function is not himself [or herself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial" in viewing the facts in the light most favorable to the non-moving party. *Brill v. Guardian Life Ins. Co. of Am., supra,* 142 *N.J.* at 540, 666 *A.*2d 146 (citation omitted). "An issue of fact is genuine

only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." *R.* 4:46–2(c).

In an appeal of an order granting summary judgment, appellate courts "employ the same standard [of review] that governs the trial court." *Busciglio v. DellaFave,* 366 *N.J.Super.* 135, 139, 840 *A.2d* 897 (App.Div.2004). As only a legal issue is involved in the absence of a genuine factual dispute, that standard is *de novo,* and the trial court rulings "are not entitled to any special deference." *Manalapan Realty, L.P. v. Manalapan Twp. Comm.,* 140 *N.J.* 366, 378, 658 *A.2d* 1230 (1995). *See also Baird, supra,* 155 *N.J.* at 65, 713 *A.2d* 1019 ("the determination of the accrual of a cause of action is an issue for the court"). Thus, the appellate court should first decide whether there was a genuine issue of material fact, and if none exists, then decide whether the trial court's ruling on the law was correct. *Prudential Prop. & Cas. Ins. Co. v. Boylan,* 307 *N.J.Super.* 162, 167, 704 *A.2d* 597 (App.Div.), *certif. denied,* 154 *N.J.* 608, 713 *A.2d* 499 (1998).

## B.

As already noted, plaintiff alleges violations of the LAD based on racial discrimination and retaliation. Due to the inherent "difficulty of proving discriminatory intent," this Court has adopted the *McDonnell Douglas* "procedural burden-shifting methodology" to determine whether an employer has engaged in unlawful discrimination when there is only "circumstantial evidence" of that discrimination. *Zive v. Stanley Roberts, Inc.,* 182 *N.J.* 436, 446–47, 867 *A.2d* 1133 (2005); *see McDonnell Douglas Corp. v. Green,* 411 *U.S.* 792, 802, 93 *S.Ct.* 1817, 36 *L.Ed.2d* 668 (1973). *See also, e.g., Gerety v. Atl. City Hilton Casino Resort,* 184 *N.J.* 391, 399, 877 *A.2d* 1233 (2005) (discussing *McDonnell Douglas* burden-shifting framework as applied to LAD disparate impact claim); *Jansen v. Food Circus Supermarkets, Inc.,* 110 *N.J.* 363, 380, 541 *A.2d* 682 (1988) (directing use of *McDonnell*

*Douglas* methodology where "employee alleges discrimination in hiring because of race, creed, color, national origin, ancestry, age, marital status, or sex"). Under that burden-shifting procedure:

> (1) the plaintiff must come forward with sufficient evidence to constitute a prima facie case of discrimination; (2) the defendant then must show a legitimate nondiscriminatory reason for its decision; and (3) the plaintiff must then be given the opportunity to show that defendant's stated reason was merely a pretext or discriminatory in its application.
>
> [*Dixon v. Rutgers, The State Univ. of N.J.*, 110 *N.J.* 432, 442, 541 *A.*2d 1046 (1988) (citations omitted).]

 The first step in the McDonnell–Douglas methodology requires that the plaintiff establish a prima facie case of discrimination, the elements of which will "vary depending on the particular employment discrimination claim being made." *Victor v. State*, 203 *N.J.* 383, 409–10, 4 *A.*3d 126 (2010). In the context of a claim alleging discrimination in hiring and placement, the plaintiff may establish a prima facie case by showing:

> (1) that she is a member of a class protected by the anti-discrimination law; (2) that she was qualified for the position or rank sought; (3) that she was denied promotion, reappointment, or tenure; and (4) that others . . . with similar or lesser qualifications achieved the rank or position.
>
> [*Dixon, supra*, 110 *N.J.* at 443, 541 *A.*2d 1046.]

 The evidentiary burden at the prima facie stage is " 'rather modest: it is to demonstrate to the court that plaintiff's factual scenario is compatible with discriminatory intent—i.e., that discrimination *could* be a reason for the employer's action.' " *Zive, supra*, 182 *N.J.* at 447, 867 *A.*2d 1133 (citations omitted). "The establishment of the prima facie case creates an inference of discrimination [after which] . . . the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employer's action." *Id.* at 449, 867 *A.*2d 1133. Subsequently, "the burden of production shifts back to the employee to prove by a preponderance of the evidence that the reason articulated by the employer was merely a pretext for discrimination and not the true reason for the employment decision." *Ibid.* To do so, the plaintiff must show that the employer's reason was both false and "motivated by discriminatory intent." *Ibid.* The burden of

proof "remains with the employee at all times," *id.* at 450, 867 *A.*2d 1133, and if the plaintiff cannot meet his or her obligation under the *McDonnell Douglas* methodology, the employer will prevail on summary judgment. *Id.* at 456, 867 *A.*2d 1133.

A claim of retaliation follows essentially the same burden-shifting approach, *Jamison v. Rockaway Bd. of Ed.*, 242 *N.J.Super.* 436, 445–47, 577 *A.*2d 177 (App.Div.1990), and requires the following three traditional elements to establish a prima facie case: "(1) [plaintiff] engaged in a protected activity known by the employer; (2) thereafter [the] employer unlawfully retaliated against [her]; and (3) [her] participation in the protected activity caused the retaliation." *Tartaglia v. UBS PaineWebber, Inc.*, 197 *N.J.* 81, 125, 961 *A.*2d 1167 (2008) (internal quotation marks and citations omitted). Now, "a plaintiff must also bear the burden of proving that he or she had a good faith, reasonable basis for complaining about the workplace behavior." *Ibid.* *See also Victor v. State, supra*, 203 *N.J.* at 409, 4 *A.*3d 126 (setting forth "prima facie elements of a retaliation claim under the LAD").

## C.

As already noted, this Court has determined that the appropriate statute of limitations for filing a LAD claim in Superior Court is two years. *Montells v. Haynes, supra*, 133 *N.J.* at 292, 627 *A.*2d 654.[4] The purpose behind the two-year statute of

---

[4] *N.J.S.A.* 10:5–13 provides that an employee aggrieved by unlawful employment discrimination may file a complaint with the Division on Civil Rights (Division) or municipal office, as well as the Superior Court. The LAD specifies that any complaint filed with the Division or municipality must be accomplished within 180 days of the alleged act of discrimination. *N.J.S.A.* 10:5–18. We need not address the administrative alternatives and procedures which were not pursued in this case. While not raised by the parties, however, we do note that Henry also could have endeavored to appeal the denial of her reclassification to the Merit System Board in the Department of Personnel (now the Civil Service Commission). *N.J.S.A.* 11A:3–1, 11A:11–1; *N.J.A.C.* 4A:3–3.9. By doing so plaintiff could have claimed her classification was inappropriate and sought to ascertain the reason for her treatment by an independent classification review.

limitations is to encourage prompt resolution of claims, particularly in discrimination cases where evidence may be "vulnerable to the passage of time." *Id.* at 291, 293, 627 *A.*2d 654. However, there is no dispute that the "discovery rule" has long been part of our jurisprudence in applying a statute of limitations, *see Lopez, supra,* 62 *N.J.* at 274, 300 *A.*2d 563, and that:

> [u]nswerving, mechanistic application of statutes of limitations would at times inflict obvious and unnecessary harm upon individual plaintiffs without advancing these legislative purposes. On numerous occasions we have found such particular circumstances as to dictate not the harsh approach of literally applying the statute of limitations but the application of the more equitable and countervailing considerations of individual justice. A just accommodation of individual justice and public policy requires that in each case the equitable claims of opposing parties must be identified, evaluated and weighed. Whenever dismissal would not further the Legislature's objectives in prescribing the limitation, the plaintiff should be given an opportunity to assert his claim.
>
> [*Galligan v. Westfield Ctr. Serv.,* 82 *N.J.* 188, 192–93, 412 *A.*2d 122 (1980) (internal quotation marks, footnotes, and citations omitted).]

There is nothing new about applying equitable principles to toll the statute of limitations for LAD claims, just as it has been done in other areas of the law, *see Roa v. Roa,* 200 *N.J.* 555, 566, 985 *A.*2d 1225 (2010) (applying discovery rule to retaliation claim); *Shepherd v. Hunterdon Dev. Ctr.,* 174 *N.J.* 1, 6–7, 803 *A.*2d 611 (2002) (applying "continuing violation doctrine" in LAD action); *see also, e.g., Nat'l R.R. Passenger Corp. v. Morgan,* 536 *U.S.* 101, 113, 122 *S.Ct.* 2061, 2072, 153 *L.Ed.*2d 106, 122 (2002) (applying same concept in Title VII cases); *Martinez v. Cooper Hospital,* 163 *N.J.* 45, 747 *A.*2d 266 (2000); *Mancuso v. Neckles,* 163 *N.J.* 26, 747 *A.*2d 255 (2000); *Baird v. Am. Med. Optics, supra,* 155 *N.J.* at 54, 713 *A.*2d 1019; *Lynch v. Rubacky,* 85 *N.J.* 65, 424 *A.*2d 1169 (1981); *Lopez v. Swyer, supra,* 62 *N.J.* at 267, 300 *A.*2d 563; *Fernandi v. Strully,* 35 *N.J.* 434, 173 *A.*2d 277 (1961) (medical malpractice cases); *Lamb v. Global Landfill Reclaiming,* 111 *N.J.* 134, 543 *A.*2d 443 (1988) (Tort Claims Act); *O'Keeffe v. Snyder,* 83 *N.J.* 478, 492, 416 *A.*2d 862 (1980) (replevin action); *Burd v. New Jersey Tel. Co.,* 76 *N.J.* 284, 386 *A.*2d 1310 (1978) (products liability).

With respect to LAD claims, *Roa, supra,* decided earlier this year, involved a retaliation case. In *Roa, supra,* we confronted

the question of whether the two-year statute of limitations barred an employee's claims of retaliatory discharge and post-discharge retaliation brought under the antiretaliation provision of the LAD, *N.J.S.A.* 10:5–12(d). 200 *N.J.* at 561, 985 *A.*2d 1225. The plaintiff claimed that his employer unlawfully retaliated against him by discharging him for exposing his employer's extramarital affairs. *Id.* at 562–64, 985 *A.*2d 1225. Additionally, the plaintiff alleged a post-discharge claim of retaliation based on the employer's specific act of canceling his health insurance. *Id.* at 563–65, 985 *A.*2d 1225. The plaintiff argued that the cancellation of insurance was both "independently actionable" and "constitute[d] the last act in a continuing violation, thus reviving his otherwise moribund termination claim." *Id.* at 565, 985 *A.*2d 1225.

The Court held first that the continuing violation theory did not encompass the plaintiff's retaliatory discharge claim. *Id.* at 570, 985 *A.*2d 1225. That is because "the doctrine does not permit . . . the aggregation of discrete discriminatory acts for the purpose of reviving an untimely act of discrimination that the victim knew or should have known was actionable." *Id.* at 569, 985 *A.*2d 1225. The Court differentiated continuing violations from discrete acts for statute of limitations purposes, explaining that discrete acts include primarily "termination, failure to promote, denial of transfer, or refusal to hire." *Id.* at 566–67, 985 *A.*2d 1225. Upon the discrete act of discharge, the plaintiff in *Roa* "clearly knew, or should have known, that he had been the subject of retaliation by defendants, and should have filed his complaint within two years thereof," despite the additional unlawful acts that occurred after the discharge. 200 *N.J.* at 566–67, 985 *A.*2d 1225. Similarly, a discrete act of resignation also terminates the employment relationship and obligates the former employee to take action relevant to any retaliatory cause of the resignation.

### IV.

In light of the *Roa* principles, we affirm the Appellate Division's holding with respect to the retaliation claim.

Here, plaintiff questioned her classification and requested re-classification;[5] in response she remained assigned to her entry-level position despite her comparative qualifications. However, plaintiff resigned from her position in November 2004, in light of the failure to re-classify her, or in the absence of a satisfactory response to her concerns; and she did so after being told that had she not complained to others in the State bureaucracy, she may have been reclassified. Therefore, any retaliation had to have occurred before, and her cause of action had to have accrued at or before, the date of resignation. Accordingly, there is no equitable basis on which to toll or extend the statute of limitations on the retaliation claim. *Id.* at 569–70, 985 *A.*2d 1225; *Cada v. Baxter Healthcare Corp.,* 920 *F.*2d 446, 453 (7th Cir.1990) (equitable tolling and discovery rule not applicable in Age Discrimination in Employment Act case where plaintiff did not exercise "due diligence" by investigating or pursuing remedies before statute of limitations ran), *cert. denied,* 501 *U.S.* 1261, 111 *S.Ct.* 2916, 115 *L.Ed.*2d 1079 (1991).

## V.

 However, the discrimination claim cannot be similarly viewed, and is subject to evaluation by established "discovery rule" principles.

 The discovery rule seeks to remedy inequity resulting when "an injured person, unaware that he has a cause of action, [is] denied his day in court solely because of his ignorance, if he is

---

[5] Plaintiff's complaint in the Law Division alleges she was "damaged by Trenton State's retaliatory actions taken in response to plaintiff's inquiry concerning disparate hiring practice-retaliatory treatment which the plaintiff initially understood as involving perhaps a personality conflict, but which the plaintiff now believes was motivated by racial antagonism contra the LAD." However, as plaintiff's complaints to her employer about her classification were not premised on her treatment as an African American, there is a question as to whether her complaints constituted "protected activity" resulting in retaliation. *See N.J.S.A.* 10:5–12d. *See also Tartaglia,* 197 *N.J.* at 126–27, 961 *A.*2d 1167. In light of our disposition, however, we need not develop this concern.

otherwise blameless." *Lopez, supra,* 62 *N.J.* at 273–74, 300 *A.*2d 563. "The discovery rule is essentially a rule of equity." *Ibid.* *See also Grunwald v. Bronkesh,* 131 *N.J.* 483, 492, 621 *A.*2d 459 (1993); *O'Keeffe v. Snyder, supra,* 83 *N.J.* at 491, 416 *A.*2d 862. It evolved in the medical malpractice context and, as already noted, has since been extended to other causes of action. *See Lopez, supra,* 62 *N.J.* at 273–74, 300 *A.*2d 563 (noting expansion of discovery rule to torts beyond medical malpractice involving foreign objects left in patient's body); *see also* Pressler & Verniero, *Current N.J. Court Rules,* comment 36.2.3 to *R.* 4:5–4 (2011). The rule applies where a plaintiff is unaware of his or her injury until after the limitation period would otherwise expire or where the damage was apparent, but the plaintiff was unable to attribute the cause to another. *Lopez, supra,* 62 *N.J.* at 274, 300 *A.*2d 563. Thus, "[t]he discovery rule prevents the statute of limitations from running when injured parties reasonably are unaware that they have been injured or, although aware of an injury, do not know that the injury is attributable to the fault of another." *Baird, supra,* 155 *N.J.* at 66, 713 *A.*2d 1019; *see also, e.g., Grunwald, supra,* 131 *N.J.* at 493, 621 *A.*2d 459; *Viviano v. CBS, Inc.,* 101 *N.J.* 538, 547, 503 *A.*2d 296 (1986).

　　█　Typically, triggered by a defendant's motion for summary judgment or answer asserting a statute of limitations defense, the court will determine at a *Lopez* hearing prior to trial, when the plaintiff reasonably should have discovered that he or she had a cause of action.[6] *Lopez, supra,* 62 *N.J.* at 267, 300 *A.*2d 563. *See also Parete v. Mully,* 316 *N.J.Super.* 100, 102–03, 719 *A.*2d 702 (App.Div.1998). The plaintiff need only allege facts that tend to show that a "reasonable person" could not have previously discovered a basis for a cause of action with the exercise of "ordinary diligence" and intelligence. *Savage v. Old Bridge–Sayreville Med.*

---

[6] A *Lopez* hearing is only required when the facts concerning the date of the discovery are in dispute. *Dunn v. Borough of Mountainside,* 301 *N.J.Super.* 262, 274, 693 *A.*2d 1248 (App.Div.1997), *certif. denied,* 153 *N.J.* 402, 709 *A.*2d 795 (1998).

*Group,* 134 *N.J.* 241, 248, 633 *A.2d* 514 (1993); *see also Martinez, supra,* 163 *N.J.* at 52, 747 *A.2d* 266 (2000); *Lapka v. Porter Hayden Co.,* 162 *N.J.* 545, 556, 745 *A.2d* 525 (2000); *Andritz Sprout–Bauer v. Beazer East,* 12 *F.Supp.*2d 391, 415 (M.D.Pa. 1998) (explaining that if plaintiff alleges no facts that "could reasonably support a finding that the plaintiff acted with reasonable diligence . . . [summary] judgment in favor of the defendant is appropriate"). The standard for making the discovery determination is essentially "an objective one." *Szczuvelek v. Harborside Healthcare Woods Edge,* 182 *N.J.* 275, 281, 865 *A.2d* 636 (2005).

The discovery rule thus delays the accrual of the action until the plaintiff "discovers, or by exercise of reasonable diligence and intelligence should have discovered, facts which form the basis of a cause of action," *O'Keeffe v. Snyder, supra,* 83 *N.J.* at 491, 416 *A.2d* 862, or provide "a basis for an actionable claim." *Lopez, supra,* 62 *N.J.* at 272, 300 *A.2d* 563.

In *Roa,* we stated "[t]here is simply nothing about a LAD case that would militate against applying the equitable principles informing the discovery rule to allow pursuit of a claim of which the party was reasonably unaware." *Roa, supra,* 200 *N.J.* at 572, 985 *A.2d* 1225. Although holding that plaintiff's retaliatory discharge claim was time-barred by the two-year statute of limitations, but the post-discharge claim regarding insurance was not, we said:

[w]hen a plaintiff knows or has reason to know that he has a cause of action against an identifiable defendant and voluntarily sleeps on his rights so long as to permit the customary period of limitations to expire, the pertinent considerations of individual justice as well as the broader considerations of repose, coincide to bar his action. Where, however, the plaintiff does not know or have reason to know that he has a cause of action against an identifiable defendant until after the normal period of limitations has expired, the considerations of individual justice and the considerations of repose are in conflict and other factors may fairly be brought into play.

[*Id.* at 571, 985 *A.2d* 1225 (internal quotation marks omitted) (citing *Caravaggio v. D'Agostini,* 166 *N.J.* 237, 245, 765 *A.2d* 182 (2001) (quoting *Farrell v. Votator Div. of Chemetron Corp.,* 62 *N.J.* 111, 115, 299 *A.2d* 394 (1973); *Fernandi v. Strully,* 35 *N.J.* 434, 438, 173 *A.2d* 277 (1961))).]

Thus, we explained that "[a]t the heart of the discovery rule is the fundamental unfairness of barring claims of which a party is

unaware." *Ibid.* The rule should apply in situations where " 'equity and justice ... call for its application.' " *Ibid.* (quoting *Lopez, supra,* 62 *N.J.* at 273, 300 *A.*2d 563); *see also R.A.C. v. P.J.S.,* 192 *N.J.* 81, 98, 927 *A.*2d 97 (2007); *Mancuso v. Neckles,* 163 *N.J.* 26, 29, 747 *A.*2d 255 (2000). Applied to the factual circumstances in *Roa,* we determined that, although the plaintiff's health benefits were cancelled by virtue of the post-discharge retaliatory act more than two years before the plaintiff filed his complaint, he did not become aware that his insurance had been cancelled until a later date, which fell within the two-year period. 200 *N.J.* at 570, 985 *A.*2d 1225. Therefore, the plaintiff's post-discharge retaliation claim was timely. *Ibid.*

■ Accordingly, the Court has approved use of the discovery rule in LAD cases when and where appropriate. This may well be such a case. Here, plaintiff discussed her concerns regarding her status as an entry-level nurse and desire for reclassification with her employer, and was informed, albeit informally and antagonistically by a human resources representative who had overheard plaintiff's complaints, that plaintiff needed to serve the requisite time period of one year before she would be considered for a higher level position. In addition, after making a request for reclassification commensurate with her qualifications, plaintiff was informed that she had been considered for reclassification to a higher level position until she sent a letter not only within Trenton State's Human Resources Department but also to a member of the State Assembly. In other words, she was given a reason—albeit an unsatisfactory one—that had nothing to do with racial discrimination. That, in turn, may have led plaintiff not to pursue the issue, thereby requiring the tolling of her cause of action. "[E]quitable tolling of a statute of limitations occurs when a plaintiff is misled as to the real reason for [the job action] and as a result fails to act within the prescribed time limit." *Villalobos v. Fava,* 342 *N.J.Super.* 38, 50, 775 *A.*2d 700 (App.Div.), *certif. denied,* 170 *N.J.* 210, 785 *A.*2d 438 (2001); *see also Abboud v. Viscomi,* 111 *N.J.* 56, 64, 543 *A.*2d 29 (1988) (remanding for "a new *Lopez* hearing" to "evaluate or weigh [plaintiff's] claim that defendant's

various representations reasonably induced her not to sue within the normal limitations period"); *Lynch v. Rubacky*, 85 *N.J.* 65, 74–76, 424 *A.*2d 1169 (1981) (applying discovery rule where treating professional did not "discredit or cast [defendant] in a professionally unfavorable light" within two years of the complaint); *Parete v. Mully, supra*, 316 *N.J.Super.* at 108–09, 719 *A.*2d 702 (same); *Oshiver v. Levin Fishbein*, 38 *F.*3d 1380, 1387 (3d Cir.1994) (affirming dismissal of failure to hire claim for lack of reasonable diligence but reversing dismissal of discriminatory discharge claim because alleged facts warranted equitable tolling where plaintiff female was replaced by male as hourly employee).

No *Lopez* hearing was conducted in this case, but one is required to consider the issues presented on the discrimination claim. Plaintiff is entitled to assert that she had no "reasonable suspicion" of racial discrimination, even by the exercise of reasonable diligence, until 2006 when she learned that less qualified Caucasian nurses were hired into advanced positions, and was told by her union representative about other claims of racial discrimination at Trenton State and that racism pervaded that institution. Accordingly, plaintiff is entitled to demonstrate the facts as she alleges them and show that she acted reasonably in pursuing her claim of discrimination. *See Lopez*, 62 *N.J.* at 274–76, 300 *A.*2d 563 (procedure with burden on plaintiff). In that context the judge at the *Lopez* hearing must evaluate the employer's proffered reasons for denying reclassification in terms of any impact on plaintiff's duty to investigate the reasons for her classification. On the other hand, the totality of circumstances must be evaluated in assessing the reasonableness of plaintiff's conduct and determining when the cause of action "accrued." Accordingly, we remand for consideration of these issues at a *Lopez* hearing.

## VI.

The judgment of the Appellate Division affirming the dismissal of the retaliation claim is affirmed. The judgment affirming the

dismissal of the discrimination claim is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Chief Justice RABNER, concurring.

By order dated September 8, 2010, the Presiding Judge for Administration of the Appellate Division, the Honorable Edwin H. Stern, was temporarily assigned to the Supreme Court until further order. As a result, he participated in the resolution of this matter and authored the majority opinion.

Article VI, Section II, Paragraph 1 of the New Jersey Constitution and *Rule* 2:13–2(a) authorized Judge Stern's temporary assignment. His service on the Supreme Court is consistent with more than 800 similar assignments made by Chief Justices over the course of four decades. All of those assignments find support in not only the plain language of the modern Constitution but also the recorded intent of the Framers who drafted it.

Now for the first time, there is a dissent to a temporary assignment, in the form of an abstaining opinion, which claims that such assignments are only permissible when needed to make a quorum. But the Framers rejected draft constitutions that would have limited temporary assignments in that manner. They instead adopted a broader approach that allows for greater discretion in making temporary assignments. It was therefore entirely appropriate for Chief Justices to use that authority in the past when there were vacancies on the Court, and it is proper to do so now again.

The Court today has only six members—one short of its full complement—and it is unclear when that will change. In the interim, the current assignment is necessary to address the Court's substantial workload and meet the needs of the public.

About two thousand matters and issues requiring action will be presented to the Court for consideration this term. Each involves real parties and actual people who are trying to vindicate their rights as they await justice. To meet their needs fairly and

expeditiously, the assignment of a judge to serve temporarily on the Supreme Court is necessary.

## I.

The relevant language of both the Constitution and the court rule provides the proper starting point for the assignment. Article VI, Section II, Paragraph 1 reads as follows:

> The Supreme Court shall consist of a Chief Justice and six Associate Justices. Five members of the court shall constitute a quorum. When necessary, the Chief Justice shall assign the Judge or Judges of the Superior Court, senior in service, as provided by rules of the Supreme Court, to serve temporarily in the Supreme Court.
>
> [*N.J. Const. art.* VI, § 2, ¶ 1 (third sentence hereafter referred to as Temporary Assignment clause).]

Pursuant to that clause, and consistent with the Court's "exclusive and plenary power over the governance of the judiciary," *In re P.L.2001, Chapter 362,* 186 *N.J.* 368, 382, 895 *A.*2d 1128 (2006) (citations omitted), the Supreme Court has adopted the following current rule relating to temporary assignments:

> Five members of the court shall constitute a quorum. When necessary to constitute a quorum, to replace a justice who is absent or unable to act, or to expedite the business of the court, the presiding justice may assign one or more retired justices of the Supreme Court who are not engaged in the practice of law and who consent thereto or the judge or judges of the Appellate Division, senior in length of service therein, to serve temporarily in the Supreme Court.
>
> [*R.* 2:13–2(a).]

The current rule regarding temporary assignments has been in effect since 1978, after multiple prior iterations. *See R.R.* 1:1–3 (1948); *R.R.* 1:1–5 (1953); *R.R.* 1:1–5(b) (1967); *R.* 2:13–2(a) (1978).

For more than forty years, Chief Justices have consistently interpreted and used the above provisions to allow for temporary assignments to the Supreme Court in order to fill vacancies or replace an unavailable Justice. The extensive history of temporary assignments to the Court has been used in a variety of situations. It has not been limited to assignments for quorum purposes, which comprise only a minority of such assignments.

Indeed, Chief Justices have made hundreds of temporary assignments even when they were not needed to create a quorum.

Examples of the longstanding practice abound. The lengthiest assignment occurred in the mid–1970s. Beginning on March 31, 1975, when Justice Frederick W. Hall retired, there was a two-year vacancy on the Court until Justice Alan Handler took the oath of office on March 23, 1977. During that period, Appellate Division Judge Milton B. Conford was assigned temporarily to the Court and participated in about 215 matters.[1] He authored more than forty majority, concurring, and dissenting opinions. *E.g., Clayton v. Freehold Twp. Bd. of Educ.*, 67 *N.J.* 249, 337 *A.*2d 361 (1975) (Conford, P.J.A.D., temporarily assigned, writing for unanimous seven-person Court). Chief Justice Richard J. Hughes also intermittently called on Appellate Division Judges Harold Kolovsky, Lawrence A. Carton, Jr., and Joseph Halpern to join Judge Conford and ensure that the Court had a full complement of seven members. *E.g., Fireman's Fund Ins. Co. v. Sec. Ins. Co. of Hartford*, 72 *N.J.* 63, 367 *A.*2d 864 (1976) (Kolovsky, P.J.A.D., temporarily assigned, writing for majority); *Gallo Asphalt Co. v. Sagner*, 71 *N.J.* 405, 365 *A.*2d 932 (1976) (Carton, P.J.A.D., temporarily assigned, dissenting); *State v. Fearick*, 69 *N.J.* 32, 350 *A.*2d 227 (1975) (Halpern, P.J.A.D., temporarily assigned, writing for unanimous Court that included Judge Kolovsky). Judge Donald G. Collester, Sr., was also temporarily assigned to several cases. *E.g., Anderson v. Somberg*, 67 *N.J.* 291, 338 *A.*2d 1 (1975) (Collester, P.J.A.D., temporarily assigned, joining in dissent on seven-person Court). During this period, in only about a dozen instances out of more than 240 was a temporary assignment necessary for a quorum.

Several years before, during the 1972 term, the retirements of Justices John J. Francis and C. Thomas Schettino created two vacancies in September 1972. The vacancies lasted for six months

---

[1] All numerical statistics in this opinion are approximate and are based on reported matters.

until Justices Pierre P. Garven and Mark A. Sullivan were sworn in on March 23, 1973. During that sixth-month period, Chief Justice Joseph Weintraub temporarily assigned a number of Appellate Division judges—primarily, Judges Conford, Arthur W. Lewis, and then-Judge Sullivan—to participate in dozens of cases. Collectively, the three judges were assigned temporarily approximately 150 times, and in only one-third of those instances was the assignment needed to make a quorum. *E.g., S.S. & O. Corp. v. Twp. of Bernards Sewerage Auth.*, 62 *N.J.* 369, 301 *A.2d* 738 (1973) (Lewis, P.J.A.D., temporarily assigned, writing for a seven-person, unanimous Court that included Judges Conford and Sullivan); *Wicks v. Cent. R.R. Co. of N.J.*, 61 *N.J.* 553, 296 *A.2d* 649 (1972) (Sullivan, P.J.A.D., temporarily assigned, writing for a seven-person, unanimous Court that included Judge Conford); *Russell v. Salem Transp. Co.*, 61 *N.J.* 502, 295 *A.2d* 862 (1972) (Conford, P.J.A.D., temporarily assigned, writing for a seven-person, unanimous Court that included Judge Sullivan).

Many other Appellate Division judges have been temporarily assigned to the Supreme Court over the years on a more sporadic basis, when a sitting Justice was not participating for some reason. For example, from late-March 1973 through late-March 1975, when there were no vacancies on the Court, five Appellate Division judges were assigned about 210 times in total. Roughly eighty percent of those assignments were not for quorum purposes. From late-March 1977 to the present, multiple Appellate Division judges have been assigned about 250 times in total. About eighty-five percent of those assignments were not related to quorum needs. Some examples from the past two decades include the temporary assignments of Appellate Division Judges Stern, Michael Patrick King, Sylvia B. Pressler, Stephen Skillman, and others.

It is important to review statistics of temporary assignments in context and not just as an aggregate accumulation of data. The meaning of the data becomes apparent when considered in that way: faced with long-term vacancies, Chief Justices have respond-

ed with long-term, temporary assignments to enable the Court to function at full strength. Faced with isolated vacancies in sporadic cases, Chief Justices have not always filled them. In those instances, they simply did not exercise the authority they possessed. In neither situation, though, have Chief Justices accepted the narrow quorum-only rule voiced in the abstaining opinion. The flexible language in the Constitution, as discussed below, provides support for the historical approaches taken and also for the September 8, 2010 assignment order.

In the hundreds of instances when Chief Justices have made temporary assignments to the Court, the practice has never been challenged. *See McNeil v. Legislative Apportionment Comm'n,* 177 *N.J.* 364, 391, 828 *A.*2d 840 (2003) (noting reliance, inter alia, on long and unchallenged usage of constitutional provision). Even today, the parties have neither objected to the temporary assignment nor presented arguments for the Court to consider. Nonetheless, in a departure from recognized practice, the abstaining Justice has raised a constitutional issue on his own—at the same time, ironically, that he notes the virtue of judicial restraint. *See post* at 370, 9 *A.*3d at 913 (Rivera–Soto, J., abstaining); *see also Randolph Town Ctr., L.P. v. County of Morris,* 186 *N.J.* 78, 80, 891 *A.*2d 1202 (2006) ("Courts should not reach a constitutional question unless its resolution is imperative to the disposition of litigation." (citations omitted)); *Comm. to Recall Robert Menendez from the Office of U.S. Senator v. Wells,* 204 *N.J.* 79, 96, 7 *A.*3d 720 (2010) (Rivera–Soto & Hoens, JJ., dissenting) (same).[2]

---

[2] The abstaining Justice previously participated, without objecting, in cases involving temporary assignments when there was no need to establish a quorum. *See Rowe v. Hoffman–La Roche, Inc.,* 189 *N.J.* 615, 917 *A.*2d 767 (2007) (decided by five Justices plus Judges Stern and Steven L. Lefelt, temporarily assigned); *Maimone v. City of Atl. City,* 188 *N.J.* 221, 903 *A.*2d 1055 (2006) (decided by six Justices plus Judge Skillman, temporarily assigned); *State v. Arthur,* 184 *N.J.* 307, 877 *A.*2d 1183 (2005) (decided by six Justices plus Judge Skillman, temporarily assigned); *Bd. of Educ. of Passaic v. N.J. Dep't of Educ.,* 183 *N.J.* 281, 872 *A.*2d 1062 (2005) (decided by six Justices plus Judge Stern, temporarily assigned).

To be sure, historical practice alone rarely proves the correctness of a legal proposition. Ultimately, the Court's longstanding use of temporary assignments depends on the meaning and purpose of the Temporary Assignment clause.

## II.

To determine the meaning of a constitutional provision, courts look first "to the precise language used by the drafters." *State v. Trump Hotels & Casino Resorts, Inc.*, 160 *N.J.* 505, 527, 734 *A.*2d 1160 (1999). If the language is unclear, courts may consider any relevant constitutional history to help ascertain the meaning of the language used. *Id.* at 527–28, 734 *A.*2d 1160. Here, the plain language of the Temporary Assignment clause provides the Chief Justice discretionary authority to make temporary assignments to the Supreme Court. Relevant constitutional history confirms that the Framers intended the broad language they chose to use.

Article VI of the New Jersey Constitution pertains to the Judiciary. It declares at the outset that "[t]he judicial power shall be vested in a Supreme Court, a Superior Court, and other courts of limited jurisdiction." *N.J. Const.* art. VI, § 1, ¶ 1. That provision, and Article VI as a whole, reflect the "clear intent" of the modern Constitution "to give to the judiciary the power and thus to impose on them the responsibility for seeing that the judicial system function[s] effectively in the public interest." *Winberry v. Salisbury*, 5 *N.J.* 240, 244, 74 *A.*2d 406 (1950).

The Temporary Assignment clause appears as the very next provision in the Constitution. Its first two sentences declare that the Court shall consist of seven members and that five members shall constitute a quorum. *N.J. Const.* art. VI, § 2, ¶ 1. The next sentence provides that "[w]hen necessary, the Chief Justice shall assign the Judge or Judges of the Superior Court, senior in service, as provided by rules of the Supreme Court, to serve temporarily in the Supreme Court." *Ibid.*

The plain wording of the phrase "when necessary" affords discretion to decide when temporary assignments are appropriate. The text is not limited to particular situations. Notably, it does

not limit assignments to occasions when they are needed to create a quorum. Instead, the language is deliberately broad—consistent with the Judiciary's broad obligation to serve the public through wise and effective administration of the judicial branch. The precise language in the Constitution about temporary assignments thus provides flexibility to meet that aim.

One legal commentator has argued that the authority to make temporary assignments is not discretionary because the constitutional provision directs that Chief Justices "shall assign" a judge when necessary. *See* Edward A. Hartnett, *Ties in the Supreme Court of New Jersey*, 32 *Seton Hall L.Rev.* 735, 745–46 (2003). Professor Hartnett submits that "[t]here is little sense in imposing a mandatory duty on someone while leaving the determination of when that duty is triggered to that person's discretion." *Id.* at 745. Yet, at various places in the Constitution including elsewhere in Article VI, the Framers did precisely that. *See N.J. Const.* art. VI, § 3, ¶ 4 ("[T]he Law Division and the Chancery Division *shall* each exercise the powers and functions of the other division *when the ends of justice so require.*" (emphasis added)); *see also N.J. Const.* art. IV, § 6, ¶ 4 ("The Legislature, in order to insure continuity of State, county and local governmental operations in periods of emergency ... *shall* have the power and the immediate and continuing duty by legislation ... to adopt such other measures *as may be necessary and proper* for insuring the continuity of governmental operations." (emphasis added)). In those instances, the text of the Constitution imposes a duty to act once the actor determines that its responsibility is triggered. The Temporary Assignment clause similarly affords discretion but requires action when necessary.

Because the unadorned language of the Temporary Assignment clause provides discretionary authority to decide when to make such assignments, it is not necessary to look further for guidance.

### III.

The abstaining opinion suggests that the phrase "when necessary" is limited to assignments needed to meet the quorum

requirement. *Post* at 355, 9 *A.*3d at 903 (Rivera–Soto, J., abstaining) (quoting *N.J. Const.* art. VI, § 2, ¶ 1). In support of that view, the opinion notes that the phrase follows a sentence that establishes five as a quorum and thus arguably refers only to meeting quorum needs. *Ibid.*

In essence, the abstaining opinion inserts additional language into the actual text of the Constitution and would have it read as follows: "When necessary *to make the quorum,* the Chief Justice shall assign. . . ." But the precise words in the Constitution do not support that reading. Had the Framers intended to limit temporary assignments to meeting quorum needs, they would have said so. Instead, they considered *and rejected* the very language inserted above. We cannot add it back.

A "quorum-only" rule finds support in early drafts of the Constitution, which were rejected in favor of the current broad language. A May 1942 draft prepared by the Commission on Revision of the New Jersey Constitution would have allowed for temporary assignments only "when necessary to constitute a quorum." 4 *Proceedings of the Constitutional Convention of 1947,* at 561. Identical language appeared in a proposed constitution that was submitted to the voters and defeated in November 1944. *Id.* at 567. At the 1947 Constitutional Convention, the Committee on the Judiciary invited public comment on a tentative draft of the judicial article dated July 24, 1947, which specified that temporary assignments should occur "[w]hen necessary to make the quorum." 2 *Proceedings of the Constitutional Convention of 1947, supra,* at 1167.

The restrictive language did not appear in the Committee's revised report and proposal dated the following week, July 31, 1947. Instead, the new draft eliminated the quorum-only phrase and recommended the discretionary language that ultimately became part of the Constitution: "When necessary, the Chief Justice shall assign [a judge] to serve temporarily in the Supreme Court." 2 *Proceedings of the Constitutional Convention of 1947, supra,* at 1190. Thus, the evolution of the modern Constitution demon-

strates the Framers' intent not to limit temporary assignments to when a quorum was needed.

It has been suggested that the switch in the wording of the Temporary Assignment clause was "merely a stylistic change." Hartnett, *supra*, 32 *Seton Hall L.Rev.* at 744; *see also* Earl M. Maltz, The Federalist Soc'y for Law & Pub. Policy Studies, *Temporary Assignments to Fill Vacancies on the New Jersey Supreme Court* 5 (2010), *available at* http://www.fed-soc.org/doclib/20100920_NewJerseyWP.pdf. The accompanying report of the Committee on the Judiciary reveals otherwise. In Appendix A to the report, titled "Annotation of Judicial Article," the Committee specifically addressed the change to Article VI, Section II, Paragraph 1. The Committee explained that "[t]he provision for supplementing the membership of the Supreme Court is operative *whenever a Justice is unavailable* at the time a case is argued or submitted." 2 *Proceedings of the Constitutional Convention of 1947, supra*, at 1190 (Judiciary Committee Report) (emphasis added). Not only does that language reject a quorum-only approach, but it also favors the opposite practice of replacing *all* unavailable justices regardless of the reason for their absence. Next, the report specifically noted that "[p]rovisions of this general character are found in several state constitutions, notably that of New York, to which it was added in 1915 upon recommendation of the Court of Appeals." *Ibid.*

The reference to the New York model is instructive. During a constitutional convention in New York in 1915, a proposed amendment to the judicial article provided that the highest court may make temporary assignments for a period of time "[i]n case of the temporary absence or inability to act of any judge of" that court.[3] *State of N.Y. Comm. on Revision and Engrossment, Present*

---

[3] Although the 1915 draft constitution was rejected by the electorate, Edward J. Breuer, *Constitutional Developments in New York 1777–1958*, at 43 (1958), the quoted portion of the 1915 temporary assignment provision was later approved for inclusion in the New York Constitution (without a limitation on the length of assignments), and it remains in force today. *N.Y. Const.* art. VI, § 2.a.

*Constitution of State of N.Y., with Amendments Thereto* (1915), *in Documents of the Constitutional Convention of the State of New York, 1915* No. 52, at 33 (J.B. Lyon Co.1915). The New York Committee to the Judiciary explained the reason for the provision in a report to the ratifying convention: "For the purpose of *enabling the Court to retain its maximum strength at all times,* provision is further made for calling in Justices of the [lower courts] to take the places of Judges of the [highest Court] temporarily disqualified by absence or illness" for a period of time. *State of N.Y. Comm. on the Judiciary, Report Relative to the Proposed Amended Judiciary Article* (Aug. 13, 1915), *in Documents of the Constitutional Convention of the State of New York, 1915, supra,* No. 42, at 10 (emphasis added).

By referencing New York's plan, the 1947 Judiciary Committee Report sheds light on why "when necessary to make the quorum" was replaced with the broader phrase "when necessary": the power to make temporary appointments was not meant to be confined to establishing a quorum but could be used "whenever a Justice is unavailable at the time a case is argued or submitted," in order to reach the Court's maximum strength. 2 *Proceedings of the Constitutional Convention of 1947, supra,* at 1190.[4] The

---

4 Professor Hartnett discredits the annotations in the appendix to the Judiciary Committee Report, citing Chief Justice Vanderbilt's "explicit[ ] reject[ion of] that Report as an authoritative guide to interpreting the Constitution" in *Winberry v. Salisbury,* 5 *N.J.* 240, 74 *A.2d* 406 (1950). Hartnett, *supra,* 32 *Seton Hall L.Rev.* at 748; *see also* Maltz, *supra,* at 5. While it is true that Chief Justice Vanderbilt, in *Winberry, supra,* 5 *N.J.* at 248–49, 74 *A.2d* 406, criticized reliance on the Judiciary Committee Report as a source of constitutional intent—specifically, its discussion of the "Principles Underlying the Judicial Article," which is not implicated in this matter—only three years later he looked to the annotations appended to the same Committee Report to identify the intent behind another constitutional provision. *Donnelly v. Ritzendollar,* 14 *N.J.* 96, 103, 101 *A.2d* 1 (1953) (citing Committee Report, 2 *Proceedings of the Constitutional Convention of 1947,* at 1192). Since *Donnelly,* the Court has often relied on the Judiciary Committee Report as an authoritative source. *See, e.g., State v. Loftin,* 157 *N.J.* 253, 281–82, 724 *A.2d* 129 (1999); *Cogdell v. Hosp. Ctr. at Orange,* 116 *N.J.* 7, 15, 560 *A.2d* 1169 (1989); *In re Appeal of Pa. R.R. Co.,* 20 *N.J.* 398, 406, 120 *A.2d* 94 (1956). In the latter case, Justice Nathan L. Jacobs wrote for a unanimous

relevant history therefore reveals that the phrase "when necessary" was not a shorthand reference to the rule of necessity, as the abstaining opinion suggests. *Post* at 355, 9 *A.*3d at 903–04 (Rivera–Soto, J., abstaining).

Not only does the historical record demonstrate that the Temporary Assignment clause was not intended as a quorum-only rule, but a simple, practical concern tied to the purpose of the Judicial Article also leads to the same conclusion. Imagine a six-member Court evenly divided over an issue for which the Supreme Court's review constitutes the first instance of judicial review, for example, a continuing matter in which the court expressly retained jurisdiction and for which there is no underlying trial or appellate ruling. Six Justices hearing the matter would constitute a quorum, and an evenly-divided Court would ordinarily result in an affirmance of the Appellate Division. *E.g.*, *State v. Basil*, 202 *N.J.* 570, 577, 998 *A.*2d 472 (2010) (affirming judgment of Appellate Division because Court divided 3–3); *Reyes v. Egner*, 201 *N.J.* 417, 419, 991 *A.*2d 216 (2010) (same); *Northvale Bd. of Educ. v. Northvale Educ. Ass'n*, 192 *N.J.* 501, 501, 933 *A.*2d 596 (2007) (same). But with no existing appellate ruling, a "quorum-only" rule would mean, in effect, that there would be no meaningful judicial review.

---

Court. He was well-qualified to comment on the import of the Report in that he served not only as a delegate to the 1947 Constitutional Convention but also as vice-chairman of the Committee on the Judiciary. *See* 2 *Proceedings of the Constitutional Convention of 1947, supra,* at 1197. The relevant and enlightening annotations to the Committee Report should therefore not be overlooked.

The abstaining opinion concedes that the Judiciary Committee Report contains an "expansive interpretation" for supplementing the Court's membership, *post* at 355, 9 *A.*3d at 903 (Rivera–Soto, J., abstaining), but declares that that interpretation "was withheld from the citizenry." *Ibid.* As proof, the opinion cites to an eight-page summary report prepared by the delegates for "the people of New Jersey," titled "What the Proposed New State Constitution Means to You." 2 *Proceedings of the Constitutional Convention of 1947, supra,* at 1320. Not surprisingly, the record of the Constitutional Convention fills five lengthy volumes. *See Proceedings of the Constitutional Convention of 1947, supra.* Using the abstaining opinion's logic, all but eight pages were "withheld" from the voters, including the text of the Constitution itself. It is wrong to disregard historical evidence on that slim basis.

Similar problems would arise in evaluating applications for admission to the bar and disciplinary matters—areas in which the Constitution invests the Supreme Court "with exclusive responsibility." *State v. Rush,* 46 *N.J.* 399, 411, 217 *A.*2d 441 (1966) (citing *N.J. Const.* art. VI, § 2, ¶ 3). Certain candidates cannot be admitted to the bar without the Supreme Court's review and approval. *Committee on Character Regulation* 304:3. Likewise, only the Supreme Court can temporarily suspend or disbar an attorney. *See, e.g., R.* 1:20–11, –16(a). In addition, only the Court can review a presentment by the Advisory Committee on Judicial Conduct and discipline a judge. *R.* 2:15–15, –17. An evenly divided Court's ruling in any of those areas would not resolve anything.

The appropriate solution, of course, is not to do without judicial review or decisions altogether—the very reasons animating Article VI—but rather to assign a judge temporarily to the Court, even though a quorum exists. The flexible language in the Constitution provides the authority to do so.

## IV.

The relevant court rule outlines certain parameters for temporary assignments. *Rule* 2:13–2(a) in its current form provides that assignments may be made "[w]hen necessary to constitute a quorum, to replace a justice who is absent or unable to act, or to expedite the business of the court."

As has happened before on a number of occasions, the Court now faces the prospect of proceeding with fewer than seven members for a potentially long period. That prospect needs to be considered in light of the Court's responsibilities.

During the 2009–2010 court term, a seven-member Court was required to address a significant number of matters. The Court resolved 1,140 petitions for certification, 462 motions, and 177 disciplinary and character matters. It also heard arguments in eighty-eight appeals and thirty-four attorney and judicial disciplinary matters. The Court filed 115 majority, per curiam, concur-

ring, and dissenting opinions. Individual Justices decided seventy-eight emergent applications. By any measure, that workload is substantial, and there is no reason to expect it will be materially different in the term that is under way. The temporary assignment of a judge is therefore necessary at this time to conduct the work of the Court and attempt to dispense justice expeditiously.

## V.

The order entered on September 8, 2010 temporarily assigns the judge of the Appellate Division who is senior in service there, the Honorable Edwin H. Stern. His assignment is consistent with the Constitution and the court rule.

The Constitution provides for the temporary assignment of a judge "of the Superior Court, senior in service, as provided by rules of the Supreme Court." *N.J. Const.* art. VI, § 2, ¶ 1. *Rule* 2:13–2(a), in turn, parses among different parts of the Superior Court and specifies that "the judge or judges of the Appellate Division, senior in length of service therein" can "serve temporarily in the Supreme Court." The *Rule* also outlines what should occur in the event the senior judge is unable to serve or if two judges have equal seniority. *R.* 2:13–2(a).

The *Rule* properly amplifies the Constitution, as contemplated. It is also consistent with the Court's duty to "make rules governing the administration of all courts." *N.J. Const.* art. VI, § 2, § 3. Judge Stern is senior in length of service in the Appellate Division and, as presiding judge for administration, is also the senior-most Appellate Division judge. The September 8, 2010 order therefore rightly calls upon him for temporary assignment to the Supreme Court.

## VI.

A dubitante opinion raises a different concern. It contends that a "true constitutional crisis" would arise if a temporarily assigned member of the Court were to cast a deciding, or outcome-

determinative, vote in a case. *Post* at 527, 9 *A.*3d at 1001 (Hoens, J., dubitante). Nothing in the text or history of the modern Constitution, though, supports that position.

The critical question under Article VI, Section II, Paragraph 1 is whether a temporary appointment is necessary. Once that threshold is crossed, a temporary appointee serves as a member of the Court. The plain language of the Constitution does not limit the authority of an assigned judge. The constitutional text does not set up two classes of jurists: one with the power to cast tie-breaking votes and another without. Instead, the Temporary Assignment clause simply states that the Chief Justice, when necessary, and as provided by the rules of the Court, shall assign the senior judge "to *serve* temporarily in the Supreme Court." *N.J. Const.* art. VI, § 2, ¶ 1 (emphasis added).

The argument presented misperceives the nature of a temporary assignment to the Supreme Court. The many distinguished Appellate Division judges who have filled that role have not sat in a second tier. Once on the Court, they have functioned as full voting members—for only a temporary period of time—consistent with the authority in the Constitution itself.

## VII.

A dispute about the meaning of a constitutional provision, like the Temporary Assignment clause, is properly informed by the language and history of the Constitution. The abstaining Justice's perception of the current political situation is irrelevant to that analysis. As a result, the baseless claims insinuated in section V of the abstaining opinion have no place in this discussion.

## VIII.

The Supreme Court is responsible "for the overall performance of the judicial branch" and has the obligation "to see that the public interest is fully served by the proper functioning of this vital branch of our government." *Thurber v. City of Burlington,* 191 *N.J.* 487, 499, 924 *A.*2d 533 (2007) (citing *In re Mattera,* 34

*N.J.* 259, 272, 168 *A.2d* 38 (1961), and *Passaic County Probation Officers' Assn. v. County of Passaic,* 73 *N.J.* 247, 253, 374 *A.2d* 449 (1977)) (internal quotation marks omitted).

Behind the statistics that summarize the Court's workload are people, businesses, organizations, and others hoping to get relief. They are entitled to thoughtful and prompt consideration in each of the approximately two thousand matters and items they will present to the Court this term. To serve them best, a temporary assignment of a judge is once again necessary to enable the Court to perform its constitutional duties.

Justice RIVERA–SOTO, abstaining.

Today, while constituted as one Chief Justice, five Associate Justices and a Judge of the Appellate Division selected unilaterally by the Chief Justice, the Court has rendered a decision in this matter. The Court as so constituted is unconstitutional and its acts are ultra vires for three principal reasons. First, the Constitution allows the assignment of a Superior Court Judge to serve on the Supreme Court only "when necessary," and any such assignment at this juncture simply is not necessary. Further, the methodology this Court has adopted for the selection of who is to serve on assignment to the Supreme Court does not comport with the clear constitutional mandate. Finally, the assignment of a Superior Court Judge to serve on this Court to fill a vacancy resulting from a political impasse between the Executive and the Legislative Branches thrusts the Judiciary into that political thicket, all the while improperly advancing one side's views in preference over the other's. For each of those reasons, I abstain.

I.

In language virtually identical to that originally proposed during the Constitutional Convention of 1947 by the Committee on the Judiciary,[1] Article VI, Section II, Paragraph 1 of the New Jersey Constitution provides, in relevant part, as follows:

---

[1] The sole difference between the language initially proposed by the Committee on the Judiciary and the language ultimately adopted by the Convention is the

> The Supreme Court shall consist of a Chief Justice and six Associate Justices. Five members of the court shall constitute a quorum. *When necessary,* the Chief Justice shall assign the Judge or Judges of the Superior Court, senior in service, as provided by rules of the Supreme Court, to serve temporarily in the Supreme Court.
>
> [*N.J. Const.* art. VI, § II, ¶ 1 (emphasis supplied).]

Although the Report of the Committee on the Judiciary noted that "[t]he provision for supplementing the membership of the Supreme Court is operative whenever a Justice is unavailable at the time a case is argued or submitted[,]" Committee on the Judiciary, *Report* at Appendix "A", *reprinted in* II *N.J. Const. Conv.* 1190 (Aug. 26, 1947), that expansive interpretation was withheld from the citizenry who was asked to vote on that provision. *See* Summary and Address to the People of New Jersey by the Constitutional Convention of 1947, *What the Proposed New State Constitution Means to You, reprinted in* II *N.J. Const. Conv.* 1321 (1947) (explaining solely that *"A New Supreme Court is Established* [—] The new high court, with a Chief Justice and six Associate Justices, replaces the old 16–member Court of Errors and Appeals[,]" without reference to any mechanism for augmenting Court membership).

The provisions of Article VI, Section II, Paragraph 1—allowing "[w]hen necessary" the "assign[ment of] the Judge or Judges of the Superior Court, senior in service, as provided by rules of the Supreme Court, to serve temporarily in the Supreme Court"— appears on the heels of the quorum clause, a clause requiring that the Supreme Court be constituted by no fewer than "[f]ive members of the court[.]" That juxtaposition is not accidental and allows only one constitutionally permissible interpretation: that the need for any such assignment can arise only by the absence of a quorum, that is, by invoking of the Rule of Necessity, a Rule long recognized in our jurisprudence. As the Supreme Court of

---

Committee's reference to the "General Court," a term later changed by the Convention to "Superior Court." *See* Committee on the Judiciary, *Tentative Draft of Judicial Article, reprinted in* II *N.J. Const. Conv.* 1198 (July 24, 1947).

the United States explained in describing the quandary that arises when a court cannot convene a quorum,

> [i]t was precisely considerations of this kind that gave rise to the Rule of Necessity, a well-settled principle at common law that, as Pollack put it, "although a judge had better not, if it can be avoided, take part in the decision of a case in which he has any personal interest, yet he not only may but must do so if the case cannot be heard otherwise."
>
> [*United States v. Will*, 449 *U.S.* 200, 213, 101 *S.Ct.* 471, 480, 66 *L.Ed.*2d 392, 405 (1980) (quoting F. Pollack, *A First Book of Jurisprudence* 270 (6th ed. 1929)).]

The Court further noted that "[t]he Rule of Necessity had its genesis at least five and a half centuries ago. Its earliest recorded invocation was in 1430 [and e]arly cases in this country confirmed the vitality of the Rule." *Id.* at 213–14, 101 *S.Ct.* at 480, 66 *L.Ed.*2d at 405 (footnotes omitted). It emphasized that "[t]he Rule of Necessity has been consistently applied in this country in both state and federal courts." *Ibid.*, 449 *U.S.* at 214, 101 *S.Ct.* at 480, 66 *L.Ed.*2d at 405.

In line with that consistency in application, New Jersey long ago defined its version of the Rule of Necessity as follows: "[t]o justify a violation of the maxim [in this case, the constitutional mandate that five members of the Court and only five members of the Court are necessary to constitute a quorum], there should be an imperative reason for it, in order to prevent a failure of justice, and in determining that, the greatest care should be exercised," *State ex rel. Wynans v. Crane*, 36 *N.J.L.* 394, 399 (Sup.Ct.1873). That interpretive restriction arising from the Rule of Necessity— limiting the power to assign a Superior Court Judge to serve on the Supreme Court only "when necessary" to constitute a quorum—is echoed by a respected legal scholar, who unqualifiedly asserts that, specifically in respect of Article VI, Section II, Paragraph 1 of the New Jersey Constitution, "[t]he text, its context and its interpretation for the first two decades of practice under the 1947 Constitution demonstrate that this assignment power is available *only* when the Court would otherwise lack a quorum and that only Superior Court judges may be assigned." Edward A. Hartnett, *Conventional Wisdom is Wrong on N.J.*

*Supreme Court Appointments,* 201 *N.J.L.J.* 631 (Aug. 23, 2010) (emphasis supplied).[2]

No doubt, as a result of the recent retirement of a Justice of this Court and the resulting legislative/executive stalemate in confirming his successor,[3] presently there is a vacancy on this Court; hence, the Court currently is constituted by a Chief Justice and five—not six—Associate Justices. The question, then, is whether that vacancy, standing alone, suffices to trigger the "when necessary" condition precedent required by Article VI, Section II, Paragraph 1 of the Constitution to permit the rightful and constitutional assignment of a Superior Court Judge for service on the Supreme Court. It does not.

## II.

Our present circumstances are not new: there have been vacancies on the Court and this Court nevertheless has continued its work. That much has remained self-evident throughout this Court's published history. Addressing exclusively appeals heard and determined [4] since this Court was constituted following the

---

[2] Other contemporary commentary does not dispute Professor Hartnett's analysis and conclusions, restricting any reservations to qualified statements such as "[t]he Constitution says the chief justice can assign a senior Superior Court judge for temporary service on the Court. But *it is not clear whether that can be done for a purpose other than to meet the quorum requirement of five justices."* Mary Pat Gallagher, *Constitution, Rules in Conflict Over Way to Temporarily Fill Court Seat,* 201 *N.J.L.J.* 553 (Aug. 16, 2010) (emphasis supplied).

[3] *See, e.g.,* Lisa Fleisher, "N.J. Senate Refuses to Hold Confirmation Hearings for Gov. Christie's Supreme Court Nominee," *The Star-Ledger,* May 4, 2010.

[4] In each cited instance, only appeals that were fully briefed, argued and resulted in a disposition by the Court are considered. Because votes tallied on petitions for certification and motions are not published, the almost innumerable petitions for certification and motions which have been handled by the Court with fewer than seven Justices are not addressed; in those petitions for certification and motions where no quorum of five Justices has been available, that is, "when necessary," the Court traditionally has assigned as many Superior Court Judges as are needed to reach the quorum number of five.

adoption of the 1947 Constitution, the Court has heard and determined nearly five hundred appeals in which only five Justices participated,[5] and nearly eighteen hundred appeals in which only six Justices participated.[6] In contrast, this Court has heard and determined (1) sixty appeals in which it has assigned a Superior Court Judge or Judges "to serve temporarily in the Supreme Court" for purposes of establishing a quorum; [7] (2) seventy-two cases in which, although there was an absence of a quorum of Supreme Court Justices, more Superior Court Judges were assigned than the minimum needed to meet the quorum requirements; [8] and (3) five hundred seventy-two cases in which, although there already was a quorum of at least five Supreme Court Justices, a Superior Court Judge or Judges nevertheless were assigned "to serve temporarily in the Supreme Court[;]" [9] in respect of that third category, the vast majority of those instances occurred when Superior Court Judges were assigned to serve on the Supreme Court during the early 1970's, due to the death or the extended illness of several Justices. *See, e.g., Justices of the Supreme Court,* 64 *N.J.* VII n.1 & 2 (1974) (noting that Judge Conford was "temporarily assigned to serve October 9, 1973 to December 18, 1973, in the absence of Justice Mountain" and that Judge Collester was "temporarily assigned to serve October 18, 1973 to December 18, 1973, in the absence of Chief Justice Garvin due to his illness and death; December 19, 1973 to January 2,

---

[5] A compendium of those cases is attached as Appendix "A", *infra* at 371, 9 A.3d at 914.

[6] A compendium of those cases is attached as Appendix "B", *infra* at 394, 9 A.3d at 926.

[7] A compendium of those cases is attached as Appendix "C", *infra* at 475, 9 A.3d at 972.

[8] A compendium of those cases is attached as Appendix "D", *infra* at 479, 9 A.3d at 975.

[9] A compendium of those cases is attached as Appendix "E", *infra* at 484, 9 A.3d at 978.

1974, in the absence of Justice Mountain"); *Justices of the Supreme Court,* 65 *N.J.* VII n.1 & 2 (1974) (noting that Judge Kolovsky was "temporarily assigned to serve September 10, 1974 to October 4, 1974, in the absence of Justice Mountain" and that Judge Conford was "temporarily assigned to serve October 7, 1974 to October 11, 1974, in the absence of Justice Mountain"); Edward A. Hartnett, *Ties in the Supreme Court of New Jersey,* 32 *Seton Hall L.Rev.* 735, 752 n.78 (2003) (noting that "temporary assignment of Judge Conford terminated upon appointment of Justice Handler, except to permit him to participate in disposition of matters presented during his temporary assignment").

The lesson of those compilations is clear: in this Court's history, it has rendered decisions in more than two thousand one hundred appeals where five or six—but fewer than seven—Justices participated but no Superior Court Judge was assigned to serve on the Supreme Court. Extrapolated to today, it is equally clear that, so long as a quorum is present, it simply is not "necessary" to assign a Superior Court Judge to fill the current vacancy.

That view is supported in the legal academy's analysis of Article VI, Section II, Paragraph 1 of our Constitution. Professor Hartnett, the Richard J. Hughes Professor for Constitutional and Public Law and Service at Seton Hall University School of Law, has explained the quorum and assignment provision of the Constitution as follows:

> Five members of the court shall constitute a quorum. If a quorum does not attend a session of the court, the senior justice attending may adjourn the court, or, in the absence of all the justices, the clerk may adjourn the court from day to day. When necessary to make a quorum the presiding justice shall assign the senior judge or judges of the Superior Court to serve temporarily. Seniority shall be determined by the order of their appointment to the Superior Court[.]
>
> [Hartnett, *supra,* 32 *Seton Hall L.Rev.* at 749.]

Asserting that "the temporary assignment provision should be interpreted as a narrow, mandatory duty applicable only when the court would otherwise lack a quorum," he concludes that such "interpretation is in accord with the original Rules of Court promulgated under the New Jersey Constitution of 1947." *Ibid.*

He has noted that "Arthur Vanderbilt was the Chief Justice when these original rules were promulgated by the New Jersey Supreme Court." *Ibid.* Describing Chief Justice Vanderbilt as "a man who did not blush easily when asserting power he thought desirable," *id.* at 750, Professor Hartnett emphatically has observed that "even Arthur Vanderbilt did not claim that he had the power to temporarily assign judges to the Supreme Court, except to make a quorum." *Ibid.* As empirical proof of those conclusions, Professor Hartnett highlights that "on its very first day of issuing decisions, October 4, 1948, the new Supreme Court decided several cases with a bare quorum of five[,]" *ibid.* (footnote omitted), and that "within its first months, the new Supreme Court promulgated a rule that temporary assignments to the Supreme Court would be made when necessary to make the quorum, decided cases with the bare quorum of five, and decided cases with six justices, even where those six were evenly divided." *Ibid.*

Likewise, Professor Earl M. Maltz, a Distinguished Professor of Law at Rutgers–Camden School of Law, has noted that "the text and legislative history of the relevant constitutional provisions raise serious questions about whether the constitution endows the chief justice with the authority to" temporarily assign either a retired justice or a senior judge of the Superior Court to fill a vacancy on the Supreme Court. Earl M. Maltz, *Temporary Assignments to Fill Vacancies on the New Jersey Supreme Court,* *available at* http://www.fed-soc.org/doclib/20100920_NewJersey WP.pdf. In Professor Maltz's view, the difficulty in application of the constitutional provision allowing the assignment of a Superior Court Judge to serve temporarily on the Supreme Court arises because "the provision does not explicity state how one determines when it is 'necessary' to make a temporary assignment." *Ibid.* Acknowledging that the Court in the past has assigned Superior Court Judges to serve "temporarily" on the Supreme Court for extended periods, Professor Maltz notes that, "despite its relatively long pedigree, this regime faces significant constitutional problems." *Ibid.*

Analytically, Professor Maltz notes that "[c]learly, the constitution provides for such assignments when necessary to create a quorum of five justices to decide a case." *Ibid.* He correctly crystallizes the issue as follows: "whether a temporary assignment is constitutional in situations where five or six of the permanent members of the court remain available to hear and decide a case." *Ibid.* He notes that "[a]n earlier draft of the relevant constitutional provision would have made the proper resolution of this issue crystal clear." *Ibid.* He explains that

[a]s initially proposed by the committee charged with drafting the judiciary article, the provision had read "[w]hen necessary *to make the quorum,* the Chief Justice shall assign the Judge or Judges of the Superior Court, senior in service, as provided by the rules of the Supreme Court, to serve temporarily in the Supreme Court."

[*Ibid.* (citing *Tentative Draft of Judicial Article,* § 2, ¶ 1, *2 N.J. Const. Conv.* 1167 (July 24, 1947) (emphasis added by author)).]

He describes that "[t]his language plainly would have limited the appointment authority of the chief justice to cases in which an appointment is necessary to create a quorum of five justices." *Ibid.* Describing it as "the key question[,]" Professor Maltz states the crux of the issue starkly: "whether the elimination of the explicit reference to the necessity of the quorum was simply stylistic or was instead designed to significantly expand the power of the chief justice to make temporary appointments." *Ibid.*

Conceding that "[t]here is no record of the reasons for the change[,]" Professor Maltz notes that

the contemporaneous rules adopted by the Supreme Court to implement this provision in 1947 were based on the view that the change in language was only stylistic, made in response to the admonition of Governor Alfred E. Driscoll that the Judiciary Committee should make the constitution "brief and very much to the point."

[*Ibid.* (citing 4 *N.J. Const. Conv.* 430 (July 10, 1947)).]

He emphasizes that those contemporaneously adopted rules "did provide that the chief justice would have the authority to temporarily appoint the most senior Superior Court Judge *if the appointment was necessary to create a quorum* of five justices to hear a case[,]" noting that "the rules did *not* provide for temporary appointments in any other circumstances." *Ibid.* (citing *N.J.*

*Rev. R.* 1:1–3 (1948); emphasis supplied). He additionally explains that "[i]n 1953, while still focusing only on appointments necessary to create a quorum, the rule was revised to track the language of the constitution itself more closely[,]" describing that "[t]he revised rule stated that '[f]ive members of the court shall constitute a quorum. If a quorum does not attend a session of the court ... [w]hen necessary, the presiding judge shall assign the senior judge or judges of the Superior Court to serve temporarily.' " *Ibid.* (citing *N.J. Rev. R.* 1:1–5 (Gann 1953)). In vivid contrast, he notes that "[i]t was not until 1967—twenty years after the state constitution was adopted—that the rules were changed to allow the chief justice to make temporary assignments despite the presence of a quorum[,]" explaining that "[t]he 1967 amendment transformed the temporary assignment power from one which the chief justice was required to exercise in a specific, narrowly-defined set of circumstances to one in which he has discretion to make such an appointment in a wide variety of amorphous situations." *Ibid.*

Professor Maltz also has acknowledged that

[t]he strongest support for a broad reading of the temporary assignment authority is found in the appendix to the report of the Judiciary Committee accompanying the proposed constitution in 1947. The report avers that

[t]he provision for supplementing the membership of the Supreme Court is operative whenever a Justice is unavailable at the time a case is argued or submitted. Provisions of this general character are found in several state constitutions, notably that of New York, to which it was added in 1915 upon recommendation of the Court of Appeals.

[*Ibid.* (citing *Report of the Committee on the Judiciary,* 2 *N.J. Const. Conv.* 1190 (Aug. 26, 1947)).]

He promptly debunks that notion, however, observing that "[i]f in fact Article VI was designed to allow for temporary assignments 'whenever a Justice is unavailable,' then it would provide constitutional support for a far broader use of such assignments than was allowed prior to 1967." *Ibid.* He further notes that "the language of the report is not necessarily dispositive." *Ibid.* Supported by the clear and ringing language of this Court's seminal decision in *Winberry v. Salisbury,* 5 *N.J.* 240, 74 *A.*2d 406 (1950), he notes

that "the members of the Constitutional Convention did not have access to the committee report when voting on the language of Article VI." *Ibid.* (citing *Winberry, supra,* 5 *N.J.* at 248, 74 *A.*2d 406). In this context, *Winberry* is both prophetic and instructive; it explains plainly and without room for debate that

> this report of the Judiciary Committee, though dated August 26, 1947, was not handed to the members of the Convention until August 28th, I *Convention Proceedings Record* 809, two days *after* the Judicial Article had been adopted by the Convention on August 26th, I *Convention Proceedings Record* 793. The report of the Judiciary Committee therefore cannot be deemed a part of the parliamentary history of the Constitution, for it was not known to and was not acted upon by the members of the Constitutional Convention in voting in favor of Article VI, creating a new judicial system. The report, moreover, while signed by all of the members of the Committee, concludes by saying, "Although the foregoing is the report of the Judiciary Committee, it is not necessarily to be inferred that the comments therein contained express the views of all members." Thus not only was the report of the Judiciary Committee from which we have quoted not before the Convention at the time that it acted on Article VI, but a search of the entire proceedings fails to disclose any debate on the meaning of the phrase ["when necessary"]. The chief debate on the Judicial Article was between the merits of the proposal submitted by the Judiciary Committee and another proposal submitted from the floor.
>
> [*Winberry, supra,* 5 *N.J.* at 248–49, 74 *A.*2d 406 (emphasis supplied).]

Or, in Professor Maltz's words, "the report fails to come to grips with the differences between the language of the New Jersey constitution and that of many state constitutions that the report describes as being of the same 'general character.' " Maltz, *supra.*

Professor Maltz aptly notes that "by its terms the language of the New Jersey constitution seems consciously designed to limit the discretion of the chief justice." *Ibid.* He explains that "Article VI vests him with the authority to make temporary assignments only when 'necessary' and then *requires* him to make assignments in those circumstances." *Ibid.* (emphasis in original). He posits that "[b]y its nature, the term 'necessary' must mean necessary for something[,]" and straightforwardly reasons that "[g]iven that the phrase '[w]hen necessary' follows directly after the description of the requirements for a quorum (rather than after the more general description of the makeup of the court), the most logical reading of the phrase is that it refers to the creation of a quorum." *Ibid.* He notes that, "at most, '[w]hen necessary' should be read as

'when necessary to the fulfillment of the court's constitutional responsibilities.' " *Ibid.*

He concludes—and I wholeheartedly concur—that when "[m]easured against this standard, the practice of making temporary assignments cannot be justified in cases where five or six justices are available to hear appeals." *Ibid.* He states, quite reasonably, that because "the court has a quorum, the appeals can be heard, considered, and adjudicated." *Ibid.* He addresses those instances where an even number of justices may result in a tie, noting that:

> To be sure, when six justices hear a case, they will at times be divided three to three. But while this situation might not be optimal, the appeal will nonetheless have been heard and adjudicated. The only difference between a decision by an equally-divided court and one in which a clear majority of the justices vote to affirm a judgment of the lower court is that no binding precedent will have been created to govern future, similar cases. However, if the legal issue presented by an appeal in fact recurs with any frequency, that issue will probably soon be resolved in some case in which none of the judges feel compelled to recuse themselves.
>
> [*Ibid.*]

That history and analysis leads directly to the question of tie votes.

## III.

It cannot be said that whenever the Supreme Court operates at less than full strength but at equal to or more than a quorum of five, it is somehow "necessary" to assign a Superior Court Judge or Judges to serve on the Supreme Court in order to avoid a tie vote; the notion of a "tie" vote—resulting in an affirmance of the decision of the Appellate Division by an equally divided Court— has been accepted both in respect of entire cases or portions of cases.[10] Therefore, the fact that an aggregate of six Justices presently sit on the Court—with the looming specter of "tie" votes—is of no constitutional moment.

---

[10] A compendium of those cases is attached as Appendix "F", *infra* at 523, 9 A.3d at 999.

Vigorously condemning the practice of assigning a Superior Court Judge to "break a tie" in the Supreme Court as "wrong," Professor Hartnett exposes the inherent evil of that practice as follows:

> The danger, of course, is particularly great in a case where the Supreme Court is otherwise equally divided. Moreover, using a temporary judge to break a tie in the Supreme Court in a case from the Appellate Division is peculiarly misguided when one compares the alternative: Since an equally divided Supreme Court affirms the judgment below, in effect, those judges who decided the case in the Appellate Division (and there will always be at least two) serve as tie-breakers. In contrast, if the Chief Justice temporarily assigns a particular judge to the Supreme Court in order to break the tie, that single judge is the tie-breaker. Is there any reason at all to prefer a single tie-breaking judge designated by the Chief Justice to the two (or three) tie-breaking judges that decided the case in the Appellate Division?
>
> [Hartnett, *supra*, 32 *Seton Hall L.Rev.* at 761–62.]

The answer, of course, is that, in these circumstances, there is no reason—absolutely no reason at all—to prefer a single tie-breaking judge designated by the Chief Justice to the judges who decided the case in the Appellate Division. Stated differently, unless needed for a quorum (thereby triggering the Rule of Necessity), there simply is no constitutionally permissible reason to empower a single Superior Court Judge to determine the outcome of a Supreme Court appeal.

Although not of constitutional dimension, there are segments of the Bar who object to "tie" votes. As one group recently editorialized, tie votes "are not good for either litigants or the Court as an institution[.]" Editorial, *Three's Not a Charm*, 201 *N.J.L.J.* 394 (Aug. 2, 2010). That group noted that "[s]ome respected scholars, like Professor Edward Hartnett of Seton Hall Law School, have construed this provision [allowing, "when necessary," the assignment of a Superior Court Judge to serve on the Supreme Court] to apply only when it is needed for the Court to maintain a quorum, which is five members." *Ibid.* It further noted that "that construction appears consistent with the practice of the current chief justice and has a reasonable basis in light of the context in which the provision appears in Article VI, [Section II, P]aragraph 1." *Ibid.* However, it also bemoaned that "[o]ver the years, the

Court has not been uniform in how it has treated temporary appointments." *Ibid.*[11]

In short, however, whether the result of a six-member Court is to be a tie vote is of no constitutional moment; such a vote results in an affirmance based on an equally divided Court, a result, as earlier noted, that this Court has produced any number of times in the past.

Furthermore, as a practical matter, even the September 8, 2010 assignment order that assigns a specific Superior Court Judge "temporarily to the Supreme Court effective September 8, 2010, and until further Order, to participate in new matters presented for the Court's consideration" has not, standing alone, avoided cases in which less than seven members have heard an appeal. Since the start of the 2010 Term through mid-November, this Court has heard argument in several cases in which either the assigned Superior Court Judge has been unable to sit, or other members of the Court have had to recuse themselves and less than seven members have heard the appeal. For example, during this Court's first argument sitting of the Term, on September 13–14, 2010, the Court heard six appeals; of these, the assigned Superior Court Judge did not participate in two—or a third—of the argued cases. Yet, the Court has managed to function well enough to hear the remaining four cases and, in fact, to issue already its opinion in some of them. Likewise, in the Court's second argument cycle of the Term, on September 27–28, the Court again heard six appeals; of these, the assigned Superior Court Judge again did not participate in two—or a third—of those argued cases. And so on. Yet, the machinery of the Judiciary

---

[11] That editorial further advocated that "the time has come for the chief justice to announce publicly a uniform policy" and that "[t]hat policy should provide that, as a matter of course, the state Supreme Court always will operate with seven members, even when a tie vote in a given matter is not anticipated." *Ibid.* It further asserted that "the number [of participants] should always be seven. That number should apply to all aspects of the Court's work, including evaluating petitions for certification, motions and the merits of appeals." *Ibid.*

has not come to a halt, and the Republic still stands. In those circumstances, then, why is the assignment of a Superior Court Judge to the Supreme Court, in the words of the Constitution, "necessary"?

## IV.

Even if the Chief Justice in fact possesses the authority to appoint a Superior Court Judge to fill a vacancy on the Court despite the presence of a quorum, the methodology followed in this case in making that appointment violates the Constitution.

Obviously, the drafters of the Constitution sought to avoid any claim of favoritism or any tilting of the Court's direction in any such appointment. They achieved that goal by stripping away any discretion in respect of that appointment; they required that "the Chief Justice *shall* assign the Judge or Judges of the Superior Court, senior in service, as provided by rules of the Supreme Court, to serve temporarily in the Supreme Court." *N.J. Const.* art. VI, § II, ¶ 1 (emphasis supplied). That language is clear and unequivocal; its purpose is sound, transparent, and fundamentally honest.

Yet, this Court has adopted *Rule* 2:13–2(a), a *Rule* that both unconstitutionally expands and contracts the power of appointment. It provides as follows:

> Five members of the court shall constitute a quorum. When necessary to constitute a quorum, to replace a justice who is absent or unable to act, or to expedite the business of the court, the presiding justice may assign one or more retired justices of the Supreme Court who are not engaged in the practice of law and who consent thereto or the judge or judges of the Appellate Division, senior in length of service therein, to serve temporarily in the Supreme Court. If the judge of the Appellate Division senior in service is unable to serve or shall waive assignment, the presiding justice may assign the judge next senior in service; and if 2 or more judges have equal seniority, the presiding justice may assign either or any of them.
>
> [*R.* 2:13–2(a).]

From the plainly stated constitutional restriction that appointments may be made to the Supreme Court only "when necessary" and then only from the Superior Court Judges "senior in service,"

the *Rule* unconstitutionally expands the power of appointment to also include when a justice "is absent or unable to act" or, in an exception that swallows up the constitutional restrictions whole, "to expedite the business of the court[.]" That expansion is not anchored anywhere in the Constitution.

Further, instead of restricting the universe of eligible assignments to the constitutional limitation of "the Judge or Judges of the Superior Court, senior in service, as provided by rules of the Supreme Court," that *Rule* allows the assignment of either retired Justices or "the judge or judges of the Appellate Division, senior in length of service therein," all without even mentioning the limitations on who may be assigned to serve on the Supreme Court the Constitution so clearly and explicitly imposes. Because it was the Constitution that created the Appellate Division as a division of the Superior Court in the first instance, *see N.J. Const.* art. VI, § IV, ¶ 3, and the drafters of the Constitution did not restrict the universe of those eligible for assignment to the Supreme Court solely to Superior Court Judges assigned to a specific division of that Court—the Appellate Division—the *Rule's* limitation of potential assignees, a limitation that appears nowhere in the Constitution, is without any basis in the Constitution. In that same vein, the provisions of the *Rule* that allow retired Justices to serve on assignment to the Supreme Court far exceeds that which the Constitution, on its face, allows. *See, generally,* Hartnett, *supra,* 32 *Seton Hall L.Rev.* at 752 (describing *Rule* 2:13–2 as "lawless").

## V.

Finally, in assigning a Superior Court Judge, albeit one from the Appellate Division who may not be the Superior Court Judge "senior in service," this Court inadvertently is thrust squarely into an impossibly muddled political thicket.[12] As noted earlier, the

---

[12] According to the concurrence, this section consists of "baseless claims insinuated [that] have no place in this discussion." *Ante* at 353, 9 *A.3d* at 902.

Legislative and the Executive Branches of our state government are at an impasse: the Governor has nominated a candidate for appointment and confirmation to fill the current vacancy on this Court, and the Legislature has refused to provide its constitutionally required "advice and consent." *See N.J. Const.* art. VI, § VI, ¶ 1 ("The Governor shall nominate and appoint, with the advice and consent of the Senate, the Chief Justice and associate justices of the Supreme Court[.]").

Professor Maltz succinctly states the relevant and operative concerns, and deserves citation at length:

> Temporary assignments are especially problematic where the assigned judge is filling a vacancy on the court rather than simply replacing a sitting justice who has recused himself or is temporarily absent from the bench for some other reason. Strikingly, the committee report that took a broad reading of the temporary assignment power did not mention vacancies at all; instead, the report refers only to situations where "a Justice is unavailable at the time a case is argued or submitted." While the two cases might seem similar on their face, the implications for the separation of powers are radically different.
>
> When a sitting justice is temporarily unavailable for any reason, the New Jersey constitution does not vest either the governor or the state legislature with the power to replace him. Thus, if one takes the view that the assignment of a replacement is "necessary," the chief justice would be the only person with the authority to make the necessary appointment. But when a justice leaves the court permanently, the constitution clearly vests the power to name a replacement not with the chief justice, but rather with the Governor and the state senate.
>
> Of course, a political deadlock between the Governor and the state senate might in theory leave the court short-handed for an extended period of time. But even if this concern is considered to be of constitutional magnitude, the power to deal with the problem is not vested in the chief justice. Instead, the state constitution provides the Governor with the authority to deal with the problem.
>
> [Maltz, *supra.*]

By indefinitely assigning a judge to serve on the Supreme Court, the Court invariably will be seen as having chosen sides in that impasse; [13] its actions will be interpreted as having cast its

---

Regrettably, name-calling is not substitute for reasoned discourse; as this section clearly points out, the question of whether the Court has chosen to enter the quintessential "political thicket" cannot be ignored, regardless of anyone's contrary wishes.

[13] That already has occurred. *See* Matt Friedman and Robin Mascarenhas, "Appellate judge gets a temporary seat on top court—Edwin Stern to fill in as

lot—and that of the Judiciary as a whole—with the Legislature. That election essentially further will empower the Legislature to withhold, for whatever period it deems appropriate, consideration of any candidate nominated by the Governor, thereby also frustrating that nomination and the exercise of executive power granted in the Constitution to the Governor and the Governor alone.

In doing so, this Court "indicates how far—and how unwisely—it has strayed from the appropriate bounds of its authority." *Reynolds v. Sims*, 377 *U.S.* 533, 615, 84 *S.Ct.* 1362, 1409, 12 *L.Ed.*2d 506, 558 (1964) (Harlan, J., dissenting). Indeed, "the Court is not just entering a 'political thicket'; it is entering a vast wonderland of judicial review of political activity." *Rogers v. Lodge*, 458 *U.S.* 613, 649, 102 *S.Ct.* 3272, 3292, 73 *L.Ed.*2d 1012, 1038 (1982) (Stevens, J., dissenting). No doubt, the allure of trespassing into grounds our Constitution has preserved for other, co-equal branches of government is as strong as it is vexing. *See also De Vesa v. Dorsey*, 134 *N.J.* 420, 423, 426, 634 *A.*2d 493 (1993) (affirming, by an equally divided court, dismissal of complaint challenging exercise of "senatorial courtesy," defining practice as "an unwritten, informal, and unofficial procedure allowing a single senator who resides in or represents any portion of the county in which a nominee is domiciled to veto the appointment without further action by the Senate[,]" and explaining that "[t]his case

standoff over John Wallace vacancy drags on," *The Star–Ledger*, Sept. 9, 2010, at 17 ("Though temporary appointments are common when justices get sick or recuse themselves from certain cases, the appointment of Stern is significant because it comes amid a bruising political fight over a vacancy on the state's highest court that could drag on until 2012."); Matt Friedman, "N.J. appellate judge to temporarily fill controversial Supreme Court seat," *available at* http://www.nj.com/news/index.ssf/2010/09/nj_top_appellate_judge_tempora.html. Indeed, some say that the Court's actions have been the catalyst for a proposed constitutional amendment requiring that the Senate vote on advice-and-consent nominations within sixty days, *see* Michael Booth, "Proposed Constitutional Change Would Require Advice and Consent in 60 Days," *available at* http://www.law.com/jsp/nj/PubArticleNJ.jsp?id=1202472365064, while others have editorialized that what is needed is a vote on the Governor's nominee, and not a constitutional amendment. *See* Editorial, "We need a vote on Patterson, not an amendment," *available at* http://www.dailyrecord.com/fdcp/?1285339388176.

implicates three principles that define the role of the judiciary in a democracy: judicial review, judicial restraint, and judicial independence"). That, however, provides no cogent excuse for this Court to enter headlong into a broiling political contest of wills between those co-equal branches of government, and then be seen as choosing sides. For a branch of government sustained only by its moral authority, that course of conduct is an unpardonable mistake.

## VI.

Professor Hartnett has summed up the issue well: "it is wrong for the Supreme Court to take license with the constitution, particularly with those provisions designed to cabin its own members' power." Hartnett, *supra*, 32 *Seton Hall L.Rev.* at 761. Our Constitution is clear, both in its words and in its context: a Judge of the Superior Court may be assigned to serve on the Supreme Court only "when necessary" and that term can be understood meaningfully only in the context of when needed to satisfy the quorum requirement. Because, in the absence of any additional recusals, there is a quorum of duly and constitutionally nominated, confirmed and appointed Justices of the Supreme Court, the addition of a Superior Court Judge is not necessary and, hence, unconstitutional. Further, throughout its history, this Court repeatedly has acted—and acted well—with fewer than seven Justices. Moreover, the methodology in place to select who will be assigned to serve on the Supreme Court contravenes the clear dictates of the Constitution and the salutary bulwarks against favoritism and potential bias the framers of that charter wisely incorporated within its borders. Finally, the unseemly rush to appoint a specific Superior Court Judge to serve on the Supreme Court places this Court, and the entire Judiciary, precisely where it ought to avoid: taking sides in a partisan battle between the other governmental branches.

The Constitution, sober and reflective Court practice, and everyday common sense each counsels against the foolhardy steps

the Court today takes. For each of those reasons, I abstain; I will continue to abstain from all decisions of this Court for so long as it remains unconstitutionally constituted.

### Appendix "A"

*Compendium of cases in which only five Justices participated*

*Abbott ex rel. Abbott v. Burke,* 199 *N.J.* 140, 971 *A.*2d 989 (2009).

*Educ. Law Ctr. v. N.J. Dep't of Educ.,* 198 *N.J.* 274, 966 *A.*2d 1054 (2009).

*Penn Nat'l Ins. Co. v. Costa,* 198 *N.J.* 229, 966 *A.*2d 1028 (2009).

*Jen Elec., Inc. v. County of Essex,* 197 *N.J.* 627, 964 *A.*2d 790 (2009).

*Abbott v. Burke,* 196 *N.J.* 544, 960 *A.*2d 360 (2008).

*Cutler v. Dorn,* 196 *N.J.* 419, 955 *A.*2d 917 (2008).

*In re Virtua–West Jersey Hosp. Voorhees for a Certificate of Need,* 194 *N.J.* 413, 945 *A.*2d 692 (2008).

*Sensient Colors, Inc. v. Allstate Ins. Co.,* 193 *N.J.* 373, 939 *A.*2d 767 (2008).

*In re Liquidation of Integrity Ins. Co.,* 193 *N.J.* 86, 935 *A.*2d 1184 (2007).

*Basil v. Wolf,* 193 *N.J.* 38, 935 *A.*2d 1154 (2007).

*In re Micheletti,* 192 *N.J.* 588, 934 *A.*2d 633 (2007).

*In re Contest of the November 8, 2005 General Election for Mayor of Parsippany–Troy Hills,* 192 *N.J.* 546, 934 *A.*2d 607 (2007).

*In re Ordinance 04–75,* 192 *N.J.* 446, 931 *A.*2d 595 (2007).

*Acuna v. Turkish,* 192 *N.J.* 399, 930 *A.*2d 416 (2007).

*Int'l Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co.,* 192 *N.J.* 372, 929 *A.*2d 1076 (2007).

*Richardson v. Bd. of Trs.,* 192 *N.J.* 189, 927 *A.*2d 543 (2007).

*In re Rivera–Soto,* 192 *N.J.* 109, 927 *A.*2d 112 (2007).

*N.J. Tpk. Auth. v. Local 196, I.F.P.T.E.*, 190 *N.J.* 283, 920 *A.*2d 88 (2007).

*In re Opinion 39 of Comm. on Attorney Adver.*, 190 *N.J.* 250, 919 *A.*2d 845 (2007).

*Twp. of Holmdel v. N.J. Highway Auth.*, 190 *N.J.* 74, 918 *A.*2d 603 (2007).

*In Re Supreme Court Advisory Comm. on Prof'l Ethics Opinion No. 697*, 188 *N.J.* 549, 911 *A.*2d 51 (2006).

*Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A.*, 189 *N.J.* 436, 916 *A.*2d 440 (2007).

*Malinowski v. Jacobs*, 189 *N.J.* 345, 915 *A.*2d 513 (2007).

*Simon v. Rando*, 189 *N.J.* 339, 915 *A.*2d 509 (2007).

*Simon v. Cronecker*, 189 *N.J.* 304, 915 *A.*2d 489 (2007).

*In re Supreme Court Advisory Comm. on Prof'l Ethics Opinion No. 697*, 188 *N.J.* 549, 911 *A.*2d 51 (2006).

*Olivo v. Owens–Illinois, Inc.*, 186 *N.J.* 394, 895 *A.*2d 1143 (2006).

*State v. Castagna*, 187 *N.J.* 293, 901 *A.*2d 363 (2006).

*Thomsen v. Mercer–Charles*, 187 *N.J.* 197, 901 *A.*2d 303 (2006).

*Olivo v. Owens–Illinois, Inc.*, 186 *N.J.* 394, 895 *A.*2d 1143 (2006).

*Weinberg v. Bergen County Democratic Org.*, 185 *N.J.* 287, 884 *A.*2d 1259 (2005).

*In re Fitchett*, 184 *N.J.* 289, 877 *A.*2d 263 (2005).

*Yurick v. State*, 184 *N.J.* 70, 875 *A.*2d 898 (2005).

*DKM Residential Props. Corp. v. Twp. of Montgomery*, 182 *N.J.* 296, 865 *A.*2d 649 (2005).

*Brodsky v. Grinnell Haulers, Inc.*, 181 *N.J.* 102, 853 *A.*2d 940 (2004).

*Lance v. McGreevey*, 180 *N.J.* 590, 853 *A.*2d 856 (2004).

*Abbott v. Burke*, 180 *N.J.* 444, 852 *A.*2d 185 (2004).

*Asbury Park Bd. of Educ. v. N.J. Dep't of Educ.,* 180 *N.J.* 108, 849 *A.*2d 158 (2004).

*Galvao v. G.R. Robert Constr. Co.,* 179 *N.J.* 462, 846 *A.*2d 1215 (2004).

*State v. Spivey,* 179 *N.J.* 229, 844 *A.*2d 512 (2004).

*Abbott v. Burke,* 177 *N.J.* 578, 832 *A.*2d 891 (2003).

*Sacharow v. Sacharow,* 177 *N.J.* 62, 826 *A.*2d 710 (2003).

*In re Niles Trust,* 176 *N.J.* 282, 823 *A.*2d 1 (2003).

*Azurak v. Corporate Prop. Investors,* 175 *N.J.* 110, 814 *A.*2d 600 (2003).

*State v. S.R,* 175 *N.J.* 23, 811 *A.*2d 439 (2002).

*State v. Carty,* 174 *N.J.* 351, 806 *A.*2d 798 (2002).

*State v. Nelson,* 173 *N.J.* 417, 803 *A.*2d 1 (2002).

*Carpenter Tech. Corp. v. Admiral Ins. Co.,* 172 *N.J.* 504, 800 *A.*2d 54 (2002).

*State Dep't of Envtl. Prot. v. Caldeira,* 171 *N.J.* 404, 794 *A.*2d 156 (2002).

*State v. Carty,* 170 *N.J.* 632, 790 *A.*2d 903 (2002).

*Abbott ex rel. Abbott v. Burke,* 170 *N.J.* 537, 790 *A.*2d 842 (2002).

*Fertile v. St. Michael's Med. Ctr.,* 169 *N.J.* 481, 779 *A.*2d 1078 (2001).

*State v. Stovall,* 170 *N.J.* 346, 788 *A.*2d 746 (2002).

*Camden County Energy Recovery Assocs. v. N.J. Dep't of Envtl. Prot.,* 170 *N.J.* 246, 786 *A.*2d 105 (2001).

*Fertile v. St. Michael's Med. Ctr.,* 169 *N.J.* 481, 779 *A.*2d 1078 (2001).

*Borough of Princeton v. Bd. of Chosen Freeholders of Mercer,* 169 *N.J.* 135, 777 *A.*2d 19 (2001).

*Roman Check Cashing v. N.J. Dep't of Banking & Ins.,* 169 *N.J.* 105, 777 *A.*2d 1 (2001).

*McCann v. Clerk of Jersey City*, 168 *N.J.* 285, 773 *A.*2d 1151 (2001).

*R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co.*, 168 *N.J.* 255, 773 *A.*2d 1132 (2001).

*Stryker Corp. v. Dir., Div. of Taxation*, 168 *N.J.* 138, 773 *A.*2d 674 (2001).

*State v. Timmendequas*, 168 *N.J.* 20, 773 *A.*2d 18 (2001).

*Nobrega v. Edison Glen Assocs.*, 167 *N.J.* 520, 772 *A.*2d 368 (2001).

*In re Registrant J.M.*, 167 *N.J.* 490, 772 *A.*2d 349 (2001).

*In re Public Serv. Elec. & Gas Co.'s Rate Unbundling*, 167 *N.J.* 377, 771 *A.*2d 1163 (2001).

*McCann v. Clerk of Jersey City*, 167 *N.J.* 311, 771 *A.*2d 1123 (2001).

*State v. Thomas*, 166 *N.J.* 560, 767 *A.*2d 459 (2001).

*Conestoga Title Ins. Co. v. Premier Title Agency*, 166 *N.J.* 2, 763 *A.*2d 746 (2000).

*Planned Parenthood of Cent. N.J. v. Farmer*, 165 *N.J.* 609, 762 *A.*2d 620 (2000).

*DeLisa v. County of Bergen*, 165 *N.J.* 140, 755 *A.*2d 578 (2000).

*In re Grant of the Charter Sch. Application of Englewood*, 164 *N.J.* 316, 753 *A.*2d 687 (2000).

*In re Grant of the Charter Sch. Application of the Greater Brunswick Charter Sch.*, 164 *N.J.* 314, 753 *A.*2d 686 (2000).

*Abbott v. Burke*, 164 *N.J.* 84, 751 *A.*2d 1032 (2000).

*Crews v. Crews*, 164 *N.J.* 11, 751 *A.*2d 524 (2000).

*State v. Oliver*, 162 *N.J.* 580, 745 *A.*2d 1165 (2000).

*Summit Bank v. Thiel*, 162 *N.J.* 51, 740 *A.*2d 139 (1999).

*Earl v. Johnson & Johnson*, 158 *N.J.* 155, 728 *A.*2d 820 (1999).

*State v. Locurto*, 157 *N.J.* 463, 724 *A.*2d 234 (1999).

*Payton v. N.J. Tpk. Auth.*, 148 *N.J.* 524, 691 *A.*2d 321 (1997).

*Sheffield v. Schering Plough Corp.*, 146 *N.J.* 442, 680 *A.*2d 750 (1996).

*State v. Hessen*, 145 *N.J.* 441, 678 *A.*2d 1082 (1996).

*Bahrle v. Exxon Corp.*, 145 *N.J.* 144, 678 *A.*2d 225 (1996).

*N.J. Tpk. Auth. v. N.J. Tpk. Supervisors Ass'n*, 143 *N.J.* 185, 670 *A.*2d 1 (1996).

*DiTrolio v. Antiles*, 142 *N.J.* 253, 662 *A.*2d 494 (1995).

*State v. Petties*, 139 *N.J.* 310, 654 *A.*2d 979 (1995).

*Jacobs v. Stephens*, 139 *N.J.* 212, 652 *A.*2d 712 (1995).

*Volb v. G.E. Capital Corp.*, 139 *N.J.* 110, 651 *A.*2d 1002 (1995).

*Becker v. Baron Bros.*, 138 *N.J.* 145, 649 *A.*2d 613 (1994).

*Contey v. N.J. Bell Tel. Co.*, 136 *N.J.* 582, 643 *A.*2d 1005 (1994).

*Crawn v. Campo*, 136 *N.J.* 494, 643 *A.*2d 600 (1994).

*State v. Smith*, 136 *N.J.* 245, 642 *A.*2d 978 (1994).

*Horosz v. Alps Estates*, 136 *N.J.* 124, 642 *A.*2d 384 (1994).

*In re Estate of Dawson*, 136 *N.J.* 1, 641 *A.*2d 1026 (1994).

*Morton Int'l v. General Accident Ins. Co.*, 134 *N.J.* 1, 629 *A.*2d 831 (1993).

*In re Seaman*, 133 *N.J.* 67, 627 *A.*2d 106 (1993).

*Strumph v. Schering Corp.*, 133 *N.J.* 33, 626 *A.*2d 1090 (1993).

*Williams v. Bell Tel. Labs. Inc.*, 132 *N.J.* 109, 623 *A.*2d 234 (1993).

*Brady v. N.J. Redistricting Comm'n*, 131 *N.J.* 594, 622 *A.*2d 843 (1992).

*Save Our Shore Dist. v. N.J. Redistricting Comm'n*, 131 *N.J.* 159, 619 *A.*2d 1005 (1992).

*Weichert Co. Realtors v. Ryan*, 128 *N.J.* 427, 608 *A.*2d 280 (1992).

*In re Bock*, 128 *N.J.* 270, 607 *A.*2d 1307 (1992).

*Benda v. Benda*, 122 *N.J.* 174, 584 *A.*2d 238 (1990).

*Benda v. Benda*, 122 *N.J.* 149, 584 *A.*2d 220 (1990).

*In re Lunetta,* 118 *N.J.* 443, 572 *A.*2d 586 (1989).

*In re Disciplinary Procedures of Phillips,* 117 *N.J.* 567, 569 *A.*2d 807 (1990).

*Shaner v. Horizon Bancorp.,* 116 *N.J.* 433, 561 *A.*2d 1130 (1989).

*In re Petition of South Jersey Gas Co.,* 116 *N.J.* 251, 561 *A.*2d 561 (1989).

*Market St. Mission v. Bureau of Rooming & Boarding House Standards,* 110 *N.J.* 335, 541 *A.*2d 668 (1988).

*Largey v. Rothman,* 110 *N.J.* 204, 540 *A.*2d 504 (1988).

*P.T. & L. Constr. Co. v. State, Dep't of Transp.,* 108 *N.J.* 539, 531 *A.*2d 1330 (1987).

*First Family Mortg. Corp. v. Durham,* 108 *N.J.* 277, 528 *A.*2d 1288 (1987).

*In re Rigolosi,* 107 *N.J.* 192, 526 *A.*2d 670 (1987).

*In re Conway,* 107 *N.J.* 168, 526 *A.*2d 658 (1987).

*Vanchieri v. N.J. Sports & Exposition Auth.,* 104 *N.J.* 80, 514 *A.*2d 1323 (1986).

*Fischer v. Johns–Manville Corp.,* 103 *N.J.* 643, 512 *A.*2d 466 (1986).

*Meglino v. Twp. Comm. of Eagleswood,* 103 *N.J.* 144, 510 *A.*2d 1134 (1986).

*Lukas v. State, Dep't of Human Services,* 103 *N.J.* 126, 510 *A.*2d 1123 (1986).

*Garfield Trust Co. v. Dir., Div. of Taxation,* 102 *N.J.* 420, 508 *A.*2d 1104 (1986).

*Lang v. Baker,* 101 *N.J.* 147, 501 *A.*2d 153 (1985).

*Kolitch v. Lindedahl,* 100 *N.J.* 485, 497 *A.*2d 183 (1985).

*In re Weinroth,* 100 *N.J.* 343, 495 *A.*2d 417 (1985).

*Dunkin' Donuts of Am., Inc. v. Middletown Donut Corp.,* 100 *N.J.* 166, 495 *A.*2d 66 (1985).

*Avco Fin. Servs. Consumer Disc. Co. One v. Dir., Div. of Taxation,* 100 *N.J.* 27, 494 *A.*2d 788 (1985).

*In re Templeton,* 99 *N.J.* 365, 492 *A.*2d 1001 (1985).

*Old Bridge Bd. of Educ. v. Old Bridge Educ. Ass'n,* 98 *N.J.* 523, 489 *A.*2d 159 (1985).

*In re Sadofski,* 98 *N.J.* 434, 487 *A.*2d 700 (1985).

*Nappe v. Anschelewitz, Barr, Ansell & Bonello,* 97 *N.J.* 37, 477 *A.*2d 1224 (1984).

*Knesz v. Cent. Jersey Bank & Trust Co.,* 97 *N.J.* 1, 477 *A.*2d 806 (1984).

*McMenamy v. Dir., Div. of Taxation,* 95 *N.J.* 139, 469 *A.*2d 920 (1983).

*N.J. State Bar Ass'n v. N.J. Ass'n of Realtor Bds.,* 94 *N.J.* 449, 467 *A.*2d 577 (1983).

*Joseph H. Reinfeld, Inc. v. Schieffelin & Co.,* 94 *N.J.* 400, 466 *A.*2d 563 (1983).

*N.J. State Bar Ass'n v. N.J. Ass'n. of Realtor Bds.,* 93 *N.J.* 470, 461 *A.*2d 1112 (1983).

*In re Schedule of Rates for Barnert Memorial Hosp.,* 92 *N.J.* 31, 455 *A.*2d 469 (1983).

*State, Dep't of Law & Pub. Safety, Div. of State Police v. State Troopers Fraternal Ass'n of N.J.,* 91 *N.J.* 464, 453 *A.*2d 176 (1982).

*Michalko v. Cooke Color & Chemical Corp.,* 91 *N.J.* 386, 451 *A.*2d 179 (1982).

*General Assembly of N.J. v. Byrne,* 90 *N.J.* 376, 448 *A.*2d 438 (1982).

*Broadway Maint. Corp. v. Rutgers, State Univ.,* 90 *N.J.* 253, 447 *A.*2d 906 (1982).

*Pomanowski v. Monmouth County Bd. of Realtors,* 89 *N.J.* 306, 446 *A.*2d 83 (1982).

*Uston v. Resorts Int'l Hotel, Inc.,* 89 *N.J.* 163, 445 *A.*2d 370 (1982).

*N.J. Civil Serv. Ass'n v. State,* 88 *N.J.* 605, 443 *A.*2d 1070 (1982).

*Gilbert v. Gladden,* 87 *N.J.* 275, 432 *A.*2d 1351 (1981).

*Haynes v. First Nat'l State Bank,* 87 *N.J.* 163, 432 *A.*2d 890 (1981).

*Paul Kimball Hosp., Inc. v. Brick Twp. Hosp., Inc.,* 86 *N.J.* 429, 432 *A.*2d 36 (1981).

*Brighton, Inc. v. Colonial First Nat'l Bank,* 86 *N.J.* 259, 430 *A.*2d 902 (1981).

*GATX Terminals Corp. v. N.J. Dep't of Envtl. Prot.,* 86 *N.J.* 46, 429 *A.*2d 355 (1981).

*Autotote, Ltd. v. N.J. Sports & Exposition Auth.,* 85 *N.J.* 363, 427 *A.*2d 55 (1981).

*State v. Maguire,* 84 *N.J.* 508, 423 *A.*2d 294 (1980).

*Levine v. State Dep't of Institutions & Agencies,* 84 *N.J.* 234, 418 *A.*2d 229 (1980).

*State Farm Mut. Auto. Ins. Co. v. Estate of Simmons,* 84 *N.J.* 28, 417 *A.*2d 488 (1980).

*In re Rabb,* 83 *N.J.* 109, 415 *A.*2d 1168 (1980).

*Salorio v. Glaser,* 82 *N.J.* 482, 414 *A.*2d 943 (1980).

*Gottfried v. The Prudential Ins. Co. of Am.,* 82 *N.J.* 478, 414 *A.*2d 544 (1980).

*Darrell v. Governing Body of Twp. of Clark,* 82 *N.J.* 426, 413 *A.*2d 610 (1980).

*Calabrese v. Trenton State Coll.,* 82 *N.J.* 321, 413 *A.*2d 315 (1980).

*Galligan v. Westfield Ctr. Serv., Inc.,* 82 *N.J.* 188, 412 *A.*2d 122 (1980).

*Heir v. Degnan,* 82 *N.J.* 109, 411 *A.*2d 194 (1980).

*Cold Indian Springs Corp. v. Twp. of Ocean,* 81 *N.J.* 502, 410 *A.*2d 652 (1980).

*In re Application of McCabe,* 81 *N.J.* 462, 409 *A.*2d 1158 (1980).

*In re Mirabelli,* 79 *N.J.* 597, 401 *A.*2d 1090 (1979).

*State v. Cerbo,* 78 *N.J.* 595, 397 *A.*2d 671 (1979).

*Boyarin v. N.J. Tpk. Auth.,* 75 *N.J.* 434, 383 *A.*2d 117 (1978).

*Creek Ranch, Inc. v. N.J. Tpk. Auth.,* 75 *N.J.* 421, 383 *A.*2d 110 (1978).

*In re Fairfield Gen. Corp.,* 75 *N.J.* 398, 383 *A.*2d 98 (1978).

*IAC, Ltd. v. Princeton Porsche–Audi,* 75 *N.J.* 379, 382 *A.*2d 1125 (1978).

*Tumarkin v. First Nat'l State Bank,* 75 *N.J.* 373, 382 *A.*2d 1122 (1978).

*K.S.B. Technical Sales v. N. Jersey Dist. Water Supply Comm'n of N.J.,* 75 *N.J.* 272, 381 *A.*2d 774 (1977).

*State v. Smith,* 75 *N.J.* 81, 379 *A.*2d 1275 (1977).

*Lyons Farms Tavern, Inc. v. Mun. Bd. of Alcoholic Beverage Control of Newark,* 68 *N.J.* 44, 342 *A.*2d 204 (1975).

*State v. DiCarlo,* 67 *N.J.* 321, 338 *A.*2d 809 (1975).

*O'Connor v. Altus,* 67 *N.J.* 106, 335 *A.*2d 545 (1975).

*Cashen v. Spann,* 66 *N.J.* 541, 334 *A.*2d 8 (1975).

*La Stella v. Garcia Estates, Inc.,* 66 *N.J.* 297, 331 *A.*2d 1 (1975).

*Scanlon v. Gen. Motors Corp.,* 65 *N.J.* 582, 326 *A.*2d 673 (1974).

*Redding v. Burlington County Welfare Bd.,* 65 *N.J.* 439, 323 *A.*2d 477 (1974).

*State v. Clark,* 65 *N.J.* 426, 323 *A.*2d 470 (1974).

*State v. Parmigiani,* 65 *N.J.* 154, 320 *A.*2d 161 (1974).

*Westchester Fire Ins. Co. v. The Cont'l Ins. Cos.,* 65 *N.J.* 152, 319 *A.*2d 732 (1974).

*State v. Melvin,* 65 *N.J.* 1, 319 *A.*2d 450 (1974).

*Oglesby v. Am. Dredging Co.,* 64 *N.J.* 538, 318 *A.*2d 14 (1974).

*Torres v. Trenton Times Newspaper,* 64 *N.J.* 458, 317 *A.*2d 361 (1974).

*State v. Carter,* 64 *N.J.* 382, 316 *A.*2d 449 (1974).

*Lipsit v. Leonard,* 64 *N.J.* 276, 315 *A.*2d 25 (1974).

*S. Ocean Landfill, Inc. v. Mayor of Ocean,* 64 *N.J.* 190, 314 *A.*2d 65 (1974).

*State v. Hatch,* 64 *N.J.* 179, 313 *A.*2d 797 (1973).

*Parkinson v. J. & S. Tool Co.,* 64 *N.J.* 159, 313 *A.*2d 609 (1974).

*Dunellen Bd. of Educ. v. Dunellen Educ. Ass'n,* 64 *N.J.* 17, 311 *A.*2d 737 (1973).

*Burlington County Coll. Faculty Ass'n v. Bd. of Trs.,* 64 *N.J.* 10, 311 *A.*2d 733 (1973).

*State v. Dalonges,* 64 *N.J.* 9, 311 *A.*2d 733 (1973).

*Bd. of Educ. of Englewood v. Englewood Teachers Ass'n,* 64 *N.J.* 1, 311 *A.*2d 729 (1973).

*In re Sgro,* 63 *N.J.* 538, 310 *A.*2d 459 (1973).

*In re Queenan,* 61 *N.J.* 579, 297 *A.*2d 3 (1972).

*In re the Petition of S. Lakewood Water Co.,* 61 *N.J.* 230, 294 *A.*2d 13 (1972).

*Nisivoccia v. City of Newark,* 60 *N.J.* 499, 291 *A.*2d 143 (1972).

*Affiliated Distillers Brands Corp. v. Sills,* 60 *N.J.* 342, 289 *A.*2d 257 (1972).

*Twp. Comm. of Morris v. Bd. of Educ. of Morris,* 60 *N.J.* 186, 287 *A.*2d 449 (1972).

*State v. King,* 59 *N.J.* 525, 284 *A.*2d 350 (1971).

*Williams v. Williams,* 59 *N.J.* 229, 281 *A.*2d 273 (1971).

*Salerno v. McGraw–Edison Indus.,* 59 *N.J.* 129, 279 *A.*2d 835 (1971).

*Manzo v. City of Plainfield,* 59 *N.J.* 30, 279 *A.*2d 706 (1971).

*A. & B. Auto Stores of Jones St., Inc. v. City of Newark,* 59 *N.J.* 5, 279 *A.*2d 693 (1971).

*R.L. Mulliken, Inc. v. City of Englewood,* 59 *N.J.* 1, 279 *A.*2d 691 (1971).

*Mickens v. Marascio,* 58 *N.J.* 569, 279 *A.*2d 666 (1971).

*Lander v. Vill. of S. Orange,* 58 *N.J.* 509, 279 *A.*2d 633 (1971).

*Wojcik v. Bd. of Review, Div. of Employment Sec.,* 58 *N.J.* 341, 277 *A.*2d 529 (1971).

*State v. Conyers,* 58 *N.J.* 123, 275 *A.*2d 721 (1971).

*Capodanno v. Capodanno,* 58 *N.J.* 113, 275 *A.*2d 441 (1971).

*Rutgers v. Kugler,* 58 *N.J.* 113, 275 *A.*2d 441 (1971).

*Crescent Park Tenants Ass'n v. Realty Equities Corp. of N.Y.,* 58 *N.J.* 98, 275 *A.*2d 433 (1971).

*Miselly Masons, Inc. v. D.H. Overmyer Co.,* 58 *N.J.* 39, 274 *A.*2d 584 (1971).

*Levin v. Twp. Comm. of Bridgewater,* 57 *N.J.* 506, 274 *A.*2d 1 (1971).

*Risley v. Kirkman,* 56 *N.J.* 464, 267 *A.*2d 50 (1970).

*Am. B.D. Co. v. House of Seagrams, Inc.,* 56 *N.J.* 164, 265 *A.*2d 544 (1970).

*Di Giovanni v. Pessel,* 55 *N.J.* 188, 260 *A.*2d 510 (1970).

*N.J. State AFL–CIO v. Bryant,* 55 *N.J.* 171, 260 *A.*2d 225 (1969).

*Jackson v. Concord Co.,* 54 *N.J.* 113, 253 *A.*2d 793 (1969).

*State v. Morse,* 54 *N.J.* 32, 252 *A.*2d 723 (1969).

*State v. Briley,* 53 *N.J.* 498, 251 *A.*2d 442 (1969).

*Willis v. Sec. Ins. Group,* 53 *N.J.* 260, 250 *A.*2d 129 (1969).

*Dep't of Health v. Owens–Corning Fiberglas Corp.,* 53 *N.J.* 248, 250 *A.*2d 11 (1969).

*DeLorenzo v. Bd. of Review,* 53 *N.J.* 143, 249 *A.*2d 68 (1969).

*In re Estate of Wallace,* 53 *N.J.* 137, 249 *A.*2d 65 (1969).

*Grubb v. Wyckoff,* 52 *N.J.* 599, 247 *A.*2d 481 (1968).

*Bergen v. Koppenal,* 52 *N.J.* 478, 246 *A.*2d 442 (1968).

*Koslow v. Mun. Council of Wayne,* 52 *N.J.* 441, 245 *A.*2d 729 (1968).

*State v. Magee,* 52 *N.J.* 352, 245 *A.*2d 339 (1968).

*Goldberg v. Traver,* 52 *N.J.* 344, 245 *A.*2d 334 (1968).

*65 McKinley Ave., Inc. v. City of E. Orange,* 52 *N.J.* 338, 245 *A.*2d 332 (1968).

*City of E. Orange v. Palmer,* 52 *N.J.* 329, 245 *A.*2d 327 (1968).

*State v. Mathis,* 52 *N.J.* 238, 245 *A.*2d 20 (1968).

*Totten v. Gruzen,* 52 *N.J.* 202, 245 *A.*2d 1 (1968).

*Diamond v. N.J. Bell Tel. Co.,* 51 *N.J.* 594, 242 *A.*2d 622 (1968).

*Oleyar v. Swift & Co.,* 51 *N.J.* 470, 242 *A.*2d 321 (1968).

*State v. Dent,* 51 *N.J.* 428, 241 *A.*2d 833 (1968).

*McLaughlin v. Bassing,* 51 *N.J.* 410, 241 *A.*2d 450 (1968).

*State v. Alvarado,* 51 *N.J.* 375, 240 *A.*2d 677 (1968).

*Cohen v. First Camden Nat'l Bank & Trust Co.,* 51 *N.J.* 11, 237 *A.*2d 257 (1967).

*Booth v. Bd. of Adjustment, Rockaway Twp.,* 50 *N.J.* 302, 234 *A.*2d 681 (1967).

*In re Trust Estate of Moore,* 50 *N.J.* 131, 232 *A.*2d 641 (1967).

*Jackman v. Bodine,* 50 *N.J.* 127, 232 *A.*2d 419 (1967).

*B. v. O.,* 50 *N.J.* 93, 232 *A.*2d 401 (1967).

*State v. Krempecki,* 50 *N.J.* 50, 231 *A.*2d 811 (1967).

*State v. Bacsko,* 50 *N.J.* 49, 231 *A.*2d 811 (1967).

*State v. Oliver,* 50 *N.J.* 39, 231 *A.*2d 805 (1967).

*State v. Funicello,* 49 *N.J.* 553, 231 *A.*2d 579 (1967).

*In re the Petition of the Erie–Lackawanna R.R. Co.,* 48 *N.J.* 567, 227 *A.*2d 129 (1967).

*Jacobs v. Jacobs,* 48 *N.J.* 361, 225 *A.*2d 570 (1966).

*In re Estate of Burke,* 48 *N.J.* 50, 222 *A.*2d 273 (1966).

*In re Contempt of Carton,* 48 *N.J.* 9, 222 *A.*2d 92 (1966).

*Bayonne v. Palmer,* 47 *N.J.* 520, 221 *A.*2d 741 (1966).

*Bhd. of R.R. Trainmen v. Cent. R.R. Co. of N.J.,* 47 *N.J.* 508, 221 *A.*2d 735 (1966).

*Bd. of R.R. Trainmen v. Palmer,* 47 *N.J.* 488, 221 *A.*2d 724 (1966).

*In re Duckworth,* 47 *N.J.* 235, 220 *A.*2d 110 (1966).

*Devlin v. Nat'l Broad. Co.,* 47 *N.J.* 126, 219 *A.*2d 523 (1966).

*Jaquith & Co. v. Island Creek Coal Co.,* 47 *N.J.* 111, 219 *A.*2d 514 (1966).

*McClintock v. Trenton,* 47 *N.J.* 102, 219 *A.*2d 510 (1966).

*Rubens v. Wiss Bldg. Assocs.,* 47 *N.J.* 53, 219 *A.*2d 176 (1966).

*Garden State Dev. Co. v. Markowitz,* 47 *N.J.* 1, 218 *A.*2d 857 (1966).

*State v. Pickles,* 46 *N.J.* 542, 218 *A.*2d 609 (1966).

*State v. Smith,* 46 *N.J.* 510, 218 *A.*2d 147 (1966).

*In re Presentment of the Essex County Grand Jury,* 46 *N.J.* 467, 217 *A.*2d 874 (1966).

*Del. River Port Auth. v. Hughes,* 46 *N.J.* 451, 217 *A.*2d 865 (1966).

*Highway Trailer Co. v. Donna Motor Lines, Inc.,* 46 *N.J.* 442, 217 *A.*2d 617 (1966).

*State v. Cerce,* 46 *N.J.* 387, 217 *A.*2d 319 (1966).

*State v. Johnson,* 46 *N.J.* 289, 216 *A.*2d 392 (1966).

*Hallman v. State Parole Bd.,* 46 *N.J.* 279, 216 *A.*2d 387 (1966).

*State v. Schultz,* 46 *N.J.* 254, 216 *A.*2d 372 (1966).

*State v. Portee,* 46 *N.J.* 239, 216 *A.*2d 227 (1966).

*Ekalo v. Constructive Serv. Corp. of Am.*, 46 *N.J.* 82, 215 *A.*2d 1 (1965).

*State v. Bisaccia*, 45 *N.J.* 504, 213 *A.*2d 185 (1965).

*State v. Contursi*, 44 *N.J.* 422, 209 *A.*2d 829 (1965).

*State v. Dennis*, 43 *N.J.* 418, 204 *A.*2d 868 (1964).

*State v. Tyson*, 43 *N.J.* 411, 204 *A.*2d 864 (1964).

*State v. LaFera*, 42 *N.J.* 97, 199 *A.*2d 630 (1964).

*Alberti v. Civil Serv. Comm'n*, 41 *N.J.* 147, 195 *A.*2d 297 (1963).

*In re Forgotson*, 40 *N.J.* 581, 194 *A.*2d 233 (1963).

*State v. Lanza*, 39 *N.J.* 595, 190 *A.*2d 374 (1963).

*State v. LaPierre*, 39 *N.J.* 156, 188 *A.*2d 10 (1963).

*U.S. Steel Corp. v. Dir., Div. of Taxation*, 38 *N.J.* 533, 186 *A.*2d 266 (1962).

*Wiramal Corp. v. Dir., Div. of Taxation*, 36 *N.J.* 201, 175 *A.*2d 631 (1961).

*Levin v. Twp. of Livingston*, 35 *N.J.* 500, 173 *A.*2d 391 (1961).

*525 Main St. Corp. v. Eagle Roofing Co.*, 34 *N.J.* 251, 168 *A.*2d 33 (1961).

*Deubel v. Kervick*, 33 *N.J.* 568, 166 *A.*2d 561 (1960).

*Bd. of Dirs. of Ajax Electrothermic Corp. v. First Nat'l Bank of Princeton*, 33 *N.J.* 456, 165 *A.*2d 513 (1960).

*Margaritell v. Caldwell Twp.*, 33 *N.J.* 453, 165 *A.*2d 298 (1960).

*State v. Murray*, 33 *N.J.* 393, 165 *A.*2d 161 (1960).

*Steger v. Schellenger*, 33 *N.J.* 293, 163 *A.*2d 377 (1960).

*Dep't of Mental Health of Kentucky v. Mullins*, 31 *N.J.* 598, 158 *A.*2d 527 (1960).

*Ratsch v. Holderman*, 31 *N.J.* 458, 158 *A.*2d 24 (1960).

*Krauth v. Geller*, 31 *N.J.* 270, 157 *A.*2d 129 (1960).

*Graham v. Green*, 31 *N.J.* 207, 156 *A.*2d 241 (1959).

*B.R. Waldron & Sons Co. v. Venezia,* 31 *N.J.* 161, 155 *A.*2d 769 (1959).

*Depew v. Twp. of Hillsborough,* 31 *N.J.* 157, 155 *A.*2d 766 (1959).

*Meistrich v. Casino Arena Attractions, Inc.,* 31 *N.J.* 44, 155 *A.*2d 90 (1959).

*State v. McDonald,* 30 *N.J.* 126, 152 *A.*2d 143 (1959).

*Walter E. Heller & Co. v. Hammond Appliance Co.,* 29 *N.J.* 589, 151 *A.*2d 537 (1959).

*State v. Van Buren,* 29 *N.J.* 548, 150 *A.*2d 649 (1959).

*N.Y., Susquehanna & W. R.R. Co. v. Bd. of Pub. Util. Comm'rs,* 29 *N.J.* 513, 150 *A.*2d 656 (1959).

*Napierkowski v. Twp. of Gloucester,* 29 *N.J.* 481, 150 *A.*2d 481 (1959).

*Saddle River Country Day Sch. v. Borough of Saddle River,* 29 *N.J.* 468, 150 *A.*2d 34 (1959).

*State v. West,* 29 *N.J.* 327, 149 *A.*2d 217 (1959).

*Franklin Discount Co. v. Ford,* 27 *N.J.* 473, 143 *A.*2d 161 (1958).

*Angermeier v. Borough of Sea Girt,* 27 *N.J.* 298, 142 *A.*2d 624 (1958).

*Russo v. United States Trucking Corp.,* 26 *N.J.* 430, 140 *A.*2d 206 (1958).

*The Cent. R.R. Co. of N.J. v. Neeld,* 26 *N.J.* 188, 139 *A.*2d 119 (1958).

*The Cent. R.R. Co. of N.J. v. Neeld,* 26 *N.J.* 172, 139 *A.*2d 110 (1958).

*Engelbretson v. Am. Stores,* 26 *N.J.* 106, 139 *A.*2d 19 (1958).

*Jorgensen v. Pa. R.R. Co.,* 25 *N.J.* 541, 138 *A.*2d 24 (1958).

*Martin v. Bengue, Inc.,* 25 *N.J.* 359, 136 *A.*2d 626 (1957).

*In re Application of the Del., Lackawanna & W. R.R. Co.,* 25 *N.J.* 353, 136 *A.*2d 413 (1957).

*In re Application of the N.Y., Susquehanna & W. R.R. Co.,* 25 N.J. 343, 136 A.2d 408 (1957).

*Hertz Washmobile Sys. v. The Vill. of S. Orange,* 25 N.J. 207, 135 A.2d 524 (1957).

*Auto–Rite Supply Co. v. Mayor & Twp. Committeemen of Woodbridge,* 25 N.J. 188, 135 A.2d 515 (1957).

*Republic Factors, Inc. v. Carteret Work Uniforms,* 24 N.J. 525, 133 A.2d 6 (1957).

*In re Estate of Dickerson,* 24 N.J. 513, 132 A.2d 805 (1957).

*Murray v. Hudson Dispatch,* 24 N.J. 487, 132 A.2d 793 (1957).

*Grofo Realty Co. v. City of Bayonne,* 24 N.J. 482, 132 A.2d 802 (1957).

*Wagner v. The Mayor of Newark,* 24 N.J. 467, 132 A.2d 794 (1957).

*Stamato v. Agamie,* 24 N.J. 309, 131 A.2d 745 (1957).

*Kozesnik v. Twp. of Montgomery,* 24 N.J. 154, 131 A.2d 1 (1957).

*Minter v. Bendix Aviation Corp.,* 24 N.J. 128, 130 A.2d 809 (1957).

*Consol. Police & Firemen's Pension Fund Comm'n v. City of Passaic,* 23 N.J. 645, 130 A.2d 377 (1957).

*Jacobs v. Rothstein,* 23 N.J. 641, 130 A.2d 384 (1957).

*Denbo v. Twp. of Moorestown,* 23 N.J. 476, 129 A.2d 710 (1957).

*Buzzone v. Hartford Accident & Indem. Co.,* 23 N.J. 447, 129 A.2d 561 (1957).

*Ford v. Reichert,* 23 N.J. 429, 129 A.2d 439 (1957).

*Ellenstein v. Herman Body Co.,* 23 N.J. 348, 129 A.2d 268 (1957).

*Westinghouse Elec. Corp. v. Local No. 449 of Int'l Union of Elec. & Radio,* 23 N.J. 170, 128 A.2d 457 (1957).

*State v. Sperry & Hutchinson Co.,* 23 N.J. 38, 127 A.2d 169 (1956).

*Trs. of Princeton Univ. v. Trust Co. of N.J.,* 22 N.J. 587, 127 A.2d 19 (1956).

*Louis Schlesinger Co. v. Wilson*, 22 *N.J.* 576, 127 *A.*2d 13 (1956).

*Yanuzzi v. The Mayor of Spring Lake*, 22 *N.J.* 567, 126 *A.*2d 873 (1956).

*In re Petition of Sheffield Farms Co.*, 22 *N.J.* 548, 126 *A.*2d 886 (1956).

*First Nat'l Bank & Trust Co. v. MacGarvie*, 22 *N.J.* 539, 126 *A.*2d 880 (1956).

*Friedman v. Tappan Dev. Corp.*, 22 *N.J.* 523, 126 *A.*2d 646 (1956).

*DeFazio v. Haven Sav. & Loan Ass'n*, 22 *N.J.* 511, 126 *A.*2d 639 (1956).

*Ledden v. Ehnes*, 22 *N.J.* 501, 126 *A.*2d 633 (1956).

*Ferdinand v. Agricultural Ins. Co. of Watertown*, 22 *N.J.* 482, 126 *A.*2d 323 (1956).

*Adams Newark Theatre Co. v. City of Newark*, 22 *N.J.* 472, 126 *A.*2d 340 (1956).

*Taylor v. N.J. Highway Auth.*, 22 *N.J.* 454, 126 *A.*2d 313 (1956).

*Van Sweringen v. Van Sweringen*, 22 *N.J.* 440, 126 *A.*2d 334 (1956).

*Honey v. Brown*, 22 *N.J.* 433, 126 *A.*2d 354 (1956).

*Bank of Commerce v. Markakos*, 22 *N.J.* 428, 126 *A.*2d 346 (1956).

*Newark Publ'rs Ass'n v. Newark Typographical Union No. 103*, 22 *N.J.* 419, 126 *A.*2d 348 (1956).

*State v. Brown*, 22 *N.J.* 405, 126 *A.*2d 161 (1956).

*Journeymen Barbers, Hairdressers & Cosmetologists' Int'l Union of Am., Local 687 v. Pollino*, 22 *N.J.* 389, 126 *A.*2d 194 (1956).

*Krosnowski v. Krosnowski*, 22 *N.J.* 376, 126 *A.*2d 182 (1956).

*Bailey v. Council of the Div. of Planning & Dev.*, 22 *N.J.* 366, 126 *A.*2d 189 (1956).

*Fifth St. Pier Corp. v. City of Hoboken*, 22 *N.J.* 326, 126 *A.*2d 6 (1956).

*State v. D'Ippolito,* 22 *N.J.* 318, 126 *A.*2d 1 (1956).

*Swede v. City of Clifton,* 22 *N.J.* 303, 125 *A.*2d 865 (1956).

*Loeb v. Peter F. Pasbjerg & Co.,* 22 *N.J.* 95, 123 *A.*2d 522 (1956).

*Latzoni v. City of Garfield,* 22 *N.J.* 84, 123 *A.*2d 531 (1956).

*A.J. & J.O. Pilar, Inc. v. Lister Corp.,* 22 *N.J.* 75, 123 *A.*2d 536 (1956).

*Daly v. Daly,* 21 *N.J.* 599, 123 *A.*2d 3 (1956).

*Lindroth v. Christ Hosp.,* 21 *N.J.* 588, 123 *A.*2d 10 (1956).

*Graybar Elec. Co. v. Mfrs. Cas. Co.,* 21 *N.J.* 517, 122 *A.*2d 624 (1956).

*Gerber v. Bd. of Review,* 20 *N.J.* 561, 120 *A.*2d 436 (1956).

*Mahoney v. Nitroform Co.,* 20 *N.J.* 499, 120 *A.*2d 454 (1956).

*In re the Sworn Application of Tiene,* 19 *N.J.* 149, 115 *A.*2d 543 (1955).

*Lionel Corp. v. Grayson–Robinson Stores,* 15 *N.J.* 191, 104 *A.*2d 304 (1954).

*In re Revision in Rates Filed by N.J. Power & Light Co.,* 15 *N.J.* 82, 104 *A.*2d 1 (1954).

*Beirn v. Morris,* 14 *N.J.* 529, 103 *A.*2d 361 (1954).

*Kagan v. Berman,* 14 *N.J.* 467, 102 *A.*2d 765 (1954).

*Herr v. Herr,* 13 *N.J.* 79, 98 *A.*2d 55 (1953).

*Greenspan v. Div. of Alcoholic Beverage Control,* 12 *N.J.* 456, 97 *A.*2d 413 (1953).

*In re Application of Hardman for a Writ of Habeas Corpus,* 12 *N.J.* 360, 96 *A.*2d 794 (1953).

*Harker v. McKissock,* 12 *N.J.* 310, 96 *A.*2d 660 (1953).

*E.Ridgelawn Cemetery v. Winne,* 11 *N.J.* 459, 94 *A.*2d 833 (1953).

*In re Estate of Armour,* 11 *N.J.* 257, 94 *A.*2d 286 (1953).

*Air–Way Branches, Inc. v. Bd. of Review,* 10 *N.J.* 609, 92 *A.*2d 771 (1952).

*State v. Hardman,* 10 *N.J.* 468, 92 *A.*2d 27 (1952).

*Del., Lackawanna & W. R.R. Co. v. City of Hoboken,* 10 *N.J.* 418, 91 *A.*2d 739 (1952).

*State v. Meinken,* 10 *N.J.* 348, 91 *A.*2d 721 (1952).

*State v. Doto,* 10 *N.J.* 318, 91 *A.*2d 337 (1952).

*O'Neil v. Bilotta,* 10 *N.J.* 308, 91 *A.*2d 231 (1952).

*Schanerman v. Everett & Carbin, Inc.,* 10 *N.J.* 215, 89 *A.*2d 689 (1952).

*In re Application of Caruso,* 10 *N.J.* 184, 89 *A.*2d 661 (1952).

*Reinhardt v. Passaic–Clifton Nat'l Bank & Trust Co.,* 9 *N.J.* 607, 89 *A.*2d 242 (1952).

*Pub. Serv. Elec. & Gas Co. v. Reading Co.,* 9 *N.J.* 606, 89 *A.*2d 242 (1952).

*Savarese v. Pyrene Mfg. Co.,* 9 *N.J.* 595, 89 *A.*2d 237 (1952).

*Fountain v. Fountain,* 9 *N.J.* 558, 89 *A.*2d 8 (1952).

*Holly v. Meyers Hotel & Tavern, Inc.,* 9 *N.J.* 493, 89 *A.*2d 6 (1952).

*Marchitto v. Cent. R.R. Co. of N.J.,* 9 *N.J.* 456, 88 *A.*2d 851 (1952).

*State v. Shiren,* 9 *N.J.* 445, 88 *A.*2d 601 (1952).

*Delawanna Iron & Metal Co. v. Albrecht,* 9 *N.J.* 424, 88 *A.*2d 616 (1952).

*Schmidt v. Bd. of Adjustment of Newark,* 9 *N.J.* 405, 88 *A.*2d 607 (1952).

*Hill v. Bor. of Collingswood,* 9 *N.J.* 369, 88 *A.*2d 506 (1952).

*In re Isserman,* 9 *N.J.* 316, 88 *A.*2d 199 (1952).

*Struyk v. Samuel Braen's Sons,* 9 *N.J.* 294, 88 *A.*2d 201 (1952).

*Robison v. Robison,* 9 *N.J.* 288, 88 *A.*2d 202 (1952).

*In re Isserman,* 9 *N.J.* 269, 87 *A.*2d 903 (1952).

*165 Augusta St., Inc. v. Collins,* 9 *N.J.* 259, 87 *A.*2d 889 (1952).

*Baron v. Peoples Nat'l Bank of Secaucus,* 9 *N.J.* 249, 87 *A.*2d 898 (1952).

*Nichols v. Bd. of Educ. of Jersey City,* 9 *N.J.* 241, 87 *A.*2d 894 (1952).

*Jaroszewski v. Cent. R.R. Co. of N.J.,* 9 *N.J.* 231, 87 *A.*2d 705 (1952).

*Craster v. Bd. of Comm'rs of Newark,* 9 *N.J.* 225, 87 *A.*2d 721 (1952).

*Frank v. Frank's Inc.,* 9 *N.J.* 218, 87 *A.*2d 724 (1952).

*Leeds v. Harrison,* 9 *N.J.* 202, 87 *A.*2d 713 (1952).

*State v. Pa. R.R. Co.,* 9 *N.J.* 194, 87 *A.*2d 709 (1952).

*Scarborough Apartments, Inc. v. City of Englewood,* 9 *N.J.* 182, 87 *A.*2d 537 (1952).

*Riverview Gardens, Section One, Inc. v. Bor. of N. Arlington,* 9 *N.J.* 167, 87 *A.*2d 425 (1952).

*Allegro v. Afton Vill. Corp.,* 9 *N.J.* 156, 87 *A.*2d 430 (1952).

*Houston Petrol. Co. v. Auto. Prods. Credit Ass'n, Inc.,* 9 *N.J.* 122, 87 *A.*2d 319 (1952).

*deVries v. The Evening Journal Ass'n,* 9 *N.J.* 117, 87 *A.*2d 317 (1952).

*Januszewski v. Pub. Serv. Coordinated Transp.,* 9 *N.J.* 107, 87 *A.*2d 19 (1952).

*Lakutis v. Greenwood,* 9 *N.J.* 101, 87 *A.*2d 23 (1952).

*Sokol v. Liebstein,* 9 *N.J.* 93, 87 *A.*2d 1 (1952).

*The Motorlease Corp. v. Mulroony,* 9 *N.J.* 82, 86 *A.*2d 765 (1952).

*Danek v. Hommer,* 9 *N.J.* 56, 87 *A.*2d 5 (1952).

*Meyer v. Bd. of Educ.,* 9 *N.J.* 46, 86 *A.*2d 761 (1952).

*Strang v. S. Jersey Broad. Co.,* 9 *N.J.* 38, 86 *A.*2d 777 (1952).

*Tagliabue v. Twp. of N. Bergen,* 9 *N.J.* 32, 86 *A.*2d 773 (1952).

*In re Avis,* 9 *N.J.* 27, 86 *A.*2d 771 (1952).

*Flint Frozen Foods, Inc. v. Firemen's Ins. Co. of Newark,* 8 *N.J.* 606, 86 *A.*2d 673 (1952).

*Flexmir, Inc. v. Lindeman & Co.,* 8 *N.J.* 602, 86 *A.*2d 585 (1952).

*In re the Accounting of the Executors of Koretzky,* 8 *N.J.* 506, 86 *A.*2d 238 (1951).

*George Siegler Co. v. Norton,* 8 *N.J.* 374, 86 *A.*2d 8 (1952).

*Hoffman v. Hoffman,* 8 *N.J.* 157, 84 *A.*2d 441 (1951).

*A.C. Schultes & Sons v. Twp. of Haddon,* 8 *N.J.* 103, 83 *A.*2d 896 (1951).

*Pa.-Reading Seashore Lines v. Bd. of Pub. Util. Comm'rs,* 8 *N.J.* 85, 83 *A.*2d 774 (1951).

*The Nat'l State Bank of Newark v. Stuart,* 8 *N.J.* 72, 83 *A.*2d 715 (1951).

*Capone v. Norton,* 8 *N.J.* 54, 83 *A.*2d 710 (1951).

*Horsman Dolls, Inc. v. Unemployment Comp. Comm'n of N.J.,* 7 *N.J.* 541, 82 *A.*2d 177 (1951).

*Cent. R.R. Co. of N.J. v. Dep't of Pub. Utils.,* 7 *N.J.* 247, 81 *A.*2d 162 (1951).

*State v. Janiec,* 6 *N.J.* 608, 80 *A.*2d 94 (1951).

*Weaver v. N.J. Dep't of Civil Serv.,* 6 *N.J.* 553, 79 *A.*2d 305 (1951).

*Shields v. The Prudential Ins. Co. of Am.,* 6 *N.J.* 517, 79 *A.*2d 297 (1951).

*Weaver v. Twp. of N. Bergen,* 6 *N.J.* 475, 79 *A.*2d 286 (1951).

*Employers Liab. Assurance Corp. v. Haidt,* 6 *N.J.* 471, 79 *A.*2d 308 (1951).

*Bankers Trust v. Bacot,* 6 *N.J.* 426, 78 *A.*2d 904 (1951).

*Seylaz v. Bennett,* 5 *N.J.* 168, 74 *A.*2d 309 (1950).

*Wolff v. Veterans of Foreign Wars, Post 4715,* 5 *N.J.* 143, 74 *A.*2d 253 (1950).

*In re The Evening Journal Ass'n,* 5 *N.J.* 142, 74 *A.*2d 303 (1950).

*Brinn v. Mennen Co.,* 4 *N.J.* 610, 73 *A.*2d 541 (1950).

*Sheild v. Welch,* 4 *N.J.* 563, 73 *A.*2d 536 (1950).

*Eberhard v. Eberhard,* 4 *N.J.* 535, 73 *A.*2d 554 (1950).

*Green's Hotel v. Commercial Cas. Ins. Co.,* 4 *N.J.* 517, 73 *A.*2d 349 (1950).

*Flexmir, Inc. v. Lindeman & Co.,* 4 *N.J.* 509, 73 *A.*2d 243 (1950).

*Truhlar v. Borough of E. Paterson,* 4 *N.J.* 490, 73 *A.*2d 163 (1950).

*Kays v. Town of Newton,* 4 *N.J.* 356, 73 *A.*2d 64 (1950).

*Moses v. Edward H. Ellis, Inc.,* 4 *N.J.* 315, 72 *A.*2d 856 (1950).

*State v. Pierce,* 4 *N.J.* 252, 72 *A.*2d 305 (1950).

*Corson v. Keane,* 4 *N.J.* 221, 72 *A.*2d 314 (1950).

*Cresse v. Nuneville,* 4 *N.J.* 128, 71 *A.*2d 715 (1950).

*Nat'l Bank of N.J. v. Div. Tax Appeals,* 2 *N.J.* 570, 67 *A.*2d 458 (1949).

*Jamouneau v. Div. of Tax Appeals,* 2 *N.J.* 325, 66 *A.*2d 534 (1949).

*Zanzonico v. Zanzonico,* 2 *N.J.* 309, 66 *A.*2d 530 (1949).

*Agnew v. Am. Ice Co.,* 2 *N.J.* 291, 66 *A.*2d 330 (1949).

*Anschelewitz v. Belmar,* 2 *N.J.* 178, 65 *A.*2d 825 (1949).

*Wilber v. Owens,* 2 *N.J.* 167, 65 *A.*2d 843 (1949).

*Matawan Bank v. Matawan Tile Co.,* 2 *N.J.* 116, 65 *A.*2d 729 (1949).

*Bruns v. Mattocks,* 2 *N.J.* 83, 65 *A.*2d 745 (1949).

*Steinbrugge v. Steinbrugge,* 2 *N.J.* 77, 65 *A.*2d 606 (1949).

*Pa. R.R. Co. v. N.J. State Aviation Comm'n,* 2 *N.J.* 64, 65 *A.*2d 61 (1949).

*Williams v. Evenstein,* 2 *N.J.* 60, 65 *A.*2d 521 (1949).

*Huber v. New England Tree Expert Co.*, 2 *N.J.* 53, 65 *A.*2d 514 (1949).

*Handler v. Horns*, 2 *N.J.* 18, 65 *A.*2d 523 (1949).

*Isserman v. Isserman*, 2 *N.J.* 1, 65 *A.*2d 508 (1949).

*Marx v. Rice*, 1 *N.J.* 574, 65 *A.*2d 48 (1949).

*DeMuro v. Martini*, 1 *N.J.* 516, 64 *A.*2d 351 (1949).

*Duffcon Concrete Prods. v. Borough of Cresskill*, 1 *N.J.* 509, 64 *A.*2d 347 (1949).

*N.J. Realty Title v. Div. of Tax Appeals*, 1 *N.J.* 496, 64 *A.*2d 341 (1949).

*Dickerson v. Camden Trust Co.*, 1 *N.J.* 459, 64 *A.*2d 214 (1949).

*Hoyt v. Orcutt*, 1 *N.J.* 454, 64 *A.*2d 212 (1949).

*Gallena v. Scott*, 1 *N.J.* 430, 64 *A.*2d 77 (1949).

*Cent. Hanover Bank & Trust Co. v. Herbert*, 1 *N.J.* 426, 64 *A.*2d 75 (1949).

*Russo v. Wright Aeronautical Corp.*, 1 *N.J.* 417, 64 *A.*2d 71 (1949).

*Town of Kearny v. Div. of Tax Appeals*, 1 *N.J.* 409, 64 *A.*2d 67 (1949).

*Nixon v. Borough of Matawan*, 1 *N.J.* 408, 64 *A.*2d 66 (1949).

*Toth v. Bigelow*, 1 *N.J.* 399, 64 *A.*2d 62 (1949).

*State v. Hogan*, 1 *N.J.* 375, 63 *A.*2d 886 (1949).

*Miske v. Habay*, 1 *N.J.* 368, 63 *A.*2d 883 (1949).

*Taber v. State Bd. of Registration & Examination in Dentistry of N.J.*, 1 *N.J.* 343, 63 *A.*2d 535 (1949).

*Temple v. Clinton Trust Co.*, 1 *N.J.* 219, 62 *A.*2d 690 (1948).

*Kaplan v. Meranus*, 1 *N.J.* 219, 62 *A.*2d 689 (1948).

*Rottinger v. Friedhof*, 1 *N.J.* 206, 62 *A.*2d 683 (1948).

*New Jersey Bankers Ass'n v. Van Riper*, 1 *N.J.* 193, 62 *A.*2d 677 (1948).

*L. Bamberger & Co. v. Div. of Tax Appeals*, 1 *N.J.* 151, 62 *A.*2d 389 (1948).

*Nauman v. Cent. & Lafayette Realty Co.*, 1 *N.J.* 124, 62 *A.*2d 218 (1948).

*Atlas Fence Co. v. W. Ridgelawn Cemetery*, 1 *N.J.* 110, 62 *A.*2d 212 (1948).

*Chipolone v. Mun. Council of Clifton*, 1 *N.J.* 93, 61 *A.*2d 896 (1948).

*Oldfield v. N.J. Realty Co.*, 1 *N.J.* 63, 61 *A.*2d 767 (1948).

*State v. Wesler*, 1 *N.J.* 58, 61 *A.*2d 746 (1948).

*Lakewood Express Serv. v. Bd. of Pub. Util. Comm'rs*, 1 *N.J.* 45, 61 *A.*2d 730 (1948).

*Sanders v. Jarka*, 1 *N.J.* 36, 61 *A.*2d 641 (1948).

*Spence v. Maier*, 1 *N.J.* 36, 61 *A.*2d 590 (1948).

*State v. Van Riper*, 1 *N.J.* 14, 61 *A.*2d 503 (1948).

Appendix "B"

Compendium of cases in which only six Justices participated

*Comm. to Recall Robert Menendez from the Office of U.S. Senator v. Wells*, 204 *N.J.* 79, 7 *A.*3d 720 (2010).

*Alexander v. Seton Hall Univ.*, 204 *N.J.* 219, 8 *A.*3d 198 (2010).

*In re Expungement Petition of D.H.*, 204 *N.J.* 7, 6 *A.*3d 421 (2010).

*Lewis v. Harris*, 202 *N.J.* 340, 997 *A.*2d 227 (2010).

*Estate of Hanges v. Metro. Prop. & Cas. Ins. Co.*, 202 *N.J.* 369, 997 *A.*2d 954 (2010).

*State v. Basil*, 202 *N.J.* 570, 998 *A.*2d 472 (2010).

*Linden Bd. of Educ. v. Linden Educ. Ass'n ex rel. Mizichko*, 202 *N.J.* 268, 997 *A.*2d 185 (2010).

*Guido v. Duane Morris LLP*, 202 *N.J.* 79, 995 *A.*2d 844 (2010).

*State v. Carvajal,* 202 *N.J.* 214, 996 *A.*2d 1029 (2010).

*Salzano v. N. Jersey Media Group Inc.,* 201 *N.J.* 500, 993 *A.*2d 778 (2010).

*State v. Mai,* 202 *N.J.* 12, 993 *A.*2d 1216 (2010).

*In re Gross,* 202 *N.J.* 39, 994 *A.*2d 523 (2010).

*City of Atl. City v. Trupos,* 201 *N.J.* 447, 992 *A.*2d 762 (2010).

*Reyes v. Egner,* 201 *N.J.* 417, 991 *A.*2d 216 (2010).

*In re Petition for Referendum on Trenton Ordinance 09–02,* 201 *N.J.* 349, 990 *A.*2d 1109 (2010).

*State v. McCabe,* 201 *N.J.* 34, 987 *A.*2d 567 (2010).

*Zabilowicz v. Kelsey,* 200 *N.J.* 507, 984 *A.*2d 872 (2009).

*Highland Lakes Country Club & Cmty. Ass'n v. Nicastro,* 201 *N.J.* 123, 988 *A.*2d 90 (2009).

*In re State Grand Jury Investigation,* 200 *N.J.* 481, 983 *A.*2d 1097 (2009).

*In re Attorney Gen.'s "Directive on Exit Polling: Media & Non–Partisan Pub. Interest Groups",* 200 *N.J.* 283, 981 *A.*2d 64 (2009).

*State v. Taccetta,* 200 *N.J.* 183, 975 *A.*2d 928 (2009).

*Pellicer ex rel. Pellicer v. St. Barnabas Hosp.,* 200 *N.J.* 22, 974 *A.*2d 1070 (2009).

*Fernandez v. Nationwide Mut. Fire Ins. Co.,* 199 *N.J.* 591, 974 *A.*2d 1031 (2009).

*Berk Cohen Assocs. v. Borough of Clayton,* 199 *N.J.* 432, 972 *A.*2d 1141 (2009).

*Shore Orthopaedic Group, LLC v. Equitable Life Assur. Soc'y,* 199 *N.J.* 310, 972 *A.*2d 381 (2009).

*Lee v. First Union Nat'l Bank,* 199 *N.J.* 251, 971 *A.*2d 1054 (2009).

*G.H. v. Twp. of Galloway,* 199 *N.J.* 135, 971 *A.*2d 401 (2009).

*Leang v. Jersey City Bd. of Educ.,* 198 *N.J.* 557, 969 *A.*2d 1097 (2009).

Twp. of W. Orange v. 769 Assocs., 198 N.J. 529, 969 A.2d 1080 (2009).

DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 966 A.2d 1036 (2009).

State v. Vallejo, 198 N.J. 122, 965 A.2d 1181 (2009).

Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 964 A.2d 741 (2009).

M.S. v. Millburn Police Dep't, 197 N.J. 236, 962 A.2d 515 (2008).

Sroczynski v. Milek, 197 N.J. 36, 961 A.2d 704 (2008).

Borough of Glassboro v. Fraternal Order of Police, Lodge No. 108, 197 N.J. 1, 960 A.2d 735 (2008).

Abbott ex rel. Abbott v. Burke, 196 N.J. 451, 956 A.2d 923 (2008).

In re Estate of Stockdale, 196 N.J. 275, 953 A.2d 454 (2008).

In re Taylor, 196 N.J. 162, 952 A.2d 1025 (2008).

N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 952 A.2d 436 (2008).

Mason v. City of Hoboken, 196 N.J. 51, 951 A.2d 1017 (2008).

State v. Ingram, 196 N.J. 23, 951 A.2d 1000 (2008).

Amerada Hess Corp. v. Burlington County Planning Bd., 195 N.J. 616, 951 A.2d 970 (2008).

McMahon v. City of Newark, 195 N.J. 526, 951 A.2d 185 (2008).

Chubb Custom Ins. Co. v. Prudential Ins. Co. of Am., 195 N.J. 231, 948 A.2d 1285 (2008).

Bedford v. Riello, 195 N.J. 210, 948 A.2d 1272 (2008).

State v. Rodriguez, 195 N.J. 165, 949 A.2d 197 (2008).

State v. Burr, 195 N.J. 119, 948 A.2d 627 (2008).

Sinclair v. Merck & Co., 195 N.J. 51, 948 A.2d 587 (2008).

Cruz v. Cent. Jersey Landscaping, Inc., 195 N.J. 33, 947 A.2d 1228 (2008).

*Villa v. Short,* 195 *N.J.* 15, 947 *A.*2d 1217 (2008).

*Owens v. Feigin,* 194 *N.J.* 607, 947 *A.*2d 653 (2008).

*Romagnola v. Gillespie, Inc.,* 194 *N.J.* 596, 947 *A.*2d 646 (2008).

*Rutgers Cas. Ins. Co. v. LaCroix,* 194 *N.J.* 515, 946 *A.*2d 1027 (2008).

*Reilly v. AAA Mid–Atl. Ins. Co. of N.J.,* 194 *N.J.* 474, 946 *A.*2d 564 (2008).

*Wein v. Morris,* 194 *N.J.* 364, 944 *A.*2d 642 (2008).

*In re Alleged Improper Practice Under Section XI, Paragraph A(d) of the Port Auth. Labor Relations Instruction,* 194 *N.J.* 314, 944 *A.*2d 611 (2008).

*Toll Bros. v. Bd. of Chosen Freeholders of Burlington,* 194 *N.J.* 223, 944 *A.*2d 1 (2008).

*State v. Chun,* 194 *N.J.* 54, 943 *A.*2d 114 (2008).

*Oberhand v. Dir., Div. of Taxation,* 193 *N.J.* 558, 940 *A.*2d 1202 (2008).

*State v. Sloane,* 193 *N.J.* 423, 939 *A.*2d 796 (2008).

*In re Kivler,* 193 *N.J.* 332, 939 *A.*2d 216 (2008).

*State v. Froland,* 193 *N.J.* 186, 936 *A.*2d 947 (2007).

*State v. O'Neill,* 193 *N.J.* 148, 936 *A.*2d 438 (2007).

*Maglies v. Estate of Guy,* 193 *N.J.* 108, 936 *A.*2d 414 (2007).

*Northvale Bd. Of Educ. v. Northvale Educ. Ass'n,* 192 *N.J.* 501, 933 *A.*2d 596 (2007).

*State v. Parks,* 192 *N.J.* 483, 933 *A.*2d 586 (2007).

*Pascack Valley Reg'l High Sch. Bd. of Educ. v. Pascack Valley Reg'l Support Staff Ass'n,* 192 *N.J.* 489, 933 *A.*2d 589 (2007).

*State v. Parks,* 192 *N.J.* 483, 933 *A.*2d 586 (2007).

*State v. Meyer,* 192 *N.J.* 421, 930 *A.*2d 428 (2007).

*D'Annunzio v. Prudential Ins. Co. of Am.,* 192 *N.J.* 110, 927 *A.*2d 113 (2007).

*In re Advisory Comm. on Prof'l Ethics Opinion 705*, 192 *N.J.* 46, 926 *A.*2d 839 (2007).

*In re Herrmann*, 192 *N.J.* 19, 926 *A.*2d 350 (2007).

*State v. Williams*, 192 *N.J.* 1, 926 *A.*2d 340 (2007).

*State v. Francis*, 191 *N.J.* 571, 926 *A.*2d 305 (2007).

*State v. Clark*, 191 *N.J.* 503, 924 *A.*2d 542 (2007).

*Thurber v. City of Burlington*, 191 *N.J.* 487, 924 *A.*2d 533 (2007).

*State v. Jimenez*, 191 *N.J.* 453, 924 *A.*2d 513 (2007).

*In re Gordon*, 191 *N.J.* 451, 924 *A.*2d 512 (2007).

*In re Lead Paint Litig.*, 191 *N.J.* 405, 924 *A.*2d 484 (2007).

*Raspa v. Office of Sheriff of County of Gloucester*, 191 *N.J.* 323, 924 *A.*2d 435 (2007).

*In re Venezia*, 191 *N.J.* 259, 922 *A.*2d 1263 (2007).

*Iliadis v. Wal–Mart Stores, Inc.*, 191 *N.J.* 88, 922 *A.*2d 710 (2007).

*Brenman v. Demello*, 191 *N.J.* 18, 921 *A.*2d 1110 (2007).

*State v. Wakefield*, 190 *N.J.* 397, 921 *A.*2d 954 (2007).

*First Union Nat'l Bank v. Penn Salem Marina, Inc.*, 190 *N.J.* 342, 921 *A.*2d 417 (2007).

*Toll Bros. v. Twp. of W. Windsor*, 190 *N.J.* 61, 918 *A.*2d 595 (2007).

*Bd. of Educ. of Borough of Alpha, Warren County v. Alpha Educ. Assoc.*, 190 *N.J.* 34, 918 *A.*2d 579 (2006).

*State v. Fortin*, 189 *N.J.* 579, 917 *A.*2d 746 (2007).

*State v. Fleischman*, 189 *N.J.* 539, 917 *A.*2d 722 (2007).

*T.H. v. Div. of Developmental Disabilities*, 189 *N.J.* 478, 916 *A.*2d 1025 (2007).

*J.D.A. v. N.J. Dep't of Corr.*, 189 *N.J.* 413, 915 *A.*2d 1041 (2007).

*Carmona v. Resorts Int'l Hotel, Inc.*, 189 *N.J.* 354, 915 *A.*2d 518 (2007).

*N.J. Div. of Youth & Family Servs. v. M.M*, 189 *N.J.* 261, 914 *A.*2d 1265 (2007).

*Hodges v. Sasil Corp.*, 189 *N.J.* 210, 915 *A.*2d 1 (2007).

*State v. Samuels*, 189 *N.J.* 236, 914 *A.*2d 1250 (2007).

*Davidson v. Slater*, 189 *N.J.* 166, 914 *A.*2d 282 (2007).

*State v. O'Hagen*, 189 *N.J.* 140, 914 *A.*2d 267 (2007).

*A.A. ex rel. B.A. v. Attorney Gen. of N.J.*, 189 *N.J.* 128, 914 *A.*2d 260 (2007).

*State v. Dispoto*, 189 *N.J.* 108, 913 *A.*2d 791 (2007).

*Muhammad v. County Bank of Rehoboth Beach, Del.*, 189 *N.J.* 1, 912 *A.*2d 88 (2006).

*Wiese v. Dedhia*, 188 *N.J.* 587, 911 *A.*2d 479 (2006).

*In re Mathesius*, 188 *N.J.* 496, 910 *A.*2d 594 (2006).

*Lanco, Inc. v. Dir., Div. of Taxation*, 188 *N.J.* 380, 908 *A.*2d 176 (2006).

*State v. Mahoney*, 188 *N.J.* 359, 908 *A.*2d 162 (2006).

*In re T.T.,* 188 *N.J.* 321, 907 *A.*2d 416 (2006).

*State v. Pierce*, 188 *N.J.* 155, 902 *A.*2d 1195 (2006).

*State v. Thomas*, 188 *N.J.* 137, 902 *A.*2d 1185 (2006).

*Hardwicke v. American Boychoir Sch.*, 188 *N.J.* 69, 902 *A.*2d 900 (2006).

*Marshall v. Klebanov*, 188 *N.J.* 23, 902 *A.*2d 873 (2006).

*N.J. Transit Bus Operations, Inc. v. Amalgamated Transit Union*, 187 *N.J.* 546, 902 *A.*2d 209 (2006).

*Infinity Broad. Corp. v. N.J. Meadowlands Comm'n*, 187 *N.J.* 212, 901 *A.*2d 312 (2006).

*State v. Thomas*, 187 *N.J.* 119, 900 *A.*2d 797 (2006).

*Prado v. State*, 186 *N.J.* 413, 895 *A.*2d 1154 (2006).

*In re P.L. 2001, Chapter 362*, 186 *N.J.* 368, 895 *A.*2d 1128 (2006).

*Fitzgerald v. Stanley Roberts, Inc.,* 186 *N.J.* 286, 895 *A.*2d 405 (2006).

*Pasqua v. Council,* 186 *N.J.* 127, 892 *A.*2d 663 (2006).

*N.J. Lawyers' Fund for Client Prot. v. Pace,* 186 *N.J.* 123, 892 *A.*2d 661 (2006).

*State v. Gyori,* 185 *N.J.* 422, 887 *A.*2d 156 (2005).

*St. Peter's Univ. Hosp. v. Lacy,* 185 *N.J.* 1, 878 *A.*2d 829 (2005).

*Shankman v. State,* 184 *N.J.* 187, 876 *A.*2d 269 (2005).

*French v. Hernandez,* 184 *N.J.* 144, 875 *A.*2d 943 (2005).

*Serrano v. Serrano,* 183 *N.J.* 508, 874 *A.*2d 1058 (2005).

*DiProspero v. Penn,* 183 *N.J.* 477, 874 *A.*2d 1039 (2005).

*Murawski v. CNA Ins. Co.,* 183 *N.J.* 423, 874 *A.*2d 530 (2005).

*Pinto v. N.J. Mfrs. Ins. Co.,* 183 *N.J.* 405, 874 *A.*2d 520 (2005).

*Schundler v. Donovan,* 183 *N.J.* 383, 874 *A.*2d 506 (2005).

*Mun. Council v. James,* 183 *N.J.* 361, 873 *A.*2d 544 (2005).

*Cumberland Mut. Fire Ins. Co. v. Murphy,* 183 *N.J.* 344, 873 *A.*2d 534 (2005).

*Thiedemann v. Mercedes–Benz USA, LLC,* 183 *N.J.* 234, 872 *A.*2d 783 (2005).

*Nav–Its, Inc. v. Selective Ins. Co.,* 183 *N.J.* 110, 869 *A.*2d 929 (2005).

*In re Harris,* 182 *N.J.* 594, 868 *A.*2d 1011 (2005).

*Price v. N.J. Mfrs. Ins. Co.,* 182 *N.J.* 519, 867 *A.*2d 1181 (2005).

*Moon v. Warren Haven Nursing Home,* 182 *N.J.* 507, 867 *A.*2d 1174 (2005).

*State v. Branch,* 182 *N.J.* 338, 865 *A.*2d 673 (2005).

*Szczuvelek v. Harborside Healthcare Woods Edge,* 182 *N.J.* 275, 865 *A.*2d 636 (2005).

*Abbott v. Burke,* 182 *N.J.* 153, 862 *A.*2d 538 (2004).

*Info. Spectrum, Inc. v. The Hartford,* 182 *N.J.* 34, 860 *A.*2d 926 (2004).

*Furst v. Einstein Moomjy, Inc.,* 182 *N.J.* 1, 860 *A.*2d 435 (2004).

*State v. Reddish,* 181 *N.J.* 553, 859 *A.*2d 1173 (2004).

*State v. Jarrells,* 181 *N.J.* 538, 859 *A.*2d 451 (2004).

*State v. Harris,* 181 *N.J.* 391, 859 *A.*2d 364 (2004).

*State v. Hodde,* 181 *N.J.* 375, 858 *A.*2d 1126 (2004).

*Casinelli v. Manglapus,* 181 *N.J.* 354, 858 *A.*2d 1113 (2004).

*Auto Lenders Acceptance Corp. v. Gentilini Ford, Inc.,* 181 *N.J.* 245, 854 *A.*2d 378 (2004).

*Estate of Frankl v. Goodyear Tire & Rubber Co,* 181 *N.J.* 1, 853 *A.*2d 880 (2004).

*In re the Petition for Authorization to Conduct a Referendum on the Withdrawal of N. Haledon Sch. District from the Passaic County Manchester Reg'l High Sch. District,* 181 *N.J.* 161, 854 *A.*2d 327 (2004).

*State v. Guenther,* 181 *N.J.* 129, 854 *A.*2d 308 (2004).

*Tarr v. Ciasulli,* 181 *N.J.* 70, 853 *A.*2d 921 (2004).

*In re Keri,* 181 *N.J.* 50, 853 *A.*2d 909 (2004).

*State v. Moore,* 181 *N.J.* 40, 853 *A.*2d 903 (2004).

*State v. Pineiro,* 181 *N.J.* 13, 853 *A.*2d 887 (2004).

*Varsolona v. Breen Capital Servs. Corp.,* 180 *N.J.* 605, 853 *A.*2d 865 (2004).

*State v. Brown,* 180 *N.J.* 572, 853 *A.*2d 260 (2004).

*State v. Bunch,* 180 *N.J.* 534, 853 *A.*2d 238 (2004).

*Dziewiecki v. Bakula,* 180 *N.J.* 528, 853 *A.*2d 234 (2004).

*N.J. Div. of Youth & Family Servs. v. P.P.,* 180 *N.J.* 494, 852 *A.*2d 1093 (2004).

*In re Freshwater Wetlands Prot. Act Rules,* 180 *N.J.* 478, 852 *A.*2d 1083 (2004).

*James v. Petitioners for Initiative & Referendum Challenging Neward City Ordinance No. 6S & FH,* 180 *N.J.* 456, 852 *A.*2d 192 (2004).

*In re Freshwater Wetlands Prot. Act Rules,* 180 *N.J.* 415, 852 *A.*2d 167 (2004).

*Univ. of Mass. Mem'l Med. Ctr., Inc. v. Christodoulou,* 180 *N.J.* 334, 851 *A.*2d 636 (2004).

*State v. Ways,* 180 *N.J.* 171, 850 *A.*2d 440 (2004).

*Comparato v. Schait,* 180 *N.J.* 90, 848 *A.*2d 770 (2004).

*Selective Ins. Co. of Am. v. Thomas,* 179 *N.J.* 616, 847 *A.*2d 578 (2004).

*In re of the N.J. Individual Health Coverage Program's Readoption of N.J.A.C. 11:20–1 et seq.,* 179 *N.J.* 570, 847 *A.*2d 552 (2004).

*State v. Cook,* 179 *N.J.* 533, 847 *A.*2d 530 (2004).

*Island Venture Assocs. v. N.J. Dep't of Envtl. Prot.,* 179 *N.J.* 485, 846 *A.*2d 1228 (2004).

*Maw v. Advanced Clinical Communs., Inc.,* 179 *N.J.* 439, 846 *A.*2d 604 (2004).

*Borteck v. Riker, Danzig, Scherer, Hyland & Perretti, LLP,* 179 *N.J.* 246, 844 *A.*2d 521 (2004).

*Craft v. Stevenson Lumber Yard, Inc.,* 179 *N.J.* 56, 843 *A.*2d 1076 (2004).

*Verdicchio v. Ricca,* 179 *N.J.* 1, 843 *A.*2d 1042 (2004).

*State v. Fortin,* 178 *N.J.* 540, 843 *A.*2d 974 (2004).

*State v. Milne,* 178 *N.J.* 486, 842 *A.*2d 140 (2004).

*State v. P.H.,* 178 *N.J.* 378, 840 *A.*2d 808 (2004).

*State v. Jenkins,* 178 *N.J.* 347, 840 *A.*2d 242 (2004).

*Macedo v. Dello Russo,* 178 *N.J.* 340, 840 *A.*2d 238 (2004).

*State v. Oliphant,* 178 *N.J.* 245, 837 *A.*2d 1089 (2003).

*In re Gallo,* 178 *N.J.* 115, 835 *A.*2d 682 (2003).

*In re N.J. Individual Health Coverage Program's Readoption of N.J.A.C. 11:20–1,* 178 *N.J.* 106, 835 *A.*2d 321 (2003).

*State v. Natale,* 178 *N.J.* 51, 834 *A.*2d 1024 (2003).

*State v. Greeley,* 178 *N.J.* 38, 834 *A.*2d 1016 (2003).

*State v. Artwell,* 177 *N.J.* 526, 832 *A.*2d 295 (2003).

*Jumpp v. City of Ventnor,* 177 *N.J.* 470, 828 *A.*2d 905 (2003).

*Lockley v. Dep't of Corr.,* 177 *N.J.* 413, 828 *A.*2d 869 (2003).

*State v. Holland,* 176 *N.J.* 344, 823 *A.*2d 38 (2003).

*Tischler v. Watts,* 177 *N.J.* 243, 827 *A.*2d 1036 (2003).

*State v. Garron,* 177 *N.J.* 147, 827 *A.*2d 243 (2003).

*N.J. Transit Corp. v. Cat in the Hat, LLC,* 177 *N.J.* 29, 826 *A.*2d 690 (2003).

*Hous. Auth. v. Suydam Investors, L.L.C.,* 177 *N.J.* 2, 826 *A.*2d 673 (2003).

*Crippen v. Cent. Jersey Concrete Pipe Co.,* 176 *N.J.* 397, 823 *A.*2d 789 (2003).

*Tomeo v. Thomas Whitesell Constr. Co.,* 176 *N.J.* 366, 823 *A.*2d 769 (2003).

*State v. Holland,* 176 *N.J.* 344, 823 *A.*2d 38 (2003).

*Kosmowski v. Atl. City Med. Ctr.,* 175 *N.J.* 568, 818 *A.*2d 319 (2003).

*Nisivoccia v. Glass Gardens, Inc.,* 175 *N.J.* 559, 818 *A.*2d 314 (2003).

*Van Note–Harvey Assocs., P.C. v. Twp. of E. Hanover,* 175 *N.J.* 535, 816 *A.*2d 1041 (2003).

*State v. Brooks,* 175 *N.J.* 215, 814 *A.*2d 1051 (2002).

*Mortara v. Cigna Prop. & Cas. Ins. Co.,* 174 *N.J.* 566, 811 *A.*2d 404 (2002).

*Lonegan v. State,* 174 *N.J.* 435, 809 *A.*2d 91 (2002).

*Matturri v. Bd. of Trs. of the Judicial Ret. Sys.*, 173 *N.J.* 368, 802 *A.*2d 496 (2002).

*State v. Marshall*, 173 *N.J.* 343, 801 *A.*2d 1142 (2002).

*Couri v. Gardner*, 173 *N.J.* 328, 801 *A.*2d 1134 (2002).

*In re PSE & G Shareholder Litigation*, 173 *N.J.* 258, 801 *A.*2d 295 (2002).

*In re R.S.*, 173 *N.J.* 134, 801 *A.*2d 219 (2002).

*In re Commitment of W.Z.*, 173 *N.J.* 109, 801 *A.*2d 205 (2002).

*Viscik v. Fowler Equip. Co.*, 173 *N.J.* 1, 800 *A.*2d 826 (2002).

*Ballinger v. Del. River Port Auth.*, 172 *N.J.* 586, 800 *A.*2d 97 (2002).

*Abbott v. Burke*, 172 *N.J.* 294, 798 *A.*2d 602 (2002).

*Di Maria Constr. v. Interarch*, 172 *N.J.* 182, 797 *A.*2d 137 (2002).

*Starkey v. Estate of Nicolaysen*, 172 *N.J.* 60, 796 *A.*2d 238 (2002).

*O'Connell v. State*, 171 *N.J.* 484, 795 *A.*2d 857 (2002).

*Aetna Cas. & Sur. Co. v. Simone*, 170 *N.J.* 438, 790 *A.*2d 157 (2002).

*Bd. of Educ. of Englewood Cliffs v. Bd. of Educ. of Englewood*, 170 *N.J.* 323, 788 *A.*2d 729 (2002).

*Heher v. Smith*, 170 *N.J.* 213, 785 *A.*2d 907 (2001).

*Dep't of Labor v. Pepsi–Cola Co.*, 170 *N.J.* 59, 784 *A.*2d 64 (2001).

*Trinity Cemetery Ass'n v. Twp. of Wall*, 170 *N.J.* 39, 784 *A.*2d 52 (2001).

*Campbell v. N.J. Racing Comm'n*, 169 *N.J.* 579, 781 *A.*2d 1035 (2001).

*State v. Fowlkes*, 169 *N.J.* 387, 778 *A.*2d 422 (2001).

*State v. Wade*, 169 *N.J.* 302, 777 *A.*2d 346 (2001).

*In re Williams*, 169 *N.J.* 264, 777 *A.*2d 323 (2001).

*State v. Sullivan*, 169 *N.J.* 204, 777 *A.*2d 60 (2001).

*Zacarias v. Allstate Ins. Co.,* 168 *N.J.* 590, 775 *A.*2d 1262 (2001).

*Palanque v. Lambert–Woolley,* 168 *N.J.* 398, 774 *A.*2d 501 (2001).

*Hubbard v. Reed,* 168 *N.J.* 387, 774 *A.*2d 495 (2001).

*Mahoney v. Podolnick,* 168 *N.J.* 202, 773 *A.*2d 1102 (2001).

*Do–Wop Corp. v. City of Rahway,* 168 *N.J.* 191, 773 *A.*2d 706 (2001).

*State v. Manzie,* 168 *N.J.* 113, 773 *A.*2d 659 (2001).

*Fink v. Thompson,* 167 *N.J.* 551, 772 *A.*2d 386 (2001).

*Christie v. Jeney,* 167 *N.J.* 509, 772 *A.*2d 361 (2001).

*State v. Rolex,* 167 *N.J.* 447, 771 *A.*2d 1206 (2001).

*Galik v. Clara Maass Med. Ctr.,* 167 *N.J.* 341, 771 *A.*2d 1141 (2001).

*Allen v. Fauver,* 167 *N.J.* 69, 768 *A.*2d 1055 (2001).

*State v. Rumblin,* 166 *N.J.* 550, 766 *A.*2d 1141 (2001).

*State v. Johnson,* 166 *N.J.* 523, 766 *A.*2d 1126 (2001).

*In re Convery,* 166 *N.J.* 298, 765 *A.*2d 724 (2001).

*City Check Cashing v. Mfrs. Hanover Trust Co.,* 166 *N.J.* 49, 764 *A.*2d 411 (2001).

*In re Samay,* 166 *N.J.* 25, 764 *A.*2d 398 (2001).

*In re Jackman,* 165 *N.J.* 580, 761 *A.*2d 1103 (2000).

*State v. Feaster,* 165 *N.J.* 388, 757 *A.*2d 266 (2000).

*State v. Harris,* 165 *N.J.* 303, 757 *A.*2d 221 (2000).

*State v. Morton,* 165 *N.J.* 235, 757 *A.*2d 184 (2000).

*In re Liquidation of Integrity Ins. Co.,* 165 *N.J.* 75, 754 *A.*2d 1177 (2000).

*Cox v. RKA Corp.,* 164 *N.J.* 487, 753 *A.*2d 1112 (2000).

*In re Pena,* 164 *N.J.* 222, 753 *A.*2d 633 (2000).

*Am. Trucking Ass'ns, Inc. v. State,* 164 *N.J.* 183, 752 *A.*2d 1286 (2000).

*In re Kelly,* 164 *N.J.* 173, 752 *A.*2d 715 (2000).

*Kurzke v. Nissan Motor Corp. in U.S.A.,* 164 *N.J.* 159, 752 *A.*2d 708 (2000).

*Beauchamp v. Amedio,* 164 *N.J.* 111, 751 *A.*2d 1047 (2000).

*Ventola v. N.J. Veteran's Mem'l Home,* 164 *N.J.* 74, 751 *A.*2d 559 (2000).

*Greenway Dev. Co. v. Borough of Paramus,* 163 *N.J.* 546, 750 *A.*2d 764 (2000).

*Wymbs v. Twp. of Wayne,* 163 *N.J.* 523, 750 *A.*2d 751 (2000).

*In re Schwartz,* 163 *N.J.* 501, 750 *A.*2d 88 (2000).

*Wanetick v. Gateway Mitsubishi,* 163 *N.J.* 484, 750 *A.*2d 79 (2000).

*Golden v. County of Union,* 163 *N.J.* 420, 749 *A.*2d 842 (2000).

*State v. Lark,* 163 *N.J.* 294, 748 *A.*2d 1103 (2000).

*In re Wright,* 163 *N.J.* 133, 748 *A.*2d 103 (2000).

*163 N.J. 16,* 163 *N.J.* 95 (2000).

*Gallagher v. Burdette–Tomlin Mem. Hosp.,* 163 *N.J.* 38, 747 *A.*2d 262 (2000).

*Mancuso v. Neckles,* 163 *N.J.* 26, 747 *A.*2d 255 (2000).

*State v. Burford,* 163 *N.J.* 16, 746 *A.*2d 998 (2000).

*Aponte–Correa v. Allstate Ins. Co.,* 162 *N.J.* 318, 744 *A.*2d 175 (2000).

*Blank v. City of Elizabeth,* 162 *N.J.* 150, 742 *A.*2d 540 (1999).

*Baker v. Nat'l State Bank,* 161 *N.J.* 220, 736 *A.*2d 462 (1999).

*In re Opinion 33 of the Comm. on the Unauthorized Practice of Law,* 160 *N.J.* 63, 733 *A.*2d 478 (1999).

*New Brunswick Cellular Tel. Co. v. Borough of S. Plainfield Bd. of Adjustment,* 160 *N.J.* 1, 733 *A.*2d 442 (1999).

*Gibson v. Callaghan,* 158 *N.J.* 662, 730 *A.*2d 1278 (1999).

*Eagan v. Boyarsky,* 158 *N.J.* 632, 731 *A.*2d 28 (1999).

*Lowe v. Zarghami*, 158 *N.J.* 606, 731 *A.*2d 14 (1999).

*In re Di Martini*, 158 *N.J.* 439, 730 *A.*2d 346 (1999).

*In re Hodge*, 158 *N.J.* 289, 729 *A.*2d 1020 (1999).

*R & R Mktg., L.L.C. v. Brown–Forman Corp.*, 158 *N.J.* 170, 729 *A.*2d 1 (1999).

*State v. Cromedy*, 158 *N.J.* 112, 727 *A.*2d 457 (1999).

*A. v. B.*, 158 *N.J.* 51, 726 *A.*2d 924 (1999).

*State v. Caliguiri*, 158 *N.J.* 28, 726 *A.*2d 912 (1999).

*State v. Covell*, 157 *N.J.* 554, 725 *A.*2d 675 (1999).

*Spencer v. Bristol–Meyers Squibb Co.*, 156 *N.J.* 455, 720 *A.*2d 601 (1998).

*Laufgas v. N.J. Tpk. Auth.*, 156 *N.J.* 436, 720 *A.*2d 335 (1998).

*State v. Nelson*, 155 *N.J.* 487, 715 *A.*2d 281 (1998).

*James v. Bessemer Processing Co.*, 155 *N.J.* 279, 714 *A.*2d 898 (1998).

*State v. Smith*, 155 *N.J.* 83, 713 *A.*2d 1033 (1998).

*State v. Zeidell*, 154 *N.J.* 417, 713 *A.*2d 401 (1998).

*State v. Pennington*, 154 *N.J.* 344, 712 *A.*2d 1133 (1998).

*Carter–Wallace, Inc. v. Admiral Ins. Co.*, 154 *N.J.* 312, 712 *A.*2d 1116 (1998).

*Unisys Corp. v. Ins. Co. of N. Am.*, 154 *N.J.* 217, 712 *A.*2d 649 (1998).

*Pfizer, Inc. v. Employers Ins.*, 154 *N.J.* 187, 712 *A.*2d 634 (1998).

*Trantino v. N.J. State Parole Bd.*, 154 *N.J.* 19, 711 *A.*2d 260 (1998).

*Mehlman v. Mobil Oil Corp.*, 153 *N.J.* 163, 707 *A.*2d 1000 (1998).

*State v. Dickey*, 152 *N.J.* 468, 706 *A.*2d 180 (1998).

*Marsh v. N.J. Dep't of Envtl. Prot.*, 152 *N.J.* 137, 703 *A.*2d 927 (1997).

*County of Hudson v. Dep't of Corr.*, 152 *N.J.* 60, 703 *A.*2d 268 (1997).

*United Water Res. v. N. Jersey Dist. Water Supply Comm'n*, 151 *N.J.* 497, 701 *A.*2d 434 (1997).

*State v. Harvey*, 151 *N.J.* 117, 699 *A.*2d 596 (1997).

*GMC v. City of Linden*, 151 *N.J.* 462, 700 *A.*2d 875 (1997).

*State v. Villar*, 150 *N.J.* 503, 696 *A.*2d 674 (1997).

*N.J. Tpk. Auth. v. Am. Fed'n of State, County, & Mun. Employees, Council 73*, 150 *N.J.* 331, 696 *A.*2d 585 (1997).

*Lemelledo v. Beneficial Mgmt. Corp.*, 150 *N.J.* 255, 696 *A.*2d 546 (1997).

*In re Imbriani*, 149 *N.J.* 521, 694 *A.*2d 1030 (1997).

*Clohesy v. Food Circus Supermarkets*, 149 *N.J.* 496, 694 *A.*2d 1017 (1997).

*Kiken v. Kiken*, 149 *N.J.* 441, 694 *A.*2d 557 (1997).

*Brock v. Pub. Serv. Elec. & Gas Co.*, 149 *N.J.* 378, 693 *A.*2d 894 (1997).

*Abbott by Abbott v. Burke*, 149 *N.J.* 145, 693 *A.*2d 417 (1997).

*Twp. of Voorhees v. N.J. Dep't of Envtl. Prot.*, 149 *N.J.* 119, 693 *A.*2d 97 (1997).

*In re Return of Weapons to J.W.D.*, 149 *N.J.* 108, 693 *A.*2d 92 (1997).

*Bd. of Trs. of Operating Eng'rs Local 825 Fund Serv. Facilities v. L.B.S. Const. Co.*, 148 *N.J.* 561, 691 *A.*2d 339 (1997).

*State v. Marshall*, 148 *N.J.* 89, 690 *A.*2d 1 (1997).

*Keddie v. Rutgers*, 148 *N.J.* 36, 689 *A.*2d 702 (1997).

*Whitaker v. DeVilla*, 147 *N.J.* 341, 687 *A.*2d 738 (1997).

*Ivaldi v. Ivaldi*, 147 *N.J.* 190, 685 *A.*2d 1319 (1996).

*Del Tufo v. Twp. of Old Bridge*, 147 *N.J.* 90, 685 *A.*2d 1267 (1996).

*In re Registrant G.B.*, 147 *N.J.* 62, 685 *A.*2d 1252 (1996).

*State v. Medina,* 147 *N.J.* 43, 685 *A.*2d 1242 (1996).

*In re La Vigne,* 146 *N.J.* 590, 684 *A.*2d 1362 (1996).

*State v. Wallace,* 146 *N.J.* 576, 684 *A.*2d 1355 (1996).

*Strasenburgh v. Straubmuller,* 146 *N.J.* 527, 683 *A.*2d 818 (1996).

*In re Inquiry of Broadbelt,* 146 *N.J.* 501, 683 *A.*2d 543 (1996).

*State v. Hightower,* 146 *N.J.* 239, 680 *A.*2d 649 (1996).

*State v. Roach,* 146 *N.J.* 208, 680 *A.*2d 634 (1996).

*Kubis & Perszyk Assocs. v. Sun Microsystems,* 146 *N.J.* 176, 680 *A.*2d 618 (1996).

*Cohen v. Radio–Electronics Officers Union,* 146 *N.J.* 140, 679 *A.*2d 1188 (1996).

*In re N.N.,* 146 *N.J.* 112, 679 *A.*2d 1174 (1996).

*In re Registrant, C.A.,* 146 *N.J.* 71, 679 *A.*2d 1153 (1996).

*In re D.C.,* 146 *N.J.* 31, 679 *A.*2d 634 (1996).

*State Farm Mut. Auto. Ins. Co. v. Licensed Bev. Ins. Exch.,* 146 *N.J.* 1, 679 *A.*2d 620 (1996).

*Holgate Prop. Assocs. v. Twp. of Howell,* 145 *N.J.* 590, 679 *A.*2d 613 (1996).

*State v. Womack,* 145 *N.J.* 576, 679 *A.*2d 606 (1996).

*R.C. Maxwell Co. v. Galloway Twp.,* 145 *N.J.* 547, 679 *A.*2d 141 (1996).

*State v. Burris,* 145 *N.J.* 509, 679 *A.*2d 121 (1996).

*Gantes v. Kason Corp.,* 145 *N.J.* 478, 679 *A.*2d 106 (1996).

*State v. G.S.,* 145 *N.J.* 460, 678 *A.*2d 1092 (1996).

*Ahn v. Kim,* 145 *N.J.* 423, 678 *A.*2d 1073 (1996).

*Conklin v. Hannoch Weisman,* 145 *N.J.* 395, 678 *A.*2d 1060 (1996).

*Munoz v. N.J. Auto. Full Ins. Underwriting Ass'n,* 145 *N.J.* 377, 678 *A.*2d 1051 (1996).

*Eagle Fire Prot. Corp. v. First Indem. of Am. Ins. Co.,* 145 *N.J.* 345, 678 *A.*2d 699 (1996).

*State v. Chenique–Puey,* 145 *N.J.* 334, 678 *A.*2d 694 (1996).

*Lyn–Anna Props. v. Harborview Dev. Corp.,* 145 *N.J.* 313, 678 *A.*2d 683 (1996).

*Brennan v. Orban,* 145 *N.J.* 282, 678 *A.*2d 667 (1996).

*Bd. of Educ. of Newark v. N.J. Dep't of the Treasury,* 145 *N.J.* 269, 678 *A.*2d 660 (1996).

*State v. Abronski,* 145 *N.J.* 265, 678 *A.*2d 659 (1996).

*State v. Knight,* 145 *N.J.* 233, 678 *A.*2d 642 (1996).

*State v. Gerns,* 145 *N.J.* 216, 678 *A.*2d 634 (1996).

*Prevratil v. Mohr,* 145 *N.J.* 180, 678 *A.*2d 243 (1996).

*State v. Kirk,* 145 *N.J.* 159, 678 *A.*2d 233 (1996).

*State v. Kittrell,* 145 *N.J.* 112, 678 *A.*2d 209 (1996).

*In re Univ. of Med. & Dentistry of N.J.,* 144 *N.J.* 511, 677 *A.*2d 721 (1996).

*State v. Jack,* 144 *N.J.* 240, 676 *A.*2d 545 (1996).

*Weiss v. Carpenter,* 143 *N.J.* 420, 672 *A.*2d 1132 (1996).

*Milos v. Exxon Co., U.S.A.,* 143 *N.J.* 333, 671 *A.*2d 120 (1996).

*Pagano v. United Jersey Bank,* 143 *N.J.* 220, 670 *A.*2d 509 (1996).

*In re Beck,* 143 *N.J.* 135, 669 *A.*2d 238 (1996).

*Mazza v. Bd. of Trs.,* 143 *N.J.* 22, 667 *A.*2d 1052 (1995).

*Verriest v. INA Underwriters Ins. Co.,* 142 *N.J.* 401, 662 *A.*2d 967 (1995).

*Mortgagelinq Corp. v. Commonwealth Land Title Ins. Co.,* 142 *N.J.* 336, 662 *A.*2d 536 (1995).

*Circle Chevrolet Co. v. Giordano, Halleran & Ciesla,* 142 *N.J.* 280, 662 *A.*2d 509 (1995).

*State v. Harris,* 141 *N.J.* 525, 662 *A.*2d 333 (1995).

State v. Mejia, 141 N.J. 475, 662 A.2d 308 (1995).

Silverman v. Berkson, 141 N.J. 412, 661 A.2d 1266 (1995).

Martin v. Home Ins. Co., 141 N.J. 279, 661 A.2d 808 (1995).

Anzalone v. Westech Gear Corp., 141 N.J. 256, 661 A.2d 796 (1995).

Prudential Prop. & Cas. Ins. Co. v. Monmouth County Mun. Joint Ins. Fund, 141 N.J. 235, 661 A.2d 785 (1995).

State v. Ball, 141 N.J. 142, 661 A.2d 251 (1995).

Higg–A–Rella, Inc. v. County of Essex, 141 N.J. 35, 660 A.2d 1163 (1995).

Young v. Schering Corp., 141 N.J. 16, 660 A.2d 1153 (1995).

Mitzner v. Lights 18, 140 N.J. 573, 660 A.2d 480 (1995).

In re Shelly, 140 N.J. 501, 659 A.2d 460 (1995).

Fiore v. Consol. Freightways, 140 N.J. 452, 659 A.2d 436 (1995).

In re Carton, 140 N.J. 330, 658 A.2d 1211 (1995).

State v. Berry, 140 N.J. 280, 658 A.2d 702 (1994).

Resolution Trust Corp. v. Lanzaro, 140 N.J. 244, 658 A.2d 282 (1995).

Gubernat v. Deremer, 140 N.J. 120, 657 A.2d 856 (1995).

State v. D.D.M., 140 N.J. 83, 657 A.2d 837 (1995).

Strawn v. Canuso, 140 N.J. 43, 657 A.2d 420 (1995).

N.J. Steel Corp. v. Warburton, 139 N.J. 536, 655 A.2d 1382 (1995).

P.F. v. N.J. Div. of Developmental Disabilities, 139 N.J. 522, 656 A.2d 1 (1995).

Petrillo v. Bachenberg, 139 N.J. 472, 655 A.2d 1354 (1995).

Turf Lawnmower Repair v. Bergen Record Corp., 139 N.J. 392, 655 A.2d 417 (1995).

Roberts v. Rich Foods, 139 N.J. 365, 654 A.2d 1365 (1995).

*In re Opinion No. 26 of the Comm.,* 139 *N.J.* 323, 654 *A.*2d 1344 (1995).

*Gendek v. Poblete,* 139 *N.J.* 291, 654 *A.*2d 970 (1995).

*In re Guidone,* 139 *N.J.* 272, 653 *A.*2d 1127 (1994).

*State v. Nwobu,* 139 *N.J.* 236, 652 *A.*2d 1209 (1995).

*Rutgers Casualty Ins. Co. v. Vassas,* 139 *N.J.* 163, 652 *A.*2d 162 (1995).

*Scotch Plains–Fanwood Bd. of Educ. v. Scotch Plains–Fanwood Educ. Ass'n,* 139 *N.J.* 141, 651 *A.*2d 1018 (1995).

*M. Alfieri Co. v. Dep't of Envtl. Prot. & Energy,* 138 *N.J.* 642, 651 *A.*2d 99 (1995).

*Ledley v. William Penn Life Ins. Co.,* 138 *N.J.* 627, 651 *A.*2d 92 (1995).

*Owens–Illinois, Inc. v. United Ins. Co.,* 138 *N.J.* 437, 650 *A.*2d 974 (1994).

*Abbamont v. Piscataway Twp. Bd. of Educ.,* 138 *N.J.* 405, 650 *A.*2d 958 (1994).

*N.J. Coalition Against War in the Middle E. v. J.M.B. Realty Corp.,* 138 *N.J.* 326, 650 *A.*2d 757 (1994).

*Murray v. Lawson,* 138 *N.J.* 206, 649 *A.*2d 1253 (1994).

*Rumbauskas v. Cantor,* 138 *N.J.* 173, 649 *A.*2d 853 (1994).

*Civalier by Civalier v. Estate of Trancucci,* 138 *N.J.* 52, 648 *A.*2d 705 (1994).

*Cox v. Sears Roebuck & Co.,* 138 *N.J.* 2, 647 *A.*2d 454 (1994).

*Paul Revere Life Ins. Co. v. Haas,* 137 *N.J.* 190, 644 *A.*2d 1098 (1994).

*Great Atl. & Pac. Tea Co. v. Borough of Point Pleasant,* 137 *N.J.* 136, 644 *A.*2d 598 (1994).

*Feinberg v. N.J. Dep't of Envtl. Prot.,* 137 *N.J.* 126, 644 *A.*2d 593 (1994).

*In re Comm'r of Insurance's Issuance of Orders A–92–189 & A–92–212,* 137 *N.J.* 93, 644 *A.*2d 576 (1994).

*Costello v. Ocean County Observer,* 136 *N.J.* 594, 643 *A.*2d 1012 (1994).

*N.J. Div. of Youth & Family Servs. v. K.M.,* 136 *N.J.* 546, 643 *A.*2d 987 (1994).

*State v. Robinson,* 136 *N.J.* 476, 643 *A.*2d 591 (1994).

*Caldwell v. Haynes,* 136 *N.J.* 422, 643 *A.*2d 564 (1994).

*Booker v. N.J. State Parole Bd.,* 136 *N.J.* 257, 642 *A.*2d 984 (1994).

*State v. Tucker,* 136 *N.J.* 158, 642 *A.*2d 401 (1994).

*Dunphy v. Gregor,* 136 *N.J.* 99, 642 *A.*2d 372 (1994).

*Witkowski v. Thomas J. Lipton,* 136 *N.J.* 385, 643 *A.*2d 546 (1994).

*State v. Vawter,* 136 *N.J.* 56, 642 *A.*2d 349 (1994).

*State v. Mortimer,* 135 *N.J.* 517, 641 *A.*2d 257 (1994).

*1530 Owners Corp. v. Borough of Fort Lee,* 135 *N.J.* 394, 640 *A.*2d 811 (1994).

*C.I.C. Corp. v. Twp. of E. Brunswick,* 135 *N.J.* 121, 638 *A.*2d 812 (1994).

*Brunswick Corp. v. Dir., Div. of Taxation,* 135 *N.J.* 107, 638 *A.*2d 805 (1994).

*De Vesa v. Dorsey,* 134 *N.J.* 420, 634 *A.*2d 493 (1993).

*Sears Mortgage Corp. v. Rose,* 134 *N.J.* 326, 634 *A.*2d 74 (1993).

*In re Essex County 1990 Judicial Budget Impasse,* 133 *N.J.* 408, 627 *A.*2d 1123 (1992).

*Cupano v. Gluck,* 133 *N.J.* 225, 627 *A.*2d 624 (1993).

*In re Siegel,* 133 *N.J.* 162, 627 *A.*2d 156 (1993).

*Baldasarre v. Butler,* 132 *N.J.* 278, 625 *A.*2d 458 (1993).

*In re Annich,* 130 *N.J.* 538, 617 *A.*2d 664 (1993).

*Twp. of Holmdel v. Dir., Div. of Taxation,* 130 *N.J.* 522, 617 *A.*2d 656 (1992).

*Bernardsville Quarry v. Borough of Bernardsville,* 129 *N.J.* 221, 608 *A.*2d 1377 (1992).

*In re Norton,* 128 *N.J.* 520, 608 *A.*2d 328 (1992).

*In re N.J.A.C.,* 128 *N.J.* 442, 608 *A.*2d 288 (1992).

*In re Opinion No. 24 of Comm. on Unauthorized Practice of Law,* 128 *N.J.* 114, 607 *A.*2d 962 (1992).

*Goyden v. State,* 128 *N.J.* 54, 607 *A.*2d 622 (1992).

*Jacob v. Norris,* 128 *N.J.* 10, 607 *A.*2d 142 (1992).

*Reg'l Recycling, Inc. v. Dep't of Envtl. Prot. & Energy,* 127 *N.J.* 568, 606 *A.*2d 815 (1992).

*State v. Cofield,* 127 *N.J.* 328, 605 *A.*2d 230 (1992).

*Ford Motor Co. v. Edison,* 127 *N.J.* 290, 604 *A.*2d 580 (1992).

*In re Collester,* 126 *N.J.* 468, 599 *A.*2d 1275 (1992).

*First Peoples Bank v. Medford,* 126 *N.J.* 413, 599 *A.*2d 1248 (1991).

*Rubanick v. Witco Chem. Corp.,* 125 *N.J.* 421, 593 *A.*2d 733 (1991).

*State v. Apportionment Comm'n,* 125 *N.J.* 375, 593 *A.*2d 710 (1991).

*Gardner v. N.J. Pinelands Comm'n,* 125 *N.J.* 193, 593 *A.*2d 251 (1991).

*Alexander's Dep't Stores v. Paramus,* 125 *N.J.* 100, 592 *A.*2d 1168 (1991).

*Town of Morristown v. Woman's Club of Morristown,* 124 *N.J.* 605, 592 *A.*2d 216 (1991).

*Chattin v. Cape May Greene,* 124 *N.J.* 520, 591 *A.*2d 943 (1991).

*In re Breslow,* 124 *N.J.* 386, 590 *A.*2d 1185 (1991).

*Vasconi v. Guardian Life Ins. Co.,* 124 *N.J.* 338, 590 *A.*2d 1161 (1991).

*In re Lawson,* 124 *N.J.* 280, 590 *A.*2d 1132 (1991).

*In re Connor,* 124 *N.J.* 18, 589 *A.*2d 1347 (1991).

*In re Will of Ranney,* 124 *N.J.* 1, 589 *A.*2d 1339 (1991).

*Velasquez v. Franz,* 123 *N.J.* 498, 589 *A.*2d 143 (1991).

*Noble Oil Co. v. Dep't of Envtl. Prot.,* 123 *N.J.* 474, 588 *A.*2d 822 (1991).

*Rodio v. Smith,* 123 *N.J.* 345, 587 *A.*2d 621 (1991).

*Weinisch v. Sawyer,* 123 *N.J.* 333, 587 *A.*2d 615 (1991).

*Davidson Bros. v. D. Katz & Sons, Inc.,* 121 *N.J.* 196, 579 *A.*2d 288 (1990).

*State v. Graff,* 121 *N.J.* 131, 577 *A.*2d 1270 (1990).

*State v. Hamm,* 121 *N.J.* 109, 577 *A.*2d 1259 (1990).

*In re Albert,* 120 *N.J.* 698, 577 *A.*2d 507 (1990).

*Nolan v. Lee Ho,* 120 *N.J.* 465, 577 *A.*2d 143 (1990).

*N.J. Div. of Youth & Family Servs. v. J.B.,* 120 *N.J.* 112, 576 *A.*2d 261 (1990).

*Tumpson v. Farina,* 120 *N.J.* 55, 575 *A.*2d 1368 (1990).

*State v. Laurick,* 120 *N.J.* 1, 575 *A.*2d 1340 (1990).

*State v. Bigham,* 119 *N.J.* 646, 575 *A.*2d 868 (1990).

*State v. Pineda,* 119 *N.J.* 621, 575 *A.*2d 855 (1990).

*Olah v. Slobodian,* 119 *N.J.* 119, 574 *A.*2d 411 (1990).

*State v. Brown,* 118 *N.J.* 595, 573 *A.*2d 886 (1990).

*In re Adoption of N.J.A.C.,* 118 *N.J.* 552, 573 *A.*2d 143 (1990).

*State Farm Mut. Auto. Ins. Co. v. State,* 118 *N.J.* 336, 571 *A.*2d 957 (1990).

*Perth Amboy Iron Works v. Am. Home Assurance Co.,* 118 *N.J.* 249, 571 *A.*2d 294 (1990).

*In re Martin,* 118 *N.J.* 239, 571 *A.*2d 288 (1990).

*Estate of Darrin v. Dir. of the Div. of Taxation,* 118 *N.J.* 193, 570 *A.*2d 958 (1989).

*Freda v. Commercial Trust Co.,* 118 *N.J.* 36, 570 *A.*2d 409 (1990).

*Innes v. Innes,* 117 *N.J.* 496, 569 *A.*2d 770 (1990).

*In re Librizzi,* 117 *N.J.* 481, 569 *A.*2d 257 (1990).

*In re Whitmore,* 117 *N.J.* 472, 569 *A.*2d 252 (1990).

*State v. Downie,* 117 *N.J.* 450, 569 *A.*2d 242 (1990).

*Manasquan River Reg'l Sewerage Auth. v. Ocean County Utils. Auth.,* 117 *N.J.* 239, 566 *A.*2d 186 (1989).

*Printing Mart–Morristown v. Sharp Electronics Corp.,* 116 *N.J.* 739, 563 *A.*2d 31 (1989).

*W.V. Pangborne & Co. v. N.J. Dep't of Transp.,* 116 *N.J.* 543, 562 *A.*2d 222 (1989).

*Walker Rogge, Inc. v. Chelsea Title & Guaranty Co.,* 116 *N.J.* 517, 562 *A.*2d 208 (1989).

*Promaulayko v. Johns Manville Sales Corp.,* 116 *N.J.* 505, 562 *A.*2d 202 (1989).

*In re C.V.S. Pharm. Wayne,* 116 *N.J.* 490, 561 *A.*2d 1160 (1989).

*State v. Lewis,* 116 *N.J.* 477, 561 *A.*2d 1153 (1989).

*State v. Hutchins,* 116 *N.J.* 457, 561 *A.*2d 1142 (1989).

*Decker v. Princeton Packet, Inc.,* 116 *N.J.* 418, 561 *A.*2d 1122 (1989).

*In re Hunterdon County Bd. of Chosen Freeholders,* 116 *N.J.* 322, 561 *A.*2d 597 (1989).

*Bd. of Educ. v. Deptford,* 116 *N.J.* 305, 561 *A.*2d 589 (1989).

*State v. McCoy,* 116 *N.J.* 293, 561 *A.*2d 582 (1989).

*Shackil v. Lederle Labs., Div. of Am. Cyanamid, Co.,* 116 *N.J.* 155, 561 *A.*2d 511 (1989).

*Williams v. Dep't of Human Servs.,* 116 *N.J.* 102, 561 *A.*2d 244 (1989).

*State v. Johnson,* 116 *N.J.* 99, 561 *A.*2d 243 (1989).

*Browning–Ferris Indus. v. Passaic,* 116 *N.J.* 83, 560 *A.*2d 1208 (1989).

*State v. Odom,* 116 *N.J.* 65, 560 *A.*2d 1198 (1989).

*Pico v. State,* 116 *N.J.* 55, 560 *A.*2d 1193 (1989).

*Rahnefeld v. Security Ins. Co.,* 115 *N.J.* 628, 560 *A.*2d 670 (1989).

*Accountemps Div. of Robert Half, Inc. v. Birch Tree Group, Ltd.,* 115 *N.J.* 614, 560 *A.*2d 663 (1989).

*State v. Bolte,* 115 *N.J.* 579, 560 *A.*2d 644 (1989).

*State v. Pillot,* 115 *N.J.* 558, 560 *A.*2d 634 (1989).

*Urban League of Greater New Brunswick v. Carteret,* 115 *N.J.* 536, 559 *A.*2d 1369 (1989).

*447 Associates v. Miranda,* 115 *N.J.* 522, 559 *A.*2d 1362 (1989).

*In re Spagnoli,* 115 *N.J.* 504, 559 *A.*2d 1352 (1989).

*In re Iulo,* 115 *N.J.* 498, 559 *A.*2d 1349 (1989).

*Graves v. Church & Dwight Co.,* 115 *N.J.* 256, 558 *A.*2d 463 (1989).

*Millison v. E.I. du Pont de Nemours & Co.,* 115 *N.J.* 252, 558 *A.*2d 461 (1989).

*In re Gold,* 115 *N.J.* 239, 557 *A.*2d 1378 (1989).

*State by Comm'r of Transp. v. Hess Realty Corp.,* 115 *N.J.* 229, 557 *A.*2d 1372 (1989).

*Littman v. Gimello,* 115 *N.J.* 154, 557 *A.*2d 314 (1989).

*In re Ritger,* 115 *N.J.* 50, 556 *A.*2d 1201 (1989).

*In re State,* 114 *N.J.* 316, 554 *A.*2d 1309 (1989).

*Lower Main St. Assocs. v. N.J. Housing & Mortg. Finan. Agency,* 114 *N.J.* 226, 553 *A.*2d 798 (1989).

*Moore v. Moore,* 114 *N.J.* 147, 553 *A.*2d 20 (1989).

*Friends of Governor Kean v. N.J. Election Law Enforcement Comm'n,* 114 *N.J.* 33, 552 *A.*2d 612 (1989).

*La Pollo v. Hospital Service Plan,* 113 *N.J.* 611, 552 *A.*2d 150 (1989).

*Giardina v. Bennett,* 111 *N.J.* 412, 545 *A.*2d 139 (1988).

*In re Peia,* 111 *N.J.* 318, 544 *A.*2d 838 (1988).

*Byram Township v. Western World,* 111 *N.J.* 222, 544 *A.*2d 37 (1988).

*In re Adoption of Child of Indian Heritage,* 111 *N.J.* 155, 543 *A.*2d 925 (1988).

*NYT Cable TV v. Homestead at Mansfield,* 111 *N.J.* 21, 543 *A.*2d 10 (1988).

*Hirsch v. Tushill, Ltd.,* 110 *N.J.* 644, 542 *A.*2d 897 (1988).

*Aujero v. Cirelli,* 110 *N.J.* 566, 542 *A.*2d 465 (1988).

*Jansen v. Food Circus Supermarkets, Inc.,* 110 *N.J.* 363, 541 *A.*2d 682 (1988).

*In re J.I.S. Industrial Service Co. Landfill,* 110 *N.J.* 101, 539 *A.*2d 1197 (1988).

*In re Directive of the N.J. Dep't of Envtl. Prot.,* 110 *N.J.* 69, 539 *A.*2d 1181 (1988).

*Fuchilla v. Layman,* 109 *N.J.* 319, 537 *A.*2d 652 (1988).

*In re 1987 Essex County Judicial Budget Impasse,* 109 *N.J.* 89, 533 *A.*2d 961 (1987).

*Riccio v. Prudential Prop. & Cas. Ins. Co.,* 108 *N.J.* 493, 531 *A.*2d 717 (1987).

*N.J. Builders Ass'n v. Bernards Twp.,* 108 *N.J.* 223, 528 *A.*2d 555 (1987).

*Gauer v. Essex County Div. of Welfare,* 108 *N.J.* 140, 528 *A.*2d 1 (1987).

*Kimmelman v. Henkels & McCoy, Inc.,* 108 *N.J.* 123, 527 *A.*2d 1368 (1987).

*Transamerica Ins. Co. v. Nat'l Roofing, Inc.,* 108 *N.J.* 59, 527 *A.*2d 864 (1987).

*Smith v. Dir., Div. of Taxation*, 108 *N.J.* 19, 527 *A.*2d 843 (1987).

*State v. Mulcahy*, 107 *N.J.* 467, 527 *A.*2d 368 (1987).

*Vispisiano v. Ashland Chemical Co.*, 107 *N.J.* 416, 527 *A.*2d 66 (1987).

*Barone v. Dep't of Human Servs.*, 107 *N.J.* 355, 526 *A.*2d 1055 (1987).

*Rivera v. Westinghouse Elevator Co.*, 107 *N.J.* 256, 526 *A.*2d 705 (1987).

*In re Pleva*, 106 *N.J.* 637, 525 *A.*2d 1104 (1987).

*Ayers v. Jackson*, 106 *N.J.* 557, 525 *A.*2d 287 (1987).

*In re Scavone*, 106 *N.J.* 542, 524 *A.*2d 813 (1987).

*State v. Roberts*, 105 *N.J.* 503, 523 *A.*2d 151 (1986).

*Fields v. Hoffman*, 105 *N.J.* 262, 520 *A.*2d 751 (1987).

*In re Petition of Felmeister & Isaacs*, 104 *N.J.* 515, 518 *A.*2d 188 (1986).

*In re Skevin*, 104 *N.J.* 476, 517 *A.*2d 852 (1986).

*Yellow Page Consultants, Inc. v. Nat'l Tel. Directory Corp.*, 104 *N.J.* 387, 517 *A.*2d 393 (1986).

*State v. Hodge*, 104 *N.J.* 386, 517 *A.*2d 393 (1986).

*Yellow Page Consultants, Inc. v. Nat'l Tel. Directory Corp.*, 104 *N.J.* 372, 517 *A.*2d 384 (1986).

*In re Litwin*, 104 *N.J.* 362, 517 *A.*2d 378 (1986).

*In re Orlando*, 104 *N.J.* 344, 517 *A.*2d 139 (1986).

*Dairy Stores, Inc. v. Sentinel Pub. Co.*, 104 *N.J.* 125, 516 *A.*2d 220 (1986).

*Rivera v. Prudential Prop. & Cas. Ins. Co.*, 104 *N.J.* 32, 514 *A.*2d 1296 (1986).

*In re O'Gorman*, 103 *N.J.* 700 (1986).

*N.J. Div. of Youth & Family Servs. v. A.W.*, 103 *N.J.* 591, 512 *A.*2d 438 (1986).

*Devlin v. Ocean City,* 103 *N.J.* 587, 511 *A.*2d 1192 (1986).

*Mack Paramus Co. v. Paramus,* 103 *N.J.* 564, 511 *A.*2d 1179 (1986).

*State, Dep't of Envtl. Prot. v. Stavola,* 103 *N.J.* 425, 511 *A.*2d 622 (1986).

*Mayes v. Jackson Twp. Rent Leveling Bd.,* 103 *N.J.* 362, 511 *A.*2d 589 (1986).

*Veazey v. Doremus,* 103 *N.J.* 244, 510 *A.*2d 1187 (1986).

*Edgewater Inv. Assocs. v. Edgewater,* 103 *N.J.* 227, 510 *A.*2d 1178 (1986).

*Schneider v. East Orange,* 103 *N.J.* 115, 510 *A.*2d 1118 (1986).

*Berman v. Valley Hospital,* 103 *N.J.* 100, 510 *A.*2d 673 (1986).

*Desai v. St. Barnabas Med. Ctr.,* 103 *N.J.* 79, 510 *A.*2d 662 (1986).

*Christy v. Newark,* 102 *N.J.* 598, 510 *A.*2d 22 (1986).

*In re Brown,* 102 *N.J.* 512, 509 *A.*2d 176 (1986).

*Monmouth Chrysler–Plymouth v. Chrysler Corp.,* 102 *N.J.* 485, 509 *A.*2d 161 (1986).

*Saunderlin v. E.I. Du Pont Co.,* 102 *N.J.* 402, 508 *A.*2d 1095 (1986).

*Int'l Flavors & Fragrances v. Dir., Div. of Taxation,* 102 *N.J.* 210, 507 *A.*2d 700 (1986).

*In re Noonan,* 102 *N.J.* 157, 506 *A.*2d 722 (1986).

*In re Di Biasi,* 102 *N.J.* 152, 506 *A.*2d 719 (1986).

*Automatic Merchandising Council v. Edison,* 102 *N.J.* 125, 506 *A.*2d 352 (1986).

*Crowe v. De Gioia,* 102 *N.J.* 50, 505 *A.*2d 591 (1986).

*In re Mintz,* 101 *N.J.* 527, 503 *A.*2d 290 (1986).

*In re Yaccarino,* 101 *N.J.* 342, 502 *A.*2d 3 (1985).

*Pub. Serv. Elect. & Gas Co. v. N.J. Dep't of Envtl. Prot.,* 101 *N.J.* 95, 501 *A.*2d 125 (1985).

*M.H.B. v. H.T.B.*, 100 *N.J.* 567, 498 *A.*2d 775 (1985).

*F.M.C. Stores Co. v. Borough of Morris Plains*, 100 *N.J.* 418, 495 *A.*2d 1313 (1985).

*In re Judges of Passaic County*, 100 *N.J.* 352, 495 *A.*2d 848 (1985).

*Abbott v. Burke*, 100 *N.J.* 269, 495 *A.*2d 376 (1985).

*Mochary v. Caputo*, 100 *N.J.* 119, 494 *A.*2d 1028 (1985).

*Delguidice v. N.J. Racing Com.*, 100 *N.J.* 79, 494 *A.*2d 1007 (1985).

*Silent Hoist & Crane Co. v. Dir., Div. of Taxation*, 100 *N.J.* 1, 494 *A.*2d 775 (1985).

*State v. Rovito*, 99 *N.J.* 581, 494 *A.*2d 309 (1985).

*Greenberg v. Kimmelman*, 99 *N.J.* 552, 494 *A.*2d 294 (1985).

*In re Schwartz*, 99 *N.J.* 510, 493 *A.*2d 1248 (1985).

*In re O'Gorman*, 99 *N.J.* 482, 493 *A.*2d 1233 (1985).

*State v. Lightner*, 99 *N.J.* 313, 491 *A.*2d 1273 (1985).

*Glen Wall Assocs. v. Twp. of Wall*, 99 *N.J.* 265, 491 *A.*2d 1247 (1985).

*Keyes Martin & Co. v. Dir., Div. of Purchase & Prop.*, 99 *N.J.* 244, 491 *A.*2d 1236 (1985).

*State v. Priester*, 99 *N.J.* 123, 491 *A.*2d 650 (1985).

*Wright v. Bd. of Educ.*, 99 *N.J.* 112, 491 *A.*2d 644 (1985).

*Rutherford Educ. Assoc. v. Bd. of Educ.*, 99 *N.J.* 8, 489 *A.*2d 1148 (1985).

*Steinel v. Jersey City*, 99 *N.J.* 1, 489 *A.*2d 1145 (1985).

*Spring Motors Distribs. v. Ford Motor Co.*, 98 *N.J.* 555, 489 *A.*2d 660 (1985).

*State v. Ingram*, 98 *N.J.* 489, 488 *A.*2d 545 (1985).

*Horsemen's Benevolent & Protective Assoc., N.J. Div. v. Atl. City Racing Assoc.*, 98 *N.J.* 445, 487 *A.*2d 707 (1985).

*Williams v. Bd. of Educ.*, 98 *N.J.* 319, 486 *A.*2d 846 (1985).

*Mahwah v. Bergen County Bd. of Taxation,* 98 *N.J.* 268, 486 *A.*2d 818 (1985).

*Kalman Floor Co. v. Jos. L. Muscarelle, Inc.,* 98 *N.J.* 266, 486 *A.*2d 334 (1985).

*Hazen v. Div. of Med. Assistance & Health Servs.,* 98 *N.J.* 82, 484 *A.*2d 670 (1984).

*Merker v. Div. of Med. Assistance & Health Servs.,* 98 *N.J.* 62, 484 *A.*2d 322 (1984).

*In re Gold,* 98 *N.J.* 53, 484 *A.*2d 10 (1984).

*Karcher v. Kean,* 97 *N.J.* 483, 479 *A.*2d 403 (1984).

*Burke v. Deiner,* 97 *N.J.* 465, 479 *A.*2d 393 (1984).

*Heaton v. Jersey Cent. Power & Light Co.,* 97 *N.J.* 128, 478 *A.*2d 337 (1984).

*Faherty v. Faherty,* 97 *N.J.* 99, 477 *A.*2d 1257 (1984).

*In re Knox,* 97 *N.J.* 64, 477 *A.*2d 1239 (1984).

*Wunschel v. Jersey City,* 96 *N.J.* 651, 477 *A.*2d 329 (1984).

*Lizak v. Faria,* 96 *N.J.* 482, 476 *A.*2d 1189 (1984).

*Mobay Chem. Corp. v. Dir., Div. of Taxation,* 96 *N.J.* 407, 476 *A.*2d 758 (1984).

*Fedders Fin. Corp. v. Dir., Div. of Taxation,* 96 *N.J.* 376, 476 *A.*2d 741 (1984).

*Ackert v. Keystone Auto. Ins. Co.,* 96 *N.J.* 372, 476 *A.*2d 269 (1984).

*Clendaniel v. N.J. Mfrs. Ins. Co.,* 96 *N.J.* 361, 476 *A.*2d 263 (1984).

*Belmar v. Cipolla,* 96 *N.J.* 199, 475 *A.*2d 533 (1984).

*Nash v. Bd. of Adjustment,* 96 *N.J.* 97, 474 *A.*2d 241 (1984).

*Bowen v. Bowen,* 96 *N.J.* 36, 473 *A.*2d 73 (1984).

*Singer v. State,* 95 *N.J.* 487, 472 *A.*2d 138 (1984).

*Evers v. Dollinger,* 95 *N.J.* 399, 471 *A.*2d 405 (1984).

*Baumann v. Marinaro*, 95 *N.J.* 380, 471 *A.*2d 395 (1984).

*State v. Hodge*, 95 *N.J.* 369, 471 *A.*2d 389 (1984).

*Matthews v. Bay Head Improv. Ass'n*, 95 *N.J.* 306, 471 *A.*2d 355 (1984).

*In re Labendz*, 95 *N.J.* 273, 471 *A.*2d 21 (1984).

*In re Friedland*, 95 *N.J.* 167, 470 *A.*2d 1 (1984).

*In re Sugarman*, 95 *N.J.* 7, 468 *A.*2d 424 (1983).

*State, Dept. of Envtl. Prot. v. Ventron Corp.*, 94 *N.J.* 473, 468 *A.*2d 150 (1983).

*In re Egg Harbor Assocs. (Bayshore Ctr.)*, 94 *N.J.* 358, 464 *A.*2d 1115 (1983).

*Crema v. N.J. Dep't of Envtl. Prot.*, 94 *N.J.* 286, 463 *A.*2d 910 (1983).

*O'Brien v. Muskin Corp.*, 94 *N.J.* 169, 463 *A.*2d 298 (1983).

*Town Tobacconist v. Kimmelman*, 94 *N.J.* 85, 462 *A.*2d 573 (1983).

*In re Application of Matthews*, 94 *N.J.* 59, 462 *A.*2d 165 (1983).

*In re Infinito*, 94 *N.J.* 50, 462 *A.*2d 160 (1983).

*Foldi v. Jeffries*, 93 *N.J.* 533, 461 *A.*2d 1145 (1983).

*Marzocca v. Ferone*, 93 *N.J.* 509, 461 *A.*2d 1133 (1983).

*Ross v. Canino*, 93 *N.J.* 402, 461 *A.*2d 585 (1983).

*Siller v. Hartz Mountain Assocs.*, 93 *N.J.* 370, 461 *A.*2d 568 (1983).

*Lichtman v. Bd. of Educ.*, 93 *N.J.* 362, 461 *A.*2d 158 (1983).

*Vesley v. Cambridge Mut. Fire Ins. Co.*, 93 *N.J.* 323, 460 *A.*2d 1057 (1983).

*State v. Guerra*, 93 *N.J.* 146, 459 *A.*2d 1159 (1983).

*State v. Apostolis*, 93 *N.J.* 143, 459 *A.*2d 1158 (1983).

*State v. Valencia*, 93 *N.J.* 126, 459 *A.*2d 1149 (1983).

*Berko v. Freda*, 93 *N.J.* 81, 459 *A.*2d 663 (1983).

*Maietta v. N.J. Racing Comm'n*, 93 *N.J.* 1, 459 *A.*2d 295 (1983).

*In re Vincenti*, 92 *N.J.* 591, 458 *A.*2d 1268 (1983).

*State v. Balthrop*, 92 *N.J.* 542, 457 *A.*2d 1152 (1983).

*State by Comm'r of Transp. v. Silver*, 92 *N.J.* 507, 457 *A.*2d 463 (1983)

*Manalapan Holding Co. v. Planning Bd. of Hamilton*, 92 *N.J.* 466, 457 *A.*2d 441 (1983).

*Perna v. Pirozzi*, 92 *N.J.* 446, 457 *A.*2d 431 (1983).

*Dugan v. Dugan*, 92 *N.J.* 423, 457 *A.*2d 1 (1983).

*Cogliati v. Ecco High Frequency Corp.*, 92 *N.J.* 402, 456 *A.*2d 524 (1983).

*Mirza v. Filmore Corp.*, 92 *N.J.* 390, 456 *A.*2d 518 (1983).

*Gayet v. Gayet*, 92 *N.J.* 149, 456 *A.*2d 102 (1983).

*Callen v. Sherman's, Inc.*, 92 *N.J.* 114, 455 *A.*2d 1102 (1983).

*In re Yengo*, 92 *N.J.* 9, 455 *A.*2d 457 (1983).

*Zigmont v. Bd. of Trs.*, 91 *N.J.* 580, 453 *A.*2d 1333 (1983).

*Self v. Bd. of Review*, 91 *N.J.* 453, 453 *A.*2d 170 (1982).

*Starks v. Hosp. Serv. Plan, Inc.*, 91 *N.J.* 433, 453 *A.*2d 159 (1982).

*Shapiro v. Essex County Bd. of Chosen Freeholders*, 91 *N.J.* 430, 453 *A.*2d 158 (1982).

*Tantum v. Binz*, 91 *N.J.* 426, 452 *A.*2d 667 (1982).

*In re Carrigan*, 91 *N.J.* 421, 452 *A.*2d 206 (1982).

*In re Hudson Judicial Budget Impasse*, 91 *N.J.* 412, 452 *A.*2d 202 (1982).

*A.A. Mastrangelo, Inc. v. Comm'r of Dep't of Envtl. Prot.*, 90 *N.J.* 666, 449 *A.*2d 516 (1982).

*In re Polk*, 90 *N.J.* 550, 449 *A.*2d 7 (1982).

*In re Sackman*, 90 *N.J.* 521, 448 *A.*2d 1014 (1982).

*Belle v. United Hospital Med. Ctr.,* 90 *N.J.* 444, 448 *A.*2d 473 (1982).

*Jordan v. Horsemen's Benevolent & Prot. Ass'n,* 90 *N.J.* 422, 448 *A.*2d 462 (1982).

*In re Application of Boardwalk Regency Corp. for Casino License,* 90 *N.J.* 361, 447 *A.*2d 1335 (1982).

*In re the Application of Martin,* 90 *N.J.* 295, 447 *A.*2d 1290 (1982).

*Crowe v. De Gioia,* 90 *N.J.* 126, 447 *A.*2d 173 (1982).

*In re Appeal of Certain Sections of Uniform Administrative Procedure Rules,* 90 *N.J.* 85, 447 *A.*2d 151 (1982).

*Spiewak v. Bd. of Educ.,* 90 *N.J.* 63, 447 *A.*2d 140 (1982).

*In re Hughes,* 90 *N.J.* 32, 446 *A.*2d 1208 (1982).

*In re Bricker,* 90 *N.J.* 6, 446 *A.*2d 1195 (1982).

*In re Goldstaub,* 90 *N.J.* 1, 446 *A.*2d 1192 (1982).

*Barry M. Dechtman, Inc. v. Sidpaul Corp.,* 89 *N.J.* 547, 446 *A.*2d 518 (1982).

*Rivera v. Gerner,* 89 *N.J.* 526, 446 *A.*2d 508 (1982).

*Lyon v. Barrett,* 89 *N.J.* 294, 445 *A.*2d 1153 (1982).

*Butler v. Acme Markets, Inc.,* 89 *N.J.* 270, 445 *A.*2d 1141 (1982).

*N.J. Ass'n for Retarded Citizens v. N.J. Dep't of Human Servs.,* 89 *N.J.* 234, 445 *A.*2d 704 (1982).

*MacMillan v. Dir., Div. of Taxation,* 89 *N.J.* 216, 445 *A.*2d 397 (1982).

*On Petition for Review of Opinion 475 of Advisory Comm. on Prof'l Ethics & DR2–102(c),* 89 *N.J.* 74, 444 *A.*2d 1092 (1982).

*Estate of Colquhoun v. Estate of Colquhoun,* 88 *N.J.* 558, 443 *A.*2d 1045 (1982).

*In re Advisory Comm. on Prof'l Ethics Opinion No. 447,* 86 *N.J.* 473, 432 *A.*2d 59 (1981).

*In re Barrett,* 88 *N.J.* 450, 443 *A.*2d 678 (1982).

*In re Brown,* 88 *N.J.* 443, 443 *A.*2d 675 (1982).

*In re Nigohosian,* 88 *N.J.* 308, 442 *A.*2d 1007 (1982).

*Camden v. Skokowski,* 88 *N.J.* 304, 441 *A.*2d 741 (1982).

*Passaic v. Local Finance Bd. of Dep't of Community Affairs,* 88 *N.J.* 293, 441 *A.*2d 736 (1982).

*Worthington v. Fauver,* 88 *N.J.* 183, 440 *A.*2d 1128 (1982).

*McGlynn v. N.J. Pub. Broad. Auth.,* 88 *N.J.* 112, 439 *A.*2d 54 (1981).

*Gormley v. Lan,* 88 *N.J.* 26, 438 *A.*2d 519 (1981).

*In re Quinn,* 88 *N.J.* 10, 438 *A.*2d 321 (1981).

*Saginario v. Attorney Gen.,* 87 *N.J.* 480, 435 *A.*2d 1134 (1981).

*Eden v. Conrail,* 87 *N.J.* 467, 435 *A.*2d 556 (1981).

*Renz v. Penn Cent. Corp.,* 87 *N.J.* 437, 435 *A.*2d 540 (1981).

*Freund v. Cellofilm Props., Inc.,* 87 *N.J.* 229, 432 *A.*2d 925 (1981).

*In re Opinion 452 of Advisory Comm. on Prof'l Ethics,* 87 *N.J.* 45, 432 *A.*2d 829 (1981).

*Francis v. United Jersey Bank,* 87 *N.J.* 15, 432 *A.*2d 814 (1981).

*Student Pub. Interest Research Group v. Byrne,* 86 *N.J.* 592, 432 *A.*2d 507 (1981).

*Westfield Ctr. Serv. v. Cities Serv. Oil Co.,* 86 *N.J.* 453, 432 *A.*2d 48 (1981).

*In re Smock,* 86 *N.J.* 426, 432 *A.*2d 34 (1981).

*Trainor v. Santana,* 86 *N.J.* 403, 432 *A.*2d 23 (1981).

*Nieves v. Bruno Sherman Corp.,* 86 *N.J.* 361, 431 *A.*2d 826 (1981).

*Ramirez v. Amsted Indus., Inc.,* 86 *N.J.* 332, 431 *A.*2d 811 (1981).

*In re Bd. of Educ. of Trenton,* 86 *N.J.* 327, 431 *A.*2d 808 (1981).

*495 Corp. v. N.J. Ins. Underwriting Assoc.,* 86 *N.J.* 159, 430 *A.*2d 203 (1981).

*In re Education Law Ctr., Inc.,* 86 *N.J.* 124, 429 *A.*2d 1051 (1981).

*Corbo v. Crutchlow,* 86 *N.J.* 68, 429 *A.*2d 574 (1981).

*Lally v. Copygraphics,* 85 *N.J.* 668, 428 *A.*2d 1317 (1981).

*Unemployed–Employed Council, Inc. v. Horn,* 85 *N.J.* 646, 428 *A.*2d 1305 (1981).

*Aetna Ins. Co. v. Gilchrist Bros., Inc.,* 85 *N.J.* 550, 428 *A.*2d 1254 (1981).

*Maslonka v. Hermann,* 85 *N.J.* 533, 428 *A.*2d 504 (1981).

*State v. Maguire,* 84 *N.J.* 508, 423 *A.*2d 294 (1980).

*Stubbs v. Sec. Consumer Disc. Co.,* 85 *N.J.* 353, 426 *A.*2d 1014 (1981).

*Bally Mfg. Corp. v. N.J. Casino Control Comm'n,* 85 *N.J.* 325, 426 *A.*2d 1000 (1981).

*Onderdonk v. Presbyterian Homes of N.J.,* 85 *N.J.* 171, 425 *A.*2d 1057 (1981).

*Amiano v. Ohio Cas. Ins. Co.,* 85 *N.J.* 85, 424 *A.*2d 1179 (1981).

*Clear TV Cable Corp. v. Bd. of Pub. Util. Comm'rs,* 85 *N.J.* 30, 424 *A.*2d 1151 (1981).

*Green v. Bittner,* 85 *N.J.* 1, 424 *A.*2d 210 (1980).

*Klimko v. Rose,* 84 *N.J.* 496, 422 *A.*2d 418 (1980).

*Fire Guard Sprinkler Corp. v. Manolio,* 84 *N.J.* 485, 421 *A.*2d 592 (1980).

*Lieberman v. Employers Ins. of Wausau,* 84 *N.J.* 325, 419 *A.*2d 417 (1980).

*State v. Lawn King, Inc.,* 84 *N.J.* 179, 417 *A.*2d 1025 (1980).

*Jersey Shore Med. Center–Fitkin Hosp. v. Estate of Baum,* 84 *N.J.* 137, 417 *A.*2d 1003 (1980).

*Quick Chek Food Stores v. Springfield,* 83 *N.J.* 438, 416 *A.*2d 840 (1980).

*Clark v. Degnan,* 83 *N.J.* 393, 416 *A.*2d 816 (1980).

*In re Final Determination of Local Finance Bd.,* 83 *N.J.* 389, 416 *A.*2d 814 (1980).

*Rubin v. Glaser,* 83 *N.J.* 299, 416 *A.*2d 382 (1980).

*Korelnia v. Bd. of Trs.,* 83 *N.J.* 163, 416 *A.*2d 308 (1980).

*Lepis v. Lepis,* 83 *N.J.* 139, 416 *A.*2d 45 (1980).

*In re Health Care Administration Bd.,* 83 *N.J.* 67, 415 *A.*2d 1147 (1980).

*State v. Mangold,* 82 *N.J.* 575, 414 *A.*2d 1312 (1980).

*Newark v. Natural Res. Council, Dep't Envtl. Prot.,* 82 *N.J.* 530, 414 *A.*2d 1304 (1980).

*State v. Czachor,* 82 *N.J.* 392, 413 *A.*2d 593 (1980).

*Plainfield v. Pub. Serv. Elec. & Gas Co.,* 82 *N.J.* 245, 412 *A.*2d 759 (1980).

*Fernandez v. Selected Risks Ins. Co.,* 82 *N.J.* 236, 412 *A.*2d 755 (1980).

*In re the Revision of Rates filed by Toms River Water Co. Increasing its Rates for Water Serv.,* 82 *N.J.* 201, 412 *A.*2d 430 (1980).

*Levin v. Twp. of Parsippany–Troy Hills,* 82 *N.J.* 174, 411 *A.*2d 704 (1980).

*Helmsley v. Borough of Fort Lee,* 82 *N.J.* 128, 411 *A.*2d 203 (1980).

*State v. Williams,* 81 *N.J.* 498, 410 *A.*2d 251 (1980).

*State in Interest of W.E.C.,* 81 *N.J.* 442, 409 *A.*2d 798 (1979).

*In re Fusciello,* 81 *N.J.* 307, 406 *A.*2d 1316 (1979).

*In re Kaufman,* 81 *N.J.* 300, 406 *A.*2d 972 (1979).

*State v. Rowe,* 81 *N.J.* 296, 406 *A.*2d 169 (1978).

*State v. Howery,* 80 *N.J.* 563, 404 *A.*2d 632 (1979).

*Sheeran v. Nationwide Mut. Fire Ins. Co.,* 80 *N.J.* 548, 404 *A.*2d 625 (1979).

*Van Horn v. City of Trenton,* 80 *N.J.* 528, 404 *A.*2d 615 (1979).

*State v. Wein,* 80 N.J. 491, 404 A.2d 302 (1979).

*Palamarg Realty Co. v. Rehac,* 80 N.J. 446, 404 A.2d 21 (1979).

*State v. Taylor,* 80 N.J. 353, 403 A.2d 889 (1979).

*State v. Garfole,* 80 N.J. 350, 403 A.2d 888 (1979).

*In re Reisdorf,* 80 N.J. 319, 403 A.2d 873 (1979).

*In re Arbitration Between Grover & Universal Underwriters Ins. Co.,* 80 N.J. 221, 403 A.2d 448 (1979).

*White Birch Realty Corp. v. Gloucester Twp. Mun. Utils. Auth.,* 80 N.J. 165, 402 A.2d 927 (1979).

*City of Newark v. County of Essex,* 80 N.J. 143, 402 A.2d 916 (1979).

*Costa v. Josey,* 79 N.J. 535, 401 A.2d 526 (1979).

*In re Lambertville Rates v. N.J. Bd. Pub. Util. Commr's,* 79 N.J. 449, 401 A.2d 211 (1979).

*Alampi v. Sussman,* 79 N.J. 442, 400 A.2d 1200 (1979).

*Tevis v. Tevis,* 79 N.J. 422, 400 A.2d 1189 (1979).

*Twp. of Tewksbury v. Jersey Cent. Power & Light Co.,* 79 N.J. 398, 400 A.2d 60 (1979).

*City of Bayonne v. Port Jersey Corp.,* 79 N.J. 367, 399 A.2d 649 (1979).

*State v. Lynch,* 79 N.J. 327, 399 A.2d 629 (1979).

*State v. Trent,* 79 N.J. 251, 398 A.2d 1271 (1979).

*Driscoll v. Bd. of Educ. of Clifton,* 79 N.J. 126, 398 A.2d 90 (1979).

*Gloucester Twp. Mun. Auth. v. Garden State Water Co.,* 79 N.J. 87, 398 A.2d 71 (1979).

*State v. Hernandez,* 78 N.J. 541, 397 A.2d 328 (1979).

*In re Netchert,* 78 N.J. 445, 396 A.2d 1118 (1979).

*Carrino v. Novotny,* 78 N.J. 355, 396 A.2d 561 (1979).

*Gilborges v. Wallace,* 78 N.J. 342, 396 A.2d 338 (1978).

*Helmsley v. Borough of Fort Lee,* 78 *N.J.* 200, 394 *A.*2d 65 (1978).

*In re Estate of Margow,* 77 *N.J.* 316, 390 *A.*2d 591 (1978).

*Ambassador Ins. Co. v. Montes,* 76 *N.J.* 477, 388 *A.*2d 603 (1978).

*Conklin v. Davi,* 76 *N.J.* 468, 388 *A.*2d 598 (1978).

*State v. Thomas,* 76 *N.J.* 344, 387 *A.*2d 1187 (1978).

*In re Fidek,* 76 *N.J.* 340, 387 *A.*2d 1185 (1978).

*State v. Crumedy,* 76 *N.J.* 319, 387 *A.*2d 357 (1978).

*State v. Sands,* 76 *N.J.* 127, 386 *A.*2d 378 (1978).

*Nat'l Newark & Essex Bank v. Am. Ins. Co.,* 76 *N.J.* 64, 385 *A.*2d 1216 (1978).

*In re Estate of Lange,* 75 *N.J.* 464, 383 *A.*2d 1130 (1978).

*Sabat v. Fedders Corp.,* 75 *N.J.* 444, 383 *A.*2d 421 (1978).

*In re Ippolito,* 75 *N.J.* 435, 383 *A.*2d 117 (1978).

*State v. Jenkins,* 75 *N.J.* 392, 383 *A.*2d 95 (1978).

*State v. Quinones,* 75 *N.J.* 391, 383 *A.*2d 95 (1978).

*Ballou v. State Dep't of Civil Serv.,* 75 *N.J.* 365, 382 *A.*2d 1118 (1978).

*In re Vasser,* 75 *N.J.* 357, 382 *A.*2d 1114 (1978).

*State v. Sims,* 75 *N.J.* 337, 382 *A.*2d 638 (1978).

*In re Weishoff,* 75 *N.J.* 326, 382 *A.*2d 632 (1978).

*In re Stout,* 75 *N.J.* 321, 382 *A.*2d 630 (1978).

*Doe v. City of Trenton,* 75 *N.J.* 137, 380 *A.*2d 703 (1977).

*Scherer v. Hyland,* 75 *N.J.* 127, 380 *A.*2d 698 (1977).

*In re Conti,* 75 *N.J.* 114, 380 *A.*2d 691 (1977).

*State v. Zarinsky,* 75 *N.J.* 101, 380 *A.*2d 685 (1977).

*Hyland v. Ranone,* 75 *N.J.* 97, 380 *A.*2d 274 (1977).

*Evans–Aristocrat Indus., Inc. v. Newark,* 75 *N.J.* 84, 380 *A.*2d 268 (1977).

*State v. Grossmick,* 75 *N.J.* 48, 379 *A.*2d 453 (1977).

*State v. Middleton,* 75 *N.J.* 47, 379 *A.*2d 453 (1977).

*State v. Williams,* 75 *N.J.* 1, 379 *A.*2d 233 (1977).

*In re Holder,* 74 *N.J.* 581, 379 *A.*2d 220 (1977).

*Polillo v. Deane,* 74 *N.J.* 562, 379 *A.*2d 211 (1977).

*Common Cause v. N.J. Election Law Enforcement Comm'n,* 74 *N.J.* 231, 377 *A.*2d 643 (1977).

*City of Philadelphia v. State of N.J., Dep't of Envtl. Prot.,* 73 *N.J.* 562, 376 *A.*2d 888 (1977).

*State v. Rodriguez,* 73 *N.J.* 463, 375 *A.*2d 659 (1977).

*Serv. Armament Co. v. Hyland,* 70 *N.J.* 550, 362 *A.*2d 13 (1976).

*Gero v. Cutler,* 66 *N.J.* 443, 332 *A.*2d 593 (1975).

*King v. S. Jersey Nat'l Bank,* 66 *N.J.* 161, 330 *A.*2d 1 (1974).

*P.T. & L. Constr. Co. v. Teamsters Local Union No. 469,* 66 *N.J.* 97, 328 *A.*2d 603 (1974).

*In re Sabatino,* 65 *N.J.* 548, 324 *A.*2d 20 (1974).

*In re Blatt,* 65 *N.J.* 539, 324 *A.*2d 15 (1974).

*Rova Farms Resort, Inc. v. Investors Ins. Co. of Am.,* 65 *N.J.* 474, 323 *A.*2d 495 (1974).

*State v. De Santis,* 65 *N.J.* 462, 323 *A.*2d 489 (1974).

*State v. Souss,* 65 *N.J.* 453, 323 *A.*2d 484 (1974).

*LeCompte v. State,* 65 *N.J.* 447, 323 *A.*2d 481 (1974).

*The Singer Co. v. Gardner,* 65 *N.J.* 403, 323 *A.*2d 457 (1974).

*State v. Johnson,* 65 *N.J.* 388, 323 *A.*2d 450 (1974).

*State v. Twp. of S. Hackensack,* 65 *N.J.* 377, 322 *A.*2d 818 (1974).

*Civic S. Factors Corp. v. Bonat,* 65 *N.J.* 329, 322 *A.*2d 436 (1974).

*Strzelecki v. Johns–Manville Prods. Corp.,* 65 *N.J.* 314, 322 *A.*2d 168 (1974).

*Akridge v. Barres,* 65 *N.J.* 266, 321 *A.*2d 230 (1974).

*Rooney v. McEachern,* 65 *N.J.* 256, 321 *A.*2d 225 (1974).

*Rothman v. Rothman,* 65 *N.J.* 219, 320 *A.*2d 496 (1974).

*Painter v. Painter,* 65 *N.J.* 196, 320 *A.*2d 484 (1974).

*Chalmers v. Chalmers,* 65 *N.J.* 186, 320 *A.*2d 478 (1974).

*Scalingi v. Scalingi,* 65 *N.J.* 180, 320 *A.*2d 475 (1974).

*In re Abrams,* 65 *N.J.* 172, 320 *A.*2d 471 (1974).

*N.J. State Policemen's Benevolent Ass'n v. Morristown,* 65 *N.J.* 160, 320 *A.*2d 465 (1974).

*State v. Perry,* 65 *N.J.* 45, 319 *A.*2d 474 (1974).

*State v. Spivey,* 65 *N.J.* 21, 319 *A.*2d 461 (1974).

*M. Zerman Realty & Bldg. Corp. v. Borough of Westwood,* 64 *N.J.* 590, 319 *A.*2d 441 (1974).

*N.J. Tpk. Employees' Union v. N.J. Tpk. Auth.,* 64 *N.J.* 579, 319 *A.*2d 224 (1974).

*State v. Leverette,* 64 *N.J.* 569, 319 *A.*2d 219 (1974).

*State v. Spano,* 64 *N.J.* 566, 319 *A.*2d 217 (1974).

*Kissil v. Beneficial Life Ins. Co.,* 64 *N.J.* 555, 319 *A.*2d 67 (1974).

*Ramac Explosives, Inc. v. Dir., Div. of Taxation,* 64 *N.J.* 551, 319 *A.*2d 65 (1974).

*Rossnagle v. Capra,* 64 *N.J.* 549, 318 *A.*2d 20 (1974).

*D.H.M. Indus., Inc. v. Cent. Port Warehouses, Inc.,* 64 *N.J.* 548, 318 *A.*2d 19 (1974).

*In re Application of Nat'l Broad. Co.,* 64 *N.J.* 476, 317 *A.*2d 695 (1974).

*State v. Dorsey,* 64 *N.J.* 428, 316 *A.*2d 689 (1974).

*Bruno v. Mundy,* 64 *N.J.* 337, 316 *A.*2d 425 (1974).

*DiOrio v. N.J. Mfrs. Ins. Co.,* 63 *N.J.* 597, 311 *A.*2d 378 (1973).

*Dwyer v. Skyline Apartments, Inc.,* 63 *N.J.* 577, 311 *A.*2d 1 (1973).

*State v. Foye,* 63 *N.J.* 534, 309 *A.*2d 897 (1973).

*In re Spritzer,* 63 *N.J.* 532, 309 *A.*2d 745 (1973).

*State in Interest of A.B.M.,* 63 *N.J.* 531, 309 *A.*2d 617 (1973).

*Davenport v. Apportionment Comm'n of N.J.,* 63 *N.J.* 433, 308 *A.*2d 3 (1973).

*Cali v. State Comm'n of Investigation,* 63 *N.J.* 310, 307 *A.*2d 90 (1973).

*State v. Farrow,* 61 *N.J.* 434, 294 *A.*2d 873 (1972).

*Garden State Farms, Inc. v. Mathis,* 61 *N.J.* 406, 294 *A.*2d 713 (1972).

*State v. Madden,* 61 *N.J.* 377, 294 *A.*2d 609 (1972).

*Borough of Neptune City v. Borough of Avon–by–the–Sea,* 61 *N.J.* 296, 294 *A.*2d 47 (1972).

*State v. Kelly,* 61 *N.J.* 283, 294 *A.*2d 41 (1972).

*Ass'n Group Life, Inc. v. Catholic War Veterans of the U.S.,* 61 *N.J.* 150, 293 *A.*2d 382 (1972).

*State v. Carluccio,* 61 *N.J.* 125, 293 *A.*2d 369 (1972).

*Young v. Bd. of Health of Somerville,* 61 *N.J.* 76, 293 *A.*2d 164 (1972).

*State v. Falco,* 60 *N.J.* 570, 292 *A.*2d 13 (1972).

*State v. Fuchs,* 60 *N.J.* 564, 292 *A.*2d 10 (1972).

*Sadofski v. Williams,* 60 *N.J.* 385, 290 *A.*2d 143 (1972).

*Bryan Constr. Co. v. Employers' Surplus Lines Ins. Co.,* 60 *N.J.* 375, 290 *A.*2d 138 (1972).

*N.J. Builders, Owners & Managers Ass'n v. Blair,* 60 *N.J.* 330, 288 *A.*2d 855 (1972).

*Pennsylvania v. Kervick,* 60 *N.J.* 289, 288 *A.*2d 289 (1972).

*State v. Trantino,* 60 *N.J.* 176, 287 *A.*2d 177 (1972).

*Rutgers v. Piluso,* 60 *N.J.* 142, 286 *A.*2d 697 (1972).

*In re Bloom,* 60 *N.J.* 113, 286 *A.*2d 497 (1972).

*State v. Lee,* 60 *N.J.* 53, 286 *A.*2d 52 (1972).

*State v. Blount,* 60 *N.J.* 23, 286 *A.*2d 36 (1972).

*Clayton v. Kervick,* 59 *N.J.* 583, 285 *A.*2d 11 (1971).

*State v. Gray,* 59 *N.J.* 563, 285 *A.*2d 1 (1971).

*State v. Brown,* 59 *N.J.* 539, 286 *A.*2d 33 (1971).

*In re the Application of "X" for a permit to Carry a Pistol or Revolver,* 59 *N.J.* 533, 284 *A.*2d 530 (1971).

*Meredith v. Mercer County Bd. of Chosen Freeholders,* 59 *N.J.* 530, 284 *A.*2d 529 (1971).

*State v. Bonano,* 59 *N.J.* 515, 284 *A.*2d 345 (1971).

*Trap Rock Indus., Inc. v. Kohl,* 59 *N.J.* 471, 284 *A.*2d 161 (1971).

*Sliger v. R.H. Macy & Co.,* 59 *N.J.* 465, 283 *A.*2d 904 (1971).

*State v. Holland,* 59 *N.J.* 451, 283 *A.*2d 897 (1971).

*Bears v. Wallace,* 59 *N.J.* 444, 283 *A.*2d 740 (1971).

*State v. Thompson,* 59 *N.J.* 396, 283 *A.*2d 513 (1971).

*State v. Perry,* 59 *N.J.* 383, 283 *A.*2d 330 (1971).

*In re Londa,* 59 *N.J.* 378, 283 *A.*2d 328 (1971).

*State v. Graham,* 59 *N.J.* 366, 283 *A.*2d 321 (1971).

*In re Shamy,* 59 *N.J.* 321, 282 *A.*2d 402 (1971).

*In re Shamy,* 59 *N.J.* 319, 282 *A.*2d 401 (1971).

*N.J. Tpk. Auth. v. Tootle,* 59 *N.J.* 308, 282 *A.*2d 39 (1971).

*Stewart v. Stewart,* 59 *N.J.* 301, 282 *A.*2d 35 (1971).

*Panas v. N.J. Natural Gas Co.,* 59 *N.J.* 255, 281 *A.*2d 520 (1971).

*Kirsch Holding Co. v. Borough of Manasquan,* 59 *N.J.* 241, 281 *A.*2d 513 (1971).

*In re the Estate of Conway,* 59 *N.J.* 221, 280 *A.*2d 189 (1971).

*In re Friedland,* 59 *N.J.* 209, 280 *A.*2d 183 (1971).

*Feuchtbaum v. Constantini,* 59 *N.J.* 167, 280 *A.*2d 161 (1971).

*State v. Burt,* 59 *N.J.* 156, 279 *A.*2d 850 (1971).

*O'Brien v. Bethlehem Steel Corp.,* 59 *N.J.* 114, 279 *A.*2d 827 (1971).

*McGlone v. Corbi,* 59 *N.J.* 86, 279 *A.*2d 812 (1971).

*Essex County Welfare Bd. v. Philpott,* 59 *N.J.* 75, 279 *A.*2d 806 (1971).

*State v. Bisaccia,* 58 *N.J.* 586, 279 *A.*2d 675 (1971).

*Transcontinental Gas Pipe Line Corp. v. Twp. of Bernards,* 58 *N.J.* 585, 279 *A.*2d 674 (1971).

*John F. Kennedy Mem'l Hosp. v. Heston,* 58 *N.J.* 576, 279 *A.*2d 670 (1971).

*Jenkins v. The Twp. of Morris Sch. Dist.,* 58 *N.J.* 483, 279 *A.*2d 619 (1971).

*Twp. of Woodbridge v. Tyson Corp.,* 58 *N.J.* 439, 279 *A.*2d 97 (1971).

*Gen. Inv. Corp. v. Angelini,* 58 *N.J.* 396, 278 *A.*2d 193 (1971).

*In re Annaloro,* 58 *N.J.* 387, 277 *A.*2d 880 (1971).

*Jersey City Redev. Agency v. Kugler,* 58 *N.J.* 374, 277 *A.*2d 873 (1971).

*Carbone v. Cortlandt Realty Corp.,* 58 *N.J.* 366, 277 *A.*2d 542 (1971).

*In re Cohen,* 58 *N.J.* 362, 277 *A.*2d 540 (1971).

*Grotsky v. Grotsky,* 58 *N.J.* 354, 277 *A.*2d 535 (1971).

*Ishmal v. Div. of Alcoholic Beverage Control,* 58 *N.J.* 347, 277 *A.*2d 532 (1971).

*Donadio v. Cunningham,* 58 *N.J.* 309, 277 *A.*2d 375 (1971).

*State v. Shack,* 58 *N.J.* 297, 277 *A.*2d 369 (1971).

*Rodriguez v. Rosenblatt,* 58 *N.J.* 281, 277 *A.*2d 216 (1971).

*Avdel Corp. v. Mecure,* 58 *N.J.* 264, 277 *A.*2d 207 (1971).

*Wilson v. Flowers,* 58 *N.J.* 250, 277 *A.*2d 199 (1971).

*Monks v. N.J. State Parole Bd.,* 58 *N.J.* 238, 277 *A.*2d 193 (1971).

*State v. Vassalluzzo,* 58 *N.J.* 227, 276 *A.*2d 860 (1971).

*Murray v. Michalak,* 58 *N.J.* 220, 276 *A.*2d 857 (1971).

*State v. Smith,* 58 *N.J.* 202, 276 *A.*2d 369 (1971).

*State v. DeBonis,* 58 *N.J.* 182, 276 *A.*2d 137 (1971).

*Motyka v. McCorkle,* 58 *N.J.* 165, 276 *A.*2d 129 (1971).

*In re Pernetti,* 58 *N.J.* 157, 275 *A.*2d 739 (1971).

*Ciurciu v. Modell's Shoppers World & Unishop Inc.,* 58 *N.J.* 155, 275 *A.*2d 737 (1971).

*Mercadante v. City of Paterson,* 58 *N.J.* 112, 275 *A.*2d 440 (1971).

*State v. Clark,* 58 *N.J.* 72, 275 *A.*2d 137 (1971).

*Khalaf v. Khalaf,* 58 *N.J.* 63, 275 *A.*2d 132 (1971).

*Foosaner v. Dir., Div. of Taxation,* 58 *N.J.* 57, 275 *A.*2d 129 (1971).

*Mudge v. Di Nola,* 58 *N.J.* 55, 274 *A.*2d 809 (1971).

*Alfred Vail Mut. Ass'n v. Bor. of Shrewsbury,* 58 *N.J.* 40, 274 *A.*2d 801 (1971).

*Whitmyer Bros. v. Doyle,* 58 *N.J.* 25, 274 *A.*2d 577 (1971).

*Jenkins v. Twp. of Morris Sch. Dist.,* 58 *N.J.* 1, 274 *A.*2d 281 (1971).

*Sharpe v. Sharpe,* 57 *N.J.* 468, 273 *A.*2d 572 (1971).

*Flaxman v. Flaxman,* 57 *N.J.* 458, 273 *A.*2d 567 (1971).

*Crudup v. Marrero,* 57 *N.J.* 353, 273 *A.*2d 16 (1971).

*In re Brown,* 57 *N.J.* 322, 272 *A.*2d 757 (1971).

*State v. Rowe,* 57 *N.J.* 293, 271 *A.*2d 897 (1970).

*In re Rigg,* 57 *N.J.* 288, 271 *A.*2d 714 (1970).

*State v. Braxton,* 57 *N.J.* 286, 271 *A.*2d 713 (1970).

*Yerzy v. Levine,* 57 *N.J.* 234, 271 *A.*2d 425 (1970).

*Bor. of Point Pleasant Beach v. J.C. Williams Co.*, 57 *N.J.* 147, 270 *A.*2d 275 (1970).

*Butler v. Bonner & Barnewall, Inc.*, 56 *N.J.* 567, 267 *A.*2d 527 (1970).

*Walck v. Johns–Manville Prods. Corp.*, 56 *N.J.* 533, 267 *A.*2d 508 (1970).

*In re Lewandowski*, 56 *N.J.* 380, 267 *A.*2d 5 (1970).

*State v. Reed*, 56 *N.J.* 354, 266 *A.*2d 584 (1970).

*State v. Profaci*, 56 *N.J.* 346, 266 *A.*2d 579 (1970).

*Terminal Warehouse of N.J., Inc. v. Phoenix Ins. Co.*, 56 *N.J.* 314, 266 *A.*2d 297 (1970).

*In re Conroy*, 56 *N.J.* 279, 266 *A.*2d 279 (1970).

*State v. Beckett*, 56 *N.J.* 267, 266 *A.*2d 273 (1970).

*Baugh v. Thomas*, 56 *N.J.* 203, 265 *A.*2d 675 (1970).

*Perrine v. Prudential Ins. Co. of Am.*, 56 *N.J.* 120, 265 *A.*2d 521 (1970).

*State v. Cary*, 56 *N.J.* 16, 264 *A.*2d 209 (1970).

*Hammond v. The Great Atl. & Pac. Tea Co.*, 56 *N.J.* 7, 264 *A.*2d 204 (1970).

*Zamel v. Port of N.Y. Auth.*, 56 *N.J.* 1, 264 *A.*2d 201 (1970).

*State v. Johnson*, 55 *N.J.* 331, 261 *A.*2d 662 (1970).

*Tooley's Truck Stop, Inc. v. Chrisanthopouls*, 55 *N.J.* 231, 260 *A.*2d 845 (1970).

*Ingannamorte v. Kings Super Markets, Inc.*, 55 *N.J.* 223, 260 *A.*2d 841 (1970).

*Farley v. $168,400.97*, 55 *N.J.* 31, 259 *A.*2d 201 (1969).

*Dolson v. Anastasia*, 55 *N.J.* 2, 258 *A.*2d 706 (1969).

*Smith v. Twp. of Livingston*, 54 *N.J.* 525, 257 *A.*2d 698 (1969).

*Indep. Electrians & Elec. Contractors' Ass'n of N.J. v. N.J. Bd. of Exam.*, 54 *N.J.* 466, 256 *A.*2d 33 (1969).

*Jacobs v. N.J. State Highway Auth.*, 54 *N.J.* 393, 255 *A.*2d 266 (1969).

*Mannillo v. Gorski*, 54 *N.J.* 378, 255 *A.*2d 258 (1969).

*Harr v. Allstate Ins. Co.*, 54 *N.J.* 287, 255 *A.*2d 208 (1969).

*State v. Manley*, 54 *N.J.* 259, 255 *A.*2d 193 (1969).

*State v. Owens*, 54 *N.J.* 153, 254 *A.*2d 97 (1969).

*Lopez v. N.J. Bell Tel. Co.*, 54 *N.J.* 129, 253 *A.*2d 802 (1969).

*The City of E. Orange v. Twp. of Livingston*, 54 *N.J.* 96, 253 *A.*2d 546 (1969).

*Surina v. Gilbert*, 54 *N.J.* 68, 253 *A.*2d 465 (1969).

*Coleman v. Steinberg*, 54 *N.J.* 58, 253 *A.*2d 167 (1969).

*State v. Gardner*, 54 *N.J.* 37, 252 *A.*2d 726 (1969).

*Summer v. Teaneck*, 53 *N.J.* 548, 251 *A.*2d 761 (1969).

*Higgins v. Am. Soc'y of Clinical Pathologists*, 53 *N.J.* 547, 251 *A.*2d 760 (1969).

*Kligman v. Lautman*, 53 *N.J.* 517, 251 *A.*2d 745 (1969).

*Ettin v. Ava Truck Leasing, Inc.*, 53 *N.J.* 463, 251 *A.*2d 278 (1969).

*Handleman v. Marwen Stores Corp.*, 53 *N.J.* 404, 251 *A.*2d 122 (1969).

*State v. DiRienzo*, 53 *N.J.* 360, 251 *A.*2d 99 (1969).

*Rosenthal v. Art Metal, Inc.*, 53 *N.J.* 344, 250 *A.*2d 747 (1969).

*Bowler v. Fid. & Cas. Co. of N.Y.*, 53 *N.J.* 313, 250 *A.*2d 580 (1969).

*Bronfman v. Greene*, 53 *N.J.* 306, 250 *A.*2d 577 (1969).

*In re Thompson*, 53 *N.J.* 276, 250 *A.*2d 393 (1969).

*State v. Gerardo*, 53 *N.J.* 261, 250 *A.*2d 130 (1969).

*State v. Cary*, 53 *N.J.* 256, 250 *A.*2d 15 (1969).

*Young v. Steinberg*, 53 *N.J.* 252, 250 *A.*2d 13 (1969).

*State v. Allen*, 53 *N.J.* 250, 250 *A.*2d 12 (1969).

*In re Estate of Caliguire*, 53 *N.J.* 182, 249 *A.*2d 577 (1969).

*Dziedzic v. St. John's Cleaners & Shirt Launderers, Inc.*, 53 *N.J.* 157, 249 *A.*2d 382 (1969).

*Jackson v. Muhlenberg Hosp.*, 53 *N.J.* 138, 249 *A.*2d 65 (1969).

*In re of the Right of the Grand Jury to Order Prod. of Records of Addonizio*, 53 *N.J.* 107, 248 *A.*2d 531 (1968).

*Div. of Pensions v. Lindeman*, 53 *N.J.* 70, 248 *A.*2d 427 (1968).

*Miehl v. Darpino*, 53 *N.J.* 49, 247 *A.*2d 878 (1968).

*Kram v. Kram*, 52 *N.J.* 545, 247 *A.*2d 316 (1968).

*State v. Simmons*, 52 *N.J.* 538, 247 *A.*2d 313 (1968).

*West v. MacDonald*, 52 *N.J.* 536, 247 *A.*2d 129 (1968).

*State v. Obstein*, 52 *N.J.* 516, 247 *A.*2d 5 (1968).

*Gittleman v. Cent. Jersey Bank & Trust Co.*, 52 *N.J.* 503, 246 *A.*2d 713 (1968).

*State v. Jacques*, 52 *N.J.* 481, 246 *A.*2d 444 (1968).

*In re Logan*, 52 *N.J.* 475, 246 *A.*2d 441 (1968).

*Scott v. Town of Bloomfield*, 52 *N.J.* 473, 246 *A.*2d 129 (1968).

*In re Estate of Kish*, 52 *N.J.* 454, 246 *A.*2d 1 (1968).

*State v. Mayberry*, 52 *N.J.* 413, 245 *A.*2d 481 (1968).

*State v. Whittle*, 52 *N.J.* 407, 245 *A.*2d 367 (1968).

*State v. Zelichowski*, 52 *N.J.* 377, 245 *A.*2d 351 (1968).

*Longridge Builders, Inc. v. Planning Bd. of Princeton*, 52 *N.J.* 348, 245 *A.*2d 336 (1968).

*Howell v. Rosecliff Realty Co., Inc.*, 52 *N.J.* 313, 245 *A.*2d 318 (1968).

*Dubil v. Labate*, 52 *N.J.* 255, 245 *A.*2d 177 (1968).

*Ritt v. Ritt*, 52 *N.J.* 177, 244 *A.*2d 497 (1968).

*Rest. Enters., Inc. v. Sussex Mut. Ins. Co.*, 52 *N.J.* 73, 243 *A.*2d 808 (1968).

*David v. Strelecki,* 51 *N.J.* 563, 242 *A.*2d 371 (1968).

*New Market Poultry Farms, Inc. v. Fellows,* 51 *N.J.* 419, 241 *A.*2d 633 (1968).

*Lopez v. N.J. Bell Tel. Co.,* 51 *N.J.* 362, 240 *A.*2d 670 (1968).

*Conway v. Mister Softee, Inc.,* 51 *N.J.* 254, 239 *A.*2d 241 (1968).

*Williams v. Smith,* 51 *N.J.* 161, 238 *A.*2d 457 (1968).

*Windsor Contracting Corp. v. Budny,* 51 *N.J.* 5, 236 *A.*2d 885 (1967).

*Ellsworth Dobbs, Inc. v. Johnson,* 50 *N.J.* 528, 236 *A.*2d 843 (1967).

*Walsh v. Hill,* 50 *N.J.* 523, 236 *A.*2d 604 (1967).

*In re Buehrer,* 50 *N.J.* 501, 236 *A.*2d 592 (1967).

*In re Brown,* 50 *N.J.* 435, 236 *A.*2d 142 (1967).

*Bollerer v. Elenberger,* 50 *N.J.* 428, 236 *A.*2d 138 (1967).

*Allen v. Strelecki,* 50 *N.J.* 410, 236 *A.*2d 129 (1967).

*Patusco v. Prince Macaroni, Inc.,* 50 *N.J.* 365, 235 *A.*2d 465 (1967).

*O'Neill v. State Highway Dep't of N.J.,* 50 *N.J.* 307, 235 *A.*2d 1 (1967).

*Kohl v. Mayor of Fair Lawn,* 50 *N.J.* 268, 234 *A.*2d 385 (1967).

*Joffe v. Joffe,* 50 *N.J.* 265, 234 *A.*2d 232 (1967).

*Greenberg v. Pickle Prods. Co.,* 50 *N.J.* 263, 234 *A.*2d 231 (1967).

*Biruk v. Wilson,* 50 *N.J.* 253, 234 *A.*2d 225 (1967).

*State v. Anderson,* 50 *N.J.* 252, 234 *A.*2d 225 (1967).

*Zentz v. Toop,* 50 *N.J.* 250, 234 *A.*2d 96 (1967).

*Unico v. Owen,* 50 *N.J.* 101, 232 *A.*2d 405 (1967).

*State v. Boykins,* 50 *N.J.* 73, 232 *A.*2d 141 (1967).

*Russell v. Princeton Labs., Inc.,* 50 *N.J.* 30, 231 *A.*2d 800 (1967).

*State v. Sinclair,* 49 *N.J.* 525, 231 *A.*2d 565 (1967).

*Legion Manor, Inc. v. Mun. Council of Wayne,* 49 *N.J.* 420, 231 *A.*2d 201 (1967).

*Commercial Union Ins. Co. of N.Y. v. Burt Thomas–Aitken Constr. Co.,* 49 *N.J.* 389, 230 *A.*2d 498 (1967).

*B.W. King, Inc. v. Town of W. New York,* 49 *N.J.* 318, 230 *A.*2d 133 (1967).

*State v. Franklin,* 49 *N.J.* 286, 229 *A.*2d 657 (1967).

*In re Estate of Spano,* 49 *N.J.* 263, 229 *A.*2d 645 (1967).

*State v. Visconti,* 49 *N.J.* 241, 229 *A.*2d 633 (1967).

*State v. Campisi,* 49 *N.J.* 238, 229 *A.*2d 631 (1967).

*In re Complaint of Bhd. of R.R. Trainmen,* 49 *N.J.* 174, 229 *A.*2d 505 (1967).

*Carteret Props. v. Variety Donuts, Inc.,* 49 *N.J.* 116, 228 *A.*2d 674 (1967).

*Titus v. Lindberg,* 49 *N.J.* 66, 228 *A.*2d 65 (1967).

*N.J. Soc'y for the Prevention of the Cruelty to Animals v. Bd. of Educ. of E. Orange,* 49 *N.J.* 15, 227 *A.*2d 506 (1967).

*Chamberlain v. Sturma,* 48 *N.J.* 556, 226 *A.*2d 834 (1967).

*Miles v. Parrish,* 48 *N.J.* 554, 226 *A.*2d 833 (1967).

*State v. Amsted Indus.,* 48 *N.J.* 544, 226 *A.*2d 715 (1967).

*Wells v. Brown,* 48 *N.J.* 378, 225 *A.*2d 697 (1966).

*Munoz Realty Corp. v. Borough of Verona,* 48 *N.J.* 360, 225 *A.*2d 569 (1966).

*Gerhardt v. Continental Ins. Co.,* 48 *N.J.* 291, 225 *A.*2d 328 (1966).

*Kunzler v. Hoffman,* 48 *N.J.* 277, 225 *A.*2d 321 (1966).

*Theobald v. Kenney's Suburban House, Inc.,* 48 *N.J.* 203, 225 *A.*2d 10 (1966).

*State v. Farmer,* 48 *N.J.* 145, 224 *A.*2d 481 (1966).

*Long v. Sutherland–Backer Co.,* 48 *N.J.* 134, 224 *A.*2d 321 (1966).

*Hoy v. Capelli*, 48 *N.J.* 81, 222 *A.*2d 649 (1966).

*Caputzal v. The Lindsay Co.*, 48 *N.J.* 69, 222 *A.*2d 513 (1966).

*In re Estate of Morton*, 48 *N.J.* 42, 222 *A.*2d 185 (1966).

*Koribanics v. Bd. of Educ. of Clifton*, 48 *N.J.* 1, 222 *A.*2d 87 (1966).

*Jurman v. Samuel Braen, Inc.*, 47 *N.J.* 586, 222 *A.*2d 78 (1966).

*Petrozzino v. Monroe Calculating Mach. Co.*, 47 *N.J.* 577, 222 *A.*2d 73 (1966).

*Donald S. Hubsch, Co. v. Sullivan*, 47 *N.J.* 556, 222 *A.*2d 12 (1966).

*Commercial Cleaning Corp. v. Sullivan*, 47 *N.J.* 539, 222 *A.*2d 4 (1966).

*Ench v. Mayor of Pequannock Twp.*, 47 *N.J.* 535, 222 *A.*2d 1 (1966).

*State v. Vigliano*, 47 *N.J.* 504, 221 *A.*2d 733 (1966).

*State v. Hill*, 47 *N.J.* 490, 221 *A.*2d 725 (1966).

*J.R. Christ Constr. Co. v. Willete Assocs.*, 47 *N.J.* 473, 221 *A.*2d 538 (1966).

*State v. Mathis*, 47 *N.J.* 455, 221 *A.*2d 529 (1966).

*State v. Patterson*, 47 *N.J.* 450, 221 *A.*2d 526 (1966).

*State v. Gill*, 47 *N.J.* 441, 221 *A.*2d 521 (1966).

*Ace Stone, Inc. v. Twp. of Wayne*, 47 *N.J.* 431, 221 *A.*2d 515 (1966).

*Wollerman v. Grand Union Stores, Inc.*, 47 *N.J.* 426, 221 *A.*2d 513 (1966).

*State v. Cook*, 47 *N.J.* 402, 221 *A.*2d 212 (1966).

*State v. Baldwin*, 47 *N.J.* 379, 221 *A.*2d 199 (1966).

*In re the Estate of Fleming*, 47 *N.J.* 367, 221 *A.*2d 193 (1966).

*Town of Bloomfield v. The Academy of Med. of N.J.*, 47 *N.J.* 358, 221 *A.*2d 15 (1966).

*State v. Tate,* 47 *N.J.* 352, 221 *A.*2d 12 (1966).

*Moan v. Coombs,* 47 *N.J.* 348, 221 *A.*2d 10 (1966).

*Cramer v. Betchner,* 47 *N.J.* 345, 221 *A.*2d 9 (1966).

*State v. Balles,* 47 *N.J.* 331, 221 *A.*2d 1 (1966).

*City of E. Orange v. Palmer,* 47 *N.J.* 307, 220 *A.*2d 679 (1966).

*J.W. Sparks & Co. v. Gallos,* 47 *N.J.* 295, 220 *A.*2d 673 (1966).

*State v. Roberts,* 47 *N.J.* 286, 220 *A.*2d 416 (1966).

*State v. Miller,* 47 *N.J.* 273, 220 *A.*2d 409 (1966).

*Garcia v. Morales,* 47 *N.J.* 269, 220 *A.*2d 198 (1966).

*Hous. Auth. of Long Branch v. Valentino,* 47 *N.J.* 265, 220 *A.*2d 196 (1966).

*Beneficial Fin. Co. of Newark v. Daloisio,* 47 *N.J.* 263, 220 *A.*2d 195 (1966).

*In re Monmouth Consol. Water Co.,* 47 *N.J.* 251, 220 *A.*2d 189 (1966).

*State v. Washington,* 47 *N.J.* 244, 220 *A.*2d 185 (1966).

*Carroll v. Camden,* 47 *N.J.* 238, 220 *A.*2d 111 (1966).

*Raroha v. Earle Fin. Corp.,* 47 *N.J.* 229, 220 *A.*2d 107 (1966).

*Billerman v. Basiak,* 47 *N.J.* 226, 220 *A.*2d 105 (1966).

*O'Keefe v. Dunn,* 47 *N.J.* 210, 219 *A.*2d 872 (1966).

*Ort v. Taylor–Wharton Co.,* 47 *N.J.* 198, 219 *A.*2d 866 (1966).

*City of Garfield v. Borough of E. Paterson,* 47 *N.J.* 195, 219 *A.*2d 865 (1966).

*Assocs. Discount Corp. v. Palmer,* 47 *N.J.* 183, 219 *A.*2d 858 (1966).

*State v. Rosengard,* 47 *N.J.* 180, 219 *A.*2d 857 (1966).

*Stellmah v. Hunterdon Coop. G.L.F. Serv., Inc.,* 47 *N.J.* 163, 219 *A.*2d 616 (1966).

*Mazza v. Bd. of Adjustment of Bridgeton,* 47 *N.J.* 161, 219 *A.*2d 615 (1966).

*State v. Zurawski,* 47 *N.J.* 160, 219 *A.*2d 614 (1966).

*Sahulcik v. Reed,* 47 *N.J.* 156, 219 *A.*2d 612 (1966).

*Grober v. Kahn,* 47 *N.J.* 135, 219 *A.*2d 601 (1966).

*Bd. of Trs. of the Pub. Employees' Ret. Sys. v. Bd. of Freeholders of Warren,* 47 *N.J.* 132, 219 *A.*2d 526 (1966).

*Aladits v. Simmons Co.,* 47 *N.J.* 115, 219 *A.*2d 517 (1966).

*Fitzgerald v. Palmer,* 47 *N.J.* 106, 219 *A.*2d 512 (1966).

*Twp. of Greenwich v. Gloucester County Bd. of Taxation,* 47 *N.J.* 95, 219 *A.*2d 507 (1966).

*Falcone v. Middlesex County Med. Soc'y,* 47 *N.J.* 92, 219 *A.*2d 505 (1966).

*State v. Herman,* 47 *N.J.* 73, 219 *A.*2d 413 (1966).

*In re Bureau of Water Supply Application,* 47 *N.J.* 65, 219 *A.*2d 409 (1966).

*Hall v. Alampi,* 47 *N.J.* 60, 219 *A.*2d 330 (1966).

*Maladowitz v. Coley,* 47 *N.J.* 55, 219 *A.*2d 177 (1966).

*Belth v. Anthony Ferrante & Son, Inc.,* 47 *N.J.* 38, 219 *A.*2d 168 (1966).

*Clover Hill Swimming Club, Inc. v. Goldsboro,* 47 *N.J.* 25, 219 *A.*2d 161 (1966).

*Hardy v. Ruhnke,* 47 *N.J.* 10, 218 *A.*2d 861 (1966).

*Bitting v. Willett,* 47 *N.J.* 6, 218 *A.*2d 859 (1966).

*Garden State Farms, Inc. v. Hoffman,* 46 *N.J.* 595, 218 *A.*2d 637 (1966).

*Soronen v. Olde Milford Inn, Inc.,* 46 *N.J.* 582, 218 *A.*2d 630 (1966).

*Thomas v. Bd. of Educ. of Morris,* 46 *N.J.* 581, 218 *A.*2d 630 (1966).

*Kerney v. Kahn*, 46 *N.J.* 535, 218 *A.*2d 403 (1966).

*Semanishin v. Metro. Life Ins. Co.*, 46 *N.J.* 531, 218 *A.*2d 401 (1966).

*State v. Sheppard*, 46 *N.J.* 526, 218 *A.*2d 156 (1966).

*Bd. of Educ. of Morristown v. Palmer*, 46 *N.J.* 522, 218 *A.*2d 153 (1966).

*State v. Cormier*, 46 *N.J.* 494, 218 *A.*2d 138 (1966).

*Pingry Corp. v. Twp. of Hillside*, 46 *N.J.* 457, 217 *A.*2d 868 (1966).

*State v. Hutchins*, 46 *N.J.* 439, 217 *A.*2d 616 (1966).

*State v. Daniels*, 46 *N.J.* 428, 217 *A.*2d 610 (1966).

*State v. Williams*, 46 *N.J.* 427, 217 *A.*2d 609 (1966).

*State v. Sullivan*, 46 *N.J.* 420, 217 *A.*2d 452 (1966).

*State v. Loray*, 46 *N.J.* 417, 217 *A.*2d 450 (1966).

*State v. Rush*, 46 *N.J.* 399, 217 *A.*2d 441 (1966).

*Mager v. United Hosps. of Newark*, 46 *N.J.* 398, 217 *A.*2d 325 (1966).

*Biglin v. Town of W. Orange*, 46 *N.J.* 367, 217 *A.*2d 135 (1966).

*Garden State Dairies of Vineland, Inc. v. Sills*, 46 *N.J.* 349, 217 *A.*2d 126 (1966).

*State v. Taylor*, 46 *N.J.* 316, 217 *A.*2d 1 (1966).

*State v. Wolf*, 46 *N.J.* 301, 216 *A.*2d 586 (1966).

*Steffenauer v. Mytelka & Rose, Inc.*, 46 *N.J.* 299, 216 *A.*2d 585 (1966).

*Holden v. Bd. of Educ. of Elizabeth*, 46 *N.J.* 281, 216 *A.*2d 387 (1966).

*State v. Green*, 46 *N.J.* 192, 215 *A.*2d 546 (1965).

*State v. Harvin*, 46 *N.J.* 151, 215 *A.*2d 352 (1965).

*McGee v. Bd. of Trs. of Pub. Employees' Ret. Sys.*, 45 *N.J.* 576, 214 *A.*2d 21 (1965).

*Maiorino v. Weco Prods. Co.*, 45 *N.J.* 570, 214 *A.*2d 18 (1965).

*Harbor Tank Storage, Co. v. LoMuscio,* 45 *N.J.* 539, 214 *A.*2d 1 (1965).

*State v. Farmer,* 45 *N.J.* 520, 213 *A.*2d 249 (1965).

*F.W. Woolworth Co. v. Dir. of Div. of Taxation,* 45 *N.J.* 466, 213 *A.*2d 1 (1965).

*Pringle v. N.J. Dep't of Civil Serv.,* 45 *N.J.* 329, 212 *A.*2d 360 (1965).

*Del. River & Bay Auth. v. Int'l Org. of Masters, Mates & Pilots,* 45 *N.J.* 138, 211 *A.*2d 789 (1965).

*Dep't of Mental Hygiene v. Judd,* 45 *N.J.* 46, 211 *A.*2d 198 (1965).

*State v. Blair,* 45 *N.J.* 43, 211 *A.*2d 196 (1965).

*State v. Trantino,* 45 *N.J.* 37, 211 *A.*2d 193 (1965).

*Schults v. Bd. of Educ. of Teaneck,* 45 *N.J.* 2, 210 *A.*2d 762 (1965).

*Bron v. Weintraub,* 45 *N.J.* 1, 210 *A.*2d 762 (1965).

*State v. Lanzo,* 44 *N.J.* 560, 210 *A.*2d 613 (1965).

*Misani v. Ortho Pharm. Corp.,* 44 *N.J.* 552, 210 *A.*2d 609 (1965).

*Clark v. Judge,* 44 *N.J.* 550, 210 *A.*2d 415 (1965).

*State v. Bindhammer,* 44 *N.J.* 372, 209 *A.*2d 124 (1965).

*State v. LeVien,* 44 *N.J.* 323, 209 *A.*2d 97 (1965).

*405 Monroe Co. v. Asbury Park,* 44 *N.J.* 322, 208 *A.*2d 803 (1965).

*Hudson County Nat'l Bank v. Provident Inst. for Sav. in Jersey City,* 44 *N.J.* 282, 208 *A.*2d 409 (1965).

*State v. Blanchard,* 44 *N.J.* 195, 207 *A.*2d 681 (1965).

*Gangemi v. Rosengard,* 44 *N.J.* 166, 207 *A.*2d 665 (1965).

*State v. Kain,* 44 *N.J.* 148, 207 *A.*2d 541 (1965).

*Schipper v. Levitt & Sons, Inc.,* 44 *N.J.* 70, 207 *A.*2d 314 (1965).

*George v. Great E. Food Prods., Inc.,* 44 *N.J.* 44, 207 *A.*2d 161 (1965).

*In re Peacock,* 43 *N.J.* 443, 204 *A.*2d 882 (1964).

*Campi v. Aikins,* 43 *N.J.* 319, 204 *A.*2d 345 (1964).

*State v. Romeo,* 43 *N.J.* 188, 203 *A.*2d 23 (1964).

*State v. Coolack,* 43 *N.J.* 14, 202 *A.*2d 422 (1964).

*Farmer v. State,* 42 *N.J.* 579, 202 *A.*2d 173 (1964).

*Amelchenko v. Bor. of Freehold,* 42 *N.J.* 541, 201 *A.*2d 726 (1964).

*Safeway Trails, Inc. v. Bd. of Pub. Util. Comm'rs,* 42 *N.J.* 525, 201 *A.*2d 717 (1964).

*State v. Pemberton,* 42 *N.J.* 424, 201 *A.*2d 538 (1964).

*Raleigh Fitkin–Paul Morgan Mem'l Hosp. v. Anderson,* 42 *N.J.* 421, 201 *A.*2d 537 (1964).

*State v. Burnett,* 42 *N.J.* 377, 201 *A.*2d 39 (1964).

*Brown v. Kelly,* 42 *N.J.* 362, 200 *A.*2d 781 (1964).

*State v. Scharfstein,* 42 *N.J.* 354, 200 *A.*2d 777 (1964).

*In re Garofone,* 42 *N.J.* 244, 200 *A.*2d 101 (1964).

*State v. Johnson,* 42 *N.J.* 146, 199 *A.*2d 809 (1964).

*State v. Kline,* 42 *N.J.* 135, 199 *A.*2d 650 (1964).

*State v. Brown,* 41 *N.J.* 590, 198 *A.*2d 441 (1964).

*Safeway Trails, Inc. v. Furman,* 41 *N.J.* 467, 197 *A.*2d 366 (1964).

*In re Trust under the Will of Arens,* 41 *N.J.* 364, 197 *A.*2d 1 (1964).

*State v. Feffer,* 41 *N.J.* 271, 196 *A.*2d 238 (1963).

*State v. Hudson County News Co.,* 41 *N.J.* 247, 196 *A.*2d 225 (1963).

*Hudson County News Co. v. Sills,* 41 *N.J.* 220, 195 *A.*2d 626 (1963).

*State v. Reynolds,* 41 *N.J.* 163, 195 *A.*2d 449 (1963).

*State v. Loray,* 41 *N.J.* 131, 195 *A.*2d 289 (1963).

*Port of N.Y. Auth. v. Hackensack Water Co.*, 41 *N.J.* 90, 195 *A.*2d 1 (1963).

*City of E. Orange v. The Bd. of Water Comm'rs*, 41 *N.J.* 6, 194 *A.*2d 459 (1963).

*In re Kamp*, 40 *N.J.* 588, 194 *A.*2d 236 (1963).

*State v. Di Modica*, 40 *N.J.* 404, 192 *A.*2d 825 (1963).

*City of E. Orange v. Bd. of Water Comm'rs of E. Orange*, 40 *N.J.* 334, 191 *A.*2d 747 (1963).

*State v. Guido*, 40 *N.J.* 191, 191 *A.*2d 45 (1963).

*State v. Margo*, 40 *N.J.* 188, 191 *A.*2d 43 (1963).

*Sanitary Vendors, Inc. v. Byrne*, 40 *N.J.* 157, 190 *A.*2d 876 (1963).

*State v. Miller*, 39 *N.J.* 552, 189 *A.*2d 710 (1963).

*State v. Bertone*, 39 *N.J.* 356, 188 *A.*2d 599 (1963).

*Esso Standard Oil, Co. v. Holderman*, 39 *N.J.* 355, 188 *A.*2d 599 (1963).

*Caldaro v. Ferber*, 39 *N.J.* 314, 188 *A.*2d 576 (1963).

*Handleman v. Cox*, 39 *N.J.* 95, 187 *A.*2d 708 (1963).

*Jersey City Merchants Council v. City of Jersey City*, 39 *N.J.* 42, 186 *A.*2d 684 (1962).

*Mayer v. Fairlawn Jewish Ctr.*, 38 *N.J.* 549, 186 *A.*2d 274 (1962).

*Am. Mercury Ins. Co. v. Bifulco*, 38 *N.J.* 530, 186 *A.*2d 112 (1962).

*Blanck v. Mayor of Magnolia*, 38 *N.J.* 484, 185 *A.*2d 862 (1962).

*Raymond v. Cregar*, 38 *N.J.* 472, 185 *A.*2d 856 (1962).

*In re Belluscio*, 38 *N.J.* 355, 184 *A.*2d 864 (1962).

*Beverly Sewerage Auth. v. Delanco Sewerage Auth.*, 38 *N.J.* 354, 184 *A.*2d 864 (1962).

*Gellenthin v. J. & D., Inc.*, 38 *N.J.* 341, 184 *A.*2d 857 (1962).

*Bd. of Educ. of Asbury Park v. Hoek*, 38 *N.J.* 213, 183 *A.*2d 633 (1962).

450

*Boller Beverages, Inc. v. Davis,* 38 *N.J.* 138, 183 *A.*2d 64 (1962).

*State v. Fischer,* 38 *N.J.* 40, 183 *A.*2d 11 (1962).

*Roselle v. City of E. Orange,* 37 *N.J.* 462, 181 *A.*2d 751 (1962).

*Hohl v. Twp. of Readington,* 37 *N.J.* 271, 181 *A.*2d 150 (1962).

*In re Bluestein,* 37 *N.J.* 167, 179 *A.*2d 744 (1962).

*Graham v. City of Asbury Park,* 37 *N.J.* 166, 179 *A.*2d 520 (1962).

*Crane v. Borough of Essex Fells,* 36 *N.J.* 544, 178 *A.*2d 196 (1962).

*Walnut Realty Co. v. Dir. of Div. of Taxation,* 36 *N.J.* 365, 177 *A.*2d 745 (1962).

*N.J. Tpk. Auth. v. City of Jersey City,* 36 *N.J.* 332, 177 *A.*2d 539 (1962).

*City of Clifton v. Zweir,* 36 *N.J.* 309, 177 *A.*2d 545 (1962).

*Cohen v. Kaminetsky,* 36 *N.J.* 276, 176 *A.*2d 483 (1961).

*Bechler v. Parsekian,* 36 *N.J.* 242, 176 *A.*2d 470 (1961).

*State v. Moffa,* 36 *N.J.* 219, 176 *A.*2d 1 (1961).

*Shaw v. Mayor of Wayne,* 35 *N.J.* 595, 174 *A.*2d 474 (1961).

*Dixon v. Holley & Smith,* 35 *N.J.* 594, 174 *A.*2d 477 (1961).

*Graham v. Twp. of Edison,* 35 *N.J.* 537, 173 *A.*2d 403 (1961).

*Abeles v. Adams Eng'g Co.,* 35 *N.J.* 411, 173 *A.*2d 246 (1961).

*Pieretti v. Mayor of Bloomfield,* 35 *N.J.* 382, 173 *A.*2d 296 (1961).

*In re Pub. Serv. Elec. & Gas Co.,* 35 *N.J.* 358, 173 *A.*2d 233 (1961).

*Ross Sys. v. Linden Dari–Delite, Inc.,* 35 *N.J.* 329, 173 *A.*2d 258 (1961).

*State v. Hudson County News Co.,* 35 *N.J.* 284, 173 *A.*2d 20 (1961).

*In re the Schedule Filed by Hackensack Water Co.,* 35 *N.J.* 239, 172 *A.*2d 651 (1961).

*State v. Forcella,* 35 *N.J.* 168, 171 *A.*2d 649 (1961).

*State v. La Fera,* 35 *N.J.* 75, 171 *A.*2d 311 (1961).

*Long v. Landy,* 35 *N.J.* 44, 171 *A.*2d 1 (1961).

*Mazzilli v. Accident & Cas. Ins. Co. of Winterthur,* 35 *N.J.* 1, 170 *A.*2d 800 (1961).

*Falcone v. Middlesex Co. Med. Soc'y,* 34 *N.J.* 582, 170 *A.*2d 791 (1961).

*State v. Puckett,* 34 *N.J.* 574, 170 *A.*2d 437 (1961).

*State v. Reed,* 34 *N.J.* 554, 170 *A.*2d 419 (1961).

*State v. Horton,* 34 *N.J.* 518, 170 *A.*2d 1 (1961).

*Howard Sav. Inst. v. Peep,* 34 *N.J.* 494, 170 *A.*2d 39 (1961).

*Kievit v. Loyal Protective Life Ins. Co.,* 34 *N.J.* 475, 170 *A.*2d 22 (1961).

*Paxton v. Misiuk,* 34 *N.J.* 453, 170 *A.*2d 16 (1961).

*Maver v. Dwelling Managers Co.,* 34 *N.J.* 440, 170 *A.*2d 35 (1961).

*Goodlet v. Goodman,* 34 *N.J.* 358, 169 *A.*2d 140 (1961).

*In re Stoldt,* 34 *N.J.* 355, 169 *A.*2d 138 (1961).

*Dep't of Health v. Roselle,* 34 *N.J.* 331, 169 *A.*2d 153 (1961).

*Home Owners Constr. Co. v. Borough of Glen Rock,* 34 *N.J.* 305, 169 *A.*2d 129 (1961).

*State v. DiPaolo,* 34 *N.J.* 279, 168 *A.*2d 401 (1961).

*In re Bell,* 34 *N.J.* 277, 168 *A.*2d 201 (1961).

*In re Mattera,* 34 *N.J.* 259, 168 *A.*2d 38 (1961).

*Weeks v. City of Newark,* 34 *N.J.* 250, 168 *A.*2d 11 (1961).

*City of Bayonne v. Dougherty,* 34 *N.J.* 240, 168 *A.*2d 37 (1961).

*Messner v. County of Union,* 34 *N.J.* 233, 167 *A.*2d 897 (1961).

*The Port of N.Y. Auth. v. Baumann,* 34 *N.J.* 171, 167 *A.*2d 623 (1961).

*The Port of N.Y. Auth. v. Heming,* 34 *N.J.* 144, 167 *A.*2d 609 (1961).

*Sanzari v. Rosenfeld,* 34 *N.J.* 128, 167 *A.*2d 625 (1961).

*U.S. Wire & Cable Corp. v. Ascher Corp.*, 34 *N.J.* 121, 167 *A.*2d 633 (1961).

*Black v. Town of Montclair*, 34 *N.J.* 105, 167 *A.*2d 388 (1961).

*State v. Steenback*, 34 *N.J.* 89, 167 *A.*2d 397 (1961).

*Perri v. Kisselbach*, 34 *N.J.* 84, 167 *A.*2d 377 (1961).

*Fried v. Kervick*, 34 *N.J.* 68, 167 *A.*2d 380 (1961).

*In re the Alleged Unethical Conduct of West*, 34 *N.J.* 61, 167 *A.*2d 396 (1961).

*State v. Begyn*, 34 *N.J.* 35, 167 *A.*2d 161 (1961).

*In re the Appeals of Kents 2124 Atl. Ave., Inc.*, 34 *N.J.* 21, 166 *A.*2d 763 (1961).

*Melchionne v. City of Newark*, 34 *N.J.* 16, 166 *A.*2d 761 (1961).

*State v. Holley*, 34 *N.J.* 9, 166 *A.*2d 758 (1961).

*McKenzie v. Brixite Mfg. Co.*, 34 *N.J.* 1, 166 *A.*2d 753 (1961).

*State v. Walker*, 33 *N.J.* 580, 166 *A.*2d 567 (1960).

*State v. Zelinski*, 33 *N.J.* 561, 166 *A.*2d 383 (1960).

*Reilly v. Ozzard*, 33 *N.J.* 529, 166 *A.*2d 360 (1960).

*In re the Trust Established under Article Seventh of the Last Will & Testament of Armour*, 33 *N.J.* 517, 166 *A.*2d 376 (1960).

*Indem. Ins. Co. of N.A. v. Metro. Cas. Ins. Co. of N.Y.*, 33 *N.J.* 507, 166 *A.*2d 355 (1960).

*Matits v. Nationwide Mut. Ins. Co.*, 33 *N.J.* 488, 166 *A.*2d 345 (1960).

*Grosso v. City of Paterson*, 33 *N.J.* 477, 166 *A.*2d 161 (1960).

*Tua v. Modern Homes, Inc.*, 33 *N.J.* 476, 165 *A.*2d 798 (1960).

*Kasiski v. Int'l Paper Co.*, 33 *N.J.* 473, 166 *A.*2d 167 (1960).

*Eliasz v. Broadway Bank & Trust Co.*, 33 *N.J.* 470, 166 *A.*2d 166 (1960).

*State v. Schneider*, 33 *N.J.* 451, 165 *A.*2d 299 (1960).

*N.J. Mortgage & Inv. Co. v. Dorsey,* 33 *N.J.* 448, 165 *A.*2d 297 (1960).

*Lubliner v. Bd. of Alcoholic Beverage Control for Paterson,* 33 *N.J.* 428, 165 *A.*2d 163 (1960).

*Nusbaum v. Newark Morning Ledger Co.,* 33 *N.J.* 419, 165 *A.*2d 177 (1960).

*Borough of Fanwood v. Rocco,* 33 *N.J.* 404, 165 *A.*2d 183 (1960).

*State v. Wolak,* 33 *N.J.* 399, 165 *A.*2d 174 (1960).

*Picker v. City of Bayonne,* 33 *N.J.* 390, 165 *A.*2d 182 (1960).

*State v. Kehr,* 33 *N.J.* 381, 164 *A.*2d 747 (1960).

*State v. Konigsberg,* 33 *N.J.* 367, 164 *A.*2d 740 (1960).

*State v. Rosania,* 33 *N.J.* 267, 163 *A.*2d 139 (1960).

*Vill. of Ridgefield Park v. Bergen County Bd. of Taxation,* 33 *N.J.* 262, 163 *A.*2d 144 (1960).

*In re the Alleged Unethical Conduct of Patton,* 33 *N.J.* 96, 162 *A.*2d 567 (1960).

*Passaic Valley Sewerage Comm'rs v. Geo. M. Brewster & Son, Inc.,* 32 *N.J.* 595, 161 *A.*2d 503 (1960).

*Dudley v. Victor Lynn Lines, Inc.,* 32 *N.J.* 479, 161 *A.*2d 479 (1960).

*Chary v. First Sav. & Loan Ass'n of Little Falls,* 32 *N.J.* 418, 161 *A.*2d 65 (1960).

*Henningsen v. Bloomfield Motors, Inc.,* 32 *N.J.* 358, 161 *A.*2d 69 (1960).

*State v. Corbo,* 32 *N.J.* 273, 160 *A.*2d 625 (1960).

*City of Trenton v. Fowler–Thorne Co.,* 32 *N.J.* 256, 160 *A.*2d 131 (1960).

*Two Guys from Harrison, Inc. v. Furman,* 32 *N.J.* 199, 160 *A.*2d 265 (1960).

*Schwartz v. Borough of Stockton,* 32 *N.J.* 141, 160 *A.*2d 1 (1960).

454

*State v. Jenkins,* 32 *N.J.* 109, 160 *A.*2d 25 (1960).

*Stoelting v. Hauck,* 32 *N.J.* 87, 159 *A.*2d 385 (1960).

*In re the Alleged Error in the Preparation of the Ballot for the Recall Election in Hackensack,* 31 *N.J.* 592, 158 *A.*2d 505 (1960).

*Schlemm v. Schlemm,* 31 *N.J.* 557, 158 *A.*2d 508 (1960).

*Vill. of Loch Arbour v. Ocean Twp.,* 31 *N.J.* 539, 158 *A.*2d 332 (1960).

*Levitt & Sons, Inc. v. Div. against Discrimination in the State Dep't of Educ.,* 31 *N.J.* 514, 158 *A.*2d 177 (1960).

*Sunset Beach Amusement Corp. v. Belk,* 31 *N.J.* 445, 158 *A.*2d 35 (1960).

*O'Donnell v. The Chosen Bd. of Freeholders of Morris,* 31 *N.J.* 434, 158 *A.*2d 1 (1960).

*Vill. of Ridgefield Park v. Bergen County Bd. of Taxation,* 31 *N.J.* 420, 157 *A.*2d 829 (1960).

*City of Passaic v. Passaic County Bd. of Taxation,* 31 *N.J.* 413, 157 *A.*2d 825 (1960).

*Greenberg v. Owens,* 31 *N.J.* 402, 157 *A.*2d 689 (1960).

*Kohler v. Cobb,* 31 *N.J.* 369, 157 *A.*2d 681 (1960).

*Miele v. McGuire,* 31 *N.J.* 339, 157 *A.*2d 306 (1960).

*Brennan v. Byrne,* 31 *N.J.* 333, 157 *A.*2d 303 (1960).

*Cetrulo v. Byrne,* 31 *N.J.* 320, 157 *A.*2d 297 (1960).

*Radio Taxi Serv., Inc. v. Lincoln Mut. Ins. Co.,* 31 *N.J.* 299, 157 *A.*2d 319 (1960).

*Newman v. Borough of Fair Lawn,* 31 *N.J.* 279, 157 *A.*2d 314 (1960).

*In re the Appeals of Kents 2124 Atl. Ave., Inc.,* 31 *N.J.* 266, 156 *A.*2d 700 (1959).

*State v. Marchand,* 31 *N.J.* 223, 156 *A.*2d 245 (1959).

*The Trs. of Columbia Univ. v. Jacobsen,* 31 *N.J.* 221, 156 *A.*2d 251 (1959).

*In re Application of Pa. & Newark R.R. Co.,* 31 *N.J.* 146, 155 *A.*2d 761 (1960).

*McClain v. Bd. of Educ., City of Woodbury,* 30 *N.J.* 567, 154 *A.*2d 569 (1959).

*Konya v. Twp. of Readington,* 30 *N.J.* 556, 154 *A.*2d 580 (1959).

*Brundage v. Twp. of Randolph,* 30 *N.J.* 555, 154 *A.*2d 581 (1959).

*In re the Application of Smigelski,* 30 *N.J.* 513, 154 *A.*2d 1 (1959).

*Greenberg v. Stanley,* 30 *N.J.* 485, 153 *A.*2d 833 (1959).

*Andrews v. Bd. of Adjustment,* 30 *N.J.* 245, 152 *A.*2d 580 (1959).

*Elizabeth Fed. Sav. & Loan Ass'n v. Howell,* 30 *N.J.* 190, 152 *A.*2d 359 (1959).

*Indep. Dairy Workers Union of Hightstown v. Milk Drivers & Dairy Employees Local No. 680,* 30 *N.J.* 173, 152 *A.*2d 331 (1959).

*In re Probate of Alleged Will of McDougall,* 29 *N.J.* 586, 151 *A.*2d 540 (1959).

*Kozesnik v. Twp. of Montgomery,* 29 *N.J.* 584, 151 *A.*2d 537 (1959).

*Dittmar v. Continental Cas. Co.,* 29 *N.J.* 532, 150 *A.*2d 666 (1959).

*Carolyn Schnurer, Inc. v. Stein,* 29 *N.J.* 498, 150 *A.*2d 490 (1959).

*Kervick v. Bontempo,* 29 *N.J.* 469, 150 *A.*2d 34 (1959).

*Wilomay Holding Co. v. McCoy,* 29 *N.J.* 466, 150 *A.*2d 33 (1959).

*Great Atl. & Pac. Tea Co. v. A & P Trucking Corp.,* 29 *N.J.* 455, 149 *A.*2d 595 (1959).

*Spencer v. Recreation Comm'n of N. Plainfield,* 29 *N.J.* 450, 149 *A.*2d 593 (1959).

*Sans v. Ramsey Golf & Country Club, Inc.,* 29 *N.J.* 438, 149 *A.*2d 599 (1959).

*Genovay v. Fox,* 29 *N.J.* 436, 149 *A.*2d 212 (1959).

*DiMicele v. Gen. Motors Corp.,* 29 *N.J.* 427, 149 *A.*2d 223 (1959).

*Giacobbe v. Gassert,* 29 *N.J.* 421, 149 *A.*2d 214 (1959).

*Oliver v. Russo,* 29 *N.J.* 418, 149 *A.*2d 213 (1959).

*Minery v. Fenton,* 29 *N.J.* 409, 149 *A.*2d 245 (1959).

*Arthur Venneri Co. v. Paterson Hous. Auth.,* 29 *N.J.* 392, 149 *A.*2d 228 (1959).

*Coleman v. Newark Morning Ledger Co.,* 29 *N.J.* 357, 149 *A.*2d 193 (1959).

*State v. Roller,* 29 *N.J.* 339, 149 *A.*2d 238 (1959).

*Dvorkin v. Twp. of Dover,* 29 *N.J.* 303, 148 *A.*2d 793 (1959).

*Coro Brokerage, Inc. v. Rickard,* 29 *N.J.* 295, 148 *A.*2d 817 (1959).

*Eagle Truck Transp., Inc. v. Bd. of Review,* 29 *N.J.* 280, 148 *A.*2d 822 (1959).

*Grundlehner v. Dangler,* 29 *N.J.* 256, 148 *A.*2d 806 (1959).

*Egan v. Erie R.R. Co.,* 29 *N.J.* 243, 148 *A.*2d 830 (1959).

*River Dev. Corp. v. Liberty Corp.,* 29 *N.J.* 239, 148 *A.*2d 721 (1959).

*Ennis v. Petry,* 29 *N.J.* 236, 148 *A.*2d 722 (1959).

*Prudential Ins. Co. of Am. v. Howell,* 29 *N.J.* 116, 148 *A.*2d 145 (1959).

*Slurzberg v. Bayonne,* 29 *N.J.* 106, 148 *A.*2d 171 (1959).

*Daily v. Somberg,* 28 *N.J.* 372, 146 *A.*2d 676 (1958).

*Bober v. Indep. Plating Corp.,* 28 *N.J.* 160, 145 *A.*2d 463 (1958).

*Salitan v. Magnus,* 28 *N.J.* 20, 145 *A.*2d 10 (1958).

*Simmel v. N.J. Coop. Co.,* 28 *N.J.* 1, 143 *A.*2d 521 (1958).

*State v. Butler,* 27 *N.J.* 560, 143 *A.*2d 530 (1958).

*N.J. Tpk. Auth. v. Bowley,* 27 *N.J.* 549, 143 *A.*2d 558 (1958).

*Wall v. Bd. of Comm'rs of Jersey City,* 27 *N.J.* 545, 143 *A.*2d 569 (1958).

*Krieger v. City of Jersey City,* 27 *N.J.* 535, 143 *A.*2d 564 (1958).

*State v. Lanza,* 27 *N.J.* 516, 143 *A.*2d 571 (1958).

*Yeomans v. City of Jersey City,* 27 *N.J.* 496, 143 *A.*2d 174 (1958).

*City of Passaic v. Passaic County Bd. of Taxation,* 27 *N.J.* 467, 142 *A.*2d 858 (1958).

*State v. Smith,* 27 *N.J.* 433, 142 *A.*2d 890 (1958).

*Palmer v. Kingsley,* 27 *N.J.* 425, 142 *A.*2d 833 (1958).

*Wollen v. Borough of Fort Lee,* 27 *N.J.* 408, 142 *A.*2d 881 (1958).

*Frank Rizzo, Inc. v. Alatsas,* 27 *N.J.* 400, 142 *A.*2d 861 (1958).

*Wilson v. City of Long Branch,* 27 *N.J.* 360, 142 *A.*2d 837 (1958).

*State v. Emery,* 27 *N.J.* 348, 142 *A.*2d 874 (1958).

*Commercial Trust Co. of N.J. v. Barnard,* 27 *N.J.* 332, 142 *A.*2d 865 (1958).

*Betz v. Dir. of Div. of Motor Vehicles,* 27 *N.J.* 324, 142 *A.*2d 632 (1958).

*State v. Samurine,* 27 *N.J.* 322, 142 *A.*2d 612 (1958).

*State v. Giardina,* 27 *N.J.* 313, 142 *A.*2d 609 (1958).

*State v. Salerno,* 27 *N.J.* 289, 142 *A.*2d 636 (1958).

*Trugman v. Reichenstein,* 27 *N.J.* 280, 142 *A.*2d 618 (1958).

*Joseph v. Passaic Hosp. Ass'n,* 26 *N.J.* 557, 141 *A.*2d 18 (1958).

*Woodside Homes, Inc. v. Town of Morristown,* 26 *N.J.* 529, 141 *A.*2d 8 (1958).

*Ricciardi v. Marcalus Mfg. Co.,* 26 *N.J.* 445, 140 *A.*2d 215 (1958).

*Michaels v. Brookchester, Inc.,* 26 *N.J.* 379, 140 *A.*2d 199 (1958).

*Wilkins v. Zelichowski,* 26 *N.J.* 370, 140 *A.*2d 65 (1958).

*State v. Manney,* 26 *N.J.* 362, 140 *A.*2d 74 (1958).

*Zimmer v. Westinghouse Elec. Corp.,* 26 *N.J.* 339, 139 *A.*2d 754 (1958).

*City of Hoboken v. Jarka Corp.,* 26 *N.J.* 336, 139 *A.*2d 737 (1958).

458

*In re the Payment of Unclaimed Deposits in the Superior Court of N.J. to the State Treasurer*, 26 *N.J.* 299, 139 *A.*2d 569 (1958).

*Bornstein v. Metro. Bottling Co.*, 26 *N.J.* 263, 139 *A.*2d 404 (1958).

*Oldfield v. Stoeco Homes, Inc.*, 26 *N.J.* 246, 139 *A.*2d 291 (1958).

*Pub. Util. Constr. & Gas Appliance Workers of N.J., Local No. 274 v. Pub. Serv. Elec. & Gas Co.*, 26 *N.J.* 145, 139 *A.*2d 1 (1958).

*In re the Estate of Fera*, 26 *N.J.* 131, 139 *A.*2d 23 (1958).

*State v. Gorga*, 26 *N.J.* 113, 138 *A.*2d 833 (1958).

*Biglioli v. Durotest Corp.*, 26 *N.J.* 33, 138 *A.*2d 529 (1958).

*Four–G Corp. v. Ruta*, 25 *N.J.* 503, 138 *A.*2d 18 (1958).

*Twp. of Howell v. Sagorodny*, 25 *N.J.* 502, 138 *A.*2d 13 (1958).

*Faas v. Zink*, 25 *N.J.* 500, 138 *A.*2d 42 (1958).

*Wytupeck v. City of Camden*, 25 *N.J.* 450, 136 *A.*2d 887 (1957).

*In re Micklus*, 25 *N.J.* 443, 136 *A.*2d 772 (1957).

*State v. Mucci*, 25 *N.J.* 423, 136 *A.*2d 761 (1957).

*Baker v. Normanoch Ass'n, Inc.*, 25 *N.J.* 407, 136 *A.*2d 645 (1957).

*State v. Fid. Union Trust Co.*, 25 *N.J.* 387, 136 *A.*2d 636 (1957).

*In re Town of West N.Y.*, 25 *N.J.* 377, 136 *A.*2d 654 (1957).

*In re Application of Freygang*, 25 *N.J.* 357, 136 *A.*2d 625 (1957).

*The Hous. Auth. of Union City v. Commonwealth Trust Co.*, 25 *N.J.* 330, 136 *A.*2d 401 (1957).

*The Twp. of Hillside v. Sternin*, 25 *N.J.* 317, 136 *A.*2d 265 (1957).

*State v. Laird*, 25 *N.J.* 298, 135 *A.*2d 859 (1957).

*Vargas v. A.H. Bull Steamship Co.*, 25 *N.J.* 293, 135 *A.*2d 857 (1957).

*State v. Ruggiero*, 25 *N.J.* 292, 135 *A.*2d 859 (1957).

*In re Quinn*, 25 *N.J.* 284, 135 *A.*2d 869 (1957).

*Morris v. MacNab*, 25 *N.J.* 271, 135 *A.*2d 657 (1957).

*In re Incorp. of the Vill. of Loch Arbour,* 25 *N.J.* 258, 135 *A.*2d 663 (1957).

*N.J. Zinc Co. v. Bd. of Review,* 25 *N.J.* 235, 135 *A.*2d 496 (1957).

*Westinghouse Elec. Corp. v. Bd. of Review,* 25 *N.J.* 221, 135 *A.*2d 489 (1957).

*State v. Wingler,* 25 *N.J.* 161, 135 *A.*2d 468 (1957).

*Howard v. Harwood's Rest. Co.,* 25 *N.J.* 72, 135 *A.*2d 161 (1957).

*Bogert v. Twp. of Washington,* 25 *N.J.* 57, 135 *A.*2d 1 (1957).

*Judson v. Peoples Bank & Trust Co.,* 25 *N.J.* 17, 134 *A.*2d 761 (1957).

*Gangemi v. Berry,* 25 *N.J.* 1, 134 *A.*2d 1 (1957).

*O'Rourke v. Bd. of Review,* 24 *N.J.* 607, 133 *A.*2d 333 (1957).

*John A. Roebling's Corp. v. Bodrog,* 24 *N.J.* 604, 133 *A.*2d 331 (1957).

*Watson v. U.S. Rubber Co.,* 24 *N.J.* 598, 133 *A.*2d 328 (1957).

*Teichler v. Curtiss–Wright Corp.,* 24 *N.J.* 585, 133 *A.*2d 320 (1957).

*State v. Manney,* 24 *N.J.* 571, 133 *A.*2d 313 (1957).

*Lokar v. Church of the Sacred Heart,* 24 *N.J.* 549, 133 *A.*2d 12 (1957).

*Jardine Estates v. Koppel,* 24 *N.J.* 536, 133 *A.*2d 1 (1957).

*In re White,* 24 *N.J.* 521, 132 *A.*2d 777 (1957).

*County of Essex v. Hindenlang,* 24 *N.J.* 517, 132 *A.*2d 807 (1957).

*Jantausch v. Borough of Verona,* 24 *N.J.* 326, 131 *A.*2d 881 (1957).

*State v. Cooper,* 24 *N.J.* 261, 131 *A.*2d 756 (1957).

*Leers v. Green,* 24 *N.J.* 239, 131 *A.*2d 781 (1957).

*Gilligan v. Int'l Paper Co.,* 24 *N.J.* 230, 131 *A.*2d 503 (1957).

*Neeld v. Giroux,* 24 *N.J.* 224, 131 *A.*2d 508 (1957).

*Lettieri v. State Bd. of Med. Exam'rs,* 24 *N.J.* 199, 131 *A.*2d 518 (1957).

460

*Bauer v. 141–149 Cedar Lane Holding Co.*, 24 *N.J.* 139, 130 *A.*2d 833 (1957).

*Salvemini v. Giblin*, 24 *N.J.* 123, 130 *A.*2d 842 (1957).

*Mara v. Twp. of Parsippany–Troy Hills*, 24 *N.J.* 113, 130 *A.*2d 828 (1957).

*Kearny v. Div. of Tax Appeals*, 24 *N.J.* 90, 130 *A.*2d 845 (1957).

*Twp. of N. Bergen v. Div. of Tax Appeals*, 24 *N.J.* 89, 130 *A.*2d 842 (1957).

*Fisch v. Manger*, 24 *N.J.* 66, 130 *A.*2d 815 (1957).

*State v. Dunphy*, 24 *N.J.* 10, 130 *A.*2d 606 (1957).

*N.J. Highway Auth. v. Ellis*, 24 *N.J.* 1, 130 *A.*2d 601 (1957).

*Walker v. Stanhope*, 23 *N.J.* 657, 130 *A.*2d 372 (1957).

*Lavino v. Lavino*, 23 *N.J.* 635, 130 *A.*2d 369 (1957).

*The Del., Lackawanna & W. R.R. Co. v. Neeld*, 23 *N.J.* 561, 130 *A.*2d 6 (1957).

*Bassett v. Neeld*, 23 *N.J.* 551, 130 *A.*2d 1 (1957).

*Hartman v. City of Brigantine*, 23 *N.J.* 530, 129 *A.*2d 876 (1957).

*State v. Curcio*, 23 *N.J.* 521, 129 *A.*2d 871 (1957).

*State v. Campisi*, 23 *N.J.* 513, 129 *A.*2d 880 (1957).

*State v. Culver*, 23 *N.J.* 495, 129 *A.*2d 715 (1957).

*Gibraltar Factors Corp. v. Slapo*, 23 *N.J.* 459, 129 *A.*2d 567 (1957).

*In re the Estate of Talmage*, 23 *N.J.* 205, 128 *A.*2d 681 (1957).

*Rockhill v. Twp. of Chesterfield*, 23 *N.J.* 117, 128 *A.*2d 473 (1957).

*Indep. Dairy Workers Union of Hightstown v. Milk Drivers & Dairy Employees Local No. 680*, 23 *N.J.* 85, 127 *A.*2d 869 (1956).

*Gundaker Cent. Motors, Inc. v. Gassert*, 23 *N.J.* 71, 127 *A.*2d 566 (1956).

*Kielb v. Johnson*, 23 *N.J.* 60, 127 *A.*2d 561 (1956).

*Asbury Park Press, Inc. v. City of Asbury Park,* 23 *N.J.* 50, 127 *A.*2d 401 (1956).

*Giles v. Gassert,* 23 *N.J.* 22, 127 *A.*2d 161 (1956).

*Braue v. Fleck,* 23 *N.J.* 1, 127 *A.*2d 1 (1956).

*Gray v. Cholodenko,* 22 *N.J.* 602, 127 *A.*2d 12 (1956).

*Alboum v. City of Newark,* 22 *N.J.* 571, 126 *A.*2d 885 (1956).

*State v. Kollarik,* 22 *N.J.* 558, 126 *A.*2d 875 (1956).

*State v. Cerce,* 22 *N.J.* 236, 125 *A.*2d 689 (1956).

*State v. Novak,* 22 *N.J.* 231, 125 *A.*2d 521 (1956).

*Koch v. Borough of Seaside Heights,* 22 *N.J.* 218, 125 *A.*2d 402 (1956).

*N.J. State Bar Assn. v. N. N.J. Mortgage Assocs.,* 22 *N.J.* 184, 123 *A.*2d 498 (1956).

*Russo v. The Governor of N.J.,* 22 *N.J.* 156, 123 *A.*2d 482 (1956).

*Brogan v. The Passaic Daily News,* 22 *N.J.* 139, 123 *A.*2d 473 (1956).

*Highway Holding Co. v. Yara Eng'g Corp.,* 22 *N.J.* 119, 123 *A.*2d 511 (1956).

*Martell v. Lane,* 22 *N.J.* 110, 123 *A.*2d 541 (1956).

*State v. Leibowitz,* 22 *N.J.* 102, 123 *A.*2d 526 (1956).

*State v. Chernachowicz,* 22 *N.J.* 83, 123 *A.*2d 526 (1956).

*Farone v. Habel,* 22 *N.J.* 66, 123 *A.*2d 506 (1956).

*State v. Smith,* 22 *N.J.* 59, 123 *A.*2d 369 (1956).

*Richman v. Ligham,* 22 *N.J.* 40, 123 *A.*2d 372 (1956).

*Richman v. Neuberger,* 22 *N.J.* 28, 123 *A.*2d 217 (1956).

*Lippman v. Ostrum,* 22 *N.J.* 14, 123 *A.*2d 230 (1956).

*Martin v. Haycock,* 22 *N.J.* 1, 123 *A.*2d 223 (1956).

*Guill v. The Mayor of Hoboken,* 21 *N.J.* 574, 122 *A.*2d 881 (1956).

*Korff v. G & G Corp.,* 21 *N.J.* 558, 122 *A.*2d 889 (1956).

*Gilligan v. Int'l Paper Co.*, 21 *N.J.* 557, 122 *A.*2d 888 (1956).

*State v. Roberts*, 21 *N.J.* 552, 123 *A.*2d 1 (1956).

*Leonard v. Werger*, 21 *N.J.* 539, 122 *A.*2d 777 (1956).

*Fantony v. Fantony*, 21 *N.J.* 525, 122 *A.*2d 593 (1956).

*Hart v. Neeld*, 21 *N.J.* 479, 122 *A.*2d 611 (1956).

*Vacca v. Stika*, 21 *N.J.* 471, 122 *A.*2d 619 (1956).

*Paterson Publ'g Co. v. N.J. Bell Tel. Co.*, 21 *N.J.* 460, 122 *A.*2d 599 (1956).

*State v. Petrolia*, 21 *N.J.* 453, 122 *A.*2d 639 (1956).

*Monmouth Lumber Co. v. Indem. Ins. Co. of N. Am.*, 21 *N.J.* 439, 122 *A.*2d 604 (1956).

*Bogue Elec. Co. v. Bd. of Review of the Div. of Employment Sec.*, 21 *N.J.* 431, 122 *A.*2d 615 (1956).

*State v. Radowitz*, 21 *N.J.* 428, 122 *A.*2d 512 (1956).

*State v. Richter*, 21 *N.J.* 421, 122 *A.*2d 502 (1956).

*Roselle v. Wright*, 21 *N.J.* 400, 122 *A.*2d 506 (1956).

*Eureka Printing Co. v. Div. of Employment Sec.*, 21 *N.J.* 383, 122 *A.*2d 345 (1956).

*Alexander v. N.J. Power & Light Co.*, 21 *N.J.* 373, 122 *A.*2d 339 (1956).

*In re the Probate of the Alleged Will of Hale*, 21 *N.J.* 284, 121 *A.*2d 511 (1956).

*Mortensen v. Bd. of Review, Div. of Employment Sec.*, 21 *N.J.* 242, 121 *A.*2d 539 (1956).

*In re Greenberg*, 21 *N.J.* 213, 121 *A.*2d 520 (1956).

*Klotz v. Lee*, 21 *N.J.* 148, 121 *A.*2d 369 (1956).

*De Marco v. Bd. of Chosen Freeholders of Bergen*, 21 *N.J.* 136, 121 *A.*2d 396 (1956).

*Equitable Life Assurance Soc'y of the U.S. v. Kretzschmar*, 21 *N.J.* 129, 121 *A.*2d 8 (1956).

*Sanders v. Cuba R.R. Co.*, 21 *N.J.* 78, 120 *A.*2d 849 (1956).

*Nat'l–Ben Franklin Fire Ins. Co. v. Camden Trust Co.*, 21 *N.J.* 16, 120 *A.*2d 754 (1956).

*Trecartin v. Mahony–Troast Constr. Co.*, 21 *N.J.* 1, 120 *A.*2d 733 (1956).

*Rogo v. Mahwah Realty Co.*, 20 *N.J.* 527, 120 *A.*2d 433 (1956).

*Bowen v. Olesky*, 20 *N.J.* 520, 120 *A.*2d 461 (1956).

*Newberry v. Walsh*, 20 *N.J.* 484, 120 *A.*2d 242 (1956).

*State v. Haines*, 20 *N.J.* 438, 120 *A.*2d 118 (1956).

*Gilbert v. Town of Irvington*, 20 *N.J.* 432, 120 *A.*2d 114 (1956).

*Armstrong v. Francis Corp.*, 20 *N.J.* 320, 120 *A.*2d 4 (1956).

*Untermann v. Untermann*, 19 *N.J.* 507, 117 *A.*2d 599 (1955).

*In re the Probate of Rittenhouse Will*, 19 *N.J.* 376, 117 *A.*2d 401 (1955).

*State v. Hozer*, 19 *N.J.* 301, 116 *A.*2d 193 (1955).

*Palkoski v. Garcia*, 19 *N.J.* 175, 115 *A.*2d 539 (1955).

*In re Klaisz*, 19 *N.J.* 145, 115 *A.*2d 537 (1955).

*Silverstein v. Keane*, 19 *N.J.* 1, 115 *A.*2d 1 (1955).

*Giumarra v. Harrington Heights, Inc.*, 18 *N.J.* 548, 114 *A.*2d 720 (1955).

*In re Palmisano*, 18 *N.J.* 497, 114 *A.*2d 553 (1955).

*Terminal Constr. Corp. v. Bergen County Hackensack River Sanitary Sewer Dist. Auth.*, 18 *N.J.* 294, 113 *A.*2d 787 (1955).

*Melone v. Jersey Cent. Power & Light Co.*, 18 *N.J.* 163, 113 *A.*2d 13 (1955).

*Turco Prods., Inc. v. Hydrocarbon Chems., Inc.*, 18 *N.J.* 130, 113 *A.*2d 5 (1955).

*State v. Hotel Bar Foods, Inc.*, 18 *N.J.* 115, 112 *A.*2d 726 (1955).

*Hampton v. Hampton Holding Co.,* 17 *N.J.* 431, 111 *A.*2d 761 (1955).

*Dolan v. DeCapua,* 16 *N.J.* 599, 109 *A.*2d 615 (1954).

*Spagnuolo v. Bonnet,* 16 *N.J.* 546, 109 *A.*2d 623 (1954).

*City of Trenton v. Lenzner,* 16 *N.J.* 465, 109 *A.*2d 409 (1954).

*Stanley Co. of Am. v. Hercules Powder Co.,* 16 *N.J.* 295, 108 *A.*2d 616 (1954).

*Moskowitz v. Herman,* 16 *N.J.* 223, 108 *A.*2d 426 (1954).

*In re Estate of Breckwoldt,* 16 *N.J.* 222, 108 *A.*2d 431 (1954).

*Bohn v. Hudson & Manhattan R.R. Co.,* 16 *N.J.* 180, 108 *A.*2d 5 (1954).

*Battaglia v. Norton,* 16 *N.J.* 171, 108 *A.*2d 1 (1954).

*In re Messano,* 16 *N.J.* 142, 106 *A.*2d 537 (1954).

*Behrman v. Egan,* 16 *N.J.* 97, 106 *A.*2d 284 (1954).

*Murphy v. Kelly,* 15 *N.J.* 608, 105 *A.*2d 841 (1954).

*In re Genser,* 15 *N.J.* 600, 105 *A.*2d 829 (1954).

*In re Estate of Hoagland,* 15 *N.J.* 592, 105 *A.*2d 825 (1954).

*Mazza v. Cavicchia,* 15 *N.J.* 498, 105 *A.*2d 545 (1954).

*Di Miceli v. State Parole Bd.,* 15 *N.J.* 446, 105 *A.*2d 525 (1954).

*Schlossberg v. Jersey City Sewerage Auth.,* 15 *N.J.* 360, 104 *A.*2d 662 (1954).

*Standard Accident Ins. Co. v. Pellecchia,* 15 *N.J.* 162, 104 *A.*2d 288 (1954).

*Repub. of China v. Pong–Tsu Mow,* 15 *N.J.* 139, 104 *A.*2d 322 (1954).

*Zeliff v. Sabatino,* 15 *N.J.* 70, 104 *A.*2d 54 (1954).

*Port of N.Y. Auth. v. Twp. of Weehawken,* 14 *N.J.* 570, 103 *A.*2d 603 (1954).

*Zieper v. Zieper,* 14 *N.J.* 551, 103 *A.*2d 366 (1954).

*Ajamian v. Schlanger,* 14 *N.J.* 483, 103 *A.*2d 9 (1954).

*La Salle v. La Pointe,* 14 *N.J.* 476, 102 *A.*2d 761 (1954).

*Ristan v. Frantzen,* 14 *N.J.* 455, 102 *A.*2d 614 (1954).

*State v. Link,* 14 *N.J.* 446, 102 *A.*2d 609 (1954).

*Lehman v. Anderson,* 14 *N.J.* 340, 102 *A.*2d 385 (1954).

*Spoerl v. Twp. of Pennsauken,* 14 *N.J.* 186, 101 *A.*2d 855 (1954).

*In re the Probate of the Last Will & Testament of Davis,* 14 *N.J.* 166, 101 *A.*2d 521 (1953).

*C.B. Snyder Realty Co. v. The Nat'l Newark & Essex Banking Co. of Newark,* 14 *N.J.* 146, 101 *A.*2d 544 (1953).

*City of Jersey City v. Liggett & Myers Tobacco Co.,* 14 *N.J.* 112, 101 *A.*2d 555 (1953).

*A & M Trading Corp. v. Pa. R.R. Co.,* 13 *N.J.* 516, 100 *A.*2d 513 (1953).

*Leith v. Horgan,* 13 *N.J.* 467, 100.*A.*2d 175 (1953).

*Krauss v. A. & M. Karagheusian, Inc.,* 13 *N.J.* 447, 100 *A.*2d 277 (1953).

*Campbell Soup Co. v. Bd. of Review, Div. of Employment Sec.,* 13 *N.J.* 431, 100 *A.*2d 287 (1953).

*Seiler v. Robinson,* 13 *N.J.* 307, 99 *A.*2d 422 (1953).

*Citizens to Protect Pub. Funds v. Bd. of Educ. of Parsippany–Troy Hills,* 13 *N.J.* 172, 98 *A.*2d 673 (1953).

*A.P. Smith Mfg. Co. v. Barlow,* 13 *N.J.* 145, 98 *A.*2d 581 (1953).

*State v. Bogen,* 13 *N.J.* 137, 98 *A.*2d 295 (1953).

*Joseph Toker Co. v. Lehigh Valley R.R. Co.,* 12 *N.J.* 608, 97 *A.*2d 598 (1953).

*N.J. Bell Tel. Co. v. State,* 12 *N.J.* 568, 97 *A.*2d 602 (1953).

*State v. Pometti,* 12 *N.J.* 446, 97 *A.*2d 399 (1953).

*State v. Congro,* 12 *N.J.* 378, 97 *A.*2d 10 (1953).

*Holloway v. Twp. of Pennsauken,* 12 *N.J.* 371, 97 *A.*2d 141 (1953).

*Seitz v. Seitz,* 12 *N.J.* 368, 97 *A.*2d 152 (1953).

*U.S. Fid. & Guar. Co. v. Davis,* 12 *N.J.* 365, 97 *A.*2d 161 (1953).

*In re Application for a Writ of Habeas Corpus of Cohen,* 12 *N.J.* 362, 96 *A.*2d 794 (1953).

*Bondar v. Simmons Co.,* 12 *N.J.* 361, 96 *A.*2d 795 (1953).

*Busch v. Plews,* 12 *N.J.* 352, 96 *A.*2d 761 (1953).

*Bucino v. Malone,* 12 *N.J.* 330, 96 *A.*2d 669 (1953).

*Atl. N. Airlines, Inc. v. Schwimmer,* 12 *N.J.* 293, 96 *A.*2d 652 (1953).

*State v. Otis Elevator Co.,* 12 *N.J.* 1, 95 *A.*2d 715 (1953).

*Household Fin. Corp. v. Gaffney,* 11 *N.J.* 576, 95 *A.*2d 412 (1953).

*Family Fin. Corp. v. Gaffney,* 11 *N.J.* 565, 95 *A.*2d 407 (1953).

*Johnson & Johnson v. Weissbard,* 11 *N.J.* 552, 95 *A.*2d 403 (1953).

*Hoffman–LaRoche Inc. v. Weissbard,* 11 *N.J.* 541, 95 *A.*2d 398 (1953).

*Johnson & Johnson v. Charmley Drug Co.,* 11 *N.J.* 526, 95 *A.*2d 391 (1953).

*Nat'l Sur. Corp. v. Barth,* 11 *N.J.* 506, 95 *A.*2d 145 (1953).

*Williamson v. Berger,* 11 *N.J.* 500, 95 *A.*2d 150 (1953).

*Lavigne v. Family & Children's Soc'y of Elizabeth,* 11 *N.J.* 473, 95 *A.*2d 6 (1953).

*State v. Janiec,* 11 *N.J.* 397, 94 *A.*2d 666 (1953).

*Yanow v. Seven Oaks Park, Inc.,* 11 *N.J.* 341, 94 *A.*2d 482 (1953).

*Martin v. Mazziotti,* 11 *N.J.* 287, 94 *A.*2d 325 (1953).

*United Avertising Corp. v. Bor. of Raritan,* 11 *N.J.* 144, 93 *A.*2d 362 (1952).

*In re Pillo,* 11 *N.J.* 8, 93 *A.*2d 176 (1952).

*Lake Waterloo Corp. v. Kestenbaum*, 10 *N.J.* 525, 92 *A.*2d 478 (1952).

*Atl. Cas. Ins. Co. v. Bingham*, 10 *N.J.* 460, 92 *A.*2d 1 (1952).

*Miller v. Bd. of Chosen Freeholders of Hudson*, 10 *N.J.* 398, 91 *A.*2d 729 (1952).

*Henderson v. Henderson*, 10 *N.J.* 390, 91 *A.*2d 747 (1952).

*Long v. Bd. of Chosen Freeholders of Hudson*, 10 *N.J.* 380, 91 *A.*2d 724 (1952).

*State v. Carbone*, 10 *N.J.* 329, 91 *A.*2d 571 (1952).

*Neylon v. Ford Motor Co.*, 10 *N.J.* 325, 91 *A.*2d 569 (1952).

*In re the Application of Wellhofer*, 10 *N.J.* 321, 91 *A.*2d 338 (1952).

*Magnolia Dev. Co. v. Coles*, 10 *N.J.* 223, 89 *A.*2d 664 (1952).

*Midler v. Heinowitz*, 10 *N.J.* 123, 89 *A.*2d 458 (1952).

*Brinkmann v. Urban Realty Co.*, 10 *N.J.* 113, 89 *A.*2d 394 (1952).

*Talty v. Bd. of Educ. of the Sch. Dist. of Hoboken*, 10 *N.J.* 69, 89 *A.*2d 391 (1952).

*State v. Bartell*, 10 *N.J.* 9, 89 *A.*2d 394 (1952).

*Rexon v. Bd. of Adjustment of Haddonfield*, 10 *N.J.* 1, 89 *A.*2d 233 (1952).

*Mayflower Indus. v. Thor Corp.*, 9 *N.J.* 605, 89 *A.*2d 242 (1952).

*In re Miller*, 9 *N.J.* 594, 89 *A.*2d 255 (1952).

*Pyatt v. Mayor of Dunellen*, 9 *N.J.* 548, 89 *A.*2d 1 (1952).

*Bor. of Little Ferry v. Bergen County Sewer Auth.*, 9 *N.J.* 536, 89 *A.*2d 18 (1952).

*Hodgson v. Pohl*, 9 *N.J.* 488, 89 *A.*2d 24 (1952).

*In re Application of Kershner*, 9 *N.J.* 471, 88 *A.*2d 849 (1952).

*In re Application of Domako*, 9 *N.J.* 443, 88 *A.*2d 606 (1952).

*State v. Ballard*, 9 *N.J.* 402, 88 *A.*2d 537 (1952).

468

*Reimann v. Monmouth Consol. Water Co.,* 9 *N.J.* 134, 87 *A.*2d 325 (1952).

*Monmouth Lumber Co. v. Twp. of Ocean,* 9 *N.J.* 64, 87 *A.*2d 9 (1952).

*Jelinek v. Sotak,* 9 *N.J.* 19, 86 *A.*2d 684 (1952).

*Rapp v. Pub. Serv. Coordinated Transp.,* 9 *N.J.* 11, 86 *A.*2d 676 (1952).

*Klaiber v. Frank,* 9 *N.J.* 1, 86 *A.*2d 679 (1952).

*Neylon v. Ford Motor Co.,* 8 *N.J.* 586, 86 *A.*2d 577 (1952).

*Haines v. Burlington County Bridge Comm'n,* 8 *N.J.* 539, 86 *A.*2d 236 (1952).

*Driscoll v. Burlington–Bristol Bridge Co.,* 8 *N.J.* 433, 86 *A.*2d 201 (1952).

*Massari v. Accurate Bushing Co.,* 8 *N.J.* 299, 85 *A.*2d 260 (1951).

*Leary v. Gledhill,* 8 *N.J.* 260, 84 *A.*2d 725 (1951).

*Speakman v. Mayor of N. Plainfield,* 8 *N.J.* 250, 84 *A.*2d 715 (1951).

*Klein v. Millside Farms, Inc.,* 8 *N.J.* 240, 84 *A.*2d 705 (1951).

*Hughes v. Eisner,* 8 *N.J.* 228, 84 *A.*2d 626 (1951).

*Bass v. Allen Home Improvement Co.,* 8 *N.J.* 219, 84 *A.*2d 720 (1951).

*Washington Constr. Co. v. Spinella,* 8 *N.J.* 212, 84 *A.*2d 617 (1951).

*Mueller v. Technical Devices Corp.,* 8 *N.J.* 201, 84 *A.*2d 620 (1951).

*City of Newark v. Fischer,* 8 *N.J.* 191, 84 *A.*2d 547 (1951).

*Fairclough v. Baumgartner,* 8 *N.J.* 187, 84 *A.*2d 545 (1951).

*Swanson v. Swanson,* 8 *N.J.* 169, 84 *A.*2d 450 (1951).

*Chasis v. Tumulty,* 8 *N.J.* 147, 84 *A.*2d 445 (1951).

*Hansen v. Eagle–Picher Lead Co.,* 8 *N.J.* 133, 84 *A.*2d 281 (1951).

*Nat'l Sur. Corp. v. Barth,* 8 *N.J.* 121, 84 *A.*2d 1 (1951).

*Guar. Trust Co. of N.Y. v. First Nat'l Iron Bank of Morristown,* 8 N.J. 112, 84 A.2d 6 (1951).

*In re Estate of Gillies,* 8 N.J. 88, 83 A.2d 889 (1951).

*Hester v. Miller,* 8 N.J. 81, 83 A.2d 773 (1951).

*Ganger v. Moffett,* 8 N.J. 73, 83 A.2d 769 (1951).

*Fred J. Brotherton, Inc. v. Kreielsheimer,* 8 N.J. 66, 83 A.2d 707 (1951).

*Seward v. Natural Gas Co. of N.J.,* 8 N.J. 45, 83 A.2d 716 (1951).

*Bazinsky v. Conklin,* 8 N.J. 40, 83 A.2d 705 (1951).

*Milk Drivers & Dairy Employees, Local 680, of the Int'l Bhd. of Teamsters v. Shore Dairies, Inc.,* 8 N.J. 32, 83 A.2d 609 (1951).

*The Cent. R.R. Co. of N.J. v. Dir., Div. of Tax Appeals,* 8 N.J. 15, 83 A.2d 527 (1951).

*In re Estate of McFeely,* 8 N.J. 9, 83 A.2d 524 (1951).

*Shimp v. Pa. R.R. Co.,* 8 N.J. 1, 83 A.2d 521 (1951).

*State v. Alexander,* 7 N.J. 585, 83 A.2d 441 (1951).

*Fid. Union Trust Co. v. Margetts,* 7 N.J. 556, 82 A.2d 191 (1951).

*City of Jersey City v. Dep't of Civil Serv.,* 7 N.J. 509, 81 A.2d 777 (1951).

*Farris v. Farris Eng'g Corp.,* 7 N.J. 487, 81 A.2d 731 (1951).

*City of Newark v. N.J. Tpk. Auth.,* 7 N.J. 377, 81 A.2d 705 (1951).

*Atanasio v. Silverman,* 7 N.J. 278, 81 A.2d 492 (1951).

*In re Estate of Goldstein,* 7 N.J. 270, 81 A.2d 361 (1951).

*Steiker v. Philadelphia Nat'l Ins. Co.,* 7 N.J. 159, 81 A.2d 10 (1951).

*Panko v. Flintkote Co.,* 7 N.J. 55, 80 A.2d 302 (1951).

*Wright v. Vogt,* 7 N.J. 1, 80 A.2d 108 (1951).

*Stewart v. Norton,* 6 N.J. 591, 80 A.2d 111 (1951).

*Seire v. Police & Fire Pension Comm'n of Orange,* 6 *N.J.* 586, 80 *A.*2d 97 (1951).

*Westerdale v. Kaiser–Frazer Corp.,* 6 *N.J.* 571, 80 *A.*2d 91 (1951).

*Neel v. Ball,* 6 *N.J.* 546, 79 *A.*2d 459 (1951).

*Morin v. Becker,* 6 *N.J.* 457, 79 *A.*2d 29 (1951).

*Petersen v. Falzarano,* 6 *N.J.* 447, 79 *A.*2d 50 (1951).

*Crummy v. Horni,* 6 *N.J.* 396, 78 *A.*2d 896 (1951).

*Staedler v. Staedler,* 6 *N.J.* 380, 78 *A.*2d 896 (1951).

*Massari v. Einsiedler,* 6 *N.J.* 303, 78 *A.*2d 572 (1951).

*Jamouneau v. Local Gov't Bd.,* 6 *N.J.* 281, 78 *A.*2d 553 (1951).

*O'Loughlin v. O'Loughlin,* 6 *N.J.* 170, 78 *A.*2d 64 (1951).

*Lawes v. Lynch,* 6 *N.J.* 1, 76 *A.*2d 885 (1950).

*Alburger v. Crane,* 5 *N.J.* 573, 76 *A.*2d 812 (1950).

*Fischer v. Twp. of Bedminster,* 5 *N.J.* 534, 76 *A.*2d 673 (1950).

*City of Newark v. Yeskel,* 5 *N.J.* 313, 74 *A.*2d 883 (1950).

*State v. Standard Oil Co.,* 5 *N.J.* 281, 74 *A.*2d 565 (1950).

*Stretch v. Watson,* 5 *N.J.* 268, 74 *A.*2d 597 (1950).

*Dransfield v. Citizens Cas. Co. of N.Y.,* 5 *N.J.* 190, 74 *A.*2d 304 (1950).

*Pirozzi v. Acme Holding Co. of Paterson,* 5 *N.J.* 178, 74 *A.*2d 297 (1950).

*Grobart v. Grobart,* 5 *N.J.* 161, 74 *A.*2d 294 (1950).

*State v. Schmieder,* 5 *N.J.* 40, 74 *A.*2d 290 (1950).

*Mueller v. Seaboard Commercial Corp.,* 5 *N.J.* 28, 73 *A.*2d 905 (1950).

*James v. Fed. Ins. Co.,* 5 *N.J.* 21, 73 *A.*2d 720 (1950).

*State v. De Paola,* 5 *N.J.* 1, 73 *A.*2d 564 (1950).

*Duff v. Trenton Beverage Co.,* 4 *N.J.* 595, 73 *A.*2d 578 (1950).

*In re Fox,* 4 *N.J.* 587, 73 *A.*2d 575 (1950).

*Lumund v. Bd. of Adjustment of Rutherford,* 4 *N.J.* 577, 73 *A.*2d 545 (1950).

*Farley v. Manning,* 4 *N.J.* 571, 73 *A.*2d 551 (1950).

*Clark v. Am. Can Co.,* 4 *N.J.* 527, 73 *A.*2d 342 (1950).

*Bertsch v. Small Invs., Inc.,* 4 *N.J.* 520, 73 *A.*2d 346 (1950).

*Lohsen v. Borough of Keansburg,* 4 *N.J.* 498, 73 *A.*2d 177 (1950).

*State v. Bunk,* 4 *N.J.* 482, 73 *A.*2d 245 (1950).

*State v. Bunk,* 4 *N.J.* 461, 73 *A.*2d 249 (1950).

*Allisot v. Fed. Shipbldg. & Drydock Co.,* 4 *N.J.* 445, 73 *A.*2d 153 (1950).

*Hirsch v. Phily,* 4 *N.J.* 408, 73 *A.*2d 173 (1950).

*Robinson v. Hodge,* 4 *N.J.* 397, 73 *A.*2d 158 (1950).

*Anderson v. Modica,* 4 *N.J.* 383, 73 *A.*2d 49 (1950).

*State v. Jones,* 4 *N.J.* 374, 72 *A.*2d 872 (1950).

*City of Camden v. S. Jersey Port Comm'n,* 4 *N.J.* 357, 73 *A.*2d 55 (1950).

*State v. Garford Trucking, Inc.,* 4 *N.J.* 346, 72 *A.*2d 851 (1950).

*Katz v. Farber,* 4 *N.J.* 333, 72 *A.*2d 862 (1950).

*Kopak v. Polzer,* 4 *N.J.* 327, 72 *A.*2d 869 (1950).

*Young v. Sabol,* 4 *N.J.* 309, 72 *A.*2d 846 (1950).

*Raab v. Am. Cas. Co.,* 4 *N.J.* 303, 72 *A.*2d 848 (1950).

*Bd. of Health of Weehawken v. N.Y. Cent. R.R. Co.,* 4 *N.J.* 293, 72 *A.*2d 511 (1950).

*Valenti v. Bd. of Review of UCC of N.J.,* 4 *N.J.* 287, 72 *A.*2d 516 (1950).

*Morsey v. Erle,* 4 *N.J.* 276, 72 *A.*2d 303 (1950).

*Hofer v. Carino,* 4 *N.J.* 244, 72 *A.*2d 335 (1950).

*McKinney v. Pub. Serv. Interstate Transp. Co.*, 4 N.J. 229, 72 A.2d 326 (1950).

*State v. Jones*, 4 N.J. 207, 72 A.2d 322 (1950).

*Mead v. Wiley Methodist Episcopal Church*, 4 N.J. 200, 72 A.2d 183 (1950).

*Callahan v. Nat'l Lead Co.*, 4 N.J. 150, 72 A.2d 187 (1950).

*Brass v. Todd*, 4 N.J. 132, 71 A.2d 891 (1950).

*Handlon v. Town of Belleville*, 4 N.J. 99, 71 A.2d 624 (1950).

*Van Inwegen v. Van Inwegen*, 4 N.J. 46, 71 A.2d 340 (1950).

*Schroeder v. Zink*, 4 N.J. 1, 71 A.2d 321 (1950).

*City of Newark v. Fischer*, 3 N.J. 488, 70 A.2d 733 (1950).

*Kuiken v. Simonds*, 3 N.J. 480, 70 A.2d 740 (1950).

*Ward v. Keenan*, 3 N.J. 298, 70 A.2d 77 (1949).

*Ross v. Orr*, 3 N.J. 277, 69 A.2d 730 (1949).

*Granahan v. Celanese Corp.*, 3 N.J. 187, 69 A.2d 572 (1949).

*Weinstein v. Swartz*, 3 N.J. 80, 68 A.2d 865 (1949).

*Temple v. Storch Trucking Co.*, 3 N.J. 42, 68 A.2d 828 (1949).

*Giordano v. City Comm'n of Newark*, 2 N.J. 585, 67 A.2d 454 (1949).

*Seawell v. MacWithey*, 2 N.J. 563, 67 A.2d 309 (1949).

*Lawler v. Lawler*, 2 N.J. 527, 66 A.2d 855 (1949).

*Peff v. Peff*, 2 N.J. 513, 67 A.2d 161 (1949).

*Westfield Airport, Inc. v. Middlesex–Union Airport Co.*, 2 N.J. 486, 67 A.2d 173 (1949).

*Seiken v. Todd Dry Dock, Inc.*, 2 N.J. 469, 67 A.2d 131 (1949).

*Rogers v. Courier Post Co.*, 2 N.J. 393, 66 A.2d 869 (1949).

*Kaufman v. Pa. R.R. Co.*, 2 N.J. 318, 66 A.2d 527 (1949).

*Bingenheimer v. Bingenheimer*, 2 N.J. 284, 66 A.2d 327 (1949).

*Beh v. Breeze Corp.*, 2 *N.J.* 279, 66 *A.*2d 156 (1949).

*Esposito v. Lazar*, 2 *N.J.* 257, 66 *A.*2d 172 (1949).

*Brown v. Brown*, 2 *N.J.* 252, 66 *A.*2d 154 (1949).

*A. Hollander & Son, Inc. v. Imperial Fur Blending Corp.*, 2 *N.J.* 235, 66 *A.*2d 319 (1949).

*Lott v. Delmar*, 2 *N.J.* 229, 66 *A.*2d 25 (1949).

*Burlington County Trust Co. v. Di Castelcicala*, 2 *N.J.* 214, 66 *A.*2d 164 (1949).

*Hussong v. Fox*, 2 *N.J.* 209, 66 *A.*2d 38 (1949).

*State v. Vigorito*, 2 *N.J.* 185, 65 *A.*2d 841 (1949).

*Seibold v. Lake Intervale Corp.*, 2 *N.J.* 153, 65 *A.*2d 848 (1949).

*Grobart v. Soc'y for Establishing Useful Mfrs.*, 2 *N.J.* 136, 65 *A.*2d 833 (1949).

*Alper v. Alper*, 2 *N.J.* 105, 65 *A.*2d 737 (1949).

*In re Alper*, 2 *N.J.* 104, 65 *A.*2d 736 (1949).

*Franklin v. Franklin*, 2 *N.J.* 103, 65 *A.*2d 665 (1949).

*Lobek v. Gross*, 2 *N.J.* 100, 65 *A.*2d 744 (1949).

*Cody v. Fitzgerald*, 2 *N.J.* 93, 65 *A.*2d 750 (1949).

*Goodwillie v. City of Bayonne*, 2 *N.J.* 88, 65 *A.*2d 742 (1949).

*Royal Blue Coaches v. Del. River Coach Lines Inc.*, 2 *N.J.* 73, 65 *A.*2d 264 (1949).

*Casriel v. King*, 2 *N.J.* 45, 65 *A.*2d 514 (1949).

*Kimberley Sch. v. Town of Montclair*, 2 *N.J.* 28, 65 *A.*2d 500 (1949).

*National House & Farms Ass'n, Inc. v. Bd. of Adjustment of Oakland*, 2 *N.J.* 11, 65 *A.*2d 518 (1949).

*Evans v. Rosenberg*, 1 *N.J.* 590, 65 *A.*2d 55 (1949).

*In the Matter of Morris Wesler*, 1 *N.J.* 573, 64 *A.*2d 880 (1949).

*Temple v. Clinton Trust Co.*, 1 *N.J.* 568, 64 *A.*2d 880 (1949).

*Arezzi v. Cutrale,* 1 *N.J.* 566, 64 *A.*2d 612 (1949).

*McCarter v. McGregor,* 1 *N.J.* 558, 64 *A.*2d 449 (1949).

*Capozzoli v. Capozzoli,* 1 *N.J.* 540, 64 *A.*2d 440 (1949).

*Tonti v. Chadwick,* 1 *N.J.* 531, 64 *A.*2d 436 (1949).

*Tissot v. Flashner Realty Co.,* 1 *N.J.* 529, 64 *A.*2d 435 (1949).

*Capozzi v. Capozzi,* 1 *N.J.* 523, 64 *A.*2d 433 (1949).

*Riverton Country Club v. Thomas,* 1 *N.J.* 508, 64 *A.*2d 347 (1948).

*Wolk v. Widlansky,* 1 *N.J.* 491, 64 *A.*2d 230 (1949).

*Vanderbach v. Vollinger,* 1 *N.J.* 481, 64 *A.*2d 225 (1949).

*Morrissey v. Morrissey,* 1 *N.J.* 448, 64 *A.*2d 209 (1949).

*In the Matter of Application for Dissolution,* 1 *N.J.* 437, 64 *A.*2d 80 (1949).

*Kelley v. N. Morris Realty Co.,* 1 *N.J.* 421, 64 *A.*2d 73 (1949).

*Cline v. Kurzweil,* 1 *N.J.* 407, 64 *A.*2d 66 (1949).

*In the Matter of Estate of Bumsted,* 1 *N.J.* 386, 64 *A.*2d 55 (1949).

*Wickwire v. Church,* 1 *N.J.* 384, 64 *A.*2d 55 (1949).

*Taylor v. Phox Bus Co.,* 1 *N.J.* 367, 63 *A.*2d 882 (1949).

*Newton Trust Co. v. Chambers,* 1 *N.J.* 366, 63 *A.*2d 882 (1949).

*Lutz v. Ryno,* 1 *N.J.* 363, 63 *A.*2d 881 (1949).

*Robinson v. Hodge,* 1 *N.J.* 357, 63 *A.*2d 804 (1949).

*Lott v. Lott,* 1 *N.J.* 356, 63 *A.*2d 705 (1949).

*Coyle v. Erie R.R. Co.,* 1 *N.J.* 350, 63 *A.*2d 702 (1949).

*Earlin v. Mors,* 1 *N.J.* 336, 63 *A.*2d 531 (1949).

*Vanagas v. Vanagas,* 1 *N.J.* 335, 63 *A.*2d 531 (1949).

*Interstate Sanitation Comm'n v. Twp. of Weekawken,* 1 *N.J.* 330, 63 *A.*2d 528 (1949).

*Lasasso v. Lasasso,* 1 *N.J.* 324, 63 *A.*2d 526 (1949).

*Robertson v. Hackensack Trust Co.,* 1 *N.J.* 304, 63 *A.*2d 515 (1949).

*Erie R.R. Co. v. State Dep't of Tax & Fin.,* 1 *N.J.* 298, 63 *A.*2d 268 (1949).

*Akrep v. Akrep,* 1 *N.J.* 268, 63 *A.*2d 253 (1949).

*Realty Affairs v. Mem'l Dev. Co.,* 1 *N.J.* 263, 63 *A.*2d 251 (1949).

*Kress v. Kress,* 1 *N.J.* 257, 62 *A.*2d 881 (1949).

*Heuer v. Rubin,* 1 *N.J.* 251, 62 *A.*2d 812 (1949).

*Atanasio v. Silverman,* 1 *N.J.* 245, 62 *A.*2d 809 (1949).

*Bachman Chocolate Mfg. Co. v. Lehigh Warehouse & Transp. Co.,* 1 *N.J.* 239, 62 *A.*2d 806 (1949).

*In the Matter of Stein,* 1 *N.J.* 228, 62 *A.*2d 801 (1949).

*Taylor v. City of Hackensack,* 1 *N.J.* 211, 62 *A.*2d 686 (1948).

*Schwartz v. Rothman,* 1 *N.J.* 206, 62 *A.*2d 684 (1948).

*Skislak v. Cont'l Mining & Smelting Corp.,* 1 *N.J.* 167, 62 *A.*2d 397 (1948).

*Mesce v. Gradone,* 1 *N.J.* 159, 62 *A.*2d 394 (1948).

*Fleischer v. James Drug Stores,* 1 *N.J.* 138, 62 *A.*2d 383 (1948).

*Schlenk v. Lehigh Valley R.R. Co.,* 1 *N.J.* 131, 62 *A.*2d 380 (1948).

*Hyman v. Muller,* 1 *N.J.* 124, 62 *A.*2d 221 (1948).

*Bead Chain Mfg. Co. v. Smith,* 1 *N.J.* 118, 62 *A.*2d 215 (1948).

*DeRidder v. DeRidder,* 1 *N.J.* 116, 62 *A.*2d 215 (1948).

*Ferraiuolo v. Manno,* 1 *N.J.* 105, 62 *A.*2d 141 (1948).

*Gray v. Bradley,* 1 *N.J.* 102, 62 *A.*2d 139 (1948).

*Ebling Brewing Co. v. Heirloom Inc.,* 1 *N.J.* 71, 61 *A.*2d 885 (1948).

*Scharf v. Recorder's Court,* 1 *N.J.* 59, 61 *A.*2d 765 (1948).

*Cofone v. Cofone,* 1 *N.J.* 58, 61 *A.*2d 751 (1948).

*Pfeiffer v. Pfeiffer,* 1 *N.J.* 55, 61 *A.*2d 736 (1948).

*DeDonis v. DeDonis,* 1 *N.J.* 43, 61 *A.*2d 729 (1948).

*Smith v. Hrzich,* 1 *N.J.* 1, 61 *A.*2d 497 (1948).

Appendix "C"

*Compendium of cases in which a Superior Court Judge was assigned to serve on the Supreme Court in order to constitute a quorum of five*

*In re Election Law Enforcement Comm'n Advisory Opinion No. 01–2008,* 201 *N.J.* 254, 989 *A.*2d 1254 (2010) (1 judge temporarily assigned).

*Wilson v. Brown,* 198 *N.J.* 473, 968 *A.*2d 1189 (2009) (2 judges temporarily assigned).

*Hirl ex rel. Hirl v. Bank of Am., N. Am.,* 198 *N.J.* 318, 967 *A.*2d 284 (2009) (1 judge temporarily assigned).

*Piermount Iron Works, Inc. v. Evanston Ins. Co.,* 197 *N.J.* 432, 963 *A.*2d 818 (2009) (1 judge temporarily assigned).

*In re Opinion 39 of Comm. on Attorney Adver.,* 197 *N.J.* 66, 961 *A.*2d 722 (2008) (1 judge temporarily assigned).

*Honeywell Int'l, Inc. v. Travelers Cas. & Sur. Co.,* 196 *N.J.* 82, 951 *A.*2d 1036 (2008) (2 judges temporarily assigned).

*Rosen v. Smith Barney, Inc.,* 195 *N.J.* 423, 950 *A.*2d 205 (2008) (1 judge temporarily assigned).

*Cooper Univ. Hosp. v. Jacobs,* 191 *N.J.* 125, 922 *A.*2d 731 (2007) (2 judges temporarily assigned).

*Wilson v. General Motors Corp.,* 190 *N.J.* 336, 921 *A.*2d 414 (2007) (2 judges temporarily assigned).

*Asbury Park Bd. of Educ. v. N.J. Dep't of Educ.,* 180 *N.J.* 113, 849 *A.*2d 160 (2004) (1 judge temporarily assigned).

*Asbury Park Bd. of Educ. v. N.J. Dep't of Educ.,* 180 *N.J.* 109, 849 *A.*2d 158 (2004) (1 judge temporarily assigned).

*Wright v. State,* 169 *N.J.* 422, 778 *A.*2d 443 (2001) (2 judges temporarily assigned).

*In re Registrant M.F.*, 169 *N.J.* 45, 776 *A.*2d 780 (2001) (1 judge temporarily assigned).

*Trantino v. State Parole Bd.*, 167 *N.J.* 619, 772 *A.*2d 926 (2001) (2 judges temporarily assigned).

*State v. Maryland*, 167 *N.J.* 471, 771 *A.*2d 1220 (2001) (1 judge temporarily assigned).

*Trantino v. N.J. State Parole Bd.*, 166 *N.J.* 113, 764 *A.*2d 940 (2001) (2 judges temporarily assigned).

*Amerada Hess Corp. v. Dir., Div. of Taxation*, 107 *N.J.* 307, 526 *A.*2d 1029 (1987) (1 judge temporarily assigned).

*Exxon Corp. v. Hunt*, 97 *N.J.* 526, 481 *A.*2d 271 (1984) (1 judge temporarily assigned).

*In re Krakauer*, 81 *N.J.* 32, 404 *A.*2d 1137 (1979) (1 judge temporarily assigned).

*N.J. State P.B.A., Local 29 v. Town of Irvington*, 80 *N.J.* 271, 403 *A.*2d 473 (1979) (1 judge temporarily assigned).

*City of Atl. City v. Laezza*, 80 *N.J.* 255, 403 *A.*2d 465 (1979) (1 judge temporarily assigned).

*In re Revision of Rates by Redi–Flo Corp.*, 76 *N.J.* 21, 384 *A.*2d 1086 (1978) (1 judge temporarily assigned).

*S.E.W. Friel Co. v. N.J. Tpk. Auth.*, 73 *N.J.* 107, 373 *A.*2d 364 (1977) (1 judge temporarily assigned).

*In re Conda*, 72 *N.J.* 229, 370 *A.*2d 16 (1977) (1 judge temporarily assigned).

*Borland v. Bayonne Hosp.*, 72 *N.J.* 152, 369 *A.*2d 1 (1977) (1 judge temporarily assigned).

*In re Sears*, 71 *N.J.* 175, 364 *A.*2d 777 (1976) (1 judge temporarily assigned).

*Dunne v. Fireman's Fund Am. Ins. Co.*, 69 *N.J.* 244, 353 *A.*2d 508 (1976) (1 judge temporarily assigned).

*State v. Jester,* 68 *N.J.* 87, 342 *A.*2d 850 (1975) (1 judge temporarily assigned).

*State v. Davis,* 68 *N.J.* 69, 342 *A.*2d 841 (1975) (1 judge temporarily assigned).

*State v. Ruiz,* 68 *N.J.* 54, 342 *A.*2d 833 (1975) (1 judge temporarily assigned).

*Avant v. Clifford,* 67 *N.J.* 496, 341 *A.*2d 629 (1975) (1 judge temporarily assigned).

*In re Brinkmann,* 67 *N.J.* 385, 340 *A.*2d 657 (1975) (1 judge temporarily assigned).

*Empire Mut. Ins. Co. v. Melburg,* 67 *N.J.* 139, 336 *A.*2d 483 (1975) (1 judge temporarily assigned).

*In re Caruso,* 67 *N.J.* 44, 335 *A.*2d 10 (1975) (1 judge temporarily assigned).

*Quaremba v. Allan,* 67 *N.J.* 1, 334 *A.*2d 321 (1975) (1 judge temporarily assigned).

*State v. Nash,* 64 *N.J.* 464, 317 *A.*2d 689 (1974) (1 judge temporarily assigned).

*White v. Atl. City Press,* 64 *N.J.* 128, 313 *A.*2d 197 (1973) (1 judge temporarily assigned).

*In re Blasi,* 64 *N.J.* 71, 312 *A.*2d 146 (1973) (1 judge temporarily assigned).

*State v. Blasi,* 64 *N.J.* 51, 312 *A.*2d 135 (1973) (1 judge temporarily assigned).

*State v. Redinger,* 64 *N.J.* 41, 312 *A.*2d 129 (1973) (1 judge temporarily assigned).

*Rogers v. State,* 64 *N.J.* 40, 312 *A.*2d 129 (1973) (1 judge temporarily assigned).

*Giagnacovo v. Beggs Bros.,* 64 *N.J.* 32, 311 *A.*2d 745 (1973) (1 judge temporarily assigned).

*In re State in Interest of D.S.,* 63 *N.J.* 541, 310 *A.*2d 460 (1973) (1 judge temporarily assigned).

*In re Munger,* 63 *N.J.* 514, 309 *A.*2d 205 (1973) (2 judges temporarily assigned).

*In re Application of the Ins. Rating Bd.,* 63 *N.J.* 413, 307 *A.*2d 604 (1973) (2 judges temporarily assigned).

*Telesnick v. City of Newark,* 63 *N.J.* 221, 306 *A.*2d 435 (1973) (1 judge temporarily assigned).

*Rector v. Rector,* 62 *N.J.* 577, 303 *A.*2d 881 (1973) (1 judge temporarily assigned).

*Barney's Furniture Warehouse of Newark, Inc. v. City of Newark,* 62 *N.J.* 456, 303 *A.*2d 76 (1973) (2 judges temporarily assigned).

*State v. Lair,* 62 *N.J.* 388, 301 *A.*2d 748 (1973) (1 judge temporarily assigned).

*Russo v. Teachers' Pension & Annuity Fund,* 62 *N.J.* 142, 299 *A.*2d 697 (1973) (1 judge temporarily assigned).

*Farrell v. Votator,* 62 *N.J.* 111, 299 *A.*2d 394 (1973) (2 judges temporarily assigned).

*State v. McDavitt,* 62 *N.J.* 36, 297 *A.*2d 849 (1972) (1 judge temporarily assigned).

*Harris v. State,* 61 *N.J.* 585, 297 *A.*2d 561 (1972) (1 judge temporarily assigned).

*State v. Draughn,* 61 *N.J.* 515, 296 *A.*2d 68 (1972) (1 judge temporarily assigned).

*Affiliated Distillers Brands Corp. v. Sills,* 56 *N.J.* 251, 265 *A.*2d 809 (1970) (1 judge temporarily assigned).

*State v. Puryear,* 52 *N.J.* 81, 243 *A.*2d 812 (1968) (1 judge temporarily assigned).

*Isko v. Planning Bd. of Twp. of Livingston,* 51 *N.J.* 162, 238 *A.*2d 457 (1968) (1 judge temporarily assigned).

*Williams v. Bituminous Cas. Corp.*, 51 *N.J.* 146, 238 *A.*2d 177 (1968) (1 judge temporarily assigned).

*Mason v. Civil Serv. Comm'n*, 51 *N.J.* 115, 238 *A.*2d 161 (1968) (1 judge temporarily assigned).

*Appendix "D"*

*Compendium of cases in which, in the absence of a quorum of at least five Supreme Court Justices, more Superior Court Judges were assigned than were needed to meet the quorum requirements*

*E. Dickerson & Son, Inc. v. Ernst & Young, LLP*, 179 *N.J.* 500, 846 *A.*2d 1237 (2004) (4 Justices + 3 judges temporarily assigned).

*In re Casino Licensees*, 138 *N.J.* 1, 647 *A.*2d 454 (1993) (4 Justices + 3 judges temporarily assigned).

*Rudbart v. N. Jersey Dist. Water Supply Comm'n*, 127 *N.J.* 344, 605 *A.*2d 681 (1992) (4 Justices + 3 judges temporarily assigned).

*Cheng Lin Wang v. Allstate Ins. Co.*, 125 *N.J.* 2, 592 *A.*2d 527 (1991) (4 Justices + 3 judges temporarily assigned).

*Dewey v. R.J. Reynolds Tobacco Co.*, 121 *N.J.* 69, 577 *A.*2d 1239 (1990) (4 Justices + 3 judges temporarily assigned).

*Dewey v. R.J. Reynolds Tobacco Co.*, 109 *N.J.* 201, 536 *A.*2d 243 (1988) (4 Justices + 2 judges temporarily assigned).

*Exxon Corp. v. Hunt*, 109 *N.J.* 110, 534 *A.*2d 1 (1987) (4 Justices + 2 judges temporarily assigned).

*Ridgewood v. Bolger Found.*, 104 *N.J.* 337, 517 *A.*2d 135 (1986) (4 Justices + 3 judges temporarily assigned).

*In re Application of Madin/Lord Land Dev. Int'l*, 103 *N.J.* 689, 512 *A.*2d 490 (1986) (4 Justices + 3 judges temporarily assigned).

*Atlantic City Racing Ass'n v. Attorney Gen.*, 98 *N.J.* 535, 489 *A.*2d 165 (1985) (4 Justices + 3 judges temporarily assigned).

*In re Petition of Jersey Cent. Power & Light Co.*, 85 *N.J.* 520, 428 *A.*2d 498 (1981) (4 Justices + 3 judges temporarily assigned).

*State v. Helton,* 72 *N.J.* 169, 369 *A.*2d 10 (1977) (4 Justices + 2 judges temporarily assigned).

*Goss v. Allen,* 70 *N.J.* 442, 360 *A.*2d 388 (1976) (4 Justices + 3 judges temporarily assigned).

*U.S. Trust Co. of N.Y. v. State,* 69 *N.J.* 253, 353 *A.*2d 514 (1976) (4 Justices + 3 judges temporarily assigned).

*State v. Fearick,* 69 *N.J.* 32, 350 *A.*2d 227 (1976) (4 Justices + 3 judges temporarily assigned).

*Abrahams v. Civil Serv. Comm'n of N.J.,* 65 *N.J.* 61, 319 *A.*2d 483 (1974) (4 Justices + 2 judges temporarily assigned).

*Hausman v. Dept of Insts. & Agencies,* 64 *N.J.* 202, 314 *A.*2d 362 (1974) (4 Justices + 2 judges temporarily assigned).

*In re Brady,* 64 *N.J.* 100, 312 *A.*2d 505 (1973) (4 Justices + 2 judges temporarily assigned).

*Mayflower Sec. Co. v. Bureau of Sec.,* 64 *N.J.* 85, 312 *A.*2d 497 (1973) (4 Justices + 2 judges temporarily assigned).

*Hinds v. N.J. State Bd. of Bar Exam'rs,* 64 *N.J.* 59, 312 *A.*2d 139 (1973) (4 Justices + 2 judges temporarily assigned).

*Allan–Deane Corp. v. Twp. of Bedminster,* 63 *N.J.* 591, 311 *A.*2d 177 (1973) (4 Justices + 2 judges temporarily assigned).

*Nathan & Miriam Barnert Mem'l Hosp. Ass'n v. Young,* 63 *N.J.* 578, 311 *A.*2d 1 (1972) (4 Justices + 2 judges temporarily assigned).

*Alaimo v. Burdge,* 63 *N.J.* 574, 310 *A.*2d 730 (1973) (4 Justices + 2 judges temporarily assigned).

*Polcaro v. City of E. Orange,* 63 *N.J.* 548, 310 *A.*2d 463 (1973) (4 Justices + 3 judges temporarily assigned).

*State v. Smith,* 63 *N.J.* 547, 310 *A.*2d 463 (1973) (4 Justices + 2 judges temporarily assigned).

*Motter v. E. State Plumbing Util. Lines, Inc.,* 63 *N.J.* 545, 310 *A.*2d 462 (1972) (4 Justices + 2 judges temporarily assigned).

*Smith v. Twp. of Hazlet,* 63 *N.J.* 523, 309 *A.*2d 210 (1973) (4 Justices + 2 judges temporarily assigned).

*In re Estate of Lambert,* 63 *N.J.* 448, 308 *A.*2d 11 (1973) (4 Justices + 2 judges temporarily assigned).

*State v. Knight,* 63 *N.J.* 187, 305 *A.*2d 793 (1973) (4 Justices + 3 judges temporarily assigned).

*Data Access Sys., Inc. v. State,* 63 *N.J.* 158, 305 *A.*2d 427 (1973) (4 Justices + 2 judges temporarily assigned).

*State v. Peace,* 63 *N.J.* 127, 305 *A.*2d 410 (1973) (4 Justices + 3 judges temporarily assigned).

*In re Fair Lawn Educ. Ass'n,* 63 *N.J.* 112, 305 *A.*2d 72 (1973) (4 Justices + 2 judges temporarily assigned).

*Meadowlands Reg'l Redev. Agency v. State,* 63 *N.J.* 35, 304 *A.*2d 545 (1973) (4 Justices + 3 judges temporarily assigned).

*State v. Rosenfeld,* 62 *N.J.* 594, 303 *A.*2d 889 (1973) (4 Justices + 2 judges temporarily assigned).

*State v. Brown,* 62 *N.J.* 588, 303 *A.*2d 886 (1973) (4 Justices + 2 judges temporarily assigned).

*Krieger v. Helmsley–Spear, Inc.,* 62 *N.J.* 423, 302 *A.*2d 129 (1973) (4 Justices + 3 judges temporarily assigned).

*S.S. & O. Corp. v. Twp. of Bernards Sewerage Auth.,* 62 *N.J.* 369, 301 *A.*2d 738 (1973) (4 Justices + 3 judges temporarily assigned).

*Beckworth v. N.J. State Parole Bd.,* 62 *N.J.* 348, 301 *A.*2d 727 (1973) (4 Justices + 3 judges temporarily assigned).

*Hous. Auth. of City of Atl. City v. Atl. City Exposition, Inc.,* 62 *N.J.* 322, 301 *A.*2d 441 (1973) (4 Justices + 3 judges temporarily assigned).

*State v. La Porte,* 62 *N.J.* 312, 301 *A.*2d 146 (1973) (4 Justices + 3 judges temporarily assigned).

*Caicco v. Toto Bros., Inc.,* 62 *N.J.* 305, 301 *A.*2d 143 (1973) (4 Justices + 2 judges temporarily assigned).

*State Troopers Fraternal Ass'n, Inc. v. State,* 62 *N.J.* 302, 301 *A.*2d 141 (1973) (4 Justices + 3 judges temporarily assigned).

*State v. Miscavage,* 62 *N.J.* 294, 301 *A.*2d 136 (1973) (3 Justices + 3 judges temporarily assigned).

*State v. Zimmelman,* 62 *N.J.* 279, 301 *A.*2d 129 (1973) (4 Justices + 3 judges temporarily assigned).

*City of Millville v. Cumberland County Bd. of Taxation,* 62 *N.J.* 278, 300 *A.*2d 849 (1973) (4 Justices + 2 judges temporarily assigned).

*Haase v. N. Hudson Scrap Iron Corp.,* 62 *N.J.* 263, 300 *A.*2d 561 (1973) (4 Justices + 2 judges temporarily assigned).

*Freedom Fin. Co. v. Berry,* 62 *N.J.* 256, 300 *A.*2d 341 (1973) (4 Justices + 2 judges temporarily assigned).

*In re Sports Complex in the Hackensack Meadowlands,* 62 *N.J.* 248, 300 *A.*2d 337 (1973) (3 Justices + 3 judges temporarily assigned).

*Ceva v. Twp. of River Vale,* 62 *N.J.* 245, 300 *A.*2d 151 (1973) (4 Justices + 2 judges temporarily assigned).

*Brody v. City of Millville,* 62 *N.J.* 244, 300 *A.*2d 150 (1973) (4 Justices + 2 judges temporarily assigned).

*Muzio v. Krauzer,* 62 *N.J.* 243, 300 *A.*2d 150 (1973) (4 Justices + 2 judges temporarily assigned).

*Thornton v. Chamberlain Mfg. Corp.,* 62 *N.J.* 235, 300 *A.*2d 146 (1973) (4 Justices + 2 judges temporarily assigned).

*Nieder v. Royal Indem. Ins. Co.,* 62 *N.J.* 229, 300 *A.*2d 142 (1973) (4 Justices + 2 judges temporarily assigned).

*Twp. of Willingboro v. Burlington County Bd. of Taxation,* 62 *N.J.* 203, 300 *A.*2d 129 (1973) (4 Justices + 2 judges temporarily assigned).

*Dessel v. Dessel,* 62 *N.J.* 141, 299 *A.*2d 409 (1973) (3 Justices + 3 judges temporarily assigned).

*In re La Duca,* 62 *N.J.* 133, 299 *A*.2d 405 (1973) (4 Justices + 3 judges temporarily assigned).

*Cooke v. Yarrington,* 62 *N.J.* 123, 299 *A*.2d 400 (1973) (4 Justices + 3 judges temporarily assigned).

*Kelly v. Sterr,* 62 *N.J.* 105, 299 *A*.2d 390 (1973) (4 Justices + 2 judges temporarily assigned).

*In re Bierman,* 62 *N.J.* 91, 299 *A*.2d 89 (1973) (4 Justices + 3 judges temporarily assigned).

*State v. Theurer,* 62 *N.J.* 64, 298 *A*.2d 72 (1972) (4 Justices + 2 judges temporarily assigned).

*State v. Willett Holding Co.,* 62 *N.J.* 59, 298 *A*.2d 69 (1972) (4 Justices + 2 judges temporarily assigned).

*Polk v. Cherry Hill Apartments, Inc.,* 62 *N.J.* 55, 298 *A*.2d 68 (1972) (4 Justices + 2 judges temporarily assigned).

*State v. N.J. Nat'l Bank & Trust Co.,* 62 *N.J.* 50, 298 *A*.2d 65 (1972) (4 Justices + 2 judges temporarily assigned).

*Parkview Vill. Assocs. v. Bor. of Collingswood,* 62 *N.J.* 21, 297 *A*.2d 842 (1972) (4 Justices + 2 judges temporarily assigned).

*Catto v. Schnepp,* 62 *N.J.* 20, 297 *A*.2d 841 (1972) (4 Justices + 2 judges temporarily assigned).

*Lena v. Ensley,* 62 *N.J.* 19, 297 *A*.2d 841 (1972) (4 Justices + 3 judges temporarily assigned).

*Vaclavicek v. Olejarz,* 61 *N.J.* 581, 297 *A*.2d 3 (1972) (4 Justices + 2 judges temporarily assigned).

*Dixon v. Dixon,* 61 *N.J.* 578, 297 *A*.2d 2 (1972) (4 Justices + 3 judges temporarily assigned).

*J.H.M. Realty Corp. v. Town of Belleville,* 61 *N.J.* 577, 297 *A*.2d 2 (1972) (3 Justices + 3 judges temporarily assigned).

*Brooks v. City of Orange,* 61 *N.J.* 576, 297 *A*.2d 1 (1972) (3 Justices + 3 judges temporarily assigned).

*Barkley v. Foster Estates, Inc.*, 61 *N.J.* 576, 297 *A.*2d 1 (1972) (4 Justices + 2 judges temporarily assigned).

*Green v. City of Newark*, 61 *N.J.* 460, 295 *A.*2d 201 (1972) (4 Justices + 2 judges temporarily assigned).

*Appendix "E"*

*Compendium of cases in which, although there already was a quorum of at least five Supreme Court Justices, a Superior Court Judge or Judges nevertheless were assigned "to serve temporarily in the Supreme Court."*

*Rowe v. Hoffman–La Roche, Inc.*, 189 *N.J.* 615, 917 *A.*2d 767 (2007) (5 Justices + 2 judges temporarily assigned).

*Maimone v. City of Atl. City*, 188 *N.J.* 221, 903 *A.*2d 1055 (2006) (6 Justices + 1 judge temporarily assigned).

*State v. Arthur*, 184 *N.J.* 307, 877 *A.*2d 1183 (2005) (6 Justices + 1 judge temporarily assigned).

*Bd. of Educ. v. N.J. Dep't of Educ.*, 183 *N.J.* 264, 872 *A.*2d 1052 (2005) (6 Justices + 1 judge temporarily assigned).

*Camden Bd. of Educ. v. Alexander*, 181 *N.J.* 187, 854 *A.*2d 342 (2004) (6 Justices + 1 judge temporarily assigned).

*Am. Trucking Ass'ns v. State*, 180 *N.J.* 377, 852 *A.*2d 142 (2004) (5 Justices + 1 judge temporarily assigned).

*Bunalski v. Twp. of Irvington*, 180 *N.J.* 161, 849 *A.*2d 1070 (2004) (6 Justices + 1 judge temporarily assigned).

*Hernandez v. Montville Twp. Bd. of Educ.*, 179 *N.J.* 81, 843 *A.*2d 1091 (2004) (6 Justices + 1 judge temporarily assigned).

*Knorr v. Smeal*, 178 *N.J.* 169, 836 *A.*2d 794 (2003) (6 Justices + 1 judge temporarily assigned).

*Ferreira v. Rancocas Orthopedic Assocs.*, 178 *N.J.* 144, 836 *A.*2d 779 (2003) (6 Justices + 1 judge temporarily assigned).

*McNeil v. Legislative Apportionment Comm'n*, 177 *N.J.* 364, 828 *A.*2d 840 (2003) (6 Justices + 1 judge temporarily assigned).

*Sojourner A. v. N.J. Dep't of Human Servs.*, 177 *N.J.* 318, 828 *A.*2d 306 (2003) (5 Justices + 2 judges temporarily assigned).

*McNeil v. Legislative Apportionment Comm'n of N.J.*, 176 *N.J.* 484, 825 *A.*2d 1124 (2003) (6 Justices + 1 judge temporarily assigned).

*A.B. v. S.E.W.*, 175 *N.J.* 588, 818 *A.*2d 1270 (2003) (5 Justices + 2 judges temporarily assigned).

*Watson v. City of E. Orange*, 175 *N.J.* 442, 815 *A.*2d 956 (2003) (6 Justices + 1 judge temporarily assigned).

*State v. Mendez*, 175 *N.J.* 201, 814 *A.*2d 1043 (2002) (6 Justices + 1 judge temporarily assigned).

*McQueen v. Brown*, 175 *N.J.* 200, 814 *A.*2d 1042 (2002) (6 Justices + 1 judge temporarily assigned).

*State v. Darby*, 174 *N.J.* 509, 809 *A.*2d 138 (2002) (6 Justices + 1 judge temporarily assigned).

*Sopko v. Slackman (in Re Estate of Roccamonte)*, 174 *N.J.* 381, 808 *A.*2d 838 (2002) (6 Justices + 1 judge temporarily assigned).

*In re Breslin*, 171 *N.J.* 235, 793 *A.*2d 645 (2002) (6 Justices + 1 judge temporarily assigned).

*In re Registrant J.G.*, 169 *N.J.* 304, 777 *A.*2d 891 (2001) (5 Justices + 1 judge temporarily assigned).

*In re Passaic County Utils. Auth.*, 164 *N.J.* 270, 753 *A.*2d 661 (2000) (6 Justices + 1 judge temporarily assigned).

*R.F. v. Abbott Labs.*, 162 *N.J.* 596, 745 *A.*2d 1174 (2000) (6 Justices + 1 judge temporarily assigned).

*State v. Timmendequas*, 161 *N.J.* 515, 737 *A.*2d 55 (1999) (6 Justices + 1 judge temporarily assigned).

*Baxt v. Liloia*, 155 *N.J.* 190, 714 *A.*2d 271 (1998) (5 Justices + 1 judge temporarily assigned).

*In re Integrity Ins. Co.*, 147 *N.J.* 128, 685 *A.*2d 1286 (1996) (5 Justices + 2 judges temporarily assigned).

*Hawkins v. Harris,* 141 *N.J.* 207, 661 *A.*2d 284 (1995) (6 Justices + 1 judge temporarily assigned).

*D'Agostino v. Johnson & Johnson,* 133 *N.J.* 516, 628 *A.*2d 305 (1993) (6 Justices + 1 judge temporarily assigned).

*Bd. of Educ. Of Englewood Cliffs v. Bd. of Educ. of Tenafly,* 132 *N.J.* 327, 625 *A.*2d 483 (1993) (5 Justices + 2 judges temporarily assigned).

*Instructional Sys. v. Computer Curriculum Corp.,* 130 *N.J.* 324, 614 *A.*2d 124 (1992) (5 Justices + 2 judges temporarily assigned).

*Kelly v. Alstores Realty Corp.,* 130 *N.J.* 313, 613 *A.*2d 1163 (1992) (5 Justices + 2 judges temporarily assigned).

*State, Dept. of Envtl. Prot. v. Signo Trading Int'l,* 130 *N.J.* 51, 612 *A.*2d 932 (1992) (6 Justices + 1 judge temporarily assigned).

*Perini Corp. v. Greate Bay Hotel & Casino, Inc.,* 129 *N.J.* 479, 610 *A.*2d 364 (1992) (5 Justices + 2 judges temporarily assigned).

*In re Advisory Comm. on Prof'l Ethics Opinion 621,* 128 *N.J.* 577, 608 *A.*2d 880 (1992) (5 Justices + 2 judges temporarily assigned).

*Bendix Corp. v. Dir., Div. of Taxation,* 125 *N.J.* 20, 592 *A.*2d 536 (1991) (5 Justices + 2 judges temporarily assigned).

*T & E Indus. v. Safety Light Corp.,* 123 *N.J.* 371, 587 *A.*2d 1249 (1991) (5 Justices + 2 judges temporarily assigned).

*Carr v. Carr,* 120 *N.J.* 120 N.J. 336, 576 *A.*2d 872 (1990) (5 Justices + 2 judges temporarily assigned).

*In re Petition for Rulemaking,* 117 *N.J.* 311, 566 *A.*2d 1154 (1989) (5 Justices + 2 judges temporarily assigned).

*D'Agostino v. Johnson & Johnson, Inc.,* 115 *N.J.* 491, 559 *A.*2d 420 (1989) (5 Justices + 2 judges temporarily assigned).

*State v. Tate,* 102 *N.J.* 64, 505 *A.*2d 941 (1986) (5 Justices + 2 judges temporarily assigned).

*Salorio v. Glaser,* 93 *N.J.* 447, 461 *A.*2d 1100 (1983) (5 Justices + 2 judges temporarily assigned).

*Beshada v. Johns–Manville Prods. Corp.*, 90 *N.J.* 191, 447 *A.*2d 539 (1982) (5 Justices + 1 judge temporarily assigned).

*Fenwick Mach., Inc. v. A. Tomae & Sons, Inc.*, 79 *N.J.* 590, 401 *A.*2d 1087 (1979) (5 Justices + 1 judge temporarily assigned).

*In re Surgent*, 79 *N.J.* 529, 401 *A.*2d 522 (1979) (5 Justices + 1 judge temporarily assigned).

*In re Beckmann*, 79 *N.J.* 402, 400 *A.*2d 792 (1979) (5 Justices + 1 judge temporarily assigned).

*Greenberg v. Great Am. Ins. Co.*, 79 *N.J.* 399, 400 *A.*2d 60 (1979) (5 Justices + 1 judge temporarily assigned).

*Di Orio v. N.J. Mfrs. Ins. Co.*, 79 *N.J.* 257, 398 *A.*2d 1274 (1979) (5 Justices + 2 judges temporarily assigned).

*State v. Ercolano,* 79 *N.J.* 25, 397 *A.*2d 1062 (1979) (6 Justices + 1 judge temporarily assigned).

*State v. Slockbower*, 79 *N.J.* 1, 397 *A.*2d 1050 (1979) (6 Justices + 1 judge temporarily assigned).

*State v. Stefanelli*, 78 *N.J.* 418, 396 *A.*2d 1105 (1979) (6 Justices + 1 judge temporarily assigned).

*Ridgefield Park Educ. Assoc. v. Ridgefield Park Bd. of Educ.*, 78 *N.J.* 144, 393 *A.*2d 278 (1978) (6 Justices + 1 judge temporarily assigned).

*Red Bank Reg'l Educ. Assoc. v. Red Bank Reg'l High Sch. Bd. of Educ.*, 78 *N.J.* 122, 393 *A.*2d 267 (1978) (6 Justices + 1 judge temporarily assigned).

*Twp. of W. Windsor v. Public Employment Relations Comm'n*, 78 *N.J.* 98, 393 *A.*2d 255 (1978) (6 Justices + 1 judge temporarily assigned).

*State v. State Supervisory Employees Assoc.*, 78 *N.J.* 54, 393 *A.*2d 233 (1978) (6 Justices + 1 judge temporarily assigned).

*Galloway Twp. Bd. of Educ. v. Galloway Twp. Assoc. of Educ. Secretaries*, 78 *N.J.* 1, 393 *A.*2d 207 (1978) (6 Justices + 1 judge temporarily assigned).

*Countiss v. Trenton State Coll.,* 77 *N.J.* 590, 392 *A.*2d 1205 (1978) (6 Justices + 1 judge temporarily assigned).

*State v. Mingo,* 77 *N.J.* 576, 392 *A.*2d 590 (1978) (6 Justices + 1 judge temporarily assigned).

*Gorton v. Reliance Ins. Co.,* 77 *N.J.* 563, 391 *A.*2d 1219 (1978) (5 Justices + 1 judge temporarily assigned).

*Hinfey v. Matawan Reg'l Bd. of Educ.,* 77 *N.J.* 514, 391 *A.*2d 899 (1978) (6 Justices + 1 judge temporarily assigned).

*State v. Snow,* 77 *N.J.* 459, 391 *A.*2d 478 (1978) (6 Justices + 1 judge temporarily assigned).

*Garden State Farms, Inc. v. Mayor Louis Bay, II,* 77 *N.J.* 439, 390 *A.*2d 1177 (1978) (5 Justices + 1 judge temporarily assigned).

*Karlin v. Weinberg,* 77 *N.J.* 408, 390 *A.*2d 1161 (1978) (6 Justices + 1 judge temporarily assigned).

*Robbiani v. Burke,* 77 *N.J.* 383, 390 *A.*2d 1149 (1978) (6 Justices + 1 judge temporarily assigned).

*Vornado, Inc. v. Hyland,* 77 *N.J.* 347, 390 *A.*2d 606 (1978) (6 Justices + 1 judge temporarily assigned).

*Kaczmarek v. N.J. Tpk. Auth.,* 77 *N.J.* 329, 390 *A.*2d 597 (1978) (6 Justices + 1 judge temporarily assigned).

*State v. Fields,* 77 *N.J.* 282, 390 *A.*2d 574 (1978) (5 Justices + 1 judge temporarily assigned).

*Barone v. Harra,* 77 *N.J.* 276, 390 *A.*2d 571 (1978) (5 Justices + 1 judge temporarily assigned).

*Daaleman v. Elizabethtown Gas Co.,* 77 *N.J.* 267, 390 *A.*2d 566 (1978) (5 Justices + 1 judge temporarily assigned).

*State v. Young,* 77 *N.J.* 245, 390 *A.*2d 556 (1978) (6 Justices + 1 judge temporarily assigned).

*Weathers v. Hartford Ins. Group,* 77 *N.J.* 228, 390 *A.*2d 548 (1978) (6 Justices + 1 judge temporarily assigned).

*Massa v. Laing*, 77 *N.J.* 227, 390 *A.*2d 547 (1978) (6 Justices + 1 judge temporarily assigned).

*In re Advisory Opinion*, 77 *N.J.* 199, 390 *A.*2d 118 (1978) (6 Justices + 1 judge temporarily assigned).

*Cashen v. Spann*, 77 *N.J.* 138, 389 *A.*2d 969 (1978) (6 Justices + 1 judge temporarily assigned).

*Resnick v. E. Brunswick Twp. Bd. of Educ.*, 77 *N.J.* 88, 389 *A.*2d 944 (1978) (6 Justices + 1 judge temporarily assigned).

*Peper v. Princeton Univ. Bd. of Trs.*, 77 *N.J.* 55, 389 *A.*2d 465 (1978) (6 Justices + 1 judge temporarily assigned).

*N.J. Bank v. Palladino*, 77 *N.J.* 33, 389 *A.*2d 454 (1978) (5 Justices + 1 judge temporarily assigned).

*State v. P.T. & L. Constr. Co.*, 77 *N.J.* 20, 389 *A.*2d 448 (1978) (5 Justices + 1 judge temporarily assigned).

*Elberon Bathing Co. v. Ambassador Ins. Co.*, 77 *N.J.* 1, 389 *A.*2d 439 (1978) (5 Justices + 1 judge temporarily assigned).

*The Penwag Property Co. v. Landau*, 76 *N.J.* 595, 388 *A.*2d 1265 (1978) (6 Justices + 1 judge temporarily assigned).

*Owens v. C & R Waste Material*, 76 *N.J.* 584, 388 *A.*2d 977 (1978) (5 Justices + 1 judge temporarily assigned).

*Maros v. Transam. Ins. Co.*, 76 *N.J.* 572, 388 *A.*2d 971 (1978) (6 Justices + 1 judge temporarily assigned).

*Muschette v. The Gateway Ins. Co.*, 76 *N.J.* 560, 388 *A.*2d 964 (1978) (6 Justices + 1 judge temporarily assigned).

*Napoli v. Eld*, 76 *N.J.* 524, 388 *A.*2d 946 (1978) (6 Justices + 1 judge temporarily assigned).

*Malloy v. State*, 76 *N.J.* 515, 388 *A.*2d 622 (1978) (6 Justices + 1 judge temporarily assigned).

*In re Anastasi*, 76 *N.J.* 510, 388 *A.*2d 620 (1978) (6 Justices + 1 judge temporarily assigned).

*Potter v. Finch & Sons,* 76 *N.J.* 499, 388 *A.*2d 614 (1978) (6 Justices + 1 judge temporarily assigned).

*State v. Garfole,* 76 *N.J.* 445, 388 *A.*2d 587 (1978) (6 Justices + 1 judge temporarily assigned).

*State v. Miller,* 76 *N.J.* 392, 388 *A.*2d 218 (1978) (5 Justices + 2 judges temporarily assigned).

*White v. Violent Crimes Comp. Board,* 76 *N.J.* 368, 388 *A.*2d 206 (1978) (6 Justices + 1 judge temporarily assigned).

*Talcott v. H. Corenzwit & Co.,* 76 *N.J.* 305, 387 *A.*2d 350 (1978) (6 Justices + 1 judge temporarily assigned).

*Burd v. N.J. Tel. Co.,* 76 *N.J.* 284, 386 *A.*2d 1310 (1978) (6 Justices + 1 judge temporarily assigned).

*Div. 540 v. Mercer County Improvement Auth.,* 76 *N.J.* 245, 386 *A.*2d 1290 (1978) (6 Justices + 1 judge temporarily assigned).

*In re Keesal,* 76 *N.J.* 227, 386 *A.*2d 854 (1978) (6 Justices + 1 judge temporarily assigned).

*Nero v. Hyland,* 76 *N.J.* 213, 386 *A.*2d 846 (1978) (6 Justices + 1 judge temporarily assigned).

*State v. Jones,* 76 *N.J.* 208, 386 *A.*2d 844 (1978) (6 Justices + 1 judge temporarily assigned).

*Duvin v. State,* 76 *N.J.* 203, 386 *A.*2d 842 (1978) (6 Justices + 1 judge temporarily assigned).

*Cepeda v. Cumberland Eng'g Co.,* 76 *N.J.* 152, 386 *A.*2d 816 (1978) (6 Justices + 1 judge temporarily assigned).

*Makwinski v. State,* 76 *N.J.* 87, 385 *A.*2d 1227 (1978) (6 Justices + 1 judge temporarily assigned).

*State v. Charles Inv. Corp.,* 76 *N.J.* 86, 385 *A.*2d 1227 (1978) (6 Justices + 1 judge temporarily assigned).

*In re Palmieri,* 76 *N.J.* 51, 385 *A.*2d 856 (1978) (6 Justices + 1 judge temporarily assigned).

*In re Di Sabato*, 76 *N.J.* 46, 385 *A.*2d 234 (1978) (5 Justices + 1 judge temporarily assigned).

*In re Dolan*, 76 *N.J.* 1, 384 *A.*2d 1076 (1978) (5 Justices + 1 judge temporarily assigned).

*In re Albano*, 75 *N.J.* 509, 384 *A.*2d 144 (1978) (6 Justices + 1 judge temporarily assigned).

*Miriam Homes, Inc. v. Zoning Bd. of Adjustment of Perth Amboy*, 75 *N.J.* 508, 384 *A.*2d 143 (1978) (5 Justices + 1 judge temporarily assigned).

*Nat'l Newark & Essex Bank v. Hous. Auth. of Newark*, 75 *N.J.* 497, 384 *A.*2d 138 (1978) (6 Justices + 1 judge temporarily assigned).

*In re Grinchis*, 75 *N.J.* 495, 384 *A.*2d 137 (1978) (6 Justices + 1 judge temporarily assigned).

*In re Bonafield*, 75 *N.J.* 490, 383 *A.*2d 1143 (1978) (6 Justices + 1 judge temporarily assigned).

*In re Palmieri*, 75 *N.J.* 488, 383 *A.*2d 1142 (1978) (6 Justices + 1 judge temporarily assigned).

*In re Estate of Houghton*, 75 *N.J.* 462, 383 *A.*2d 713 (1978) (6 Justices + 1 judge temporarily assigned).

*Sanner v. Gov't Employees Ins. Co.*, 75 *N.J.* 460, 383 *A.*2d 429 (1978) (6 Justices + 1 judge temporarily assigned).

*In re Eisenberg*, 75 *N.J.* 454, 383 *A.*2d 426 (1978) (6 Justices + 1 judge temporarily assigned).

*State in re Interest of G.T.*, 75 *N.J.* 378, 382 *A.*2d 1124 (1978) (6 Justices + 1 judge temporarily assigned).

*Thomas v. McGrath*, 75 *N.J.* 372, 382 *A.*2d 1121 (1978) (6 Justices + 1 judge temporarily assigned).

*State v. Gonzalez*, 75 *N.J.* 181, 380 *A.*2d 1128 (1977) (6 Justices + 1 judge temporarily assigned).

*Dolan v. Tenafly*, 75 *N.J.* 163, 380 *A.*2d 1119 (1977) (5 Justices + 2 judges temporarily assigned).

*Planned Parenthood of New York City v. State,* 75 *N.J.* 49, 379 *A.*2d 841 (1977) (6 Justices + 1 judge temporarily assigned).

*Fobe Assoc. v. Mayor of Demarest,* 74 *N.J.* 519, 379 *A.*2d 31 (1977) (6 Justices + 1 judge temporarily assigned).

*Pascack Ass'n, Ltd. v. Mayor of Washington,* 74 *N.J.* 470, 379 *A.*2d 6 (1977) (6 Justices + 1 judge temporarily assigned).

*Sommer v. Kridel,* 74 *N.J.* 446, 378 *A.*2d 767 (1977) (5 Justices + 1 judge temporarily assigned).

*State v. Toscano,* 74 *N.J.* 421, 378 *A.*2d 755 (1977) (6 Justices + 1 judge temporarily assigned).

*State v. Corbitt,* 74 *N.J.* 379, 378 *A.*2d 235 (1977) (6 Justices + 1 judge temporarily assigned).

*Twp. of Franklin v. Bd. of Educ. of the N. Hunterdon Reg'l High Sch.,* 74 *N.J.* 345, 378 *A.*2d 218 (1977) (6 Justices + 1 judge temporarily assigned).

*Doe v. Downey,* 74 *N.J.* 196, 377 *A.*2d 626 (1977) (6 Justices + 1 judge temporarily assigned).

*Manning Eng'g, Inc. v. Hudson County Park Comm'n,* 74 *N.J.* 113, 376 *A.*2d 1194 (1977) (5 Justices + 1 judge temporarily assigned).

*Valle v. N. Jersey Auto. Club,* 74 *N.J.* 109, 376 *A.*2d 1192 (1977) (5 Justices + 2 judges temporarily assigned).

*State v. Bakers Basin Realty Co.,* 74 *N.J.* 103, 376 *A.*2d 1189 (1977) (5 Justices + 1 judge temporarily assigned).

*United Rental Equip. Co. v. Aetna Life & Casualty Ins. Co.,* 74 *N.J.* 92, 376 *A.*2d 1183 (1977) (6 Justices + 1 judge temporarily assigned).

*State v. Lueder,* 74 *N.J.* 62, 376 *A.*2d 1169 (1977) (6 Justices + 1 judge temporarily assigned).

*Langeveld v. L.R.Z.H. Corp.,* 74 *N.J.* 45, 376 *A.*2d 931 (1977) (6 Justices + 1 judge temporarily assigned).

*Atl. City v. Block C–11, Lot 11,* 74 *N.J.* 34, 376 *A.*2d 926 (1977) (6 Justices + 1 judge temporarily assigned).

*Twp. of Montville v. Block 69, Lot 10,* 74 *N.J.* 1, 376 *A.*2d 909 (1977) (6 Justices + 1 judge temporarily assigned).

*In re Petition to Compel Testimony of Tuso,* 73 *N.J.* 575, 376 *A.*2d 895 (1977) (6 Justices + 1 judge temporarily assigned).

*Piscataway Assoc. v. Twp. of Piscataway,* 73 *N.J.* 546, 376 *A.*2d 527 (1977) (6 Justices + 1 judge temporarily assigned).

*Fox Enters., Inc. v. Twp. of Piscataway,* 73 *N.J.* 545, 376 *A.*2d 526 (1977) (6 Justices + 1 judge temporarily assigned).

*Gauger v. Gauger,* 73 *N.J.* 538, 376 *A.*2d 523 (1977) (6 Justices + 1 judge temporarily assigned).

*State v. Vinegra,* 73 *N.J.* 484, 376 *A.*2d 150 (1977) (6 Justices + 1 judge temporarily assigned).

*Public Serv. Elec. & Gas Co. v. Twp. of Woodbridge,* 73 *N.J.* 474, 375 *A.*2d 1165 (1977) (6 Justices + 1 judge temporarily assigned).

*Kruger v. Kruger,* 73 *N.J.* 464, 375 *A.*2d 659 (1977) (6 Justices + 1 judge temporarily assigned).

*Ansede v. Nat'l Gypsum Co.,* 73 *N.J.* 444, 375 *A.*2d 649 (1977) (6 Justices + 1 judge temporarily assigned).

*Motor Club Fire & Cas. Co. v. N.J. Mfrs. Ins. Co.,* 73 *N.J.* 425, 375 *A.*2d 639 (1977) (5 Justices + 2 judges temporarily assigned).

*State v. Lyle,* 73 *N.J.* 403, 375 *A.*2d 629 (1977) (6 Justices + 1 judge temporarily assigned).

*Palko v. Palko,* 73 *N.J.* 395, 375 *A.*2d 625 (1977) (6 Justices + 1 judge temporarily assigned).

*State v. Leonardis,* 73 *N.J.* 360, 375 *A.*2d 607 (1977) (6 Justices + 1 judge temporarily assigned).

*Pucillo & Sons, Inc. v. Mayor of New Milford,* 73 *N.J.* 349, 375 *A.*2d 602 (1977) (6 Justices + 1 judge temporarily assigned).

*State v. Cohen,* 73 *N.J.* 331, 375 *A.*2d 259 (1977) (6 Justices + 1 judge temporarily assigned).

*State v. Wooten,* 73 *N.J.* 317, 374 *A.*2d 1204 (1977) (6 Justices + 1 judge temporarily assigned).

*In re Suspension of Heller,* 73 *N.J.* 292, 374 *A.*2d 1191 (1977) (6 Justices + 1 judge temporarily assigned).

*In re Loring,* 73 *N.J.* 282, 374 *A.*2d 466 (1977) (6 Justices + 1 judge temporarily assigned).

*In re Rabb,* 73 *N.J.* 272, 374 *A.*2d 461 (1977) (6 Justices + 1 judge temporarily assigned).

*In re Makowski,* 73 *N.J.* 265, 374 *A.*2d 458 (1977) (6 Justices + 1 judge temporarily assigned).

*Passaic Cty. Probation Officers' Ass'n v. Cty. of Passaic,* 73 *N.J.* 247, 374 *A.*2d 449 (1977) (6 Justices + 1 judge temporarily assigned).

*State in Interest of M.S.,* 73 *N.J.* 238, 374 *A.*2d 445 (1977) (6 Justices + 1 judge temporarily assigned).

*State v. Baskerville,* 73 *N.J.* 230, 374 *A.*2d 441 (1977) (6 Justices + 1 judge temporarily assigned).

*State v. Alston,* 73 *N.J.* 228, 374 *A.*2d 31 (1977) (5 Justices + 1 judge temporarily assigned).

*State v. Canola,* 73 *N.J.* 206, 374 *A.*2d 20 (1977) (6 Justices + 1 judge temporarily assigned).

*Conklin v. City of E. Orange,* 73 *N.J.* 198, 373 *A.*2d 996 (1977) (5 Justices + 1 judge temporarily assigned).

*Approved Finance Co. v. Schaub,* 73 *N.J.* 193, 373 *A.*2d 994 (1977) (5 Justices + 1 judge temporarily assigned).

*In re Shamy,* 73 *N.J.* 187, 373 *A.*2d 655 (1977) (6 Justices + 1 judge temporarily assigned).

*Beek v. Ohio Cas. Ins. Co.,* 73 *N.J.* 185, 373 *A.*2d 654 (1977) (6 Justices + 1 judge temporarily assigned).

*State v. Twp. of Washington,* 73 *N.J.* 182, 373 *A.*2d 652 (1977) (6 Justices + 1 judge temporarily assigned).

*N.J. Tpk. Auth. v. Twp. of Washington,* 73 *N.J.* 180, 373 *A.*2d 652 (1977) (6 Justices + 1 judge temporarily assigned).

*Monmouth Med. Ctr. v. City of Long Branch,* 73 *N.J.* 179, 373 *A.*2d 651 (1977) (6 Justices + 1 judge temporarily assigned).

*State v. Allen,* 73 *N.J.* 132, 373 *A.*2d 377 (1977) (6 Justices + 1 judge temporarily assigned).

*Higgins v. The Advisory Comm. on Prof'l Ethics,* 73 *N.J.* 123, 373 *A.*2d 372 (1977) (6 Justices + 1 judge temporarily assigned).

*In re Mattice,* 73 *N.J.* 103, 372 *A.*2d 1104 (1977) (6 Justices + 1 judge temporarily assigned).

*Peoples Nat'l Bank of N.J. v. Fowler,* 73 *N.J.* 88, 372 *A.*2d 1096 (1977) (6 Justices + 1 judge temporarily assigned).

*State v. Richardson,* 73 *N.J.* 82, 372 *A.*2d 1093 (1977) (6 Justices + 1 judge temporarily assigned).

*State v. Moran,* 73 *N.J.* 79, 372 *A.*2d 1092 (1977) (6 Justices + 1 judge temporarily assigned).

*In re Mollozzi,* 73 *N.J.* 76, 372 *A.*2d 611 (1977) (6 Justices + 1 judge temporarily assigned).

*Essex County Bd. of Taxation v. City of Newark,* 73 *N.J.* 69, 372 *A.*2d 607 (1977) (6 Justices + 1 judge temporarily assigned).

*In re Adoption of J by J & A,* 73 *N.J.* 68, 372 *A.*2d 607 (1977) (6 Justices + 1 judge temporarily assigned).

*Biancardi v. Waldwick Bd. of Educ.,* 73 *N.J.* 37, 372 *A.*2d 304 (1977) (6 Justices + 1 judge temporarily assigned).

*State v. Land,* 73 *N.J.* 24, 372 *A.*2d 297 (1977) (6 Justices + 1 judge temporarily assigned).

*English v. Coll. of Med. & Dentistry of N.J.,* 73 *N.J.* 20, 372 *A.*2d 295 (1977) (6 Justices + 1 judge temporarily assigned).

*In re Hyra,* 73 *N.J.* 18, 372 *A.*2d 294 (1977) (6 Justices + 1 judge temporarily assigned).

*Twp. of Wayne v. Kosoff,* 73 *N.J.* 8, 372 *A.*2d 289 (1977) (6 Justices + 1 judge temporarily assigned).

*Twp. of Springfield v. Pedersen,* 73 *N.J.* 1, 372 *A.*2d 286 (1977) (5 Justices + 1 judge temporarily assigned).

*Oakwood at Madison, Inc. v. Twp. of Madison,* 72 *N.J.* 481, 371 *A.*2d 1192 (1977) (6 Justices + 1 judge temporarily assigned).

*Parelli v. Dep't of Civil Serv. of N.J.,* 72 *N.J.* 480, 371 *A.*2d 285 (1977) (6 Justices + 1 judge temporarily assigned).

*In re Shear,* 72 *N.J.* 474, 371 *A.*2d 282 (1977) (6 Justices + 1 judge temporarily assigned).

*In re Power,* 72 *N.J.* 452, 371 *A.*2d 58 (1977) (6 Justices + 1 judge temporarily assigned).

*In re Yengo,* 72 *N.J.* 425, 371 *A.*2d 41 (1977) (5 Justices + 1 judge temporarily assigned).

*Inganamort v. Borough of Fort Lee,* 72 *N.J.* 412, 371 *A.*2d 34 (1977) (6 Justices + 1 judge temporarily assigned).

*Boys' Club of Clifton, Inc. v. Twp. of Jefferson,* 72 *N.J.* 389, 371 *A.*2d 22 (1977) (6 Justices + 1 judge temporarily assigned).

*Cirelli v. Ohio Cas. Ins. Co.,* 72 *N.J.* 380, 371 *A.*2d 17 (1977) (6 Justices + 1 judge temporarily assigned).

*Fenwick v. Kay Am. Jeep, Inc.,* 72 *N.J.* 372, 371 *A.*2d 13 (1977) (6 Justices + 1 judge temporarily assigned).

*Carlsen v. Carlsen,* 72 *N.J.* 363, 371 *A.*2d 8 (1977) (6 Justices + 1 judge temporarily assigned).

*Smith v. Smith,* 72 *N.J.* 350, 371 *A.*2d 1 (1977) (6 Justices + 1 judge temporarily assigned).

*Penn. Mfrs.' Assoc. Ins. Co. v. Gov't Employees Ins. Co.,* 72 *N.J.* 348, 370 *A.*2d 855 (1977) (6 Justices + 1 judge temporarily assigned).

*State v. Powers,* 72 *N.J.* 346, 370 *A.*2d 854 (1977) (6 Justices + 1 judge temporarily assigned).

*State v. Abrams,* 72 *N.J.* 342, 370 *A.*2d 852 (1976) (6 Justices + 1 judge temporarily assigned).

*Vreeland v. Byrne,* 72 *N.J.* 292, 370 *A.*2d 825 (1977) (6 Justices + 1 judge temporarily assigned).

*Schaad v. Ocean Grove Camp Meeting Ass'n,* 72 *N.J.* 237, 370 *A.*2d 449 (1977) (6 Justices + 1 judge temporarily assigned).

*Bates v. Gambino,* 72 *N.J.* 219, 370 *A.*2d 10 (1977) (6 Justices + 1 judge temporarily assigned).

*Mikkelsen v. N.L. Indus.,* 72 *N.J.* 209, 370 *A.*2d 5 (1977) (5 Justices + 1 judge temporarily assigned).

*Salierno v. Micro Stamping Co.,* 72 *N.J.* 205, 370 *A.*2d 3 (1977) (5 Justices + 1 judge temporarily assigned).

*McBride v. City of Atl. City,* 72 *N.J.* 201, 370 *A.*2d 1 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Knight,* 72 *N.J.* 193, 369 *A.*2d 913 (1976) (6 Justices + 1 judge temporarily assigned).

*Plainfield v. Courier News,* 72 *N.J.* 171, 369 *A.*2d 513 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Hardt,* 72 *N.J.* 160, 369 *A.*2d 5 (1977) (6 Justices + 1 judge temporarily assigned).

*State v. Ableman,* 72 *N.J.* 145, 368 *A.*2d 356 (1977) (6 Justices + 1 judge temporarily assigned).

*In re Metro,* 72 *N.J.* 143, 368 *A.*2d 355 (1977) (6 Justices + 1 judge temporarily assigned).

*In re Diamond,* 72 *N.J.* 139, 368 *A.*2d 353 (1976) (5 Justices + 1 judge temporarily assigned).

*In re Morris,* 72 *N.J.* 135, 367 *A.*2d 1172 (1977) (6 Justices + 1 judge temporarily assigned).

*Sorentino v. Family & Children's Soc'y of Elizabeth,* 72 *N.J.* 127, 367 *A.*2d 1168 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Guardianship of Dotson,* 72 *N.J.* 112, 367 *A.*2d 1160 (1976) (6 Justices + 1 judge temporarily assigned).

*Twp. of Marlboro v. Village Water Co.,* 72 *N.J.* 99, 367 *A.*2d 1153 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Estate of Lingle,* 72 *N.J.* 87, 367 *A.*2d 878 (1976) (6 Justices + 1 judge temporarily assigned).

*Fireman's Fund Ins. Co. v. Sec. Ins. Co. of Hartford,* 72 *N.J.* 63, 367 *A.*2d 864 (1976) (5 Justices + 2 judges temporarily assigned).

*Lige v. Town of Montclair,* 72 *N.J.* 5, 367 *A.*2d 833 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Levinsohn,* 72 *N.J.* 1, 367 *A.*2d 431 (1976) (5 Justices + 1 judge temporarily assigned).

*State v. Schultz,* 71 *N.J.* 590, 367 *A.*2d 423 (1976) (6 Justices + 1 judge temporarily assigned).

*Remsden v. Dependable Ins. Co.,* 71 *N.J.* 587, 367 *A.*2d 421 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Logan,* 71 *N.J.* 583, 367 *A.*2d 419 (1976) (5 Justices + 1 judge temporarily assigned).

*State v. Brown,* 71 *N.J.* 578, 367 *A.*2d 417 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Fariello,* 71 *N.J.* 552, 366 *A.*2d 1313 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Lamb,* 71 *N.J.* 545, 366 *A.*2d 981 (1976) (6 Justices + 1 judge temporarily assigned).

*Meerwarth v. Meerwarth,* 71 *N.J.* 541, 366 *A.*2d 979 (1976) (5 Justices + 1 judge temporarily assigned).

*Bd. of Educ., Twp. of Little Egg Harbor v. Bd. of Educ., Twp. of Galloway,* 71 *N.J.* 537, 366 *A.*2d 977 (1976) (6 Justices + 1 judge temporarily assigned).

*City of Jersey City v. Jersey City Parking Auth.*, 71 *N.J.* 492, 366 *A.*2d 648 (1976) (6 Justices + 1 judge temporarily assigned).

*Doe v. Bridgeton Hosp. Ass'n*, 71 *N.J.* 478, 366 *A.*2d 641 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Sapp*, 71 *N.J.* 476, 366 *A.*2d 334 (1976) (6 Justices + 1 judge temporarily assigned).

*Overlook Terrace Mgmt. Corp. v. Rent Control Bd. of W. N.Y., N.J.*, 71 *N.J.* 451, 366 *A.*2d 321 (1976) (6 Justices + 1 judge temporarily assigned).

*Jones v. Buford*, 71 *N.J.* 433, 365 *A.*2d 1364 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Franklin*, 71 *N.J.* 425, 365 *A.*2d 1361 (1976) (6 Justices + 1 judge temporarily assigned).

*Gallo Asphalt Co. v. Sagner*, 71 *N.J.* 405, 365 *A.*2d 932 (1976) (5 Justices + 2 judges temporarily assigned).

*Humble Oil & Ref. Co. v. Borough of Englewood Cliffs*, 71 *N.J.* 401, 365 *A.*2d 929 (1976) (5 Justices + 1 judge temporarily assigned).

*State v. Pratts*, 71 *N.J.* 399, 365 *A.*2d 928 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Milligan*, 71 *N.J.* 373, 365 *A.*2d 914 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Lyons*, 71 *N.J.* 371, 365 *A.*2d 913 (1976) (5 Justices + 1 judge temporarily assigned).

*Leitenberger v. Olt Bros.*, 71 *N.J.* 370, 365 *A.*2d 713 (1976) (6 Justices + 1 judge temporarily assigned).

*Vill. of S. Orange v. Alden Corp.*, 71 *N.J.* 362, 365 *A.*2d 469 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Nichols*, 71 *N.J.* 358, 365 *A.*2d 467 (1976) (6 Justices + 1 judge temporarily assigned).

*City of N. Wildwood v. Bd. of Comm'rs of Wildwood*, 71 *N.J.* 354, 365 *A.*2d 465 (1976) (6 Justices + 1 judge temporarily assigned).

*Motor Club Fire & Cas. Co. v. N.J. Mfrs. Ins. Co.*, 71 *N.J.* 352, 365 *A.*2d 195 (1976) (5 Justices + 1 judge temporarily assigned).

*Gosselin v. Nat'l Aviation Underwriters*, 71 *N.J.* 351, 365 *A.*2d 194 (1976) (5 Justices + 1 judge temporarily assigned).

*Crittenden v. Port Auth. Trans–Hudson Corp.*, 71 *N.J.* 349, 365 *A.*2d 193 (1976) (6 Justices + 1 judge temporarily assigned).

*Hous. Auth. of Newark v. Norfolk Realty Co.*, 71 *N.J.* 314, 364 *A.*2d 1052 (1976) (6 Justices + 1 judge temporarily assigned).

*Panzino v. Cont'l Can Co.*, 71 *N.J.* 298, 364 *A.*2d 1043 (1976) (6 Justices + 1 judge temporarily assigned).

*Taxpayers Ass'n of Weymouth Twp. v. Weymouth Twp.*, 71 *N.J.* 249 (1976) (6 Justices + 1 judge temporarily assigned).

*Shepard v. Woodland Twp. Comm. & Planning Bd.*, 71 *N.J.* 230, 364 *A.*2d 1005 (1976) (6 Justices + 1 judge temporarily assigned).

*Berger v. State*, 71 *N.J.* 206, 364 *A.*2d 993 (1976) (5 Justices + 1 judge temporarily assigned).

*In re Ditri*, 71 *N.J.* 173, 364 *A.*2d 545 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Talbot*, 71 *N.J.* 160, 364 *A.*2d 9 (1976) (6 Justices + 1 judge temporarily assigned).

*Manning Eng'g, Inc. v. Hudson County Park Comm'n*, 71 *N.J.* 145, 364 *A.*2d 1 (1976) (5 Justices + 1 judge temporarily assigned).

*Moran v. Napolitano*, 71 *N.J.* 133, 363 *A.*2d 346 (1976) (6 Justices + 1 judge temporarily assigned).

*Fox v. Passaic Gen. Hosp.*, 71 *N.J.* 122, 363 *A.*2d 341 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Leonardis*, 71 *N.J.* 85, 363 *A.*2d 321 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Christener*, 71 *N.J.* 55, 362 *A.*2d 1153 (1976) (6 Justices + 1 judge temporarily assigned).

*Pascucci v. Vagott*, 71 *N.J.* 40, 362 *A.*2d 566 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Application of Saddle River*, 71 *N.J.* 14, 362 *A.*2d 552 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Sayko*, 71 *N.J.* 8, 362 *A.*2d 549 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Alston*, 71 *N.J.* 1, 362 *A.*2d 545 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Harris*, 70 *N.J.* 586, 362 *A.*2d 32 (1976) (6 Justices + 1 judge temporarily assigned).

*Humane Soc'y of U.S. v. N.J. Fish & Game Council*, 70 *N.J.* 565, 362 *A.*2d 20 (1976) (6 Justices + 1 judge temporarily assigned).

*Yanhko v. Fane*, 70 *N.J.* 528, 362 *A.*2d 1 (1976) (6 Justices + 1 judge temporarily assigned).

*State in Interest of D.G.W.*, 70 *N.J.* 488, 361 *A.*2d 513 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Allen*, 70 *N.J.* 474, 361 *A.*2d 5 (1976) (6 Justices + 1 judge temporarily assigned).

*Breslin v. N.J. Investors, Inc.*, 70 *N.J.* 466, 361 *A.*2d 1 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Estate of Widenmeyer*, 70 *N.J.* 458, 360 *A.*2d 396 (1976) (6 Justices + 1 judge temporarily assigned).

*Semi–Metals, Inc. v. Pinter Bros.*, 70 *N.J.* 437, 360 *A.*2d 385 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Estate of Lehner*, 70 *N.J.* 434, 360 *A.*2d 383 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Rechtschaffer*, 70 *N.J.* 395, 360 *A.*2d 362 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Stein*, 70 *N.J.* 369, 360 *A.*2d 347 (1976) (6 Justices + 1 judge temporarily assigned).

*Guerrero v. Burlington County Mem'l Hosp.,* 70 *N.J.* 344, 360 *A.*2d 334 (1976) (6 Justices + 1 judge temporarily assigned).

*Rusignuolo v. Orechio,* 70 *N.J.* 330, 360 *A.*2d 326 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Brewer,* 70 *N.J.* 329, 360 *A.*2d 326 (1976) (6 Justices + 1 judge temporarily assigned).

*Jansco v. Waldron,* 70 *N.J.* 320, 360 *A.*2d 321 (1976) (6 Justices + 1 judge temporarily assigned).

*Hudson Circle Serv.Ctr., Inc. v. Kearny,* 70 *N.J.* 289, 359 *A.*2d 862 (1976) (6 Justices + 1 judge temporarily assigned).

*Schweizer v. Elox Div. of Colt Indus.,* 70 *N.J.* 280, 359 *A.*2d 857 (1976) (5 Justices + 2 judges temporarily assigned).

*Newman v. Chase,* 70 *N.J.* 254, 359 *A.*2d 474 (1976) (6 Justices + 1 judge temporarily assigned).

*Mihranian, Inc. v. Padula,* 70 *N.J.* 252, 359 *A.*2d 473 (1976) (6 Justices + 1 judge temporarily assigned).

*B. Jeselshon, Inc. v. City of Atl. City,* 70 *N.J.* 238, 358 *A.*2d 797 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Logan,* 70 *N.J.* 222, 358 *A.*2d 787 (1976) (5 Justices + 1 judge temporarily assigned).

*State v. Smith,* 70 *N.J.* 213, 358 *A.*2d 782 (1976) (5 Justices + 2 judges temporarily assigned).

*State v. Szima,* 70 *N.J.* 196, 358 *A.*2d 773 (1976) (5 Justices + 2 judges temporarily assigned).

*State v. Tumminello,* 70 *N.J.* 187, 358 *A.*2d 769 (1976) (6 Justices + 1 judge temporarily assigned).

*State in Interest of R.G. W.,* 70 *N.J.* 185, 358 *A.*2d 473 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Callahan,* 70 *N.J.* 178, 358 *A.*2d 469 (1976) (6 Justices + 1 judge temporarily assigned).

*Robinson v. Cahill,* 70 *N.J.* 155, 358 *A.*2d 457 (1976) (6 Justices + 1 judge temporarily assigned).

*Patrolman's Benevolent Ass'n of Montclair, Local No. 53 v. Montclair,* 70 *N.J.* 130, 358 *A.*2d 180 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Deatore,* 70 *N.J.* 100, 358 *A.*2d 163 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Alston,* 70 *N.J.* 95, 358 *A.*2d 161 (1976) (6 Justices + 1 judge temporarily assigned).

*Frank H. Taylor & Son, Inc. v. Shepard,* 70 *N.J.* 93, 357 *A.*2d 765 (1976) (5 Justices + 2 judges temporarily assigned).

*Citizens Bank & Trust Co. v. Glaser,* 70 *N.J.* 72, 357 *A.*2d 753 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Best,* 70 *N.J.* 56, 356 *A.*2d 385 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Quinlan,* 70 *N.J.* 10, 355 *A.*2d 647 (1976) (6 Justices + 1 judge temporarily assigned).

*Germain v. Cool–Rite Corp.,* 70 *N.J.* 1, 355 *A.*2d 642 (1976) (6 Justices + 1 judge temporarily assigned).

*Trap Rock Indus., Inc. v. Sagner,* 69 *N.J.* 599, 355 *A.*2d 636 (1976) (5 Justices + 1 judge temporarily assigned).

*Cattani v. Bd. of Trs., Police & Firemen's Ret. Sys.,* 69 *N.J.* 578, 355 *A.*2d 625 (1976) (5 Justices + 1 judge temporarily assigned).

*State v. J. O.,* 69 *N.J.* 574, 355 *A.*2d 195 (1976) (6 Justices + 1 judge temporarily assigned).

*Retz v. Twp. of Saddle Brook,* 69 *N.J.* 563, 355 *A.*2d 189 (1976) (6 Justices + 1 judge temporarily assigned).

*Robinson v. Cahill,* 69 *N.J.* 449, 355 *A.*2d 129 (1976) (6 Justices + 1 judge temporarily assigned).

*Breslin v. Liberty Mut. Ins. Co.,* 69 *N.J.* 435, 354 *A.*2d 635 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Carter*, 69 *N.J.* 420, 354 *A.*2d 627 (1976) (6 Justices + 1 judge temporarily assigned).

*Wurtzel v. Falcey*, 69 *N.J.* 401, 354 *A.*2d 617 (1976) (6 Justices + 1 judge temporarily assigned).

*Thermo Contracting Corp. v. Bank of N.J.*, 69 *N.J.* 352, 354 *A.*2d 291 (1976) (6 Justices + 1 judge temporarily assigned).

*In re McAlevy*, 69 *N.J.* 349, 354 *A.*2d 289 (1976) (6 Justices + 1 judge temporarily assigned).

*State in Interest of N.L.*, 69 *N.J.* 342, 354 *A.*2d 286 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Dunbar*, 69 *N.J.* 333, 354 *A.*2d 281 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Hurd*, 69 *N.J.* 316, 354 *A.*2d 78 (1976) (5 Justices + 1 judge temporarily assigned).

*Hous. Auth. of Newark v. West*, 69 *N.J.* 293, 354 *A.*2d 65 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Pastore*, 69 *N.J.* 292, 354 *A.*2d 65 (1976) (6 Justices + 1 judge temporarily assigned).

*Dresner v. Carrara*, 69 *N.J.* 237, 353 *A.*2d 505 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Spano*, 69 *N.J.* 231, 353 *A.*2d 97 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Repp*, 69 *N.J.* 222, 352 *A.*2d 260 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Riley*, 69 *N.J.* 217, 352 *A.*2d 257 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Valentine*, 69 *N.J.* 205, 351 *A.*2d 751 (1976) (5 Justices + 1 judge temporarily assigned).

*In re Egan*, 69 *N.J.* 201, 351 *A.*2d 748 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Gaulkin,* 69 *N.J.* 185, 351 *A*.2d 740 (1976) (6 Justices + 1 judge temporarily assigned).

*Robinson v. Cahill,* 69 *N.J.* 133, 351 *A*.2d 713 (1975) (6 Justices + 1 judge temporarily assigned).

*Bak–A–Lum Corp. v. Alcoa Bldg. Prods., Inc.,* 69 *N.J.* 123, 351 *A*.2d 349 (1976) (5 Justices + 1 judge temporarily assigned).

*In re Wilentz,* 69 *N.J.* 121, 351 *A*.2d 347 (1976) (5 Justices + 1 judge temporarily assigned).

*In re Becker,* 69 *N.J.* 118, 351 *A*.2d 346 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Hughes,* 69 *N.J.* 116, 351 *A*.2d 345 (1976) (5 Justices + 1 judge temporarily assigned).

*State v. Jersey Cent. Power & Light Co.,* 69 *N.J.* 102, 351 *A*.2d 337 (1976) (6 Justices + 1 judge temporarily assigned).

*Bd. of Educ. of Manasquan v. State,* 69 *N.J.* 92, 351 *A*.2d 17 (1976) (6 Justices + 1 judge temporarily assigned).

*Ades v. Mayor of Deal Borough,* 69 *N.J.* 86, 351 *A*.2d 14 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Hickey,* 69 *N.J.* 69, 350 *A*.2d 483 (1976) (6 Justices + 1 judge temporarily assigned).

*Twp. of Ewing v. King,* 69 *N.J.* 67, 350 *A*.2d 482 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Lewis,* 69 *N.J.* 64, 350 *A*.2d 480 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Zeitler,* 69 *N.J.* 61, 350 *A*.2d 479 (1976) (6 Justices + 1 judge temporarily assigned).

*Jenkins v. Rainner,* 69 *N.J.* 50, 350 *A*.2d 473 (1976) (6 Justices + 1 judge temporarily assigned).

*In re April,* 69 *N.J.* 44, 350 *A*.2d 234 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Barnett,* 69 *N.J.* 41, 350 *A.*2d 232 (1976) (6 Justices + 1 judge temporarily assigned).

*State v. Lucarello,* 69 *N.J.* 31, 350 *A.*2d 226 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Rizzo,* 69 *N.J.* 28, 350 *A.*2d 225 (1975) (6 Justices + 1 judge temporarily assigned).

*Cunningham v. Department of Civil Service,* 69 *N.J.* 13, 350 *A.*2d 58 (1976) (6 Justices + 1 judge temporarily assigned).

*Davis v. Pecorino,* 69 *N.J.* 1, 350 *A.*2d 51 (1975) (6 Justices + 1 judge temporarily assigned).

*Troy Hills Vill. v. Parsippany–Troy Hills Twp. Council,* 68 *N.J.* 604, 350 *A.*2d 34 (1975) (6 Justices + 1 judge temporarily assigned).

*Brunetti v. New Milford,* 68 *N.J.* 576, 350 *A.*2d 19 (1976) (6 Justices + 1 judge temporarily assigned).

*Hutton Park Gardens v. Town Council of W. Orange,* 68 *N.J.* 543, 350 *A.*2d 1 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Bryant,* 68 *N.J.* 532, 348 *A.*2d 786 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Gibson,* 68 *N.J.* 499, 348 *A.*2d 769 (1975) (6 Justices + 1 judge temporarily assigned).

*Hackensack Meadowlands Dev. Comm'n v. Mun. Sanitary Landfill Auth.,* 68 *N.J.* 451, 348 *A.*2d 505 (1975) (5 Justices + 1 judge temporarily assigned).

*Prof'l Ass'n v. Salary Adjustment Comm.,* 68 *N.J.* 444, 347 *A.*2d 793 (1975) (6 Justices + 1 judge temporarily assigned).

*In re Strickland,* 68 *N.J.* 440, 347 *A.*2d 358 (1975) (6 Justices + 1 judge temporarily assigned).

*Hartford Ins. Co. v. Allstate Ins. Co.,* 68 *N.J.* 430, 347 *A.*2d 353 (1975) (6 Justices + 1 judge temporarily assigned).

*Twp. of Millburn v. Pitt,* 68 *N.J.* 424, 346 *A.*2d 601 (1975) (6 Justices + 1 judge temporarily assigned).

*Davis v. Heil,* 68 *N.J.* 423, 346 *A.*2d 405 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Tamburro,* 68 *N.J.* 414, 346 *A.*2d 401 (1975) (6 Justices + 1 judge temporarily assigned).

*Tri–Terminal Corp. v. Borough of Edgewater,* 68 *N.J.* 405, 346 *A.*2d 396 (1975) (6 Justices + 1 judge temporarily assigned).

*In re Cipriano,* 68 *N.J.* 398, 346 *A.*2d 393 (1976) (6 Justices + 1 judge temporarily assigned).

*In re Chase,* 68 *N.J.* 392, 346 *A.*2d 89 (1975) (6 Justices + 1 judge temporarily assigned).

*In re Parker,* 68 *N.J.* 390, 346 *A.*2d 88 (1975) (6 Justices + 1 judge temporarily assigned).

*Braitman v. Overlook Terrace Corp.,* 68 *N.J.* 368, 346 *A.*2d 76 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Johnson,* 68 *N.J.* 349, 346 *A.*2d 66 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Lemken,* 68 *N.J.* 348, 346 *A.*2d 65 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Kleinwaks,* 68 *N.J.* 328, 345 *A.*2d 793 (1975) (6 Justices + 1 judge temporarily assigned).

*In re Kern,* 68 *N.J.* 325, 345 *A.*2d 321 (1975) (6 Justices + 1 judge temporarily assigned).

*Woliner v. Woliner,* 68 *N.J.* 324, 344 *A.*2d 781 (1975) (6 Justices + 1 judge temporarily assigned).

*Oxfeld v. N.J. State Bd. of Educ.,* 68 *N.J.* 301, 344 *A.*2d 769 (1974) (5 Justices + 1 judge temporarily assigned).

*Bonnet v. Nat'l Emblem Ins. Co.,* 68 *N.J.* 287, 344 *A.*2d 321 (1975) (5 Justices + 1 judge temporarily assigned).

*In re Fruchter,* 68 *N.J.* 286, 344 *A.*2d 320 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Krol,* 68 *N.J.* 236, 344 *A.*2d 289 (1975) (5 Justices + 1 judge temporarily assigned).

*Catena v. Seidl,* 68 *N.J.* 224, 343 *A.*2d 744 (1975) (6 Justices + 1 judge temporarily assigned).

*N.J. Ass'n of Indep. Ins. Agents v. Hosp. Serv. Plan of N.J.,* 68 *N.J.* 213, 343 *A.*2d 739 (1975) (5 Justices + 1 judge temporarily assigned).

*In re of the Application for the Commitment of Geraghty to the N.J. Neuro–Psychiatric Inst.,* 68 *N.J.* 209, 343 *A.*2d 737 (1975) (6 Justices + 1 judge temporarily assigned).

*Skulski v. Nolan,* 68 *N.J.* 179, 343 *A.*2d 721 (1975) (5 Justices + 1 judge temporarily assigned).

*Pinkney v. State,* 68 *N.J.* 178, 343 *A.*2d 721 (1975) (5 Justices + 1 judge temporarily assigned).

*Katz v. Twp. of Howell,* 68 *N.J.* 125, 343 *A.*2d 417 (1975) (5 Justices + 1 judge temporarily assigned).

*Washington Market Enters., Inc. v. Trenton,* 68 *N.J.* 107, 343 *A.*2d 408 (1975) (5 Justices + 1 judge temporarily assigned).

*Schoor Assocs. v. Holmdel Heights Constr. Co.,* 68 *N.J.* 95, 343 *A.*2d 401 (1975) (5 Justices + 1 judge temporarily assigned).

*Zygmaniak v. Kawasaki Motors Corp.,* 68 *N.J.* 94, 343 *A.*2d 97 (1975) (6 Justices + 1 judge temporarily assigned).

*County of Monmouth v. Wissell,* 68 *N.J.* 35, 342 *A.*2d 199 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Kenny,* 68 *N.J.* 17, 342 *A.*2d 189 (1975) (6 Justices + 1 judge temporarily assigned).

*Herbstman v. Eastman Kodak Co.,* 68 *N.J.* 1, 342 *A.*2d 181 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Perwin,* 67 *N.J.* 594, 342 *A.*2d 178 (1975) (6 Justices + 1 judge temporarily assigned).

*Acken v. Campbell,* 67 *N.J.* 585, 342 *A.*2d 172 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Gledhill,* 67 *N.J.* 565, 342 *A.*2d 161 (1975) (5 Justices + 1 judge temporarily assigned).

*Tenore v. Nu Car Carriers, Inc.,* 67 *N.J.* 466, 341 *A.*2d 613 (1975) (5 Justices + 1 judge temporarily assigned).

*State v. Savoie,* 67 *N.J.* 439, 341 *A.*2d 598 (1975) (6 Justices + 1 judge temporarily assigned).

*In re Arndt,* 67 *N.J.* 432, 341 *A.*2d 596 (1975) (6 Justices + 1 judge temporarily assigned).

*Knoble v. Waterfront Comm'n of N.Y. Harbor,* 67 *N.J.* 427, 341 *A.*2d 593 (1975) (6 Justices + 1 judge temporarily assigned).

*Greenberg v. Martini,* 67 *N.J.* 426, 341 *A.*2d 339 (1975) (6 Justices + 1 judge temporarily assigned).

*In re Gross,* 67 *N.J.* 419, 341 *A.*2d 336 (1975) (6 Justices + 1 judge temporarily assigned).

*McMullen v. Conforti & Eisele, Inc.,* 67 *N.J.* 416, 341 *A.*2d 334 (1975) (6 Justices + 1 judge temporarily assigned).

*Terminal Constr. Corp. v. Atl. County Sewerage Auth.,* 67 *N.J.* 403, 341 *A.*2d 327 (1975) (6 Justices + 1 judge temporarily assigned).

*In re Del Mauro,* 67 *N.J.* 400, 341 *A.*2d 325 (1975) (5 Justices + 1 judge temporarily assigned).

*Brown v. Lins Pharmacy,* 67 *N.J.* 392, 341 *A.*2d 321 (1975) (6 Justices + 1 judge temporarily assigned).

*In re Mezzacca,* 67 *N.J.* 387, 340 *A.*2d 658 (1975) (6 Justices + 1 judge temporarily assigned).

*Robinson v. Cahill,* 67 *N.J.* 333, 339 *A.*2d 193 (1975) (6 Justices + 1 judge temporarily assigned).

*Sweeney v. Pruyne,* 67 *N.J.* 314, 338 *A.*2d 193 (1975) (6 Justices + 1 judge temporarily assigned).

*Anderson v. Somberg,* 67 *N.J.* 291, 338 *A.*2d 1 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Norflett,* 67 *N.J.* 268, 337 *A.*2d 609 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Godfrey,* 67 *N.J.* 267, 337 *A.*2d 371 (1975) (6 Justices + 1 judge temporarily assigned).

*Lind v. Schmid,* 67 *N.J.* 255, 337 *A.*2d 365 (1975) (6 Justices + 1 judge temporarily assigned).

*Clayton v. Freehold Twp. Bd. of Educ.,* 67 *N.J.* 249, 337 *A.*2d 361 (1975) (6 Justices + 1 judge temporarily assigned).

*Murdock v. Taluba,* 67 *N.J.* 248, 337 *A.*2d 361 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Miller,* 67 *N.J.* 229, 337 *A.*2d 36 (1975) (5 Justices + 1 judge temporarily assigned).

*State v. Davis,* 67 *N.J.* 222, 337 *A.*2d 33 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Gray,* 67 *N.J.* 144, 336 *A.*2d 486 (1975) (5 Justices + 1 judge temporarily assigned).

*State v. Mullen,* 67 *N.J.* 134, 336 *A.*2d 481 (1975) (6 Justices + 1 judge temporarily assigned).

*Dobbins v. Bd. of Educ. of Henry Hudson Reg'l Sch.,* 67 *N.J.* 69, 335 *A.*2d 23 (1975) (6 Justices + 1 judge temporarily assigned).

*Katz v. Twp. of Howell,* 67 *N.J.* 51, 335 *A.*2d 14 (1975) (5 Justices + 1 judge temporarily assigned).

*State v. Lewis,* 67 *N.J.* 47, 335 *A.*2d 12 (1975) (6 Justices + 1 judge temporarily assigned).

*In re Thompson,* 67 *N.J.* 26, 335 *A.*2d 1 (1975) (5 Justices + 1 judge temporarily assigned).

*In re D'Auria,* 67 *N.J.* 22, 334 *A.*2d 332 (1975) (6 Justices + 1 judge temporarily assigned).

*In re Famularo,* 67 *N.J.* 20, 334 *A.*2d 331 (1975) (6 Justices + 1 judge temporarily assigned).

512

*Divan Builders v. Planning Bd. of Wayne,* 66 *N.J.* 582, 334 *A.*2d 30 (1975) (6 Justices + 1 judge temporarily assigned).

*Cianciotto v. Milstein,* 66 *N.J.* 581, 334 *A.*2d 29 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. McBride,* 66 *N.J.* 577, 334 *A.*2d 27 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Spinks,* 66 *N.J.* 568, 334 *A.*2d 23 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Jones,* 66 *N.J.* 563, 334 *A.*2d 20 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Carroll,* 66 *N.J.* 558, 334 *A.*2d 17 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Bicanich,* 66 *N.J.* 557, 334 *A.*2d 17 (1975) (6 Justices + 1 judge temporarily assigned).

*Philipchuk v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers,* 66 *N.J.* 539, 334 *A.*2d 7 (1975) (6 Justices + 1 judge temporarily assigned).

*Moore v. Local Union No. 483,* 66 *N.J.* 527, 334 *A.*2d 1 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Jones,* 66 *N.J.* 524, 333 *A.*2d 529 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Gregory,* 66 *N.J.* 510, 333 *A.*2d 257 (1975) (6 Justices + 1 judge temporarily assigned).

*In re Bd.'s Investigation of Tel. Companies,* 66 *N.J.* 476, 333 *A.*2d 4 (1975) (6 Justices + 1 judge temporarily assigned).

*Newark v. Essex County Bd. of Taxation,* 66 *N.J.* 474, 333 *A.*2d 3 (1975) (5 Justices + 1 judge temporarily assigned).

*Trenton v. Mercer County Bd. of Taxation,* 66 *N.J.* 470, 333 *A.*2d 1 (1975) (5 Justices + 1 judge temporarily assigned).

*State v. Wright,* 66 *N.J.* 466, 332 *A.*2d 606 (1975) (6 Justices + 1 judge temporarily assigned).

*Moraca v. Ford Motor Co.,* 66 *N.J.* 454, 332 *A.*2d 599 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Aleman,* 66 *N.J.* 451, 332 *A.*2d 597 (1975) (6 Justices + 1 judge temporarily assigned).

*Brody v. Overlook Hosp.,* 66 *N.J.* 448, 332 *A.*2d 596 (1975) (6 Justices + 1 judge temporarily assigned).

*Levine v. Haddon Hall Hotel,* 66 *N.J.* 415, 332 *A.*2d 193 (1975) (6 Justices + 1 judge temporarily assigned).

*State v. Dissicini,* 66 *N.J.* 411, 331 *A.*2d 618 (1975) (6 Justices + 1 judge temporarily assigned).

*In re Fleisher,* 66 *N.J.* 398, 331 *A.*2d 611 (1975) (5 Justices + 1 judge temporarily assigned).

*In re Rockoff,* 66 *N.J.* 394, 331 *A.*2d 609 (1975) (6 Justices + 1 judge temporarily assigned).

*Borough of Collingswood v. Ringgold,* 66 *N.J.* 350, 331 *A.*2d 262 (1975) (5 Justices + 2 judges temporarily assigned).

*Am. Fed'n of State, County, & Mun. Employees, Council No. 73 v. State,* 66 *N.J.* 295, 330 *A.*2d 593 (1975) (5 Justices + 1 judge temporarily assigned).

*Motor Club of Am. Ins. Co. v. Phillips,* 66 *N.J.* 277, 330 *A.*2d 360 (1974) (6 Justices + 1 judge temporarily assigned).

*Hackensack Trust Co. v. Alvarez,* 66 *N.J.* 275, 330 *A.*2d 359 (1974) (5 Justices + 1 judge temporarily assigned).

*Fosgate v. Corona,* 66 *N.J.* 268, 330 *A.*2d 355 (1974) (5 Justices + 1 judge temporarily assigned).

*Small v. Rockfeld,* 66 *N.J.* 231, 330 *A.*2d 335 (1974) (5 Justices + 1 judge temporarily assigned).

*In re Vaccaro,* 66 *N.J.* 151, 329 *A.*2d 555 (1974) (6 Justices + 1 judge temporarily assigned).

*State v. Brown,* 66 *N.J.* 146, 329 *A.*2d 340 (1974) (6 Justices + 1 judge temporarily assigned).

*Pappas v. Santiago*, 66 *N.J.* 140, 329 *A.*2d 337 (1974) (6 Justices + 1 judge temporarily assigned).

*State v. Finkle*, 66 *N.J.* 139, 329 *A.*2d 65 (1974) (6 Justices + 1 judge temporarily assigned).

*Schnell v. Twp. of Millburn*, 66 *N.J.* 137, 328 *A.*2d 624 (1974) (6 Justices + 1 judge temporarily assigned).

*Paul v. Baltimore Upholstering Co.*, 66 *N.J.* 111, 328 *A.*2d 610 (1974) (6 Justices + 1 judge temporarily assigned).

*Piscataway Apt. Ass'n v. Twp. of Piscataway*, 66 *N.J.* 106, 328 *A.*2d 608 (1974) (6 Justices + 1 judge temporarily assigned).

*Horbal v. McNeil*, 66 *N.J.* 99, 328 *A.*2d 604 (1974) (6 Justices + 1 judge temporarily assigned).

*Pleasure Bay Apartments v. City of Long Branch*, 66 *N.J.* 79, 328 *A.*2d 593 (1974) (6 Justices + 1 judge temporarily assigned).

*Ass'n of N.J. State Coll. Faculties v. N.J. Bd. of Higher Educ.*, 66 *N.J.* 72, 328 *A.*2d 235 (1974) (6 Justices + 1 judge temporarily assigned).

*Guterman v. Guterman*, 66 *N.J.* 69, 328 *A.*2d 233 (1974) (5 Justices + 1 judge temporarily assigned).

*In re Turco*, 66 *N.J.* 50, 327 *A.*2d 668 (1974) (6 Justices + 1 judge temporarily assigned).

*Catena v. Seidl*, 66 *N.J.* 32, 327 *A.*2d 658 (1974) (6 Justices + 1 judge temporarily assigned).

*Goldklang v. Metro. Life Ins. Co.*, 66 *N.J.* 7, 326 *A.*2d 688 (1974) (6 Justices + 1 judge temporarily assigned).

*In re Miller*, 65 *N.J.* 580, 326 *A.*2d 65 (1974) (6 Justices + 1 judge temporarily assigned).

*McCann v. Biss*, 65 *N.J.* 301, 322 *A.*2d 161 (1974) (5 Justices + 1 judge temporarily assigned).

*AMG Assocs. v. Twp. of Springfield*, 65 *N.J.* 101, 319 *A.*2d 705 (1974) (5 Justices + 2 judges temporarily assigned).

*Ryan v. Mayor of Demarest,* 64 *N.J.* 593, 319 *A.*2d 442 (1974) (5 Justices + 2 judges temporarily assigned).

*Barbato v. Alsan Masonry & Concrete, Inc.,* 64 *N.J.* 514, 318 *A.*2d 1 (1974) (5 Justices + 2 judges temporarily assigned).

*State v. Cmty. Distributors, Inc.,* 64 *N.J.* 479, 317 *A.*2d 697 (1974) (5 Justices + 2 judges temporarily assigned).

*Weintraub v. Krobatsch,* 64 *N.J.* 445, 317 *A.*2d 68 (1974) (5 Justices + 1 judge temporarily assigned).

*State v. Jamison,* 64 *N.J.* 363, 316 *A.*2d 439 (1974) (5 Justices + 2 judges temporarily assigned).

*Singleton v. Consol. Freightways Corp.,* 64 *N.J.* 357, 316 *A.*2d 436 (1974) (5 Justices + 1 judge temporarily assigned).

*Ass'n of N.J. State Coll. Faculties v. N.J. Bd. of Higher Educ.,* 64 *N.J.* 338, 316 *A.*2d 425 (1974) (5 Justices + 1 judge temporarily assigned).

*Petlin Assocs. v. Twp. of Dover,* 64 *N.J.* 327, 316 *A.*2d 1 (1974) (5 Justices + 2 judges temporarily assigned).

*Collins v. Uniroyal, Inc.,* 64 *N.J.* 260, 315 *A.*2d 16 (1974) (5 Justices + 2 judges temporarily assigned).

*State v. Prof'l Ass'n of N.J. Dep't of Educ.,* 64 *N.J.* 231, 315 *A.*2d 1 (1974) (5 Justices + 2 judges temporarily assigned).

*State v. Tirone,* 64 *N.J.* 222, 314 *A.*2d 601 (1974) (5 Justices + 2 judges temporarily assigned).

*Phillips v. Quik–Snap Printing Corp.,* 64 *N.J.* 216, 314 *A.*2d 370 (1974) (5 Justices + 2 judges temporarily assigned).

*Male v. Renda Contracting Co.,* 64 *N.J.* 199, 314 *A.*2d 361 (1974) (5 Justices + 2 judges temporarily assigned).

*Foont–Freedenfeld Corp. v. Electro–Protective Corp.,* 64 *N.J.* 197, 314 *A.*2d 68 (1974) (5 Justices + 1 judge temporarily assigned).

*State v. Louf,* 64 *N.J.* 172, 313 *A.*2d 793 (1973) (5 Justices + 2 judges temporarily assigned).

*State v. Flint*, 64 *N.J.* 170, 313 *A.*2d 615 (1974) (5 Justices + 1 judge temporarily assigned).

*Teller v. Major Sales, Inc.*, 64 *N.J.* 143, 313 *A.*2d 205 (1974) (5 Justices + 1 judge temporarily assigned).

*Manco v. Town of Irvington*, 64 *N.J.* 142, 313 *A.*2d 204 (1974) (5 Justices + 2 judges temporarily assigned).

*State v. Daly*, 64 *N.J.* 122, 313 *A.*2d 194 (1973) (5 Justices + 2 judges temporarily assigned).

*State v. Campisi*, 64 *N.J.* 120, 313 *A.*2d 193 (1973) (5 Justices + 2 judges temporarily assigned).

*Bulman v. McCrane*, 64 *N.J.* 105, 312 *A.*2d 857 (1973) (5 Justices + 2 judges temporarily assigned).

*State v. Freeman*, 64 *N.J.* 66, 312 *A.*2d 143 (1973) (5 Justices + 2 judges temporarily assigned).

*Ricciardi v. Aniero Concrete Co.*, 64 *N.J.* 60, 312 *A.*2d 139 (1973) (5 Justices + 2 judges temporarily assigned).

*Suffness v. Dock Watch Quarry Pit, Inc.*, 63 *N.J.* 594, 311 *A.*2d 377 (1973) (5 Justices + 2 judges temporarily assigned).

*Schramm v. Arsenal Esso Station*, 63 *N.J.* 593, 311 *A.*2d 178 (1973) (5 Justices + 1 judge temporarily assigned).

*Leon v. Bd. of Review*, 63 *N.J.* 590, 311 *A.*2d 177 (1972) (5 Justices + 2 judges temporarily assigned).

*F.S. Donahue, Santo & Co. v. Kugler*, 63 *N.J.* 572, 310 *A.*2d 729 (1972) (5 Justices + 1 judge temporarily assigned).

*Mountain Hill Properties, Inc. v. Twp. Comm. of Middletown*, 63 *N.J.* 571, 310 *A.*2d 729 (1972) (5 Justices + 2 judges temporarily assigned).

*State v. Pietkun*, 63 *N.J.* 549, 310 *A.*2d 464 (1973) (6 Justices + 1 judge temporarily assigned).

*Earl W. Calloway, Inc. v. Sand Castle, Inc.*, 63 *N.J.* 544, 310 *A.*2d 461 (1972) (5 Justices + 2 judges temporarily assigned).

*Weening v. Weening,* 63 *N.J.* 543, 310 *A.*2d 461 (1972) (5 Justices + 1 judge temporarily assigned).

*State v. Madewell,* 63 *N.J.* 506, 309 *A.*2d 201 (1973) (5 Justices + 1 judge temporarily assigned).

*The Passaic Daily News v. Blair,* 63 *N.J.* 474, 308 *A.*2d 649 (1973) (6 Justices + 1 judge temporarily assigned).

*Berzito v. Gambino,* 63 *N.J.* 460, 308 *A.*2d 17 (1973) (5 Justices + 2 judges temporarily assigned).

*State v. Wilbely,* 63 *N.J.* 420, 307 *A.*2d 608 (1973) (5 Justices + 2 judges temporarily assigned).

*In re Biederman,* 63 *N.J.* 396, 307 *A.*2d 595 (1973) (5 Justices + 2 judges temporarily assigned).

*Busik v. Levine,* 63 *N.J.* 351, 307 *A.*2d 571 (1973) (6 Justices + 1 judge temporarily assigned).

*Bow & Arrow Manor, Inc. v. Town of W. Orange,* 63 *N.J.* 335, 307 *A.*2d 563 (1973) (5 Justices + 2 judges temporarily assigned).

*Zanchi v. S & K Constr. Co.,* 63 *N.J.* 331, 307 *A.*2d 561 (1973) (5 Justices + 2 judges temporarily assigned).

*Singer v. State,* 63 *N.J.* 319, 307 *A.*2d 94 (1973) (5 Justices + 2 judges temporarily assigned).

*Caribe Hilton Hotel v. Toland,* 63 *N.J.* 301, 307 *A.*2d 85 (1973) (5 Justices + 2 judges temporarily assigned).

*State v. Chambers,* 63 *N.J.* 287, 307 *A.*2d 78 (1973) (5 Justices + 2 judges temporarily assigned).

*Rainear v. C. J. Rainear Co., Inc.,* 63 *N.J.* 276, 307 *A.*2d 72 (1973) (5 Justices + 2 judges temporarily assigned).

*State v. Bankston,* 63 *N.J.* 263, 307 *A.*2d 65 (1973) (5 Justices + 2 judges temporarily assigned).

*Kimley v. Whittaker,* 63 *N.J.* 235, 306 *A.*2d 443 (1973) (5 Justices + 1 judge temporarily assigned).

*Triano v. Carbon Steel Prods. Corp.,* 63 *N.J.* 226, 306 *A.*2d 437 (1973) (6 Justices + 1 judge temporarily assigned).

*Gotsch v. Gotsch,* 63 *N.J.* 217, 306 *A.*2d 433 (1973) (5 Justices + 1 judge temporarily assigned).

*In re Colsey,* 63 *N.J.* 210, 306 *A.*2d 72 (1973) (5 Justices + 2 judges temporarily assigned).

*State v. Saulnier,* 63 *N.J.* 199, 306 *A.*2d 67 (1973) (6 Justices + 1 judge temporarily assigned).

*Robinson v. Cahill,* 63 *N.J.* 196, 306 *A.*2d 65 (1973) (5 Justices + 2 judges temporarily assigned).

*Ruvoldt v. Nolan,* 63 *N.J.* 171, 305 *A.*2d 434 (1973) (6 Justices + 1 judge temporarily assigned).

*Heavner v. Uniroyal, Inc.,* 63 *N.J.* 130, 305 *A.*2d 412 (1973) (5 Justices + 1 judge temporarily assigned).

*Schroeder v. Bd. of Chosen Freeholders of Essex County,* 63 *N.J.* 124, 305 *A.*2d 409 (1973) (5 Justices + 2 judges temporarily assigned).

*In re Scull,* 63 *N.J.* 108, 305 *A.*2d 70 (1973) (5 Justices + 2 judges temporarily assigned).

*Hornyak v. The Great Atl. & Pac. Tea Co.,* 63 *N.J.* 99, 305 *A.*2d 65 (1973) (6 Justices + 1 judge temporarily assigned).

*In re Sarbone,* 63 *N.J.* 94, 304 *A.*2d 734 (1973) (6 Justices + 1 judge temporarily assigned).

*In re Hoffman,* 63 *N.J.* 69, 304 *A.*2d 721 (1973) (6 Justices + 1 judge temporarily assigned).

*Lane v. Universal Stevedoring Co.,* 63 *N.J.* 20, 304 *A.*2d 537 (1973) (6 Justices + 1 judge temporarily assigned).

*Tramutola v. Bortone,* 63 *N.J.* 9, 304 *A.*2d 197 (1973) (5 Justices + 2 judges temporarily assigned).

*Winters v. City of Jersey City,* 63 *N.J.* 7, 304 *A.*2d 196 (1973) (5 Justices + 2 judges temporarily assigned).

*Trap Rock Indus., Inc. v. Kohl,* 63 *N.J.* 1, 304 *A.*2d 193 (1973) (5 Justices + 1 judge temporarily assigned).

*Brooks v. Pa. Mfrs. Ass'n Ins. Co.,* 62 *N.J.* 583, 303 *A.*2d 884 (1973) (6 Justices + 1 judge temporarily assigned).

*Stern v. Ins. Co. of N. Am.,* 62 *N.J.* 582, 303 *A.*2d 883 (1973) (6 Justices + 1 judge temporarily assigned).

*Gorecki v. United Excavating Co.,* 62 *N.J.* 576, 303 *A.*2d 585 (1973) (5 Justices + 2 judges temporarily assigned).

*State v. Green,* 62 *N.J.* 547, 303 *A.*2d 312 (1973) (5 Justices + 2 judges temporarily assigned).

*Inganamort v. Borough of Fort Lee,* 62 *N.J.* 521, 303 *A.*2d 298 (1973) (6 Justices + 1 judge temporarily assigned).

*Robinson v. Cahill,* 62 *N.J.* 473, 303 *A.*2d 273 (1973) (5 Justices + 2 judges temporarily assigned).

*Mason v. City of Paterson,* 62 *N.J.* 471, 303 *A.*2d 84 (1973) (6 Justices + 1 judge temporarily assigned).

*State v. Sheffield,* 62 *N.J.* 441, 303 *A.*2d 68 (1973) (6 Justices + 1 judge temporarily assigned).

*State v. Staten,* 62 *N.J.* 435, 303 *A.*2d 65 (1973) (6 Justices + 1 judge temporarily assigned).

*In re Spielman,* 62 *N.J.* 432, 302 *A.*2d 529 (1973) (5 Justices + 2 judges temporarily assigned).

*Zahorian v. Russell Fitt Real Estate Agency,* 62 *N.J.* 399, 301 *A.*2d 754 (1973) (5 Justices + 2 judges temporarily assigned).

*In re Loring,* 62 *N.J.* 336, 301 *A.*2d 721 (1973) (5 Justices + 2 judges temporarily assigned).

*Lopez v. Swyer,* 62 *N.J.* 267, 300 *A.*2d 563 (1973) (5 Justices + 2 judges temporarily assigned).

*State Farm Mut. Auto. Ins. Co. v. Zurich Am. Ins. Co.,* 62 *N.J.* 155, 299 *A.*2d 704 (1973) (5 Justices + 2 judges temporarily assigned).

*Twp. of Chester v. Panicucci,* 62 *N.J.* 94, 299 *A.*2d 385 (1973) (5 Justices + 2 judges temporarily assigned).

*Brown v. Heymann,* 62 *N.J.* 1, 297 *A.*2d 572 (1972) (5 Justices + 2 judges temporarily assigned).

*Lambert v. Fishermen's Dock Coop.,* 61 *N.J.* 596, 297 *A.*2d 566 (1972) (5 Justices + 2 judges temporarily assigned).

*Colonial Oaks W., Inc. v. Twp. of E. Brunswick,* 61 *N.J.* 560, 296 *A.*2d 653 (1972) (5 Justices + 1 judge temporarily assigned).

*Wicks v. Cent. R.R. Co. of N.J.,* 61 *N.J.* 553, 296 *A.*2d 649 (1972) (5 Justices + 2 judges temporarily assigned).

*State v. Andretta,* 61 *N.J.* 544, 296 *A.*2d 644 (1972) (5 Justices + 2 judges temporarily assigned).

*Swinton v. Gregory Steel Welding & Fabricating Co.,* 61 *N.J.* 538, 296 *A.*2d 641 (1972) (5 Justices + 2 judges temporarily assigned).

*In re Hyett,* 61 *N.J.* 518, 296 *A.*2d 306 (1972) (5 Justices + 2 judges temporarily assigned).

*Mercer Council # 4 v. Alloway,* 61 *N.J.* 516, 296 *A.*2d 305 (1972) (5 Justices + 1 judge temporarily assigned).

*Mechs. Nat'l Bank of Burlington County v. Brady,* 61 *N.J.* 514, 296 *A.*2d 68 (1972) (5 Justices + 1 judge temporarily assigned).

*State v. Kennedy,* 61 *N.J.* 509, 296 *A.*2d 65 (1972) (5 Justices + 2 judges temporarily assigned).

*Russell v. Salem Transp. Co.,* 61 *N.J.* 502, 295 *A.*2d 862 (1972) (5 Justices + 2 judges temporarily assigned).

*State v. Poteet,* 61 *N.J.* 493, 295 *A.*2d 857 (1972) (5 Justices + 2 judges temporarily assigned).

*James v. Francesco,* 61 *N.J.* 480, 295 *A.*2d 633 (1972) (5 Justices + 2 judges temporarily assigned).

*In re Bregg,* 61 *N.J.* 476, 295 *A.*2d 360 (1972) (5 Justices + 2 judges temporarily assigned).

*Kernor v. N.J. Bell Tel. Co.,* 61 *N.J.* 470, 295 *A.*2d 356 (1972) (5 Justices + 2 judges temporarily assigned).

*Camarco v. City of Orange,* 61 *N.J.* 463, 295 *A.*2d 353 (1972) (5 Justices + 2 judges temporarily assigned).

*In re McGinnis,* 61 *N.J.* 459, 295 *A.*2d 201 (1972) (5 Justices + 2 judges temporarily assigned).

*State v. Franklin,* 52 *N.J.* 386, 245 *A.*2d 356 (1968) (5 Justices + 1 judge temporarily assigned).

*Meeker v. Meeker,* 52 *N.J.* 59, 243 *A.*2d 801 (1968) (6 Justices + 1 judge temporarily assigned).

*Borough of Wildwood Crest v. Masciarella,* 51 *N.J.* 352, 240 *A.*2d 665 (1968) (5 Justices + 1 judge temporarily assigned).

*State v. Gallicchio,* 51 *N.J.* 313, 240 *A.*2d 166 (1968) (5 Justices + 1 judge temporarily assigned).

*State v. Mills,* 51 *N.J.* 277, 240 *A.*2d 1 (1968) (5 Justices + 1 judge temporarily assigned).

*State v. Mulero,* 51 *N.J.* 224, 238 *A.*2d 682 (1968) (6 Justices + 1 judge temporarily assigned).

*Richardson Eng'g Co. v. Rutgers,* 51 *N.J.* 207, 238 *A.*2d 673 (1968) (6 Justices + 1 judge temporarily assigned).

*Higgins v. Am. Soc'y of Clinical Pathologists,* 51 *N.J.* 191, 238 *A.*2d 665 (1968) (5 Justices + 1 judge temporarily assigned).

*Belleville Chamber of Commerce v. Town of Belleville,* 51 *N.J.* 153, 238 *A.*2d 181 (1968) (5 Justices + 1 judge temporarily assigned).

*Rosenau v. City of New Brunswick,* 51 *N.J.* 130, 238 *A.*2d 169 (1968) (6 Justices + 1 judge temporarily assigned).

*Lomarch Corp. v. Mayor of Englewood,* 51 *N.J.* 108, 237 *A.*2d 881 (1968) (6 Justices + 1 judge temporarily assigned).

*State v. Carroll,* 51 *N.J.* 102, 237 *A.*2d 878 (1968) (6 Justices + 1 judge temporarily assigned).

*Vassilakis v. Glen Falls Ins. Co.*, 51 *N.J.* 96, 237 *A.*2d 875 (1968) (5 Justices + 1 judge temporarily assigned).

*Cooper v. Gov't Employees Ins. Co.*, 51 *N.J.* 86, 237 *A.*2d 870 (1968) (6 Justices + 1 judge temporarily assigned).

*Giangrasso v. Dean Floor Covering, Co.*, 51 *N.J.* 80, 237 *A.*2d 866 (1968) (6 Justices + 1 judge temporarily assigned).

*Bowers v. Camden Fire Ins. Ass'n*, 51 *N.J.* 62, 237 *A.*2d 857 (1968) (6 Justices + 1 judge temporarily assigned).

*In re Application of Frank for Issuance of Writ of Habeas Corpus*, 51 *N.J.* 47, 237 *A.*2d 617 (1968) (6 Justices + 1 judge temporarily assigned).

*Roche v. Floral Rental Corp.*, 51 *N.J.* 26, 237 *A.*2d 265 (1968) (6 Justices + 1 judge temporarily assigned).

*State v. McKinlay*, 51 *N.J.* 25, 237 *A.*2d 264 (1968) (6 Justices + 1 judge temporarily assigned).

*State v. James*, 51 *N.J.* 10, 237 *A.*2d 257 (1967) (6 Justices + 1 judge temporarily assigned).

*Green v. Buck Bros. Co.*, 51 *N.J.* 6, 236 *A.*2d 885 (1967) (6 Justices + 1 judge temporarily assigned).

*Blumenfeld v. Rust Craft Greeting Cards, Inc.*, 51 *N.J.* 1, 236 *A.*2d 883 (1967) (6 Justices + 1 judge temporarily assigned).

*Marsello v. Barnett*, 50 *N.J.* 577, 236 *A.*2d 869 (1967) (6 Justices + 1 judge temporarily assigned).

*Red Devil Tools v. Tip Top Brush Co.*, 50 *N.J.* 563, 236 *A.*2d 861 (1967) (6 Justices + 1 judge temporarily assigned).

*In re Conway*, 50 *N.J.* 525, 236 *A.*2d 841 (1967) (6 Justices + 1 judge temporarily assigned).

*In re Block*, 50 *N.J.* 494, 236 *A.*2d 589 (1967) (6 Justices + 1 judge temporarily assigned).

*Foley v. Ulrich*, 50 *N.J.* 426, 236 *A.*2d 137 (1967) (5 Justices + 1 judge temporarily assigned).

*G.P. Putnam's Sons v. Calissi,* 50 *N.J.* 397, 235 *A.*2d 893 (1967) (6 Justices + 1 judge temporarily assigned).

*Twp. of Hamilton v. Bd. of Chosen Freeholders,* 50 *N.J.* 394, 235 *A.*2d 891 (1967) (5 Justices + 1 judge temporarily assigned).

*Betenbaugh v. Princeton Hosp.,* 50 *N.J.* 390, 235 *A.*2d 889 (1967) (6 Justices + 1 judge temporarily assigned).

*State v. Moe,* 50 *N.J.* 386, 235 *A.*2d 678 (1967) (6 Justices + 1 judge temporarily assigned).

*State v. Baird,* 50 *N.J.* 376, 235 *A.*2d 673 (1967) (6 Justices + 1 judge temporarily assigned).

*State v. Zucconi,* 50 *N.J.* 361, 235 *A.*2d 193 (1967) (6 Justices + 1 judge temporarily assigned).

*Loeb v. Loeb,* 50 *N.J.* 343, 235 *A.*2d 20 (1967) (5 Justices + 1 judge temporarily assigned).

*Rivera v. Green Giant Co.,* 50 *N.J.* 284, 234 *A.*2d 393 (1967) (6 Justices + 1 judge temporarily assigned).

### Appendix "F"

*Affirmed by equally divided court—per curiam opinion only*

*Hazen v. Div. of Med. Assistance & Health Servs.,* 98 *N.J.* 82, 484 *A.*2d 670 (1984).

*Merker v. Div. of Med. Assistance & Health Servs.,* 98 *N.J.* 62, 484 *A.*2d 322 (1984).

*Vesley v. Cambridge Mut. Fire Ins. Co.,* 93 *N.J.* 323, 460 *A.*2d 1057 (1983).

*State v. Barbossa,* 75 *N.J.* 517, 384 *A.*2d 497 (1978).

*Motor Club Fire & Cas. Co. v. N.J. Mfrs. Ins. Co.,* 71 *N.J.* 352, 365 *A.*2d 195 (1976).

*Di Costanzo v. Matthews Constr. Co.,* 58 *N.J.* 159, 275 *A.*2d 740 (1971).

*Seiler v. Robinson,* 13 *N.J.* 307, 99 *A.*2d 422 (1953).

*State v. Bartell,* 10 *N.J.* 9, 89 *A.*2d 394 (1952).

*Vanagas v. Vanagas,* 1 *N.J.* 335, 63 *A.*2d 531 (1949).

*Affirmed by equally divided court—brief per curiam opinion with concurring and dissenting opinions*

*Reyes v. Egner,* 201 *N.J.* 417, 991 *A.*2d 216 (2010).

*Northvale Bd. of Educ. v. Northvale Educ. Ass'n,* 192 *N.J.* 501, 933 *A.*2d 596 (2007).

*Cumberland Mut. Fire Ins. Co. v. Murphy,* 183 *N.J.* 344, 873 *A.*2d 534 (2005).

*State v. Manzie,* 168 *N.J.* 113, 773 *A.*2d 659 (2001).

*Anzalone v. Westech Gear Corp.,* 141 *N.J.* 256, 661 *A.*2d 796 (1995).

*De Vesa v. Dorsey,* 134 *N.J.* 420, 634 *A.*2d 493 (1993).

*Manasquan River Reg'l Sewerage Auth. v. Ocean County Utils. Auth.,* 117 *N.J.* 239, 566 *A.*2d 186 (1989).

*Graves v. Church & Dwight Co., Inc.,* 115 *N.J.* 256, 558 *A.*2d 463 (1989).

*NYT Cable TV v. Homestead at Mansfield,* 111 *N.J.* 21, 543 *A.*2d 10 (1988).

*M.H.B. v. H.T.B.,* 100 *N.J.* 567, 498 *A.*2d 775 (1985).

*State v. Crumedy,* 76 *N.J.* 319, 387 *A.*2d 357 (1978).

*Neylon v. Ford Motor Co.,* 10 *N.J.* 325, 91 *A.*2d 569 (1952) (two concurring opinions and one dissenting opinion).

*Affirmed by equally divided court—per curiam opinion or order with only a dissenting opinion*

*Lewis v. Harris,* 202 *N.J.* 340, 997 *A.*2d 227 (2010).

*Costa v. Josey,* 79 *N.J.* 535, 401 *A.*2d 526 (1979).

*State v. Wooten,* 73 *N.J.* 317, 374 *A.*2d 1204 (1977).

*Trap Rock Industries, Inc. v. Sagner,* 69 *N.J.* 599, 355 *A.*2d 636 (1976).

*Murray v. Michalak,* 58 *N.J.* 220, 276 *A.*2d 857 (1971).

*Full per curiam opinion on issues where "Court is unanimous"*
*with separate concurring and dissenting opinions*

*A.B. v. Y.Z.,* 184 *N.J.* 599, 878 *A.*2d 807 (2005)

*Szczuvelek v. Harborside Healthcare Woods Edge,* 182 *N.J.* 275, 865 *A.*2d 636 (2005).

*State v. G.V.,* 162 *N.J.* 252, 744 *A.*2d 137 (2000).

*Majority opinion with concurrence/dissent on fewer than*
*entire majority; on point of disagreement Appellate*
*Division affirmed by an equally divided court*

*State v. Basil,* 202 *N.J.* 570, 998 *A.*2d 472 (2010) (6–0 on Parts I, II and IV of opinion; 3–3 on Part III of opinion).

*Abbamont v. Piscataway Twp. Bd. of Educ.,* 138 *N.J.* 405, 650 *A.*2d 958 (1994) (*Abbamont I* ) (6–0 on all issues save for punitive damages; 3–3 on punitive damages issues; format: majority w/concurring & dissenting opinion).

*Salzano v. N. Jersey Media Group,* 201 *N.J.* 500, 993 *A.*2d 778 (2010) (majority with 3 justices concurring in result only, with separate opinion concurring in part and dissenting in part).

Justice HOENS, dubitante.[1]

Today, through the use of concurring and abstaining opinions, the members of this Court have taken up an issue of constitutional

---

[1] The *dubitante* opinion, although an uncommon one, is not unknown in this State's history. *See Pintard v. Davis,* 21 *N.J.L.* 632, 635 (E. & A. 1846) (Randolph, J., *dubitante* ) (expressing reservations about Court's conclusions); *see also Hinchly v. Machine,* 15 *N.J.L.* 476, 478 (Sup.Ct.1836) (recording, by notation, Ryerson, J., *dubitante* ); *In re Lippincott,* 8 *N.J.L.* 88, 89 (Sup.Ct.1825) (recording, by notation, Justice Ford *dubitante* ). It is an opinion form that has been used historically by a Justice to express serious doubt or to record a

dimension. Although I join in the reasoning of the Court on the merits of the dispute which serves as the vehicle for others to air their constitutional debate, I am compelled to separately express my doubts, and they are grave doubts, about the constitutional positions advanced in both the concurring and abstaining opinions.

The concurring opinion is steeped in history drawn from an examination of practices utilized by many Chief Justices of this Court that have not before been questioned. Although that foundation lends strong support to the conclusion that the concurring members of this Court have reached, it seems to require that one read our Constitution's word "necessary" in Article VI, section II, paragraph 1, to mean something closer to expedient, or useful, or, in the opinion's own words, "appropriate" under the circumstances. *See ante* at 364, 9 *A*.3d at 909 (Rabner, C.J., concurring). The concurring opinion, therefore, expresses a view that I doubt is fully consistent with the ordinary meaning of "necessary," which is the word that the Constitution's Framers actually chose to define when the appointment power may be exercised. That it would be helpful to have another person assigned so as to assist in shouldering this Court's heavy load is true; that it is necessary in any sense of that word is dubious at best.

---

disagreement that the author believed was significant enough to express but nonetheless fell short of dissent for some reason. *See* Lon L. Fuller, *Anatomy of the Law* 147 (1968) (describing the opinion form as "the epitome of the common law spirit"); Jason J. Czarnezki, *The Dubitante Opinion*, 39 *Akron L.Rev.* 1, 2 (2006) (tracing historical roots to colonial America). It was used, albeit infrequently, by two members of the United States Supreme Court, namely Justice William O. Douglas, *see Case–Swayne Co. v. Sunkist Growers, Inc.*, 389 *U.S.* 384, 403, 88 *S.Ct.* 528, 536–37, 19 *L.Ed.*2d 621, 633 (1967) (Douglas, J., dubitante) (commenting that Court should not have addressed a matter not raised and not so free of doubt as to be correctly decided), and Justice Felix Frankfurter, *see Radio Corp. of Am. v. United States*, 341 *U.S.* 412, 421, 71 *S.Ct.* 806, 810, 95 *L.Ed.* 1062, 1071 (1951) (Frankfurter, J., *dubitante* ) (observing that because he is "not alone in entertaining doubts about this case they had better be stated"), precisely for the purpose of expressing their misgivings about the wisdom or the correctness of the Court's decision.

On the other hand, the absolutist view expressed by my abstaining colleague, who also points to historical practices of the Court, reads the word "necessary" as if it is solely related to the circumstance in which the Court, lacking a quorum, otherwise could not act at all. That reading of the language brooks no possibility that the Framers vested more general authority in the Chief Justice to act as he deems fit to ensure that the functions of the judiciary are carried out. Although perhaps closer to the meaning of the word "necessary," that position is, to say the least, at odds with well-respected decisions of this Court describing the Judiciary's role and its authority. *See, e.g., Winberry v. Salisbury*, 5 *N.J.* 240, 244, 74 *A.*2d 406 (1950) (expressing breadth of power of, and recognizing weighty responsibility imposed on, the judiciary); *N.J. Const.* art. VI, § I, ¶ 1 (vesting judicial power generally). The abstaining opinion, by offering a rigid and narrowly constrained view of the authority granted to the Judiciary generally, and to the Chief Justice in particular, seems to be inconsistent with what the Framers must have intended to be the power vested in the third co-equal branch of government.

I would not write separately save for what I see as the true constitutional crisis that is looming, and that could, and in my view should, be avoided entirely. The simple fact is that while the authors of the two opinions refer to numerous historical examples that each sees as demonstrating the rightness of their individual views about the ability to exercise, or the restraint in exercising, the temporary assignment power, both of them miss the larger point. Many, and perhaps the majority, of our opinions are not decided by fewer than a full complement of Justices, and many, if not the great majority, are not decided by a single vote. That being so, for the most part the addition of any judge through a temporary assignment will be functionally irrelevant.

But that will not always be so. Indeed, the day will surely come when members of this Court, duly nominated by the Governor and found qualified through the exercise of the power of advice and consent of the Senate, and who are sufficient in number to

constitute a quorum, will cast votes that would result in one outcome, only to find instead that their decision, solely because of the addition of the temporarily assigned judge, will be thwarted when that added vote forces the opposite result.

That would be the case if six of those duly nominated, confirmed, and appointed Justices split three votes to three, the result of which would be an affirmance by an evenly divided Court, but if the assigned judge casts a vote that instead causes a reversal. It would also be the case if a bare quorum of five of the duly nominated, confirmed, and appointed Justices participated and voted, with a majority of three favoring reversal, but if the addition of the assigned judge's vote created the even split that resulted instead in an affirmance. In either situation, the vote of the assigned judge will not only matter, but will be outcome-determinative. In those circumstances, the assigned judge's input will cause an outcome that a constitutionally sufficient quorum of this Court would otherwise not have reached.

I write to express my doubts about the wisdom of forging a path that will inevitably lead to results of such questionable constitutionality when the only apparent reason for the temporary assignment of a judge is to have someone help the others to carry the Court's heavy workload. Whether for convenience, or expedience, or even out of a sincere desire to ensure that justice flows from this Court smoothly and efficiently, I doubt it falls into the category of necessity.

I choose, however, not to join in the absolutist view of my abstaining colleague. I make that choice not because his reasoning on the merits of the question is lacking, but because, in the final analysis, the Constitution vests the power to make the temporary assignment in the Chief Justice rather than in the Court as a whole. As such, it is a matter not ordinarily open to debate among other members of the Court. Only because the members of the Court have found it appropriate to voice their views on the subject do I write to express my doubts about the

choice that the Chief Justice has made. Such is the traditional role and purpose of the separate opinion, *dubitante.*

*For affirmance in part/reversal in part/remandment*—Chief Justice RABNER, and Justices LONG, LaVECCHIA, ALBIN, HOENS, and STERN—6.

*Opposed*—None.

*Abstaining*—Justice RIVERA–SOTO—1.